UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE:

CHANCE & ANTHEM, LLC,             Case No. 10-11168

    Debtor.                                Chapter 7
_____/

CHANCE & ANTHEM, LLC,

    Plaintiff,

v.                                                   Adv. No. _____

STEVEN S. NEWBURGH
c/o McLaughlin & Stern LLP
525 Okeechobee Boulevard, Ste. 1700
West Palm Beach, FL  33401,

and

MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY  10016,

and

ROBERT A. GIBSON
1709 22nd Avenue North
Lake Worth FL  33460,

    Defendants.
_____/

### COMPLAINT FOR INTENTIONAL TORTIOUS INTERFERENCE

      COMES NOW Plaintiff, Chance and Anthem, LLC, by and through undersigned counsel, and files this complaint against defendants Steven S. Newburgh ("Newburgh"), McLaughlin & Stern, LLP ("Firm") and Robert A. Gibson ("Gibson") for damages resulting from their intentional tortious interference with Plaintiff's business transacitons, and states:

      1.     Defendants Newburgh and Gibson solicited numerous business associates of Plaintiff in an effort to damage Plaintiff, which solicitations were conducted over the course of

approximately one month by telephone, and which efforts were reported to Plaintiff by several of said business associates, some of whom decided as a result of said solicitations to refrain from continuing to transact business with Plaintiff.

2.   In said efforts, Newburgh, a licensed attorney, and Gibson, a licensed private investigator, worked together to intentionally harm Plaintiff's business interests, and in so doing, intentionally made false claims which have damaged Plaintiff, and which damages exceed $1,000,000.00.

3.   Defendants' scheme utilized Gibson to make initial contact with said business associates of Plaintiff.  Newburgh would then make one or more follow-up telephone calls, during which he would insist that any discussions held therein were confidential, and that a breach of the intended confidentiality by the recipient of the telephone call would result in litigation for damages against said recipient.

4.   Although Newburgh also sought to obtain a signed confidentiality agreement, there was no legal basis for Newburgh's claim of confidentiality.  Instead, it was an intentionally false representation meant to be relied upon by the hearer.

5.   At all times relevant, Newburgh knew that there was no legal basis upon which he could not enforce a confidentiality requirement, yet he intentionally misled those he called.

6.   Following said discussions, Newburgh would follow up with correspondence written under the letterhead of his law firm, McLaughlin & Stern, LLP.

7.   At all times relevant, the Firm knew of Newburgh's activities, including the false threats of bringing legal action in the event of disclosure, and is legally responsible for its role in Newburgh's wrongful actions.

8.   Upon information and belief, the 'false threat' scheme was concocted by Gibson,

whose litigation activities include obtaining causes of action in exchange for false promises to advance litigation, as a means of avoiding prohibitions against what would otherwise be the unlicensed practice of law.

9. At least once, both Gibson and Newburgh promised financial benefits from participation in litigation against Plaintiff which would exceed any recovery which could result from working in cooperation with Plaintiff; a claim which both Gibson and Newburgh knew to be untrue yet reasonably relied upon by the hearer.

10. Newburgh, whose 'pitch' was similar to Gibson's false promises, knew or should have known that his participation and his statements resulted in misleading persons which the team contacted, and constituted misrepresentations which amounted to ethical breaches.

11. In addition to liability of Newburgh and Gibson, Defendant Firm is liable for its role and on the basis of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendants Newburgh, Gibson and Firm in an amount exceeding $1,000,000.00 and for such other and further relief as appropriate.

Dated: February 5, 2018

**S I S K I N D   L E G A L**

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL   (561) 791-9565
FAX   (561) 791-9581
Email: jeffsiskind@msn.com