UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE:

CHANCE & ANTHEM, LLC,  CASE NO. 18-11168-TJC

Debtor.  CHAPTER 7

_____/

**MOTION TO RECONSIDER ORDER GRANTING
MOTION FOR ADMISSION PRO HAC VICE (DE 23)**

COMES NOW the Debtor, by and through undersigned counsel, and moves for reconsideration of the Order Granting Motion for Admission Pro Hac Vice filed by Steven S. Newburgh on behalf of creditors Frederick Volkwein and David Fiore et al., and states:

1. As stated in the objection filed by Debtor earlier today but after this order was docketed, Debtor objects to the pro hac vice admission of Steven S. Newburgh ("Newburgh") for the reasons set forth herein.

2. Newburgh harbors a deep resentment against Debtor's counsel.

3  Less than a week ago, Newburgh breached his ethical duty to the profession by refusing to correspond with Debtor's counsel on a simple administrative matter in a bankruptcy case in Florida.

4. Newburgh's purposeful actions in that Florida case resulted in unnecessary delay.

5. Newburgh is a defendant in an open case brought by Debtor's counsel as plaintiff against Newburgh and others who unethically solicited said counsel's clients.

6. In another Florida case where he represented an adversary of this counsel's client, Newburgh flew into a rage and assaulted counsel during a break in a deposition, which incident required an emergency call and a response from building security.

7. As a result, Counsel has come to believe that Newburgh is not mentally well, and

that his involvement in this matter will result in unnecessary delay and additional litigation.

8. Movant did not disclose any of these attendant facts.

9. Nor did Movant disclose that he represents additional creditors in a Florida case whose interests may be adverse to his appearance in this matter, or that he endeavored to obtain a waiver of conflict from those other clients.

10. Movant's initial motion, a corrected version of which was filed March 5, 2018, was procedurally defective because it did not include a certificate of service, while facts elucidated in Debtor's earlier filed objection, as herein, warrant that creditors who will receive notice by mail should be afforded an opportunity to object to Steven S. Newburgh's admission.

11. Even if all twenty-two (22) non- CM/ECF electronic creditors were served by mail yesterday, as certified by the Court mailing matrix attached to the supplemental Certificate of Service which was filed yesterday, no mail recipient would have had an opportunity to object prior to docketing of the Court's order granting pro hac vice admission, and the order should be vacated for this reason alone.

WHEREFORE, Debtor requests reconsideration of this Court's Order Granting Motion for Admission Pro Hac Vice (DE 23) and that said order admitting Steven S. Newburgh be vacated.

**S I S K I N D   L E G A L**

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
3465 Santa Barbara Drive
Wellington, FL  33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2018, an electronic copy of this paper will be served electronically by the Court's CM/ECF system on the following:

• Robert Grossbart, Esq.   robert@grossbartlaw.com, debra@grossbartlaw.com

• George W. Liebmann, Trustee   Gliebmann@lspa.comcastbiz.net, oshively@lspa.comcastbiz.net;MD25@ecfcbis.com;stifft@lspa.comcastbiz.net

• Jeffrey Marc Siskind     jeffsiskind@msn.com, jeffsiskind@gmail.com

I hereby further certify that on the 7th day of March, 2018, a copy of this paper was also mailed first class mail, postage prepaid to all parties listed on the attached Court's Mailing Matrix.

                                              ___/s/ Jeffrey M. Siskind___
                                              Jeffrey M. Siskind, Esquire