IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | | | |
|---|---|---|---|
| IN RE: | * | | |
| CHANCE & ANTHEM, LLC | * | Case No. 18-11168-TJC | |
| Debtor(s) | * | (Chapter 7) | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO
<u>MOTION TO COMPEL ABANDONMENT OF ADVERSARY</u>**

George W. Liebmann, Trustee, pursuant to U.S.C. Section 327 and Federal Rule of Bankruptcy Procedure 2014, files this Opposition to the Debtor's Motion To Compel Abandonment of Adversary Case By Trustee And Reinstating Adversary Case No. 18-00034, and in support thereof says:

1. The Debtor commenced this case on by the filing of a voluntary petition for relief on January 29, 2018. Debtor is an LLC.

2. George W. Liebmann is the duly qualified, appointed and acting Trustee in this case.

3. On or about February 5, 2018, Debtor commenced adversary proceeding No. 18-00034 against Robert A. Gibson, Steven S. Newburgh and McLaughlin & Stern, LLP "for damages resulting from their tortious interference with Plaintiff's business transactions."

4. The adversary was commenced by Debtor without the knowledge of, notice to, or permission of the Chapter 7 Trustee.

5. Causes of action are property of the estate under 11 U.S.C. § 541 and § 541 gives the trustee the right to prosecute Debtor's causes of action because they are property of the estate. See e.g. *Kennedy v. Venrock Associates*, 348 F.3 584, 589 (7th Cir. 2003), *cert*. denied, ____ U.S.

_____, 124 S. Ct. 1889, 158 L. Ed. 2d 470 (2004); *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1154 (3d Cir. 1989); *C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.)*, Case Nos. 10-4023 and 10-4033, 2011 U.S. App. LEXIS 2819 (10th Cir. Feb. 14, 2011)(Tenth Circuit found that following appointment of a chapter 7 trustee in a corporate debtor's bankruptcy, the company's former management could not appeal an adverse bankruptcy court ruling on the debtor's behalf).

  6. The Debtor did not list the claim in its schedules and any claim the estate might have. The Trustee would normally inquire of the nature and basis of the claim at the meeting of creditors and request from Debtor all documents relating to the claim. The merits of any alleged claim need to be inquired into by the Trustee and if a complaint is to be prosecuted, it is for the Trustee, not the Debtor, to do so, and for the Trustee to choose the appropriate forum and cause of action if there is one.

  7. For these reasons, the Trustee dismissed Adversary No. 18-0034 without prejudice. A dismissal without prejudice is not an abandonment of the claim. It is now incumbent upon the Debtor to provide the information and documents regarding the claim.

           */s/ George W. Liebmann*
           George W. Liebmann (Fed. Bar #01112)
           LIEBMANN & SHIVELY, P.A.
           8 West Hamilton Street
           Baltimore, MD 21201
           (410)752-5887/gliebmann@lspa.comcastbiz.net

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this <u>8th</u> day of March 2018, a copy of the foregoing

Opposition was served on all parties listed below by first class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that this Motion was electronically mailed to said party:

Office of the U.S. Trustee  
Garmatz Federal Courthouse  
101 W. Lombard St., Rm. 2625  
Baltimore, MD  21201  
*via U.S. Mail*

Jeffrey M. Siskind, Esq.  
3645 Santa Barbara Drive  
Wellington, FL 33414  
*via CM/ECF*

*/s/ George W. Liebmann*  
George W. Liebmann