Entered: April 10th, 2018
Signed: April 9th, 2018

**SO ORDERED**



**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   18-11168-TJC |
| Chance & Anthem, LLC | * | Chapter   7 (SAL) |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR IMPROPER VENUE OR TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

This bankruptcy case was commenced by the filing of a Chapter 7 petition by the debtor, Chance & Anthem, LLC (the "Debtor") on January 29, 2018.  Debtor's counsel, Jeffrey M. Siskind, owns 100% of the Debtor and is also the Debtor's sole managing member.  Mr. Siskind is a debtor in his own personal Chapter 11 bankruptcy case pending in the Southern District of Florida.  Upon review of the bankruptcy case record and for the reasons stated herein, it appears that this District may not be a proper venue for this bankruptcy case, or in any event, venue of

1

this bankruptcy case should be transferred to the Southern District of Florida in the interest of justice or for convenience of the parties. *See* 28 U.S.C. §1412 and Fed. R. Bankr. P. 1014(a).[1] The court issues this Order to allow any party in interest an opportunity to object to the dismissal of this case or transfer for the convenience of the parties.

I.

On March 9, 2018, attorney Steven S. Newburgh filed a notice in this bankruptcy case to alert the court that he filed an emergency motion in the related Chapter 11 bankruptcy case of Mr. Siskind, which is pending in the Bankruptcy Court for the Southern District of Florida, Case No. 13-13096-PGH (Bankr. S.D. Fla.). ECF 32. He filed the motion on behalf of creditors David Fiore, 3485 Lago De Talavera Trust, Christopher George, and Frederick R. Volkwein to transfer venue of the Debtor's bankruptcy case to the Southern District of Florida or, in the alternative, to stay the Debtor's bankruptcy case pending resolution of the motion to transfer venue. *Id.* In the emergency motion, the creditors alleged that the Debtor is an administratively dissolved Florida limited liability corporation and that the proper place of venue should be the Southern District of Florida based on the information included in the Debtor's petition, schedules and statement of financial affairs. On March 27, 2018, the Debtor filed a notice alerting this court that the Bankruptcy Court in the Southern District of Florida partially ruled on the

---

[1] Rule 1014(a) provides
    (a) Dismissal and transfer of cases
    (1) Cases filed in proper district
    If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.
    (2) Cases filed in improper district
    If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.
Fed. R. Bankr. P. 1014(a)(1) and (2). This Order to Show Cause serves as a motion by the court that satisfies the notice requirements of Rule 1014(a)(1) and (2).

2

emergency motion. ECF 49. There, the Honorable Paul G. Hyman entered an order staying Mr. Siskind or the Debtor's creditors from filing any further motions or other filings in the Debtor's bankruptcy case, pending the resolution of the motion to transfer venue. The order also states that it in no way restricts this bankruptcy court, the Trustee, or the United States Trustee from filing any motions, issuing any orders, or initiating any proceedings, including filing any actions that would transfer venue. *Id.*

## II.

On review of the Debtor's petition, schedules, and statement of financial affairs, the court has misgivings over whether the District of Maryland is a proper venue for this case. Under 28 U.S.C. §1410, a bankruptcy case may be filed in a district

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. §1410(a)(1) and (2). Here, the emergency motion filed in Mr. Siskind's bankruptcy case states the Debtor is a Florida limited liability company. ECF 32-1 at 2 of 47. Further, the Debtor's petition states that the Debtor had a former office at 27120 Ocean Gateway, Hebron, Maryland, but terminated that location in December 2016 (ECF 11 at p. 25), more than one year prior to the filing. Accordingly, as an apparent non-Maryland company that may not have had any residence or place of business in Maryland for more than one year before the petition was filed, it appears that venue may not be proper in Maryland under 28 U.S.C. §1410. Therefore, either dismissal or transfer is appropriate. Any response to this order must address this issue.

