IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | Case No. 18-11168-TJC |
| CHANCE & ANTHEM, LLC, | * | Chapter 7 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CREDITORS' RESPONSE TO ORDER TO SHOW CAUSE WHY THIS CASE
SHOULD NOT BE DISMISSED FOR IMPROPER VENUE OR TRANSFERRED TO
THE SOUTHERN DISTRICT OF FLORIDA**

Creditors, David Fiore, Carl Stone, 3485 Lago De Talavera Trust, Dianna George, Christopher George[1], Frederick R. Volkwein (hereinafter "Creditors"), by and through their undersigned attorney, respectfully respond to the Court's *Order to Show Cause Why This Case Should Not Be Dismissed for Improper Venue or Transferred to the Southern District of Florida* [ECF 55] and state as follows:

### I.   SUMMARY OF ARGUMENT IN FAVOR OF TRANSFER

1.   Creditors herein were scheduled on Schedule E/F [ECF 11, Paragraph 3.14] but with the exception of "David Fiore", not individually named by the Debtor at the time of the voluntary Chapter 7 filing in the District of Maryland, Baltimore Division on January 29, 2018. "David Fiore" is simply the first-named Plaintiff in the proceedings pending against, *inter alia* the Debtor herein, Chance & Anthem, in The Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida.

---

[1] Debtor scheduled "David Fiore, et al" on Schedule E/F, "c/o Sofiye William, Esq." [ECF 11, 3.14].  Debtor was referring to the Plaintiffs in a suit pending against Jeffrey M. Siskind, William Siskind, Sovereign Gaming & Entertainment, LLC, Chance & Anthem, LLC, OB Real Estate Holdings 1732, LLC, Siskind Legal Services, LLC and Florida's Association of Community Banks and Credit Unions, Incorporated.  "Et al" refers to the unnamed creditors, Carl Stone, 3485 Lago De Talavera Trust, Dianna George, Christopher George.  Sofiye William, Esq. is the state court counsel for these Creditors with the exclusion of Frederick R. Volkwein.

2.     Creditors herein adopt the entirety of the Court's factual findings, recitations of the requirements for proper venue in this District pursuant to 28 U.S.C. §1408[2] and the proper procedure for transfer of venue pursuant to Rule 1014(a) and observations concerning the record filings in these proceedings and in the Southern District of Florida's proceedings concerning the debtor therein, Jeffrey M. Siskind.

3.     On April 12, 2018, the Honorable Paul G. Hyman (ret.), entered an *Order Denying Emergency Motion to Transfer Venue*, a copy of which is attached as Exhibit 1.  In short, while Judge Hyman denied the motion based upon the interpretation of an "affiliate" as applied to Rule 1014(b), the Court made it clear that it agreed with this Honorable Court's Order to Show Cause insofar as venue appears to be appropriate for Chance & Anthem only in the Southern District of Florida.  The Creditors herein adopt the findings of Judge Hyman and agree that these Chapter 7 proceedings should be transferred to the Southern District of Florida, West Palm Beach Division.

## II.     ARGUMENT AND LEGAL AUTHORITY IN SUPPORT OF TRANSFER

4.     Chance & Anthem Schedule A/B [ECF 11] shows no ownership interest in or any rental of real property in the State of Maryland and virtually no other assets in Maryland or but for $200.00 shown as "Personal Property".  However, the largest unsecured creditors scheduled by the Debtor herein consist of those creditors who are owed, according to the Chance & Anthem's Schedules, $2,800,000.00, arising out of the claims pending in the Palm Beach County Circuit Court [ECF 11, Pages 12-16.) The Chance & Anthem, LLC Debtor scheduled unsecured liabilities of $6,324,824.00 (See Chance & Anthem, LLC Form 206Sum at ECF 11, page 2).  Debtor

---

[2] It is respectfully submitted that the Court mistakenly cited 28 U.S.C. §1410 in its Order to Show Cause as these are not proceedings ancillary to a Chapter 15 foreign proceeding.  However, the Order, on page 3, shows the text of 28 U.S.C. §1408, evidencing a typographical error.

2

indicated, in Part 11 of Schedule A/B that there are no assets other than those reported on the Chance & Anthem Schedules.

5.  The Chance & Anthem Schedules further show that Debtor had a "former" office in the District of Maryland at 27120 Ocean Gateway, Hebron, Maryland, as of January 1, 2016 but that Debtor no longer occupied those premises as of December, 31, 2016. [ECF 1, Page 1, *in pari matera* with ECF 11, Page 25, Part 7]. Notwithstanding the foregoing, in response to the Petition question, "Why is this case filed in *this district?*", Debtor erroneously claimed that it had its domicile, principal place of business, or principal assets in this (Maryland) district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district." The Schedules further show there are no executory contracts or unexpired leases [ECF 11, page 18].

