

**ORDERED in the Southern District of Florida on April 12, 2018.**

Paul G. Hyman, Jr., Judge
**United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 13-13096-PGH |
| Jeffrey Marc Siskind, | Chapter 11 |
| Debtor. | |

**ORDER DENYING EMERGENCY MOTION TO TRANSFER VENUE (ECF NO. 695)**

**THIS MATTER** came before the Court on March 16, 2016 at 9:30 a.m. upon the *Emergency Motion to Transfer Venue of Related Case and for Stay of Related Chapter 7 Proceedings in the District of Maryland Pending Judicial Determination* (ECF No. 695) (the "Motion to Transfer") filed by David Fiore, 3485 Lago De Talavera Trust, Christopher George, Frederick R. Volkwein (the "Movants"). The Motion to Transfer requests entry of an order from this Court transferring the case styled as *Chance & Anthem, LLC,* Case No. 18-11168-TJC (the "Maryland Case"), which is

EXHIBIT 1

currently pending in the United States Bankruptcy Court for the District of Maryland at Greenbelt (the "Maryland Court").  At the hearing (the "Hearing") upon the Motion to Transfer, the Court heard extensive argument from counsel, including the above-captioned debtor, Jeffrey Siskind, as counsel for himself.[1]  Based upon the representations of counsel at the Hearing, the Court entered a preliminary order on the Motion to Transfer (the "Preliminary Order") (ECF No. 737).  The Preliminary Order reserved ruling upon the Motion to Transfer to allow briefing by the parties upon the issue of venue, and required both the Debtor and the Movants to cease filing any further pleadings in the Maryland Case pending resolution of the Motion to Transfer.[2]

One day prior to the Hearing, the Debtor, in his capacity as counsel to Chance & Anthem, LLC (the "Maryland Debtor"), filed a motion (the "Extension Motion") in the Maryland Case requesting an extension of time to attend the 341 meeting of creditors for that case.  *See* ECF No. 37 in Case No. 18-11168 (Bankr. Md.).  The Extension Motion stated that the Debtor was "unable to appear due a recent knee and leg injury which prevents counsel from travelling from his home in Florida to attend the [341] Meeting on behalf of the Debtor."  *Id.* at para. 2.[3]

---

[1] The Debtor is a licensed Florida attorney.  The Debtor has represented himself extensively in this chapter 11 case. Since his co-counsel's withdrawal on March 16, 2018 (ECF No. 730), the Debtor has served as exclusive bankruptcy counsel for himself in both the above-captioned main case and the related pending adversary proceedings.

[2] The Preliminary Order did not restrict any other party, including Chance & Anthem, LLC, the debtor in the Maryland Case, from taking any action in the Maryland Case.

[3] The Court takes no position regarding the Debtor's alleged injury, but notes for the record that the Debtor appeared as counsel in his own bankruptcy proceeding at the Hearing, which was held on the next day (March 16, 2018).  The Court did not observe that the Debtor had any particular difficulty moving about the courtroom at the Hearing.

On April 10, 2018, the Maryland Court issued its *Order to Show Cause Why This Case Should Not Be Dismissed for Improper Venue or Transferred to the Southern District of Florida* (the "Order to Show Cause") (ECF No. 55 in Case No. 18-11168 (Bankr. Md.)). The Order to Show Cause sets forth extensive rationale for why the Maryland Case ought to be transferred or dismissed, and instructs the Maryland Debtor to specifically address issues relating to venue in any response.

As a basis for transfer or dismissal of the Maryland Case, the Maryland Court cited to Bankruptcy Rule 1014 ("Rule 1014"), which governs dismissal and transfer of cases.[4] Subsection (a) of Rule 1014 provides the analytical framework for determining whether a case has been filed in the proper district, while subsection (b) governs petitions filed in different districts involving the same or related debtors.

---

[4] Rule 1014(a) provides:

(a) Dismissal and Transfer of Cases.
    (1) *Cases Filed in Proper District*. If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.
    (2) *Cases Filed in Improper District*. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

(b) Procedure When Petitions Involving the Same Debtor or Related Debtors are Filed in Different Courts. If petitions commencing cases under the Code or seeking recognition under chapter 15 are filed in different districts by, regarding, or against (1) the same debtor, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate, the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed. The court may so determine on motion and after a hearing, with notice to the following entities in the affected cases: the United States trustee, entities entitled to notice under Rule 2002(a), and other entities as the court directs. The court may order the parties to the later-filed cases not to proceed further until it makes the determination.

Rule 1014(a) contemplates application by the court in which the case under consideration has been filed, as it has jurisdiction over the matter in question. By contrast, Rule 1014(b) provides that "the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed."

In the Order to Show Cause, the Maryland Court determined that 1014(a) applies to the Maryland Case and, based upon the record presented in the Maryland Case, indicated the Maryland Court's misgivings that Maryland is the proper venue for the Maryland Case.

This Court agrees with the Maryland Court's analysis. By its plain language, Rule 1014(b) only applies in the context of petitions filed in different districts involving (1) the same debtor, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate. The Maryland Debtor, Chance & Anthem, LLC, is a separate legal entity from the Debtor, which prevents application of Rule 1014(b)(1). The Maryland Debtor was organized as a corporation,[5] not a partnership, and therefore Rule 1014(b)(2) & (3) do not apply. Finally, Rule 104(b)(4) is also inapplicable because the Debtor, an individual, cannot be an "affiliate" of the Maryland Debtor, a legal entity.

Accordingly, the Court, having considered the Motion to Transfer Venue,

---

[5] The Maryland Court determined that the only link to Maryland upon the record in the Maryland Case was an address to a property that had not been occupied by the Maryland Debtor for more than one year prior to the filing of the petition in the Maryland Case. *See* Order to Show Cause; *see also* 28 U.S.C. § 1410.

taking judicial notice of the Order to Show Cause, and being otherwise fully advised in the premises, hereby **ORDERS** that the Motion to Transfer Venue is **DENIED**.

###

Copies furnished to:

Jeffrey Marc Siskind
3465 Santa Barbara Drive
Wellington, FL 33414

Steven S. Newburgh, Esq.

AUST

Attorney Newburg is directed to serve a copy of this Order upon all interested parties and file a certificate of service with the Court