IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:

CHANCE & ANTHEM, LLC            Case No. 18-11168-TJC

     Debtor.                                Chapter 7 (SAL)

_____/

**DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR IMPROPER VENUE OR TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA AND INCORPORATED MEMORANDUM OF LAW**

       COMES NOW the Debtor, by and through undersigned counsel, and responds to the Order to Show Cause why this Case Should Not be Dismissed for Improper Venue or Transferred to the Southern District of Florida, and states:

       1.       This case should neither be dismissed for improper venue or transferred to the Southern District of Florida.

       2.       Debtor's principal asset is located in Maryland, consisting of its proportionate share of a viable cause of action, which is Debtor's only asset.

       3.       There is no longer a related case in the Southern District of Florida.  In Re Jeffrey Marc Siskind, Case No. 13-13096-PGH, was dismissed at a hearing on April 19, 2018.  An order reflecting that dismissal which was drafted by the U.S. Trustee has been circulated among counsel.  Since Judge Hyman just retired, the Honorable Mindy Mora (his replacement) is expected to sign the order.

       4.       The Honorable Paul Hyman, judge in the Southern District of Florida, denied transfer of the case to the Southern District of Florida which was requested by the Emergency Motion to Transfer Venue of Related Case and for Stay of Related Chapter 7 Proceedings in the District of Maryland pending Judicial Determination [Docket Entry No. 801].   The stay request portion of that motion was granted because it was agreed to by the parties in the interest of

judicial economy.

5. The once-related case is therefore no longer a factor to be considered in whether to dismiss or transfer this case.

6. In addition, all but one of the parties which brought that motion (David Fiore, 3485 Lago De Talavera Trust and Christopher George) are proceeding separately in Florida state court, Case No. 50-2016-CA-008765-XXXX-MB, against multiple parties for causes of action, which includes the Debtor as a defendant. The Debtor has offered to sever that action in order to permit it to proceed.

7. It should be noted that while the Debtor needed to list these claims on its schedules, Debtor maintains that said claims are wholly without merit.

8. Debtor next desires to address the Court's misgivings concerning venue.

9. Under 28 U.S.C. §1408, a bankruptcy case may be filed in a district in which the "principal assets in the United States[,] of the person or entity that is the subject of such case have been located…' either for 180 days prior to the commencement of the case or for a longer period than in any other district." (paraphrased for brevity).

10. Although the Debtor leased a prior office location in Hebron, Maryland until NOVEMBER 15, 2017 (approximately two months prior to the filing of this case) *[December, 2016 was previously stated in Debtor's schedules in error]* and was registered as a Florida limited liability company which lapsed, these two factors are not exclusive choices for consideration of appropriate venue, as evidenced by the use of the word "or" in 28 U.S.C. §1410(1).

11. Moreover, Debtor's business consisted only of the prosecution of its Maryland-based law suit during the 180 days prior to the filing of this case, during which time Debtor was

nothing other than a Maryland-based company.

12.     As Debtor's amended schedule A/B indicates, that asset is valued at $14 million, instead of its original nominal $1,000 valuation. The difference in valuation is based upon what the Debtor believes is a fair value assigned to its appeal of the Maryland-based action which only recently ripened, by taking Debtor's share of the asset value, which is calculated as expected market value set against probability of 50%.

13.     Contrastingly, during the six months prior to filing, Debtor's only Florida asset consisted of a $25,000 mortgage loan which was assigned to Zokaites Properties, LP on October 12, 2017.

14.     Analysis of whether this case should be transferred for the convenience of the parties must begin with an assessment of the location of creditors and their claims.

15.      There are eight creditors located in and around Maryland, and eight creditors in Florida. The Maryland creditors include 27120 Ocean Gateway, LLC, a Maryland limited liability company established solely for its role in leasing a building in Hebron to Chance & Anthem, Delmarva Power, Bay Area Disposal, Apostle Construction, T.E. Smith & Son, Inc., Beaver Tree Service, Richard Bell, and Wellington 3445, LP.

16.     Creditors which appear to be base in Florida include Sovereign Gaming & Entertainment, LLC, Haynes Scaffolding & Supply, Inc., PTM Electric, Inc., All Pro Pool Service, Richard Neff, ABK South Properties, LLC and David Fiore, et al.

17.     However, two of the creditors which appear because of their scheduled addresses to be based in Florida are actually headquartered in Baltimore, Maryland (3GEN VC, LLC) and in New Jersey (ABK South Properties, LLC).

18.     The true value of the scheduled claim are $498,824.00, of which $490,724 are

held by creditors in or nearby Maryland, and only $8,100 are held by Florida-based creditors. This analysis excludes the $2.8 million claimed by Fiore et al. (which was a baseless claim that Debtor included because of it was listed as a defendant in the Florida state action) and the $2 million scheduled to be due to Sovereign Gaming and Entertainment, LLC, which is a portion of the $2.8 million claimed by Fiore et al.

