**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | | |
|---|---|---|
| In re: | * | Case No.   18-11168-TJC |
| Chance & Anthem, LLC | * | Chapter   7 (SAL) |
| Debtor | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM AND ORDER TRANSFERRING VENUE**
**<u>TO THE BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>**

This bankruptcy case was commenced by the filing of a Chapter 7 petition by the debtor, Chance & Anthem, LLC (the "Debtor") on January 29, 2018.  Upon reviewing the bankruptcy case record, the court had serious misgivings as to whether venue was proper in this district.  The court issued an Order to Show Cause Why This Case Should Not Be Dismissed for Improper Venue or Transferred to the Southern District of Florida, ECF 55, to allow any party in interest an opportunity to object to the dismissal of this case or transfer for the convenience of the parties.  The Debtor filed a response, arguing that venue was proper in this district and the case should not be transferred.  ECF 60.  Creditors, David Fiore, Carl Stone, 3485 Lago De Talavera Trust, Dianna George, Christopher George, Frederick R. Volkwein (the "Creditors") filed a response arguing that venue is not proper here and in any event, the case should be transferred to Florida for the convenience of the parties.  ECF 58.  The court held a hearing on the venue question on May 23, 2018.  For the reasons stated herein the court concludes that venue is not

proper in Maryland.  The court further concludes that, even if venue were proper in Maryland, under any standard venue of this case is more appropriate in the Bankruptcy Court for the Southern District of Florida.  Accordingly, the court will transfer venue to that court in the interest of justice and for convenience of the parties.  *See* 28 U.S.C. §1412 and Fed. R. Bankr. P. 1014(a).[1]

I.

The Debtor filed a petition seeking Chapter 7 relief on January 29, 2018.  The Debtor is a Florida limited liability company.  The petition was signed by Jeffrey M. Siskind, 100% owner of the Debtor and the Debtor's sole managing member.  Mr. Siskind also signed the petition as the attorney for the Debtor.

Mr. Siskind is a Florida resident.  At the time the petition was filed, Mr. Siskind was a debtor in his own personal Chapter 11 bankruptcy case pending in the Bankruptcy Court for the Southern District of Florida, filed on February 11, 2013.  *See* ECF 32-1 at p. 2.  At the time, that case had over 650 docket entries.[2]  Mr. Siskind was involved in active litigation with most if not all of the Creditors.

---

[1] Rule 1014(a) provides
> (a) Dismissal and transfer of cases
> (1) Cases filed in proper district
> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.
> (2) Cases filed in improper district
> If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(1) and (2).  As explained in the Show Cause Order, the order served as a motion under the Rule. ECF 55 at n.1.

[2] Mr. Siskind's personal bankruptcy case was dismissed on April 25, 2018 (Case No. 13-13096-PGH, Bankr. S.D. Fla.).

Moreover, five of the Creditors had sued the Debtor in the Circuit Court for the 15th Judicial Circuit, in Palm Beach County, Florida.  ECF 58 at p. 1.  That case is still ongoing.  The Creditors state they intend to pursue their claims against the Debtor.

## II.

Under 28 U.S.C. §1408, a bankruptcy case may be filed in a district

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. §1408(a)(1) and (2).  Here, there is no dispute that the Debtor is a Florida limited liability company.  Further, the Debtor's petition states that the Debtor had a former office at 27120 Ocean Gateway, Hebron, Maryland, and its statement of financial affairs states that it terminated that location in December 2016 (ECF 11 at p. 25), more than one year prior to the filing.  Thus, it appeared that the Debtor was a Florida entity that had no residence or place of business in Maryland for more than one year before the petition was filed.  In the Show Cause Order the court required the parties to address this point.

In the Debtor's response to the Show Cause Order, it states that it occupied the Hebron, Maryland, address until November 2017, not November 2016, as stated in the petition and schedules.  ECF 60 at ¶10.  It therefore argues that venue was proper in Maryland because it had a principal place of business in Maryland for the longer portion of the one-hundred-and-eighty-day period prior to the petition than the principal place of business was located in any other district.

