UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

CHANCE & ANTEHM, LLC,                             Case No. 18-16248-MAM

        Debtors.                                        Chapter 7

_____/

### DEBTOR'S RESPONSE TO FORMER TRUSTEE'S APPLICATION FOR APPROVAL OF ATTORNEY'S FEES AND OBJECTION TO SAME

COMES NOW the Debtor, Chance & Anthem, LLC, by and through its undersigned counsel, and files this Response to the Former Trustee's Application for Approval of Attorney's Fees and Objection to Same, and states:

1. This bankruptcy case was originally filed in the District of Maryland, George W. Liebmann, Esquire was appointed as Chapter 7 Trustee.

2. After his appointment, the Trustee moved to employ himself and his firm as Attorney for the Trustee (Docket Entry No. 26).

3. In the motion to employ counsel filed March 8, 2018, the Former Trustee indicated that his law partner's services would be provided at the rate of $450 per hour.

4. In the Former Trustee's Application for Approval of Attorney's Fees (Docket Entry No. 84), the Former Trustee instead requests that the Court approve payment for his law partner at the "2018 billing rate" of $470/hr." The Affidavit accompanying the Fee Application also indicates that Mr. Liebmann's law partner would be compensated at the hourly rate of $450. The 'second seat' counsel's hourly rate also appears to be unnecessarily excessive in comparison to the hourly rate proposed by Jesus Suarez in the current Trustee's motion to employ counsel (Docket Entry No. 80). The Court or other observers cannot ascertain whether 'second seat'

counsel's rate is appropriate because of biographical information was supplied by the Former Trustee to enable reasonable evaluation.

5. The rate differential, although nominal, would result in an unnecessary additional expense in this matter to be borne by the Creditors. Because the Former Trustee did not request that the sworn hourly fees be increased, the Fee Application is deficient.

6. The Former Trustee's Fee Application is also deficient because the itemized time records for the Trustee and his law partner are not presented with sufficient detail to permit the Court or an observer to discern whether the discrete times allotted are reasonable, and no supporting material was provided in support of the requested reimbursable expenses. Nor is there any evidence in the record to support the descriptive language which was included by the Former Trustee in support of its characterization of requirements which it had to meet to properly execute its duties.

7. The Former Trustee's Fee Application is also deficient because the Certificate of Service attached thereto, which only certifies service to counsel for the Debtor and a minority of the creditors, is deficient. Nor is it evident that the Former Trustee is authorized to practice before this Court and be therefore entitled to file its Fee Application. To the contrary, the Affidavit which the Former Trustee attached to its Application to Employ Attorney states only that he and his law partner are qualified to practice before the Maryland bankruptcy court.

WHEREFORE, Debtor requests that the Former Trustee's Application for Approval of Attorney's Fees be DENIED WITHOUT PREJUDICE, and that leave be granted to permit the Former Trustee to file a Fee Application which comports with the rules of the Southern District of Florida, and for such other and further relief as appropriate in the interest of the Creditors.

S I S K I N D   L E G A L

____/s/ Jeffrey M. Siskind____
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF, listed below, this 15th day of July, 2018 and by U.S. Mail upon unregistered parties shown on the attached official mailing matrix.

____/s/ Jeffrey M. Siskind____
Jeffrey M. Siskind, Esquire
FBN 138746

**18-16248-MAM Notice will be electronically mailed to:**

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Steven S. Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

**18-16248-MAM Notice will not be electronically mailed to:**

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Robert Grossbart on behalf of Creditor Frederick Volkwein
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Jeffrey Marc Siskind on behalf of Debtor Chance & Anthem, LLC
Siskind Legal
3465 Santa Barbara Drive
Wellington, FL 33414