UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                            Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                             Chapter 7

    Debtor.
_____/

**CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE TO
(1) OBJECTION TO FORMER TRUSTEE'S FEE APPLICATION [ECF NO. 91]; &
(2) OBJECTION TO TRUSTEE'S MOTION TO EMPLOY COUNSEL [ECF NO. 92]
FILED BY JEFFREY SISKIND ON BEHALF OF DEBTOR**

ROBERT C. FURR, the Chapter 7 Trustee for the above styled Debtor, Chance & Anthem, LLC (the "Debtor"), files his Omnibus Response to the (1) Objection to Former Trustee's Application for Approval of Attorney's Fees (the "Fee Objection") [ECF No. 91]; and (2) Objection to the Trustee's Motion to Employ John H. Genovese and Genovese Joblove & Battista, P.A., [ECF No. 92] (the "Retention Objection"), filed by Jeffrey Siskind on behalf of the Debtor, and says:

**Introduction**

1.    By this Response, the Trustee responds to the Fee Objection and Retention Objection filed by Jeffrey Siskind on behalf of the Debtor. Mr. Siskind lacks authority to prosecute either objection on behalf of "the Debtor." Additionally, Mr. Siskind's objections are untimely[a] and lack merit under the circumstances. The objections appear to be part of Mr. Siskind's practice of making late bare-bones filing intended to frustrate the administration of the

---

[a] Mr. Siskind filed the Fee Objection and Retention Objection on Sunday, July 15, 2018 at 10:51 pm. and 11:00 pm. Both objections addressed motions set for hearing on Tuesday, July 17, 2018 at 10:30 a.m., and were untimely pursuant to Local Rule 5005-1(F)(1)(requiring papers intended for consideration at any hearing already set before the court, shall be filed and served so as to be received by the movant and the court not later than 4:30 p.m. on the second business day prior to the hearing).

bankruptcy estate and needlessly cause parties to incur litigation costs.

2. The Debtor purports to have been in the medical cannabis business through its ownership of CannaMed Pharmaceuticals, LLC ("CannaMed"). Mr. Siskind has valued the Debtor's interest CannaMed at over $28 million. [ECF No. 24 ]. Yet, on the Petition Date, the Debtor only had $48 in its checking account and approximately $150 worth of office equipment. *Id.* Neither the Debtor nor CannaMed appear to have had any meaningful operations. The Debtor's bankruptcy schedules reflect that it received in excess of $1.3 million from third parties purportedly to assist it with its cannabis business and other ventures.

3. On June 9, 2018, the Trustee conducted and adjourned without objection a Section 341 Meeting of Creditors in this case. Mr. Siskind appeared to testify on behalf of the Debtor. Mr. Siskind was generally evasive, claiming not to recall the source or use of many of the Debtor's assets and liabilities. Mr. Siskind claimed not to posses any records of the Debtor, despite being its former counsel and sole control person. Perhaps most troubling, Mr. Siskind admitted to commingling Debtor assets in his attorney trust account under the purported auspices of a "transfer account." Mr. Siskind also claimed that all of his records and trust account ledgers had been stolen by a rogue paralegal and that no backups were available. The Trustee's investigation into Mr. Siskind's use of the Debtor's assets is ongoing.

## **Mr. Siskind Lacks Standing**

4. Mr. Siskind is the former sole member and managing member of the Debtor. He also served as the Debtor's pre-petition bankruptcy counsel and as counsel in numerous litigation

and legal matters.[b] Mr. Siskind filed the Retention Objection and Fee Objection purportedly on behalf of "the Debtor, Chance & Anthem, LLC, by and through its undersigned counsel" and requests relief on behalf of "Debtor" in the "interest of the Creditors." *See* Fee Objection and Retention Objection at *prefatory* and *wherefore* clauses.

5. In a corporate bankruptcy filing, the appointed Chapter 7 trustee has extensive powers and responsibilities relating to the liquidation of the bankruptcy estate. 11 U.S.C. §§701 et seq. The Supreme Court confirmed the breadth of this authority in *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985)(holding, *inter alia,* that the debtor's directors could not "exercise the traditional management function of controlling the corporation's attorney-client privilege," and the trustee could waive the privilege over the directors' objections). *Id*. at 353, 358, 105 S.Ct. 1986.

6. In *Weintraub*, the Supreme Court found that once a corporation is in bankruptcy, "[t]he powers and duties of a bankruptcy trustee are extensive," with the Bankruptcy Code giving the trustee "wide-ranging management authority over the debtor." *Id*. at 352, 105 S.Ct. 1986. Further, the Supreme Court stated:

> "In contrast, the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are 'completely ousted.'"

*Id*. at 352–53, 105 S.Ct. 1986 (citations omitted); see also *Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787–88 (10th Cir. 2006)("[t]he Code makes no provision within the structure of

---

[b] Mr. Siskind was a Chapter 11 debtor before this Court for nearly five years. *In re Siskind,* Case No. 13-13096-BKC-PGH..

3

Chapter 7 for "former management" to appear in the proceeding and attempt to control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code.").

7. Mr. Siskind has not been retained by the Trustee to appear as counsel for the Debtor. Indeed, as the sole member and managing member of the Debtor he could would never be "disinterested" as required by section 327(a) of the Bankruptcy Code. His appearance on behalf of the Debtor is *ultra vires* and should be disregarded by the Bankruptcy Court.

