UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE

CHANCE & ANTHEM, LLC,                              Case No. 18-16248-MAM

    Debtor.                                                    Chapter 7

_____/

## NOTICE OF FILING

COMES NOW the Debtor, by and through undersigned counsel, and notices the filing of back-and-forth correspondence between Debtor's counsel and counsel for the Trustee pertaining to statements made in open court on July 17, 2018.

**S I S K I N D   L E G A L**

    ___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL   (561) 791-9565
FAX   (561) 791-9581
Email: jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof upon all registered parties registered on CM/ECF, listed below, this 18th day of July, 2018 and by U.S. Mail upon unregistered parties shown on the attached official mailing matrix.

    ___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746

# SISKIND LEGAL

3465 Santa Barbara Drive<br>
Wellington, FL 33414<br>
TEL 561.791.9565<br>
FAX 561.791.9581<br>
jeffsiskind@msn.com

July 18, 2018

<u>**VIA E-MAIL ONLY**</u>

Jesus M. Suarez
Genovese Joblove & Battista, P.A.
100 S.E. Second Street
44th Floor
Miami, FL 33131

        RE:    Case No. 18-16248-MAM; Chance & Anthem, LLC
                  Response to your correspondence of July 17, 2018

Mr. Suarez:

      This correspondence is in response to your request for information concerning the above-named Debtor's assets. Attached is the latest paper in CannaMED Pharmaceuticals, LLC's case before the Maryland Court of Special Appeals, Case No. 561; lower case no. 24C17004230.

      As I stated under oath during the 341 Meeting of Creditors in this matter, and when I accepted your invitation to be interviewed by you and the Chapter 7 Trustee, Robert Furr, prior to the 341 meerting, this matter serves as Debtor's sole significant asset. Additional materials, consisting of my valuation of the asset, were previously filed in this case.

      I was therefore surprised, to say the least, that you sent a letter to me yesterday requesting materials responsive to my "reference to valuable assets" which, contrary to your statement, was not the term which I used in court, or at the 341 meeting. Your use of the plural is incorrect, and I would sincerely hope this that is merely an innocent error.

      However, I was also just as surprised by your comment in court, and which you also included in your Omnibus Response at Docket Entry No. 95, which pertained to my purported evasiveness during the 341 meeting. Contrary to your assertion, I believe that any disinterested person who was present at the meeting or who reviews the meeting transcript will disagree with your mischaracterization of my lengthy participation, which I submit is blatantly false, and was intended to be intentionally misleading.

      Furthermore, your professed recollection of my explanation of the PNC Bank account which I clearly explained was a bank account which was originally opened to facilitate transfers

Page 2
Jesus Suarez, Esq.
July 18, 2018

from Frank Zokaites, and was <u>not my trust account</u>, the latter of which was always maintained at Wells Fargo Bank, which you also uttered both in open court and in your Omnibus Response, is a gross and inexplicable misrepresentation of what I stated at the 341 meeting. There is simply no way that you could have confused these facts, and your unwarranted and false discussion of commingling is both offensive and unfair to me, and also places the Debtor at substantial risk of forfeiture of its interest in its only substantial asset, and the attendant all but dire consequences for creditors.

 Before closing, on another matter concerning this case, I want to ask you if you have any information about how your client became the Trustee in this matter. Assignment in a Chapter 7 case is supposed to be by blind rotation, but Chance & Anthem's case does not appear on the Clerk's relevant chronological report of assigned cases. Were you or your firm in any way involved in the assignment of this matter to Mr. Furr's office?

 In addition to your utter misrepresentations concerning my conduct and what I said at the 341 meeting, a potentially improper Trustee assignment of this matter appears to me to be cause for concern, and which an impartial observer would believe is bolstered by reports that attorney Steven Newburgh, while acting as creditors' counsel, stated to numerous individuals that Robert Furr would serve as Trustee in this case, long before the matter was ever transferred from Maryland.

 If there was any impropriety stemming from the initial assignment of this matter, that might help to explain what appears to me to be your eagerness to misinform the court about the manner in which the 341 meeting proceeded, and to wrongfully characterize my cooperation as anything other than full and substantial.

 Although it may be unavailing to discuss your and Mr. Furr's reputed tendency to bully, which I complained to you about in at least one other prior matter that I can recall, I am most concerned that this form of conduct is demonstrated by and entwined with your now apparent penchant for factual misrepresentations and mischaracterization. If I observe that this continues, I will not hesitate to bring this conduct before the court, so please govern yourself accordingly henceforth.

 I trust that this correspondence is sufficiently responsive to your request for materials, and look forward to receiving information which you may possess regarding Trustee assignment in this matter, and thank you in advance for your cooperation and assistance.

            Sincerely,

            Jeffrey M. Siskind
            Counsel for the Debtor

| | | |
|---|---|---|
| CannaMED Pharmaceuticals, LLC., | * | IN THE |
| Appellant, | * | COURT OF SPECIAL APPEALS |
| v. | * | OF MARYLAND |
| | * | |
| Maryland Medical Cannabis Commission, *et al.* | * | No. 0561, September Term, 2018 |
| Appellee. | * | Circuit Court No. 24C17004230 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

It is this the <u>6th</u> day of <u>July</u>, 2018, by the Court of Special Appeals,

**ORDERED,** that pursuant to Maryland Rule 8-206(c), the above-captioned appeal proceed without a Prehearing Conference or Alternative Dispute Resolution.

BY THE COURT

[CHIEF JUDGE'S SIGNATURE APPEARS ON ORIGINAL ORDER]

Patrick L. Woodward, Chief Judge

Dear Clerk: Please place this Order with the record in case CC# 24C17004230. The date of this Order establishes commencement of the 10 day period under Md. Rule 8-411 (b), as modified by Md. Rule 8-207 (a)(3), for the Appellant to order any transcript necessary for this appeal and the 60 day period for the transmittal of the record under Md. Rule 8-412(a), as modified by Md. Rule 8-207 (a) (4).

**JEFFRE ID**

**JEFFREY M. SISKIND**



# GENOVESE JOBLOVE & BATTISTA
#### P.A.
##### ATTORNEYS AT LAW

Jesus M. Suarez
(305) 913- 6682
JSUAREZ@GJB-LAW.COM

July 17, 2018

**VIA E-MAIL & U.S. MAIL**

Jeffrey M. Siskind, Esquire
3465 Santa Barbara Drive
Wellington, FL  33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

      Re:     Chance & Anthem, LLC (Case No. 18-16248-MAM)

Dear Mr. Siskind:

    At today's hearing, you made reference to valuable assets of the Debtor that the Trustee should work to preserve for the benefit of the Debtor's creditors. Please immediately identify the referenced assets and provide us with all relevant documentation and information related to same.

    We appreciate your anticipated cooperation.

Sincerely,

Jesus M. Suarez
For the Firm

cc:    Robert C. Furr, Esq.
        John H. Genovese, Esq.