UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                             Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                                 Chapter 7

     Debtor.
_____/

**CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE TO
OBJECTIONS TO RETENTION OF *EX-PARTE* APPLICATION OF ACCOUNTANT
FILED BY JEFFREY M. SISKIND [ECF No. 99 & 100]**

ROBERT C. FURR, the Chapter 7 Trustee for the above-styled Debtor, Chance & Anthem, LLC (the "Debtor"), files his Response to the Objection to Trustee's Application to Employ Alan R. Barbee, CPA & GlassRatner Advisory & Capital Group, LLC [ECF No. 98], filed by Jeffrey Siskind (as amended) on behalf of the Debtor [ECF Nos. 99 & 100] (the "Objection"), and says:

**Introduction**

1. By this filing, the Trustee responds to the Objection filed by Jeffrey Siskind on behalf of the Debtor to the Trustee's proposed retention of Alan R. Barbee, CPA and GlassRatner Advisory & Capital Group, LLC (the "Accountants").

2. Mr. Siskind lacks authority to prosecute the Objection on behalf of "the Debtor." Additionally, Mr. Siskind's objections lack merit under the circumstances. The objection appears to be nothing more than part of Mr. Siskind's practice of making bare-bones filings intended to delay, hamper and/or frustrate the administration of the bankruptcy estate and needlessly cause parties to incur litigation costs.

3. The Debtor purports to have been in the medical cannabis business through its alleged ownership of CannaMed Pharmaceuticals, LLC ("CannaMed"). Mr. Siskind has valued the Debtor's interest CannaMed at over $28 million. [ECF No. 24]. Yet, on the Petition Date, the Debtor only had $48 in its checking account and approximately $150 worth of office equipment. *Id.* To date, Mr. Siskind has refused to provide any meaningful information to substantiate the value of the Debtor's alleged interest in CannaMed, or provide a single piece of evidence to suggest that the Debtor was anything more than an artifice designed to enrich Jeffrey Siskind.

4. On June 9, 2018, the Trustee conducted and adjourned, without objection, a Section 341 Meeting of Creditors in this case. Mr. Siskind appeared to testify on behalf of the Debtor. Mr. Siskind was generally evasive, claiming not to recall the source or use of many of the Debtor's assets and liabilities. Mr. Siskind claimed not to posses any records of the Debtor, despite being its former counsel and sole control person. Perhaps most troubling, Mr. Siskind admitted to commingling Debtor assets in his attorney trust account and under the purported auspices of a "transfer account." Mr. Siskind also claimed that all of his records and trust account ledgers had been stolen by a rogue paralegal and that no backups were available. Accordingly, it is necessary to employ the Accountants to, among other things, reconstruct the Debtor's books and records and analyze transfers between the Debtor and a number of entities controlled by Mr. Siskind.

5. For example, the Debtor's bankruptcy schedules reflect that it received in excess of $1.3 million from third parties purportedly to assist it with its cannabis business and other ventures. It appears that, from a preliminary analysis of the Debtor's banking records, the

Debtor fraudulently transferred significant assets to Mr. Siskind or to third parties for his benefit. This review is ongoing and aided by the services of the Accountants.

### **Mr. Siskind Lacks Standing**

6. Mr. Siskind is the former sole member and managing member of the Debtor. He also served as the Debtor's pre-petition bankruptcy counsel and as counsel in numerous litigation and legal matters.[a] Mr. Siskind filed the Objection purportedly on behalf of "the Debtor, by and through its undersigned counsel" and requests relief on behalf of "Debtor" so that that "creditors may properly assess whether the application is sufficient". *See* Objection at Prefatory and Conclusory clauses.

7. In a corporate bankruptcy filing, the appointed Chapter 7 trustee has extensive powers and responsibilities relating to the liquidation of the bankruptcy estate. 11 U.S.C. §§701 et seq. The Supreme Court confirmed the breadth of this authority in *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985)(holding, *inter alia,* that the debtor's directors could not "exercise the traditional management function of controlling the corporation's attorney-client privilege," and the trustee could waive the privilege over the directors' objections). *Id*. at 353, 358, 105 S.Ct. 1986.

8. In *Weintraub*, the Supreme Court found that once a corporation is in bankruptcy, "[t]he powers and duties of a bankruptcy trustee are extensive," with the Bankruptcy Code giving the trustee "wide-ranging management authority over the debtor." *Id*. at 352, 105 S.Ct. 1986. Further, the Supreme Court stated:

"In contrast, the powers of the debtor's directors are severely limited. Their role is

---

[a] Mr. Siskind was a Chapter 11 debtor before this Court for nearly five years. *In re Siskind,* Case No. 13-13096-BKC-PGH..

