UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CHANCE & ANTHEM, LLC,   CASE NO. 18-16248-BKC-MAM

    Debtor.   Chapter 7

_____/

**CHAPTER 7 TRUSTEE, ROBERT C. FURR'S NOTICE OF RULE 2004
EXAMINATION *DUCES TECUM* OF ALAN BIAS, INDIVIDUALLY AND AS
MANAGING MEMBER OF 27120 OCEAN GATEWAY, LLC**

TO:    Alan Bias, Individually and
        as Managing Member
        27120 Ocean Gateway, LLC
        7745 Dawson Court
        Lake Worth, Florida 33467

    **PLEASE TAKE NOTICE** that Robert C. Furr, as the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Chance & Anthem, LLC (the "Debtor"), by and through counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rules 2004-1, will examine the following person under oath, at the following date, time and location (the "Examination"):

    **EXAMINEE**:  **Alan Bias, individually and in his corporate capacity as Managing Member of 27120 Ocean Gateway, LLC.**

    **DATE**:        **August 27, 2018**

    **TIME:**        **2:00 p.m. (E.T.)**

    **LOCATION**:  **FURR COHEN, P.A.
                      2255 Glades Road, Suite 301E
                      Boca Raton, Florida 33431**

The Examination is being conducted pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and will be taken before an officer authorized to record the testimony. The scope of the Examination shall be as described in Rule 2004 of the Federal Rules of Bankruptcy

Procedure. If the Examinee requires an interpreter, it is the Deponent's responsibility to engage the employment of such interpreter to be present at the Examination.

The Examination is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue day to day until completed. If the Examinee receives this notice less than fourteen (14) days prior to the scheduled Examination date, the Examination will be rescheduled upon timely request to a mutually agreeable time. Any objection must be heard prior to the taking of the Examination.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The Examinee shall produce those documents, records and ESI (collectively, the "Documents") listed in the attached **Schedule "A"** to Jesus M. Suarez, Esq., Genovese Joblove & Battista, P.A., 100 S.E. Second Street, 44th Floor, Miami, Florida 33131, on or before August 20, 2018.

Dated this 3rd day of August, 2018

                                                  **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                                  *Attorneys for Chapter 7 Trustee*
                                                  100 S.E. Second Street, 44th Floor
                                                  Miami, Florida 33131
                                                  Telephone: (305) 349-2300
                                                  Telecopier: (305) 349-2310

                                       By: /s/ *Jesus M. Suarez*
                                             Jesus M. Suarez, Esq.
                                             Florida Bar No. 60086
                                             jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on August 3, 2018 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or U.S. Mail as reflected on the Service List below.

                                                  By: /s/ *Jesus M. Suarez*
                                                  Jesus M. Suarez, Esq

## SERVICE LIST

**Electronically served via CM/ECF**

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com

Steven S. Newburgh
snewburgh@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

**VIA U.S. MAIL**

Alan Bias, Managing Member
27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, Florida 33467

Jeffrey Marc Siskind,
3465 Santa Barbara Drive,
Wellington, Florida 33414

Chance & Anthem, LLC
3465 Santa Barbara Drive,
Wellington, Florida 33414

## SCHEDULE "A"

**I.    DEFINITIONS.**

  **A.** The term "**Debtor**" means the Chapter 7 Debtor, **Chance & Anthem, LLC**, and any person, agent, attorneys, and all other persons acting or purporting to act on behalf of Chance & Anthem, LLC or control of the Debtor.

  **B.** The term "**Petition Date**" means the date of the filing of the above Chapter 7 bankruptcy case (the "Bankruptcy Case") filed by the Debtor on January 29, 2018.

  **C.** The term "**You" and "Your**" means **Alan Bias, 27120 Ocean Gateway, LLC** and all of their authorized employees, agents, or others purporting to act on their behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

  **D.** The term "**Schedules**" means the Schedules, including the Statement of Financial Affairs ("SOFA"), and any amendments or supplements thereto, filed by the Debtor in connection with the Bankruptcy Case.

  **E.** The term "**Trustee**" means Robert C. Furr as Chapter 7 Trustee of the bankruptcy estate of Chance & Anthem, LLC in the bankruptcy case *In re: Chance & Anthem, LLC ; Case No.:* 18-16248-MAM and any agent, attorney, or employee, and all other persons acting or purporting to act on the Trustee's behalf, or under the Trustee's authority or control.

  **F.** The term "**Business Entities**" collectively means any and all corporations, limited liability companies, partnerships, limited partnerships and/or any other business entities listed or identified in the Schedules and, including SOFA (collectively, the "Schedules") and any shareholder, principal, member, manager, agent, officer, director, employee, and all other persons acting or purporting to act on behalf of the Business Entities, or under the Business Entities' authority or control.

