UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 18-16248-BKC-MAM
                                                          Chapter 7
CHANCE & ANTHEM, LLC,

        Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL TURNOVER OF DOCUMENTS FROM
DEBTOR'S MANAGING MEMBER AND PRE-PETITION COUNSEL**

        ROBERT C. FURR, as Chapter 7 Trustee for the Bankruptcy Estate of Chance &

Anthem, LLC,  (the "Trustee"), through undersigned counsel and pursuant to 11 U.S.C. §§ 521,

541 and 542 of the Bankruptcy Code, files this Motion to Compel Turnover of Documents from

Jeffrey Siskind, the Managing Member and pre-petition counsel  (the "Motion to Compel) and in

support thereof, states:

        1.        On January 29, 2018, the Debtor, Chance & Anthem, LLC (the "Debtor"), filed a

voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland [ECF

No. 1].

        2.        On May 24, 2018 this case was transferred to the United States Bankruptcy Court

for the Southern District of Florida [ECF No. 73] and Robert C. Furr was appointed as the

Chapter 7 Trustee [ECF No. 76].

        3.        On June 9, 2018, the Trustee conducted and adjourned, without objection, a

Section 341 Meeting of Creditors in this case.  Mr. Siskind appeared to testify on behalf of the

Debtor.  Mr. Siskind was generally evasive, claiming not to recall the source or use of many of

the Debtor's assets and liabilities.  Mr. Siskind claimed not to posses any records of the Debtor,

despite being its former counsel and sole control person.  Perhaps most troubling, Mr. Siskind admitted to commingling Debtor assets in his attorney trust account and under the purported auspices of a "transfer account."  Mr. Siskind also claimed that all of his records and trust account ledgers had been stolen by a rogue paralegal and that no backups were available.  Yet, Mr. Siskind has acknowledged to having in his possession (among other things) e-mails and attachments generated through his representation of the Debtor, as well as documents allegedly evidencing the Debtor's interest in CannaMed Pharmaceuticals, LLC.

4.     On three separate occasions the Trustee requested information and documentation from Mr. Siskind that are necessary for the proper administration of the bankruptcy estate ("Turnover Demand").  A true and correct copy of the Turnover Demand is attached hereto as Exhibit "A".

5.     Based on Mr. Siskind's testimony at the § 341 Meeting of Creditors and otherwise, the Trustee believes the Mr. Siskind is in possession of the Debtor's pre-petition records, including but not limited to, Mr. Siskind's attorney communications and client file related to his pre-petition representation of the Debtor in numerous litigations.  However, Mr. Siskind has failed turnover the Debtor's books and records as requested by the Trustee and memorialized in the Turnover Demand.

6.     The information and documentation sought in the Turnover Demand is property of the bankruptcy estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

7.     Moreover, 11 U.S.C. § 521(a)(3) requires a debtor to "... cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;" and 11 U.S.C. §521(a)(4) requires a debtor to "... surrender to the trustee all property of the estate and

any recorded information, including books, documents, records, and papers, relating to property of the estate..."

8.       Mr. Siskind's failure to turn over the information and documentation requested in the Turnover Demand not only violates the his duties under 11 U.S.C. §§ 521(a)(3) and (4), but is severely prejudicing the Trustee's administration of this bankruptcy estate.

9.       Accordingly, the Trustee seeks entry of an order compelling Mr. Siskind to immediately turn over all information and documentation requested in the Turnover Demand.

WHEREFORE, Robert C. Furr, as Chapter 7 Trustee of the Bankruptcy Estate of Chance & Anthem, LLC,  respectfully requests the entry of an Order: (1) granting the instant Motion; (2) directing Mr. Siskind to immediately turn over all information and documentation requested in the Turnover Demand; and (3) granting such other and further relief as this Court deems just and proper.

Dated: August 3, 2018

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*General Counsel for Chapter 7 Trustee*
100 S.E. Second Street, 44th Floor
Miami, Floirda 33131
Telephone: (305) 349-2300
Telecopier: (305) 349-2310

By: /s/  *Jesus M. Suarez*
        Jesus M. Suarez, Esq.
        Florida Bar No. 60086
        jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF Notification to all parties registered to receive electronic notice and/or first-class U.S. Mail as indicated on the Service List below, on this 3rd day of August, 2018.

By: /s/ *Jesus M. Suarez*
Jesus M. Suarez, Esq.

## SERVICE LIST

**Notice will be electronically served via CM/ECF to:**

Robert C Furr: danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Steven S Newburgh
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;bgonzalez@mclaughlinstern.com;nsolomon@mclaughlinstern.com;vrhaburn@mclaughlinstern.com

Office of the US Trustee: USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

**Notice will be served via U.S. Mail to:**

Robert Grossbart
Grossbart, Portney & Rosenberg
One N. Charles Street, Suite 1214
Baltimore, MD 21201

Jeffrey Marc Siskind, Managing Member of Debtor
Siskind Legal
3465 Santa Barbara Drive
Wellington, FL 33414

**And all parties on the attached Creditor's Matrix.**

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Fri Aug  3 16:20:08 EDT 2018

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3012

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3012

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421

Carl Stone
c/o Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401-6327

Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3012

David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3012

Dianna George
c/o Steven S. Newburgh, Esq.
CityPlace Office Tower - Suite 1700
525 Okeechobee Blvd.
Palm Beach Gardens, FL 33401-6349

Frederick Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310


George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Jeffrey Marc Siskind
Siskind Legal
3465 Santa Barbara Drive
Wellington, FL 33414-7269


Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 301E
Boca Raton, FL 33431-7383



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224


(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114


(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3012


(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

(d)PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729


(u)Sovereign Gaming & Entertainment, LLC
INVALID ADDRESS PROVIDED

(d)T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

End of Label Matrix
Mailable recipients    36
Bypassed recipients    14
Total                  50

# EXHIBIT "A"



GENOVESE

JOBLOVE&

BATTISTA
P.A.
ATTORNEYS AT LAW

Jesus M. Suarez
(305) 913- 6682
JSUAREZ@GJB-LAW.COM

July 19, 2018

**VIA E-MAIL & U.S. MAIL**

Jeffrey M. Siskind, Esquire
3465 Santa Barbara Drive
Wellington, FL 33414
jeffsiskind@msn.com
jeffsiskind@gmail.com

**Re:    Chance & Anthem, LLC (Case No. 18-16248-MAM)**

Dear Mr. Siskind:

I am in receipt of your correspondence dated July 18, 2018. I will only address the substantive matters raised in your letter, and will allow the record to speak for itself as to the remainder of your false and self-serving comments.

On three separate occasions we have asked you for documentary support concerning the Debtor's interest in CannaMed Pharmaceuticals, LLC ("CannaMed"). You have refused to provide any meaningful information, including but not limited to: (i) any evidence of the Debtor's alleged ownership interest in CannaMed; (ii) operating agreements concerning CannaMed's ownership and operations; (iii) documents supporting your valuation of the Debtor's interest in CannaMed (iii) documents and operative pleadings relating to the litigation between CannaMed and the State of Maryland. To date, you have failed to respond to our request. Please do so.

We remind you, again, that the Debtor is not a party to the litigation between CannaMed and the State of Maryland. To the extent that you are counsel of record in that litigation, you should by all means act with all due diligence to preserve and advance CannaMed's interests in that litigation and ensure compliance with all deadlines related thereto. What action do you believe the Trustee should consider taking with respect to this litigation? What facts and analysis support your position? As the Debtor and CannaMed's counsel and the Debtor's sole member and manager, we ask (again) for your opinion on how the Trustee can evaluate the value of that litigation and whether the Debtor has any recourse whatsoever with respect to that litigation.

Jeffrey Siskind, Esq.
July 19, 2018

      Please let this correspondence also serve as a demand for turnover from you of any and all documents and records of or relating to the Debtor in your custody, possession, or control. Without limitation, please provide us with:

1. All membership interests and corporate records of CannaMed Pharmaceuticals, LLC (Schedule A/B at §14) ;
2. The Debtor's computer, screen and printer (*Id.* at §41);
3. The cash in the Debtor's bank account on the Petition Date (*Id.* at §3).
4. Copies of promissory notes you contend were made by Christopher George;
5. All communications (including e-mails and text messages) concerning the Debtor, litigation involving the Debtor, or its business and financial affairs;
6. Your litigation file concerning any lawsuit where the Debtor is a party and all attorney-client communications and agreements;
7. An accounting of all legal fees paid by the Debtor to you or any other attorney, including any fees paid in connection with litigation or the Debtor's bankruptcy filing;
8. Copies of your trust account ledgers and/or bank statements reflecting any and all transactions involving the Debtor;
9. All usernames and passwords for the Debtor's bank accounts;
10. All usernames and passwords for any other account of the Debtor (i.e., internet based applications); and
11. Records of any expenditure(s) made by any third party on behalf of the Debtor.

      This demand for turnover is based upon the application of the following provisions of Title 11 of the United States Code (the "Bankruptcy Code"): (i) Section 541(a)(1) of the Bankruptcy Code, which defines property of the estate to include "***all legal or equitable interests of the debtor in property as of the commencement of the case***" (emphasis added), and would therefore include the Documents; (ii) Section 542(a) of the Bankruptcy Code, which provides in relevant part that an entity "in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ***shall deliver to the trustee, and account for, such property or the value of such property*** . . ." (emphasis added); (iii) Section 542(e) of the Bankruptcy Code, which provides in relevant part that "the court may order an ***attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee***" (emphasis added); and (iv) Section 543 of the Bankruptcy Code which, to the extent applicable, requires "custodians" to turnover property of the estate to a trustee.

      Additionally, please let this correspondence confirm your prior representation to the Trustee that the Debtor has no accounting records (i.e., QuickBooks), has never filed or prepared any tax returns and that there are no third parties besides you that have any possession, custody or control of the Debtor's books and records.  If our understanding is incorrect, please advise us in    writing    of    the    nature,    location    and    extent    of    any    such    records.

Jeffrey Siskind, Esq.
July 19, 2018


      In order to avoid any misapprehension about the Debtor's assets and litigation claims that it may possess, the Trustee has requested that I schedule your Rule 2004 examination in your capacity as the Debtor's managing member and pre-petition counsel.  Please confirm your availability for any examination during the last week of July 2018.

      Finally, as you are aware, Mr. Robert Furr has served as panel Chapter 7 Trustee in the Southern District of Florida for over twenty years.  As reflected in the docket, I can confirm that Mr. Furr was appointed Chapter 7 Trustee by the United States Department of Justice Office of the United States Trustee.  Any inquiry regarding Mr. Furr's appointment should be directed to that office.

      We appreciate your anticipated cooperation.

Sincerely,

Jesus M. Suarez
For the Firm

cc:    Robert C. Furr, Esq.
      John H. Genovese, Esq.