UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE

CHANCE & ANTHEM, LLC,                                    Case No. 18-16248-MAM

    Debtor.                                             Chapter 7

_____/

**DEBTOR'S RESPLY TO CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE
TO OBJECTIONS TO RETENTION OF EX-PARTE APPLICATION
OF ACCOUNTANT FILED BY JEFFREY M. SISKIND**

COMES NOW the Debtor, by and through undersigned counsel, and replies to the

Chapter 7 Trustee's Omnibus Response to Objections to Retention of Ex-Parte Application of

Accountant Filed by Jeffrey M. Siskind ("Siskind"), and states:

1.      I plan to be brief in this response because I lost my father unexpectedly yesterday,

and because I am aware that this Reply is filed after the deadline imposed by our Local Rules.

2.      Although the Court may not consider this Reply, it should note that it was

impossible to file a timely reply due to the Chapter 7 Trustee's Response being filed on the day

of the deadline, and leave is therefore requested to permit the filing hereof.

3.      Further, the filing of this response is necessary because the undersigned will not

be able to be present for argument on Tuesday, August 7, 2018, and because of untruthful and

unwarranted allegations made by the Trustee in its Response.

4.      Contrary to the Trustee's assertions, Siskind does not engage in the practice of

trying to delay, hamper or frustrate the Trustee's efforts to administer the bankruptcy estate.

5.      Instead, it is due to the Trustee's unfounded and untrue assertions, some of which

Siskind already responded to but were re-alleged by the Trustee, that Siskind is dutybound to

correct the record.

6.     Contrary to the Trustee's assertion, Siskind did provide an analysis of the value of CannaMED Pharmaceuticals, LLC, the Debtor's only significant asset, in Docket Entry No. 59, as an attachment to Debtor's Amended Schedules A/B.

7.     The valuation provided to the Trustee, together with Siskind's responses at the 341 Meeting of Creditors and during his interview with the Trustee, provide ample evidence to refute the Trustee's assertion that the Debtor was nothing more than an artifice.

8.     The fact that the Trustee conducted and adjourned the 341 Meeting of Creditors, which lasted approximately an hour, is testament to the manner in which the meeting was conducted, and the fact that Siskind was not at all evasive.

9.     The Trustee's inference that any failure to recall information is tantamount to evasiveness is meritless and, absent any proof of same provided by the Trustee, should be disregarded.

10.     Siskind also fully explained the circumstances pertaining to missing records.

11.     Most serious is the Trustee's repeated misrepresentation of Siskind's testimony concerning use of his attorney trust account, and the Trustee's untruthful assertion concerning possible comingling of the Debtor's assets.  No reasonable person in attendance at the 341 meeting could interpret any answer given by Siskind as an indication of commingling.

12.     It appears that while the Trustee can only benefit from Siskind's cooperation and assistance, it instead has intentionally set out to discredit Siskind; thus the need for Siskind to continue to respond in order to insure accuracy while questioning the Trustee's motives.

13.     The Court should note that the Trustee could easily provide it with portions of the testimony form the 341 meeting for the purpose of proving its several unfounded assertions, and that the Trustee has instead made only bald assertions, thus requiring Siskind's response and

whatever costs are thereby unfortunately incurred by the Trustee.

  14. Contrary to the Trustee's assertions, the valuation shown by the Debtor proves that there may well be a surplus, thereby indicating that the Debtor has a pecuniary interest and standing, and in which instance Debtor may seek to upconvert this matter.

  15. The Trustee's assertion that the Debtor was in the medical cannabis business reveals that the Trustee lacks a coherent understanding of the Debtor's business, which is alarming considering Siskind's exhaustive explanations at the 341 meeting and during his interview.

  16. As to the hiring of GlassRatner, Siskind's response was meant to more fully inform creditors of factors relevant to, but was (as stated) not meant to interfere with the Trustee's selection

  17. And, to address the Trustee's assertion that Debtor is administratively insolvent; while that alone would be reason to dismiss what the Trustee apparently believes is a no asset case, the Court should note that the Trustee therefore proceeds at its own peril and to the disadvantage of creditors, whose minimal stakes would be significantly eroded by the Trustee's activities.

  18. Finally, there is a matter which concerns possible impropriety, or the appearance thereof, which is presented by the Chapter 7 Trustee's assignment of this matter.  While the method prescribed for assignment of a Chapter 7 Trustee is by random selection, this case is missing from the report which chronologically lists assignment of all Chapter 7 Cases.  Debtor filed this report at Docket Entry No. 94.

  19. The undersigned questioned the Chapter 7 Trustee on this matter and was told that the Chapter 7 Trustee had nothing to do with the assignment and to make inquiry of the U.S.

Trustee's office, which inquiry has been initiated.

20.    The current Chapter 7 Trustee's participation in this case is of some concern because of comments made to numerous individuals prior to transfer from the District of Maryland concerning assurance of the appointment of Robert Furr by Steven Newburgh, who at the time was representing several creditors.

21.    Obviously, if the Chapter 7 Trustee appointment process was wrongfully influenced, it taints this case and may result in creditors' interests being harmed, and this may also help to explain why the Trustee and its counsel are to try to discredit Debtor's counsel.

WHEREFORE, The Debtor hereby files its Reply to Chapter 7 Trustee's Omnibus Response to Objections to Retention of Ex-Parte Application of Accountant Filed by Jeffrey M. Siskind.

**S I S K I N D   L E G A L**

　　　*/s/ Jeffrey M. Siskind*　　
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF, listed below, this 5th day of August, 2018 and by U.S. Mail upon unregistered parties shown on the attached official mailing matrix.

　　　*/s/ Jeffrey M. Siskind*　　
Jeffrey M. Siskind, Esquire
FBN 138746

**18-16248-MAM Notice will be electronically mailed to:**

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-
law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;bgonzalez@mclaughlinstern.com;nsolo
mon@mclaughlinstern.com;vrhaburn@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com

Steven S. Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-
law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

**18-16248-MAM Notice will not be electronically mailed to:**

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Robert Grossbart on behalf of Creditor Frederick Volkwein
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Jeffrey Marc Siskind on behalf of Debtor Chance & Anthem, LLC
Siskind Legal
3465 Santa Barbara Drive
Wellington, FL 33414