UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE

CHANCE & ANTHEM, LLC,                              Case No. 18-16248-MAM

    Debtor.                                              Chapter 7

_____/

## MOTION TO DETERMINE WHETHER CAUSE EXISTS TO DISQUALIFY THE CHAPTER 7 TRUSTEE AND FOR SANCTIONS

    COMES NOW the undersigned on behalf of the former management of the Debtor, and moves for a determination of whether cause exists to disqualify the Chapter 7 Trustee, and states:

    1.    A review of the chronological list of assigned Chapter 7 cases, filed in this case by the undersigned as Docket Entry No. 94, reveals that the assignment of this case is missing from said otherwise comprehensive listing showing the panel trustee assignment of all Southern District of Florida Chapter 7 cases.

    2.    The missing listing entry is itself sufficient cause for inquiry as to why an entry for this case is missing from a public record, the sole purpose of which is to provide the public with a transparent means of discerning the proper assignment of Chapter 7 bankruptcy cases by random rotation to panel trustees.

    3.    Here, however, there are additional concerns raised by ample available testimony from persons who witnessed Steven Newburgh announce publicly prior to trustee assignment that efforts of creditors which hired his firm to bring litigation against the Debtor would be bolstered by the services of Robert Furr who would act as Chapter 7 Trustee, as part of his effort to raise $50,000 in fees from prospective creditors.

    4.    The undersigned also witnessed Robert Furr attend a hearing in the undersigned's former Chapter 11 case where matters which would interest a Chapter 7 Trustee in this matter

were discussed, and then leave after said matters were heard, which hearing was held prior to the assignment of a Chapter 7 Trustee in this case. And, at Debtor's former management's initial interview conducted post-assignment at Mr. Furr's office, the undersigned witnessed Mr. Furr falsely profess his lack of interest in being assigned this case.

5. The undersigned, who first inquired of the Chapter 7 Trustee and its counsel as to whether it possessed information concerning the method by which it was assigned this case, was told that assignment was exclusively a function of the Office of the U.S. Trustee, to whom a written inquiry was subsequently made. The Office of the U.S. Trustee responded, but the undersigned submits that the gist of the response was merely to stave off any inquiry. See correspondence attached as "Exhibit A."

6. The undersigned further submits that there exist sufficient facts to raise this Court's concern that assignment of the Chapter 7 Trustee was conducted in a manner which did not comport with the only authorized and accepted method of assignment, which is by random rotation.

7. If the Chapter 7 Trustee obtained assignment of this case by any means other than by random rotation, the lawful case assignment process was somehow corrupted. The impact of that possibility to the impartial administration of justice is obvious, and should therefore warrant a formal inquiry as to whether the Chapter 7 Trustee should be disqualified, and whether the Court should impose other sanctions.

WHEREFORE, the undersigned requests that the Court demand a full explanation of just how this case was assigned to the Chapter 7 Trustee in order to discover whether assignment was by a means other than random rotation, and thus unauthorized; and that if the Court determines said assignment to have been not compliant with the manner in which Chapter 7 bankruptcy cases are assigned in the Southern District, that parties responsible for said noncompliant

assignment be sanctioned, and for such other and further relief as appropriate in the circumstances.

S I S K I N D   L E G A L

_/s/ Jeffrey M. Siskind_  
Jeffrey M. Siskind, Esquire  
FBN 138746  
3465 Santa Barbara Drive  
Wellington, FL  33414  
TEL   (561) 791-9565  
FAX   (561) 791-9581  
Email: jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF, listed below, this 13th day of August, 2018 and by U.S. Mail upon unregistered parties shown on the attached official mailing matrix.

_/s/ Jeffrey M. Siskind_  
Jeffrey M. Siskind, Esquire  
FBN 138746

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Robert C Furr**    danderson@furrcohen.com, rcf@trustesolutions.net
- **John H Genovese**    jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com
- **Steven S Newburgh**    snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;bgonzalez@mclaughlinstern.com;nsolomon@mclaughlinstern.com;vrhaburn@mclaughlinstern.com
- **Steven S. Newburgh**    snewburgh@mclaughlinstern.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Jeffrey M Siskind**    jeffsiskind@msn.com, jmsesq500@gmail.com
- **Jesus M Suarez**    jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

# EXHIBIT A

# SISKIND LEGAL

3465 Santa Barbara Drive<br>
Wellington, FL 33414<br>
TEL 561.791.9565<br>
FAX 561.791.9581<br>
jeffsiskind@msn.com

July 25, 2018

**VIA U.S. MAIL**

Charles R. Sterbach, Esquire
Assistant United States Trustee
Office of the U.S. Trustee
George C. Young Federal Building
400 West Washington Street
Suite 1100
Orlando, Florida 32801

RE: Southern District of Florida Chapter 7 Case No. 18-16248-MAM
Debtor's Inquiry Regarding Random Trustee Case Assignment

Dear Mr. Sterbach:

On behalf of the Debtor, I am writing to request an explanation of the method by which Southern District of Florida Chapter 7 bankruptcy case, no. 18-16248-MAM, formerly no. 18-11168-TJC, transferred from the Maryland District, was assigned to Robert Furr as Trustee.

Although my understanding is that cases are randomly assigned to Trustees by blind rotation, questions have arisen about the manner in which this specific case was assigned, due partly to published statements made by counsel representing several creditors prior to transfer.

I initially addressed my inquiry to Robert Furr by way of his counsel, and was informed that Mr. Furr did not participate in obtaining the case, and that I should instead make inquiry directly to the U.S. Trustee's office.

I know that you now have your hands more than full handling more than one District, but would appreciate a response at your earliest opportunity.

Thanking you in advance for your assistance, I am,

Sincerely,

Jeffrey M. Siskind



**U.S. Department of Justice**

**Office of the United States Trustee**

400 W. Washington Street, Suite 1100
Orlando, FL 32801

Telephone No.: (407) 648-6301
Facsimile No.: (407) 648-6323

July 31, 2018

Jeffrey M. Siskind, Esq.
SISKIND LEGAL
3465 Santa Barbara Drive
Wellington, Florida 33414

Re: Chance & Anthem, LLC, Case No. 18-16248-MAM

Dear Mr. Siskind:

I have received your letter dated July 25, 2018 regarding the above-referenced chapter 7 case. Your letter did not identify yourself as debtor's counsel, but the court docket reflected you as such. As you know, the case was transferred by court order from Baltimore, Maryland to the West Palm Beach Division of the Southern District of Florida, and Robert Furr has been appointed as the chapter 7 trustee on May 25, 2018. The Miami Office of the United States Trustee Program selected Mr. Furr randomly, pursuant to its normal procedure for such cases.

This office cannot and will not respond to comments or statements made by counsel for creditors made prior to the case transfer, intimating some other trustee selection process. I hope this letter resolves your inquiry.

Regards,

*[signature]*

Charles R. Sterbach
Assistant United States Trustee
Middle and Southern Districts of Florida