## III.

3

Whether or not venue is proper in Maryland, a serious question exists as to whether the case should be transferred for the convenience of the parties and in the interest of justice. Under 28 U.S.C. §1412, the court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. The court may transfer the case whether the debtor filed this case in the proper district or in an improper district. Fed. R. Bankr. P. 1014(a).

It is apparent that the Debtor's connections to Maryland are remote. As stated above, the Debtor appears to not have had any presence in Maryland since December 2016. Of the 17 unsecured creditors listed on Schedule E/F, only 4 of 17 creditors have a Maryland address and they hold total claims of $9,690. ECF 11 at p. 12-17. This represents less than 1% of the amount of scheduled creditor claims. The Debtor appears to have no other connection to Maryland by reference to the Debtor's petition, schedules or statement of financial affairs. *See* ECF 11.

On the other hand, the Debtor's connections to Florida are many. In the petition, the Debtor listed its mailing address as 3445 Santa Barbara Drive, Wellington, Florida. *See* ECF 1 at p. 1. Mr. Siskind, who as stated above is the Debtor's attorney, owner and managing member, (ECF 1 at p. 3; ECF 32-1 at p. 8 of 47) also has a Florida address. *See* ECF 1 at p. 6.

Of the unsecured creditors listed on Schedule E/F, 10 of the 17 creditors holding total claims of $6,213,144 have a Florida address. ECF 11 at p. 12-17. This represents 98.23% of the amount of scheduled creditor claims.

Mr. Siskind filed for Chapter 11 bankruptcy relief in the Southern District of Florida on February 11, 2013. *See* ECF 32-1 at 2 of 47. That case has over 678 docket entries. *See id.* at 4 of 47. He has three legal disputes pending in Florida. *See* ECF 11 at p. 22. There appears to be substantial overlap in creditors between the two cases.

4

The Debtor seeks to disqualify Mr. Newburgh from representing creditors in this case based on actions and statements he has taken in Mr. Siskind's case. *See* ECF 23, 24, and 25; ECF 1 (Adv. Proc. 18-00034). Quite obviously, the judge before whom Mr. Newburgh took the alleged actions is in the best position to resolve that dispute.

The Debtor lists no assets of any significance on its schedules, but has stated in filings that its only significant asset is a cause of action that was filed as an adversary proceeding in this case, but has since been dismissed without prejudice by the Chapter 7 trustee. ECF 11 at 3-10. *See also*, Adv. Proc 18-00034. Two of the three defendants in the adversary proceeding are shown to be residents of Florida and a third is shown to be a resident of New York. ECF 1 and 7 (Adv. Proc 18-00034). It appears the defendants also are creditors in Mr. Siskind's bankruptcy case. No party is listed as being a resident of Maryland and apparently none of the activities giving rise to the suit occurred in Maryland. *Id*. It is questionable why a Maryland court should hear the adversary proceeding.

Mr. Siskind's geographic distance from Maryland already has caused delay in the timely administration of this case. On March 15, 2018, the Debtor filed a motion to continue the meeting of creditors, which was set for March 15, 2018, at 9:30 a.m. The Debtor stated that Mr. Siskind, as managing member and counsel for the Debtor, was unable to attend the meeting of creditors because he could not travel from Florida to attend the meeting of creditors due to an injury. ECF 37 at p. 1. The Trustee continued the meeting to May 17, 2018.

Based on the apparent negligible connection the Debtor has to Maryland, and the substantial connections it has to Florida and Mr. Siskind's bankruptcy case, there appears to be substantial cause to transfer venue to the Southern District of Florida for the convenience of the parties and in the interest of justice.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Debtor, Chapter 7 Trustee, United States Trustee, or all creditors and parties in interest may show cause in a writing filed with the court within 14 days, if any there be, why this bankruptcy case should not be dismissed for lack of venue or transferred to the United States District Court for the Southern District of Florida.

cc:    Debtor
       Debtor's Counsel
       Chapter 7 Trustee
       U.S. Trustee
       All creditors and parties in interest

**END OF ORDER**