6.  Attached hereto as <u>Exhibit 2</u> is a copy of Creditors' *Notice of Filing Exhibits Concerning Record Activities of Chance & Anthem, LLC in the Southern District of Florida Supplemental to Emergency Motion to Transfer Venue and Rule 9011 Motion for Sanctions for Attorney Misconduct of Jeffrey Marc Siskind*. This *Notice* was filed in the Siskind Chapter 11 proceedings in the Southern District of Florida to demonstrate the record activity of Chance & Anthem, LLC in the Southern District of Florida [FLSD ECF 763]. The *Notice* and attachments thereto demonstrate that Chance & Anthem, LLC, as late as October 12, 2017, participated in various real estate transactions, including mortgage financing in the Southern District of Florida. The Schedules filed in these Chapter 7 proceedings do not appear to schedule any of the assets or liabilities as shown on the attached *Notice* and exhibits appended thereto. Debtor did reference the "New Wave Lenders" foreclosure suit in its SOFA [ECF 11, Page 22, Part 3], but apparently failed to disclose that a final judgment of foreclosure was entered against, *inter alia*, Chance &

3

Anthem, LLC, on May 12, 2017 in the amount of $1,043,350.08. Debtor's Schedules also fail to list Chance & Anthem, LLC's receipt of an assignment of mortgage from George A. Maler on December 2, 2015 and the subsequent assignment of that mortgage from Chance & Anthem, LLC to Zokaites Properties, LP on October 12, 2017. Creditors respectfully submit that the aforementioned *Notice of Filing Exhibits* demonstrate that Chance & Anthem, LLC conducted substantial business in the Southern District of Florida from inception to at least October 12, 2017.

7. Chance & Anthem, LLC was incorporated in the State of Florida on October 9, 2014 and was administratively dissolved and reinstated on October 5, 2015 and was again administratively dissolved on September 22, 2017. A copy of the Florida Division of Corporations entity report, containing the Articles of Organization, the October 5, 2015 Reinstatement, the entity's 2016 Florida Limited Liability Company Annual Report (May 1, 2016) and the Entity Report are attached as Exhibit 3. Notwithstanding Debtor's claim that it conducted business in the District of Maryland, there is no indication of any corporate address in the State of Maryland according to the Florida Division of Corporations. Additionally, no record exists in the State of Maryland whereby Chance & Anthem, LLC obtained authorization to conduct business in the State of Maryland. In summary, Chance & Anthem, LLC is a Florida Limited Liability Corporation from inception, never obtained authorization to transact business in the State of Maryland and never listed any address with the Florida Division of Corporations other than its various addresses in the Southern District of Florida.

8. As cited by this Honorable Court in its *Order to Show Cause Why This Case Should Not Be Dismissed for Improper Venue or Transferred to the Southern District of Florida* [ECF 55], Debtor has failed to meet the requirements for proper venue in the District of Maryland pursuant to 28 U.S.C. §1410. Debtor's Petition and Schedules, read *in pari materia* indicate that

the Debtor did not have its principle place of business, et al, in the District of Maryland for at least 180 days prior to the January 28, 2018 filing date. Inasmuch as these Chapter 7 proceedings were filed in the "wrong district", Rule 1014(a)(2) would be applicable. Accordingly, Creditors respectfully submit that transfer of these proceedings rather than dismissal would satisfy the "interest of justice" and would be also be a more convenient forum for the convenience of the parties. In this regard, the Creditors adopt the findings of this Honorable Court: *"Of the 17 unsecured creditors listed on Schedule E/F, only 4 of 17 creditors have a Maryland address and they hold total claims of $9,690* (citing ECF 11 at p. 12-17). *This represents less than 1% of the amount of scheduled creditor claims."*. Creditors herein would be greatly inconvenienced in the event they were forced to participate in these proceedings in the District of Maryland.

9. To the extent needed, Creditors adopt the arguments made in their *Emergency Motion to Transfer Venue*, filed in these proceedings at ECF 32.

10. The law and decisions in the District of Maryland concerning improper venue and *forum non conveniens* are not dissimilar to that of the Southern District of Florida. As found in *In re Ridgely Communications, Inc.*, 107 B.R. 72 (Bankr. MD 1989), the single most important factor in considering whether to transfer the case at Bar to the Southern District of Florida is the economic administration of the estate, *Id at 79*. While *Ridgeley*, involved a situation where the principal assets of the debtor were located in South Carolina, the Court found that the fact that the corporate minute book and shareholder records were kept in Baltimore was dispositive. *Ridgeley* also stands for the proposition that the decision whether to grant or deny a motion for transfer of a bankruptcy case is within the sound discretion of the bankruptcy court. *Id* at 78. It should be noted, however, that *Ridgeley*, unlike the case at Bar, involved a permissive change of venue for the convenience of the parties. In the case sub judice, however, the fact remains that Chance & Anthem, LLC has