19.     The corrected claimant analysis thus reveals that there are ten legitimate creditors in Maryland and only three in Florida, and that therefore 77% of the creditors are in and around Maryland and only 23% are in Florida.

20.     The same analysis reveals that 98.4% of the valid claims are held by persons and entities in or nearby Maryland while only 1.6% of the valid claims are held by persons and entities in Florida.

21.     Additionally, although Debtor only conducted business only in Maryland at the time of filing of this case, which business consisted entirely of its role in advancing litigation in Maryland by an entity in which Debtor held a controlling interest, it permissibly utilized an address used by Debtor's counsel located in Florida in order that mail be received without any delays due to forwarding.

22.     Debtor's actions which pertain to the disqualification of Steven S. Newburgh are no longer a factor to be considered in whether to dismiss or transfer this case, inasmuch as dismissal of Debtor's Chapter 11 case, which included dismissal of the adversary case against Newburgh, removed the possibility of determination by a Florida judge.  Also, however, the Debtor and Newburgh have 'buried the hatchet,' a resolution partially enabled by the election by most of the Newburgh clients to instead proceed with the case which they filed against Debtor and others in Florida state court.

23. Further, this Court erred in viewing the dismissed adversary action brought by the Debtor against Newburgh and others as the litigation matter from which Debtor believes will enable it to provide a recovery to creditors. The litigation matter which constitutes Debtor's only significant asset is instead a Maryland state case brought by a company in which Debtor is a majority owner, and which is now ripe for appeal.

24. Debtor's managing member and counsel's ("Siskind") need to reschedule the 341 Meeting of Creditors ("MOC") and his distance from Maryland should not be a factor which the Court considers in determining venue for numerous reasons. First, Siskind's inability to attend was due to an excruciatingly painful right knee injury – two tears in the meniscus. Never before or since has Debtor's counsel missed a hearing or court event due to an injury. Second, Siskind was able to obtain appearance counsel to attend the MOC, but also filed a motion to continue as an added precaution. Finally, because of the severe associated leg pain experienced while sitting, Debtor would likely not have been able to attend an MOC scheduled for that day even if it were scheduled to take place in Florida.

## MEMORANDUM OF LAW

25. 28 USC §1412 states that a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties. Federal Rule of Bankruptcy Procedure 1014(A)(1) states that where a "petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties . . . and that [i]f a petition is filed in an improper district, the court, on the timely motion of a party in interest or on

its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."

26. Neither rule elaborates on how a court should evaluate 'the interest of justice' or 'the convenience of the parties.

27. The seminal case which addresses how a court should identify and evaluate factors to determine the interest of justice and the convenience of the parties is In Re Enron, 274 B.R. 327 (2002), U.S. Bankr. Ct., Southern Dist. N.Y.

28. The burden is on the moving party to demonstrate by a preponderance of the evidence that transfer of venue is warranted.

29. According to Enron, in order to evaluate whether transfer is in the interest of justice, "the Court considers whether transfer of venue will promote the efficient administration of the estate, judicial economy, timeliness and fairness.

30. Debtor submits that, because Debtor's most significant asset is located in Maryland, which asset (consisting of a contract claim against the State of Maryland) is the sole possible means of recovery for creditors, the Maryland District is superior to the Southern District of Florida, and that it is in the interest of justice for Debtor's case to remain in the Maryland District where creditors are more likely to obtain value from a successful prosecution of said litigation.

31. It is judicially economical for this case to be administered where Debotr's most significant, indeed its only asset, is located.

32. Fairness to creditors is best achieved by a venue which results in the most likely successful outcome of litigation which will likely result in a recovery through litigation which

will permit distribution to creditors.

33. It is also most judicially economical for Debtor's case to be administered where the litigation which will result in a recovery is domiciled.

34. According to Enron, the factors to be weighed by the Court in consideration of convenience of the parties are (1) where creditors are located, (2) where the Debtor is located, (3) where witnesses are located, (4) where assets are located, (5) the place where the estate can be economically administered, and (6) the place where any ancillary administration would be required.

32. As to the first factor, more than half of the true creditors are located in and around Maryland.

33. As to the second factor, the only activity currently being undertaken by Debtor pertains to its interest in the litigation which is sited in Maryland.

34. As to the third factor, more than half of the witnesses who may appear in both the this matter and the Maryland litigation matter are located in Maryland, including the chief executive officer and president of the Maryland limited liability company which Debtor holds a controlling interest. Except for the undersigned, who is also licensed and practices in Maryland, no witnesses are located in Florida.

35. As to the fourth factor, C&A's only asset – its interest in the CANNAMED litigation -- is located in Maryland. The prospects for success there are arguably strengthened by keeping C&A's bankruptcy case in Maryland.