Even though the Debtor filed amended schedules after the courts issued the Show Cause Order, ECF 59, the Debtor has not amended the statement of financial affairs. As stated above, the Debtor admitted, under penalty of perjury, that the Debtor resided in Maryland until November 2016 in the original, unamended statement. ECF 11 at p. 25. The Debtor has not submitted any documentation that supports the claim that it resided in Maryland until November 2017. Accordingly, because the only evidence before the court is a statement under penalty of perjury that the Debtor ceased its residency in November 2016, the court concludes that venue is not proper in Maryland.

III.

Even if the court were to accept the Debtor's unsubstantiated statement that it resided in Maryland until November 2017, the court still would transfer the case to the Southern District of Florida. Under 28 U.S.C. §1412, the court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. The court may transfer the case to any other district regardless of whether the case was filed in the proper district or in an improper district. Fed. R. Bankr. P. 1014(a).

This district has adopted the well-established criteria stated in *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980) to determine whether to transfer the case:

(1) The proximity of creditors of every kind to the Court;
(2) The proximity of the debtor to the Court;
(3) The proximity of the witnesses necessary to the administration of the estate;
(4) The location of the assets;
(5) The economic administration of the estate;
(6) The necessary for ancillary administration if [liquidation] should result.

*Id.* at 1247; *accord In re Ridgely Comm. Inc.,* 107 B.R. 72, 78 (Bankr. D. Md. 1989). Every one of these factors leads to the conclusion that the case should be transferred.

4

A.

At the hearing on the Show Cause Order, the Chapter 7 Trustee, having served in that capacity for four months, stated that he believed it is a "total fiction" that this case should be in Maryland.  The court questions whether the filing of this case in Maryland was a bad faith litigation tactic by the Debtor.

Specifically, within six days after filing of the petition, the Debtor brought an adversary proceeding in this court against Steven Newburgh and his law firm, McGlaughlin & Stern, PLLC, as well as an individual who apparently worked with Mr. Newburgh and his firm.  *See* ECF 1 in Adv. Proc. 18-00034.  At the time, Mr. Newburgh represented five of the Creditors in litigation against Mr. Siskind and the Debtor in Florida.  Mr. Newburgh and his firm are residents of Florida, while the third defendant is listed as a resident of New York.  At the hearing on the Show Case Order, Mr. Siskind conceded that the activities that give rise to the lawsuit occurred in Florida.  No party is listed as being a resident of Maryland and apparently none of the activities giving rise to the suit occurred in Maryland.  *Id*.  Of course, the Debtor had no authority to file a complaint based on a pre-petition claim in a Chapter 7 case; that authority is exclusively vested in the Chapter 7 Trustee, and the adversary proceeding was dismissed on that basis.  Nevertheless, it appears the Debtor filed this bankruptcy case in Maryland in an attempt to bring a lawsuit against attorneys of parties it was litigating against in a remote location that had no connection to the facts of the lawsuit.  This is hardly a valid basis for establishing venue.

B.

The appropriateness of transferring this case to Florida, and the harm to the administration of the estate resulting from venue in Maryland, is made manifest by Mr. Siskind himself.  The meeting of creditors was set for March 15, 2018.  On that date, Mr Siskind filed on behalf of the Debtor a motion to continue the meeting of creditors set for that day.  ECF 37.  Mr.

5

Siskind stated that "Counsel is unable to appear due to a recent knee and leg injury which prevents counsel from travelling from his home in Florida to attend the Meeting on behalf of Debtor." *Id*. at ¶2.[3]  The Chapter 7 Trustee continued the Debtor's meeting of creditors to May 17, 2018.

On May 10, 2018, the Debtor filed a motion to transfer the case from Salisbury, Maryland to Baltimore, Maryland, and to again continue the meeting of creditors.  ECF 63 at ¶8.  Mr. Siskind stated that the "time and date now set for the 341 Meeting of Creditors is the exact time and date of [his] eldest daughter's high school graduation ceremony."  *Id*. at 10.  The Debtor did not file the motion on an emergency basis or file a motion to shorten time to respond.  The Debtor simply failed to appear at the meeting of creditors.

The hearing on the Show Cause Order was set for May 23, 2018.  Because Mr. Siskind resides in Florida and had sought the two prior continuances, the order setting the hearing stated that parties, other than the Debtor, may appear telephonically at the hearing.  ECF 61.  On May 22, 2018, Mr. Siskind sent an email to the court requesting to appear telephonically at the May 23 hearing.  The court's staff emailed a response pointing out the requirement in the order that the Debtor must appear.