8. Mr. Siskind is also precluded from appearing in his capacity as the Debtor's former managing member. "Typically, a debtor has no standing to object to claims or orders relating to them because the debtor does not have a pecuniary interest in the distribution of the assets of the estate." *In re Walker,* Case No. 03-32158-BKC-PGH (Order Dated June 20, 2006 at p. 21); *quoting In re Kieffer-Mickes, Inc.*, 226 B.R. 204, 208 (B.A.P. 8th Cir. 1998)(additional citations omitted). Here, the bankruptcy schedules executed and filed by Mr. Siskind reveal that the Debtor is hopelessly insolvent and there is no reasonable possibility at this time of a surplus. See e.g., , *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 857 at FN 12 (S.D. Fla. 2005)(A debtor has standing to challenge a bankruptcy court's decision in a Chapter 7 case only when the estate will be left with a surplus); citing *In re Nangle*, 288 B.R. 213, 216 (8th Cir. BAP 2003) ("[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order"), *aff'd per curiam*, 83 Fed.Appx. 141 (8th Cir.2003).

9. The Trustee respectfully requests that Mr. Siskind be ordered to refrain making

any further appearances in this Court or any other Court on behalf of the Debtor, Chance & Anthem, LLC.

### The Fee Objection

10. With respect to the Fee Objection, the Trustee states that he supports the application of Former Trustee George W. Liebman for services rendered in the District of Maryland. The Trustee notes that Mr. Liebman served as the Chapter 7 Trustee for over five months. Mr. Liebman and his law firm seek compensation of $4,488 for 9.4 hours of legal work. [ECF No. 84].

11. During his service, Mr. Liebman was compelled to review and if appropriate respond to Mr. Siskind's frivolous filings, including a Motion to Disqualify the Trustee for failing to return Mr. Siskind's phone calls [ECF No. 38] and a Motion to Disqualify Steven Newburgh, Esq., counsel retained by scheduled creditors [ECF No. 30,33]. Both motions were denied by the Bankruptcy Court in Maryland [ECF No. 46].

12. The Trustee was also compelled to administer an adversary proceeding filed *ultra vires* by Mr. Siskind on behalf of the Debtor [ECF No. 16]. In opposing Mr. Siskind's Motion to Compel Abandonment, the Former Trustee noted that:

    a. The adversary was commenced by Debtor without the knowledge of, notice to, or permission of the Chapter 7 Trustee;

    b. The Debtor did not list the claim in its schedules and any claim the estate might have; and,

    c. The Trustee would normally inquire of the nature and basis of the claim at the meeting of creditors and request from Debtor all documents relating to the claim.

*See* Trustee's Objection to Debtor's Motion to Compel Abandonment [ECF No. 27]. Notably, Mr. Siskind never appeared for the meeting of creditors scheduled in the District of Maryland [ECF No. 43].

13. The Trustee notes that a significant amount of the legal fees incurred by the Former Trustee arose from meritless filings made by Mr. Siskind. The Trustee has no objection to the Court awarding Mr. Liebman an administrative priority claim in the amount requested, to be paid *pari passou* with other Chapter 7 administrative claims in this case.

## The Retention Objection

14. Mr. Siskind complains that the proposed retention of Genovese Joblove & Battista, P.A. (collectively, "GJB") should be denied, in part, because the (1) Trustee proposes to retain Miami-based counsel at rates that exceed those that may be obtained from "competent counsel [that] can be obtained locally," and (2) the court should preclude GJB from billing the estate for "commuting time." [ECF No. 92 at ¶¶3-5]. Mr. Siskind concedes that GJB is qualified, competent and disinterested. *Id*. at ¶2.

15. The Trustee has determined, based upon his extensive experience and expertise, that GJB is the firm best suited for the proposed representation. It is well-established that a "bankruptcy court should interfere with the trustee's choice of counsel only in the rarest cases, such as when the proposed attorney has a conflict of interest, or when it is clear that the best interest of the estate would not be served by the trustee's choice." *In re Smith,* 507 F.3d 64, 71 (2d Cir. 2007) (quotations omitted).

16. The Trustee believes GJB's proposed rates are reasonable. In particular, the proposed rate of John Genovese ($650 per hour) is reasonable in light of his significant

experience of almost 40 years as a bankruptcy practitioner and insolvency litigator. Mr. Genovese is highly regarded member of the bar, and supported by colleagues with lower hourly rates.

17. Finally, GJB acknowledges that its compensation is subject to review and approval by the Bankruptcy Court. Additionally, GJB's fee requests must be consistent with the Mandatory Guidelines on Fees and Disbursements for Professionals in The Southern District of Florida Bankruptcy Cases.

18. <u>The Trustee notes that at the present time the Debtor has zero cash assets and is administratively insolvent.</u>

WHEREFORE, the Trustee respectfully requests the Court overrule the Fee Objection and Retention Objection filed by Jeffrey Siskind on behalf of the Debtor, preclude Mr. Siskind from acting on behalf of the Debtor, gran the Former Trustee's fee request, grant the proposed retention of GJB under the terms and conditions set forth in its application *nunc pro tunc* to the date when services were first rendered, and for such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted this 17th day of July, 2018.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Proposed Attorneys for Chapter 7 Trustee*
100 S.E. Second Street, 44th Floor
Miami, Floirda 33131
Telephone: (305) 349-2300
Telecopier: (305) 349-2310

By: /s/ *Jesus M. Suarez*
　　　Jesus M. Suarez, Esq.
　　　Florida Bar No. 60086
　　　jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF Notification to all parties registered to receive electronic notice (which is incorporated herein by reference) on this 17th day of July, 2018.

                                                        /s Jesus M. Suarez
                                                        Jesus M. Suarez, Esq.

## SERVICE LIST

*Parties to receive electronic notice via CM/ECF*

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com

Steven S. Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**Via E-Mail**

Jeffrey Siskind (jeffsiskind@msn.com)