>to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are 'completely ousted."

*Id.* at 352–53, 105 S.Ct. 1986 (citations omitted); see also *Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787–88 (10th Cir. 2006)("[t]he Code makes no provision within the structure of Chapter 7 for "former management" to appear in the proceeding and attempt to control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code.").

9. Mr. Siskind has not been retained by the Trustee to appear as counsel for the Debtor. Indeed, as the sole member and managing member of the Debtor, he would never be "disinterested" as required by section 327(a) of the Bankruptcy Code. His appearance on behalf of the Debtor is *ultra vires* and should be disregarded by the Bankruptcy Court.

10. Mr. Siskind is also precluded from appearing in his capacity as the Debtor's former managing member. "Typically, a debtor has no standing to object to claims or orders relating to them because the debtor does not have a pecuniary interest in the distribution of the assets of the estate." *In re Walker,* Case No. 03-32158-BKC-PGH (Order Dated June 20, 2006 at p. 21); *quoting In re Kieffer-Mickes, Inc.*, 226 B.R. 204, 208 (B.A.P. 8th Cir. 1998)(additional citations omitted). Here, the bankruptcy schedules executed and filed by Mr. Siskind reveal that the Debtor is hopelessly insolvent and there is no reasonable possibility at this time of a surplus. See, e.g., , *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 857 at FN 12 (S.D. Fla. 2005)(A debtor has standing to challenge a bankruptcy court's decision in a Chapter 7 case only when the estate will

be left with a surplus); citing *In re Nangle*, 288 B.R. 213, 216 (8th Cir. BAP 2003) ("[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order"), *aff'd per curiam*, 83 Fed.Appx. 141 (8th Cir.2003).

11. The Trustee respectfully requests that Mr. Siskind be ordered to refrain from making any further appearances in this Court or any other Court on behalf of the Debtor, Chance & Anthem, LLC.

### The Objection

12. In one breath, Mr. Siskind complains that the proposed retention of the Accountants should be conditioned on additional disclosures concerning their billing and training practices, as well as additional explanation as to how the Accountants purport to staff this matter. Objection at ¶ 3. Yet in another breath, Mr. Siskind admits that the Accountants are qualified and that the rates expressed in the Application "appear reasonable at first glance." *Id*.

13. The Accountants are well-known in the Southern District of Florida. Their retention, on terms identical to those proposed here, has been routinely approved without objection. There is no rule, statute or decisional authority that requires the Accountants to respond to Mr. Siskind's meandering curiosity about their business practices. Additionally, the Trustee's business judgment with respect to the retention of estate professionals should only be challenged in the rarest of cases and under circumstances not applicable here. *In re Smith,* 507 F.3d 64, 71 (2d Cir. 2007) (quotations omitted).

14. Mr. Siskind also complains that Mr. Barbee's rate is not explicitly disclosed. Objection at ¶4. For the avoidance of doubt, Mr. Barbee is a senior principal at Glass Ratner

and his hourly rate is $450 per hour. *See* Application at ¶7. The Accountants, as well as the Trustee and all other estate professionals, acknowledge and understand that all requests for compensation are subject to application and Bankruptcy Court approval.

15. <u>The Trustee notes that ,at the present time, the Debtor has zero cash assets and is administratively insolvent.</u>

**WHEREFORE**, the Trustee respectfully requests the Court overrule the Objection filed by Jeffrey Siskind on behalf of the Debtor, preclude Mr. Siskind from acting on behalf of the Debtor, grant the proposed retention of the Accountants under the terms and conditions set forth in its application *nunc pro tunc* to the date when services were first rendered, and for such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted this 3rd day of August, 2018.

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Attorneys for Chapter 7 Trustee Robert C. Furr*
        100 S.E. Second Street, 44th Floor
        Miami, Floirda 33131
        Telephone: (305) 349-2300
        Telecopier: (305) 349-2310

        By: /s/ *Jesus M. Suarez*
            Jesus M. Suarez, Esq.
            Florida Bar No. 60086
            jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification to all parties registered to receive electronic notice (which is incorporated herein by reference) on this 3rd day of August, 2018.

       /s Jesus M. Suarez
       Jesus M. Suarez, Esq.

### SERVICE LIST

*Parties to receive electronic notice via CM/ECF*

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com

Steven S. Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**Via E-Mail**

Jeffrey Siskind (jeffsiskind@msn.com)