  **G.** The term "**Leased Property**" means any real property leased by the Debtor or to which the Debtor has been a party, and/or guarantor as of the petition date.

  **H.** The term "**Properties**" means any and all real properties, whether or not listed in the Schedules, in which the Debtor has or had a legal, beneficial and/or equitable interest, either directly or indirectly, as of the Petition Date.

  **I.** The term "**Account**" means any and all bank accounts including but not limited to, savings, checking, money market, certificate of deposit, trust, escrow, investment and/or other such accounts in which the Debtor has an interest or signing authority either prior to and/or as of the Petition Date.

**J.**     The term "**Source**" means the origination of any and all funds, monies, payments, dividends, cash and other consideration, which was derived, received and/or obtained from an investment; distribution as a member, officer and/or shareholder of a firm, corporation, partnership, limited partnership and/or limited liability company; employee salary, benefit and/or bonus; inheritance or gift; liquidation of assets, real and personal property or accounts; and/or other form, disposition or acquisition of property.

**K.**     "**Transfer(s)**" shall mean any exchange, remittance, disposition, sale, purchase, acquisition, payment, debit, credit, deposit, gift, of cash, checks, securities, commodities, negotiable instruments, real property, physical items, extensions of credit (loans, credit cards, notes, etc.), or anything of value by any means, including, but limited to, transfer by wire, mail, e-mail, facsimile or physical delivery.

**L.**     The term "**Document**" or "**documents**" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including Electronically Stored Information ("ESI").  All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions.

**M.**     The terms "**Communication**" or "**communications**" means any verbal, written and/or electronic means of conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

**N.**     The term "**ESI**" means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as

defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

**O.** The terms "**support**," "**evidence**," "**evidencing**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concerning**," "**pertaining to**," "**involving**" and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

**P.** The conjunctions "**and**" and "**or**" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Interrogatory.

**Q.** The terms "**any**" and "**all**" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

**R.** The phrase "**possession**, **custody, or control**" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

**S.** The term "**Person**" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

**T.** Except as to the use of term "**affiliate**," all legal terms used herein shall be defined as they are defined in 11 U.S.C. §101.

**U.** Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

**V.** Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

**II.    INSTRUCTIONS.**

1. The relevant time period of these requests is for the past four (4) years preceding the Petition Date, i.e. **January 29, 2014 through and including the date of the Examination** (the "Discovery Period"), unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to that period.

6

2. In producing documents, you shall produce documents in full, without abridgement, abbreviation or editing of any sort.

3. This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

4. For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

5. If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

      1. The names of the authors of the document;
      2. The names of the persons to whom the documents or copies were sent;
      3. The date of the document;
      4. The date on which the document was received by each addressee, copyee or its recipients;
      5. A description of the nature and subject matter of the document that is as complete as possible;
      6. The date on which the document was lost, discarded or destroyed; and
      7. The manner in which the document was lost, discarded or destroyed.

6. If you object to furnishing any requested document on the ground of privilege, immunity, work product or otherwise, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

      1. The names of the senders of the document;
      2. The names of the authors of the document;
      3. The names of the persons to whom the document or copies were sent;
      4. The job title of every person named in subparagraphs 1, 2 and 3 above;

       5.      The date of the document;

       6.      The date on which the document was received by each addressee, copyee or its recipient;

       7.      A brief description of the nature and subject matter of the document; and

       8.      The statute, rule or decision which is claimed to give rise to the privilege.

       7.      The requirements set forth in Subsection F above, shall not constitute a waiver of your obligation, or the requesting party's right, to demand a timely and legally sufficient privilege log, or the remedies for your non-production of such privilege log.

       8.      Notwithstanding your objection, you must disclose any objected to evidence containing non-objectionable matter which is relevant and material to these discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above-requested identification.

       9.      If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

       10.     All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein above in Part I of this Request.

       11.     Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

       12.     The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

       13.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

### III.   DOCUMENTS TO BE PRODUCED.

**THE DEBTOR SHALL PRODUCE THE FOLLOWING DOCUMENTS WITHIN THE "DISCOVERY PERIOD"** *(JANUARY 29, 2014 THROUGH DATE OF EXAMINATION)*

       1.      Any and all communications between you Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

2. Any and all documents, including but not limited to, banking statements, escrow accounts, operating accounts, checking accounts, canceled checks, check books, drafts, cash receipts, deposit slips, wire transfers and/or any other writings of any kind, that refer, relate to and evidence any monies transferred to you, by or from Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC, including the Source of any such Transfers.