5

no justification for the filing of these proceedings in the District of Maryland. The plain meaning of 28 U.S.C. §1408(1) and (2), in conjunction with the Petition and Schedules filed in the District of Maryland, clearly demonstrate that no proper venue exists in the District of Maryland. The Debtor admitted that it was not present in the District for at least 180 days prior to the filing of the Petition in the first place. In accordance with *In re Healy*, 1989 Bankr. LEXIS 2109; 1989 WL 149679 (Bankr. MD 1989), the Court does not have the discretion to keep the case in the District of Maryland should it agree that these proceedings were filed in the wrong district. *Healy*, <u>Id at 2109</u>. In *In re Honeycutt*, 2012 Bankr. LEXIS 5857*; 2012 WL 6681833 (Bankr. E.D. N.C. 2012), citing 28 U.S.C. §1408, the Bankruptcy Court for the Eastern District of North Carolina held that the creditor/movant was required to show by a preponderance of the evidence that the debtor's domicile, residence, principal place of business, or principal assets were not located in the Eastern District of North Carolina during the majority of the 180-day period preceding the petition date. <u>Id at *7-*8</u>. Given that Chance & Anthem, LLC's Schedules show no virtually no assets in the District of Maryland, the Court should not be required to conduct an inquiry into the convenience of the parties as the "interest of justice" should be sufficient to meet the burden of the Creditors to show by a preponderance of the evidence that the District of Maryland is an improper venue. However, as the Court noted in its *Order to Show Cause Why This Case Should Not Be Dismissed for Improper Venue or Transferred to the Southern District of Florida* [ECF 55], virtually all of the creditors are located in the State of Florida. In particular, the Creditors herein, as shown in the copy of the *Emergency Motion to Transfer Venue* filed in this case at ECF 32, with the exception of Frederick R. Volkwein, are all plaintiffs in pending state court proceedings in Palm Beach County, Florida against Jeffrey M. Siskind and his single-member LLC, Chance & Anthem, LLC. Justice would be best served by transferring these proceedings to the District that

for the past 5 years administered Mr. Siskind's Chapter 11 proceedings and where the Creditors herein will be required to file their claims and attend to any objections to such claims. The Court should note that Mr. Siskind, at all times relevant hereto, was a resident of the State of Florida and within the jurisdiction of the Southern District of Florida. There could not be a more convenient place for the Chance & Anthem, LLC Chapter 7 proceedings to be maintained.

### III.    CONCLUSION

11.    Creditors, in reliance upon the Petition and Schedules filed by the Debtor in the District of Maryland, respectfully submit that the District of Maryland is not a proper venue for the Chance & Anthem, LLC Chapter 7 proceedings. Debtor cannot impose venue pursuant to 28 U.S.C. §1408 on a District where the Debtor did not maintain its principal place of business for at least 180-days prior to the Petition filing date and where the Debtor did not have its principal assets. Accordingly, pursuant to Rule 1014(a)(2), in the interest of justice and/or for the convenience of the parties, these proceedings should be transferred to the Southern District of Florida and not dismissed.

**WHEREFORE**, Creditors respectfully request this Honorable Court transfer these proceedings to the Southern District of Florida and for such other relief as the Court deems appropriate under the circumstances.

**Dated: April 24, 2018**

                    Respectfully submitted,

                    */s/ Steven S. Newburgh*
                    Steven S. Newburgh, Esq.
                    Fla. Bar No. 348619 (PHV-MD)
                    **McLaughlin & Stern PLLC**
                    CityPlace Office Tower – Suite 1700
                    525 Okeechobee Boulevard
                    West Palm Beach, FL 33401
                    Direct: (561) 283-2211
                    Tel: (561) 659-4020 Ext. 3027
                    Email: snewburgh@mclaughlinstern.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this  24th  day of April, 2018, I reviewed the Court's CM/ECF system and it reports that an that an electronic copy of the Creditors' Response to Order to Show Cause Why This Case Should Not Be Dismissed or Transferred to the Southern District of Florida will be served electronically by the Court's CM/ECF system on the following:

- Robert Grossbart robert@grossbartlaw.com, debra@grossbartlaw.com
- George W. Liebmann gliebmann@lspa.comcastbiz.net, oshively@lspa.comcastbiz.net;stifft@lspa.comcastbiz.net
- George W. Liebmann Gliebmann@lspa.comcastbiz.net, oshively@lspa.comcastbiz.net;MD25@ecfcbis.com;stifft@lspa.comcastbiz.net
- Steven S. Newburgh snewburgh@mclaughlinstern.com, mgarcia@mclaughlinstern.com
- Orbie R. Shively oshively@lspa.comcastbiz.net
- Jeffrey Marc Siskind jeffsiskind@msn.com, jeffsiskind@gmail.com

  I hereby further certify that on the  24th  day of April, 2018, a copy of the Creditors' Response to Order to Show Cause Why This Case Should Not Be Dismissed or Transferred to the Southern District of Florida was also mailed first class mail, postage prepaid to all parties listed on the attached Court's Mailing Matrix.

               _/s/ Steven S. Newburgh_
              Steven S. Newburgh, Esq.
              Fla. Bar No. 348619 (PHV-MD)
              **McLaughlin & Stern PLLC**
              CityPlace Office Tower – Suite 1700
              525 Okeechobee Boulevard
              West Palm Beach, FL 33401
              Tel: (561) 659-4020 Ext. 3027
              Email: snewburgh@mclaughlinstern.com