36. As to the fifth factor, it cannot be shown that the estate can be more economically administered in a place other than Maryland. Quite to the contrary, a more efficient

administration can be accomplished only in Maryland where the litigation which is the Debtor's most significant asset, and the sole possible means of recover to creditors, is located.

37. As to the sixth factor, since it is likely that aspects of the Maryland state litigation will be closely considered in attempting to maximize creditor value, it makes sense for Debtor's estate to be administered in Maryland.

38. Therefore, inasmuch as every 'convenience' factor points to appropriate venue in Maryland, transfer to another district is ill-advised.

39. As an additional factor, Debtor submits that it is appropriate to also consider that it has no continuing business purpose in any place other than Maryland.

40. All of the Enron factors to be considered in determining the interest of justice and convenience of the parties thus point to Maryland as the proper venue for this case.

41. In addition, a Debtor's choice of forum is entitled to great weight if venue is proper. *In re Ocean Properties of Delaware, Inc.,* 95 B.R. 304, 305 (Bankr.D.Del.1988); *In re Windtech,* 73 B.R. 448 (Bankr.D.Conn.1987). "Where a transfer would merely shift the inconvenience from one party to the other, or where after balancing all the factors, the equities leaned but slightly in favor of the movant, the [Debtor's] choice of forum should not be disturbed." *Garden Manor,* 99 B.R. at 555 (citing 1 James Wm. Moore et al., *Moore's Federal Practice* ¶ 56.10 (2d ed.1988)); *In re Great American Resources, Inc.,* 85 B.R. 444 (Bankr.N.D.Ohio 1988).

42. The substantive changes made to Debtor's schedules (1) correcting the valuation of Debtor's Maryland-based asset, and (2) correcting the date on which Debtor's leasehold interest in Maryland terminated, together with the absence of any related case in Florida, also dictate that Maryland is the appropriate venue.

WHEREFORE, Debtor requests that the Court determine that because it is in the interest of justice and for the convenience of the parties, venue for this case properly lies in Maryland, and for such other and further relief as appropriate in the circumstances.

                                              **S I S K I N D   L E G A L**

                                         */s/ Jeffrey M. Siskind*
                                   Jeffrey M. Siskind, Esquire
                                   3465 Santa Barbara Drive
                                   Wellington, FL  33414
                                   TEL    (561) 791-9565
                                   FAX    (561) 791-9581
                                   Email: jeffsiskind@msn.com

## **CERTTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the Debtor's Response To Order To Show Cause Why This Case Should Not Be Dismissed For Improper Venue Or Transferred To The Southern District Of Florida And Incorporated Memorandum Of Law will be electronically served upon the filing hereof by CM/ECF or U.S. Mail on April 24, 2018 to the following:

**18-11168 Notice will be electronically mailed to:**

Robert Grossbart robert@grossbartlaw.com, debra@grossbartlaw.com

Robert Grossbart robert@grossbartlaw.com, debra@grossbartlaw.com

George W. Liebmann Gliebmann@lspa.comcastbiz.net, oshively@lspa.comcastbiz.net, MD25@ecfcbis.com, stifft@lspa.comcastbiz.net

George W. Liebmann gliebmann@lspa.comcastbiz.net, oshively@lspa.comcastbiz.net, stifft@lspa.comcastbiz.net

George W. Liebmann Gliebmann@lspa.comcastbiz.net, oshively@lspa.comcastbiz.net,

MD25@ecfcbis.com,
stifft@lspa.comcastbiz.net

Steven S. Newburgh snewburgh@mclaughlinstern.com,
mgarcia@mclaughlinstern.com

Steven S. Newburgh snewburgh@mclaughlinstern.com,
mgarcia@mclaughlinstern.com

Steven S. Newburgh snewburgh@mclaughlinstern.com,
mgarcia@mclaughlinstern.com

Orbie R. Shively oshively@lspa.comcastbiz.net

Jeffrey Marc Siskind jeffsiskind@msn.com,
jeffsiskind@gmail.com

Jeffrey Marc Siskind jeffsiskind@msn.com,
jeffsiskind@gmail.com

**18-11168 Notice will not be electronically mailed to:**

Debtor(s): Chance & Anthem, LLC
Steven S. Newburgh on behalf of Creditor David Fiore
McLaughlin & Stern PLLC
City Place Office Tower
525 Okeechobee Blvd, Suite 1700
West Palm Beach, FL 33401

Steven S. Newburgh on behalf of Creditor Frederick Volkwein
McLaughlin & Stern PLLC
City Place Office Tower
525 Okeechobee Blvd, Suite 1700
West Palm Beach, FL 33401

  In addition to electronic service set forth above, non-CM/ECF creditors required to be served were noticed by U.S. Mail at address(es) which appear on the attached mailing matrix.

            ____*/s/ Jeffrey M. Siskind*____
            Jeffrey M. Siskind, Esquire