At 11:05 a.m. on the morning of the hearing, Mr. Siskind filed an emergency motion to permit him to appear telephonically at the hearing.  In that motion, he stated that he missed his flight from West Palm Beach, Florida to Baltimore, Maryland, and that he could not secure another flight so that he could attend the hearing.  The court permitted him to appear by telephone.

Mr. Siskind's inability to travel from Florida to Maryland, for whatever reason, itself is reason to transfer this case to Florida.  This case has been pending for five months and a meeting

---

[3] In an opinion by Judge Paul G. Hyman, he noted that Mr. Siskind appeared at a bankruptcy hearing in Florida on March 16, 2018.  *See* ECF 58-2, n. 3.

of creditors has yet to he held because of Mr. Siskind's remote location.  Thus far, three

proceedings have been scheduled in this case: the first meeting of creditors, the rescheduled

meeting of creditors and the hearing on the Show Cause Order.  Mr. Siskind has not been able to

attend a single one.  The administration of this case suffers because the Debtor's managing

member and attorney resides in Florida.  This factor weighs heavily in favor of transfer.

C.

In the Show Cause Order, the court pointed out numerous reasons why it appeared that

venue was more appropriate and convenient in Florida than in Maryland:

> the Debtor appears to not have had any presence in Maryland since December
> 2016.  Of the 17 unsecured creditors listed on Schedule E/F, only 4 of 17 creditors
> have a Maryland address and they hold total claims of $9,690.  ECF 11 at p. 12-
> 17.  This represents less than 1% of the amount of scheduled creditor claims.  The
> Debtor appears to have no other connection to Maryland by reference to the
> Debtor's petition, schedules or statement of financial affairs.  *See* ECF 11.
>
> On the other hand, the Debtor's connections to Florida are many.  In the petition,
> the Debtor listed its mailing address as 3445 Santa Barbara Drive, Wellington,
> Florida.  *See* ECF 1 at p. 1.  Mr. Siskind, who as stated above is the Debtor's
> attorney, owner and managing member, (ECF 1 at p. 3; ECF 32-1 at p. 8 of 47)
> also has a Florida address.  *See* ECF 1 at p. 6.
>
> Of the unsecured creditors listed on Schedule E/F, 10 of the 17 creditors holding
> total claims of $6,213,144 have a Florida address.  ECF 11 at p. 12-17.  This
> represents 98.23% of the amount of scheduled creditor claims.

ECF 55 at p. 4.  In its response to the Show Cause Order the Debtor states that many of the

claims held by the Florida claimants are not "valid" or "real."  It disregards the Creditor's claims

as baseless.  The Debtor's summary dismissal of the Creditor claims, and other Florida claims, as

not "valid" is wholly beside the point.  The determination of whether a claim is "valid – *i.e.*,

allowed – is made after an objection to a claim is made and the court determines whether the

claim should be allowed.  The question before the court is in what forum should that

determination be made.  The only active creditors in this case are the Creditors, and they hold the

7

vast majority of claims in the case. They are engaged in active litigation with the Debtor and have claims against Mr. Siskind. All of these parties are Florida residents. This factor weighs heavily in favor of transfer.

D.

In their response to the Show Cause Order, the Creditors submitted a list of pertinent public records concerning assets, transfers and liabilities of Chance & Anthem, LLC in the Southern District of Florida. ECF 58, Ex. 2. The list follows:

- August 25, 2015 Special Warranty Deed from JPMorgan Chase Bank to Chance & Anthem, LLC ($1,250,000) – 3445 Santa Barbara Drive, Wellington, FL
- November 6, 2015 Mortgage from Chance & Anthem, LLC to New Wave Residential, LLC ($812,500) – 3445 Santa Barbara Drive, Wellington, FL
- March 23, 2016 Mortgage from Chance & Anthem, LLC to ABK South Properties, LLC ($500,000) – 3445 Santa Barbara Drive, Wellington, FL
- February 22, 2017 Assignment of Mortgage and Other Loan Documents from New Wave Lenders (2015-B), LP to Wellington 3445, LP ("Delaware Limited Partnership")
- February 16, 2017 Certificate of Limited Partnership, Wellington 3445, LP filed with the Florida Division of Corporations as a Florida Limited Partnership showing Zokaites Contracting FL LLC as the General Partner and Jeffrey M. Siskind as Registered Agent
- February 13, 2017 Electronic Articles of Organization for Florida Limited Liability Company Zokaites Contracting FL, LLC showing Jeffrey M. Siskind as Registered Agent
- May 12, 2017 Final Judgment of Foreclosure (for Plaintiff) in the matter of Wellington 3445, LP vs. Chance & Anthem, LLC, Jeffrey M. Siskind, ABK South Properties, LLC, 3Gen VC, LLC, N&P Construction and Development, Inc., PTM Electric, Inc. and David Fiore. 15th Judicial Circuit, Palm Beach County, Florida; Case No. 50-2016-CA-012543-XXXX-MB. ($1,043,350.08) 3445 Santa Barbara Drive, Wellington, FL
- July 5, 2017 Certificate of Title issued to Wellington 3445, LP concerning the property located at 3445 Santa Barbara Drive, Wellington, FL
- December 2, 2015 Assignment of Mortgage from George A. Maler to Chance & Anthem, LLC concerning real property described as Condominium Unit No. B-6 of Cross Creek, a Condominium (O.R. Book 3262, Page 1812, Public Records of Palm Beach County, Florida).
- August 1, 2017 Notice of Lis Pendens filed by Chance & Anthem, LLC vs. Imitiaz Mohammed and Zoreeda Mohammad, et al. concerning real property described as Condominium Unit No. B-6 of Cross Creek, a Condominium (O.R. Book 3262, Page 1812, Public Records of Palm Beach County, Florida).
- October 12, 2017 Assignment of Mortgage from Chance & Anthem, LLC to Zokaites

8

> Properties, LP concerning real property described as Condominium Unit No. B-6 of Cross Creek, a Condominium (O.R. Book 3262, Page 1812, Public Records of Palm Beach County, Florida).

*Id*. None of these transactions appears in the Debtor's schedules or statements of financial affairs. Quite obviously, a Chapter 7 Trustee would want to inquiry into and investigate these transactions as necessary. A Maryland Chapter 7 Trustee would be hampered in that investigation, while a Chapter 7 Trustee located in the jurisdiction in which the transactions occurred would be able to investigate them more efficiently and on a cost-effective basis. This factor weighs heavily in favor of transfer.

### E.

In its response to the Show Cause Order, the Debtor states that its "only asset" is its majority interest in Cannamed Pharmaceuticals, LLC. ECF 60 at ¶35.[4] The Debtor originally valued its interest in Cannamed at $1,000 (ECF 11 at p. 4), but amended its schedules after the court issued the Show Cause Order to state the value is $14,000,000. ECF 59 at p. 3. The sole asset of Cannamed is an appeal of an unsuccessful lawsuit against the State of Maryland brought in a Maryland court. ECF 60 at ¶¶23, 30. But the Debtor is not a party to that lawsuit and is not alleged to be an active participant in it. There is no benefit to the bankruptcy estate in having the Debtor's bankruptcy case proceed in Maryland simply because an entity in which it holds an interest is a party to a lawsuit here. This factor is not especially pertinent one way or the other.

### IV.

The record establishes that venue in Maryland is improper. Moreover, the Debtor's connections to Maryland are remote, but its connections to Florida are considerable. The primary and only active creditors are located in Florida. Substantial cause exists to transfer

---

[4] The Debtor previously stated its adversary proceeding brought against Mr. Newburgh, *et al.*, as described above, was a "valuable asset" of the estate. ECF 16 at ¶6. The Debtor does not state what happened to that asset and why the interest in Cannamed is now the "only asset" of the estate.

venue to the Southern District of Florida for the convenience of the parties and in the interest of

justice.

      Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

      ORDERED, that this bankruptcy case is hereby transferred to the United States

Bankruptcy Court for the Southern District of Florida.

cc:     Debtor
        Debtor's Counsel
        Chapter 7 Trustee
        U.S. Trustee
        All creditors and parties in interest

**END OF MEMORANDUM AND ORDER**