3. Any and all documents, including but not limited to, leases, contracts, agreements, memoranda, e-mails, billing statements; accounts receivable schedules, ledgers and reports, corporate books and records, financial books and records, and any other papers of any kind or nature that refer and relate to your business relationship with Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

4. Copies of any and all lease agreements, business leases, lease option agreements, guarantees, addendums, security agreements between you Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

5. Any and all documents, including but not limited to, ledger, reconciliation statement, banking, checking, trading and savings account statements from any financial, investment and/or lending institution; Quickbooks (or other accounting program), canceled checks from any checking, operating, trust and/or escrow accounts, check books, drafts, cash receipts, deposit slips, wire transfers, statements of account, account value summaries from any banking, investment and financial institutions; investment and stock trading account statements, summaries and reports; and/or any other papers and instruments of any kind or nature that refer, relate to and evidence rental payments made to you by Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

6. Any and all documentation, including but not limited to, deeds, contracts for sale and purchase, mortgages, promissory notes, real property tax bills and/or certificates, closing documents and files, documents of title, loan documents, transfer documents, insurance policies and any other papers of any kind or nature that refer, relate to and evidence real estate purchased by 27120 Ocean Gateway LLC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:  Case No. 18-16248-BKC-RAM
 Chapter 7

CHANCE & ANTHEM, LLC,

    Debtor.
_____/

**SUBPOENA FOR RULE 2004
EXAMINATION DUCES TECUM**

**To:** Alan Bias, individually and
As Managing Member of
27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, Florida 33467

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Furr and Cohen, P.A.<br>2255 Glades Rd. Suite 301E<br>Boca Raton, Florida 33431 | **August 27, 2018 at 2:00 p.m.** |

[ X ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    **SEE EXHIBIT "A" below.**

| PLACE | DATE AND TIME |
|---|---|
| Genovese Joblove & Battista, P.A.<br>100 S.E. Second Street, 44th Floor<br>Miami, Florida 33131 | **August 20, 2018 at 2:00 p.m.** |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE | TITLE |
|---|---|
| /s/ *Jesus M. Suarez* | Counsel for the Chapter 7 Trustee, Robert C. Furr |
| ISSUING OFFICER=S NAME (PRINT) | PHONE |
| Jesus M. Suarez, Esq. | 305-349-2300 |
| ADDRESS | DATE |
| Genovese Joblove & Battista, P.A.<br>100 S.E. Second Street, 44th Floor<br>Miami, Florida 33131 | August 3, 2018 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE                          SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

Rule 45, Federal. Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

2

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney=s fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

3

**EXHIBIT "A"**

**DOCUMENTS TO BE PRODUCED.**

**THE DEBTOR SHALL PRODUCE THE FOLLOWING DOCUMENTS WITHIN THE "DISCOVERY PERIOD"** *(JANUARY 29, 2014 THROUGH DATE OF EXAMINATION)*

1. Any and all communications between you Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

2. Any and all documents, including but not limited to, banking statements, escrow accounts, operating accounts, checking accounts, canceled checks, check books, drafts, cash receipts, deposit slips, wire transfers and/or any other writings of any kind, that refer, relate to and evidence any monies transferred to you, by or from Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC, including the Source of any such Transfers.

3. Any and all documents, including but not limited to, leases, contracts, agreements, memoranda, e-mails, billing statements; accounts receivable schedules, ledgers and reports, corporate books and records, financial books and records, and any other papers of any kind or nature that refer and relate to your business relationship with Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

4. Copies of any and all lease agreements, business leases, lease option agreements, guarantees, addendums, security agreements between you Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

5. Any and all documents, including but not limited to, ledger, reconciliation statement,banking, checking, trading and savings account statements from any financial, investment and/or lending institution; Quickbooks (or other accounting program), canceled checks from any checking, operating, trust and/or escrow accounts, check books, drafts, cash receipts, deposit slips, wire transfers, statements of account, account value summaries from any banking, investment and financial institutions; investment and stock trading account statements, summaries and reports; and/or any other papers and instruments of any kind or nature that refer, relate to and evidence rental payments made to you by Chance & Anthem LLC, Jeffrey Siskind and CannaMed Pharmaceuticals, LLC.

6. Any and all documentation, including but not limited to, deeds, contracts for sale and purchase, mortgages, promissory notes, real property tax bills and/or certificates, closing documents and files, documents of title, loan documents, transfer documents, insurance policies and any other papers of any kind or nature that refer, relate to and evidence real estate purchased by 27120 Ocean Gateway LLC.