UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                              Chapter 7

      Debtor.
_____/

**CHAPTER 7 TRUSTEE'S RESPONSE AND OBJECTION
TO MOTION TO DETERMINE WHETHER CAUSE EXISTS TO DISQUALIFY
THE CHAPTER 7 TRUSTEE AND FOR SANCTIONS FILED BY JEFFREY SISKIND
ON BEHALF OF DEBTOR [ECF No. 122] AND REQUEST FOR SANCTIONS**

      ROBERT C. FURR, the Chapter 7 Trustee for the above styled Debtor, Chance & Anthem, LLC (the "Debtor"), files his Response (the "Response") to the *Motion To Determine Whether Cause Exists to Disqualify the Chapter 7 Trustee and for Sanctions* ("Motion")[1] filed by Jeffrey M. Siskind on behalf of the former management of the Debtor ("Movant" or "Siskind")[ECF No. 122]. In support of the Response, the Trustee states as follows:

**A.    Introduction.**

      1.    The Debtor's former principal, Jeffrey Siskind, seeks to delay the Trustee's investigation of the estate's potential claims against him asking the Court to determine whether "cause exists" to disqualify the Trustee. The Motion fails to cite a single authority or provision of the bankruptcy code that supports his request. Instead, the Motion is premised on his rank speculation that the Trustee was somehow improvidently appointed in this case. Mr. Siskind has been advised by the Office of the United States Trustee that the Trustee was appointed through its normal procedure. If Mr. Siskind had familiarized himself with those procedures, he would

---

[1] The Motion for Disqualification fails to cite to any section of the Bankruptcy Code or Rules in support of the relief sought. Based upon the arguments asserted by Movant, it appears that the relief sought is more akin to a Motion for Removal than Disqualification. Generally, motions to disqualify are filed in connection with the employment of professionals pursuant to 11 U.S.C. 327(a) but not to remove a Trustee. Accordingly, the Trustee will address the issues raised by the movant in the context of a Motion for Removal pursuant to 11 U.S.C. 324.

have learned that "blind rotation" does not mean "sequential rotation" as he appears to suggest in the Motion. Mr. Siskind, as a lawyer, knows better than to file patently frivolous motions that lack any factual or legal support. Mr. Siskind should be sanctioned for filing the Motion in bad faith.

**A.     Case Background.**

2.     On January 29, 2018, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland [ECF No. 1].

3.     On May 24, 2018, the U.S. Bankruptcy Court for the District of Maryland (at Greenbelt) entered a *Memorandum Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida* [ECF No. 73].

4.     On May 24, 2018, the case was transferred to the United States Bankruptcy Court for the Southern District of Florida [ECF No. 73].

5.     On May 25, 2018, the Office of the United States Trustee appointed Robert C. Furr ("Trustee") as Trustee in this case. [ECF No. 76].

6.     On June 1, 2018, the Notice of Chapter 7 Bankruptcy Case was entered setting, among other things, the Meeting of Creditors for July 9, 2019 at 8:30 a.m. [ECF. No. 78].

7.     On June 8, 2018, the Trustee filed an *Application to Employ John H. Genovese, Esq. and the law firm of Genovese Joblove & Battista, P.A. as General Counsel to the Chapter 7 Trustee* ("GJB Application")[ECF No. 80].

8.     On June 9, 2018, the Trustee conducted and adjourned without objection a Section 341 Meeting of Creditors in this case. Mr. Siskind as the former sole member and managing member of the Debtor, appeared to testify on behalf of the Debtor.

9.     On June 15, 2018, the Former Trustee, George W. Liebmann ("Former Trustee")

filed his *Application for Approval of Attorney's Fees* [ECF No. 84].

10. On July 15, 2018, Mr. Siskind filed *Debtor's Response to Former Trustee's Application for Approval of Attorney's Fees and Objection to Same* [ECF No. 91].

11. On July 15, 2018, the Debtor filed a *Response to Chapter 7 Trustee, Robert C. Furr's Application for Employment of John H. Genovese, Esq and The Law Firm of Genovese, Joblove & Battista, P.A. as General Counsel to the Chapter 7 Trustee and Objection to Same* ("GlassRatner Application")[ECF No. 92]. [2]

12. On July 17, 2018, the Trustee filed his *Omnibus Response to (1) Objection to Former Trustee's Fee Application (ECF No. 91]; & (2) Objection to Trustee's Motion to Employ Counsel [ECF No. 92] Filed by Jeffrey Siskind on behalf of Debtor* [ECF No. 95] highlighting the number of meritless objections filed by Mr. Siskind in connection with each and every relief sought by either the Former Trustee or the present Trustee.

13. On July 20, 2018, the Trustee filed an *Ex Parte Application to Employ Alan R. Barbee, CPA and GlassRatner Advisory & Capital Group, LLC, as Accountant* [ECF No. 98].

14. On July 22, 2018, Mr. Siskind again filed *Debtor's Amended Response to Trustee's Ex Parte Application for Employment of Account* questioning the hourly rate of Mr. Barbee [ECF No. 100].

15. On July 24, 2018, the Court entered an *Order Granting the GJB Application* [ECF No. 103].

16. On July 24, 2018, the Court entered an Order Denying Former Trustee's

---

[2] Mr. Siskind filed the Fee Objection and Retention Objection on Sunday, July 15, 2018 at 10:51 pm. and 11:00 pm. Both objections addressed motions set for hearing on Tuesday, July 17, 2018 at 10:30 a.m., and were untimely pursuant to Local Rule 5005-1(F)(1)(requiring papers intended for consideration at any hearing already set before the court, shall be filed and served so as to be received by the movant and the court not later than 4:30 p.m. on the second business day prior to the hearing).

3

Application for Compensation without prejudice [ECF NO. 104].

17. On August 2, 2018, Former Trustee filed an *Amended Application for Compensation* [ECF No. 107] which is scheduled for hearing on August 28, 2018 at 10:00 .m. {ECF No. 118].

18. On August 3, 2018, the Trustee was forced to file a *Motion to Compel Turnover of Documents From Debtor's Managing Member and Pre-Petition Counsel* on account of Mr. Siskind's failure to turnover information and documentation requested for the proper administration of the bankruptcy estate ("Motion to Compel") [ECF No. 115].

19. On August 13, 2018, in response to the Motion to Compel Mr. Siskind filed an *Emergency Motion for Protective Order* [ECF No. 121] and this Motion. A hearing is scheduled on both matters for August 28, 2018 at 10:00 am. [ECF No. 130].

20. On August 13, 2018, the Court entered an *Order Granting the GlassRatner Application* [ECF No. 125].

## II. RESPONSE AND OBJECTION TO THE MOTION.

### A. Movant Lack's Standing to bring the Motion.

The Motion is filed by Mr. Siskind as counsel for "former management of the Debtor." Mr. Siskind purports to be the sole member and managing member of the Debtor. He also served as the Debtor's pre-petition bankruptcy counsel and as counsel in numerous litigation and legal matters.[3] As a threshold matter, Mr. Siskind lacks standing in this bankruptcy case as "former management of the debtor."

Mr. Siskind has no role in this case as "former management" of the Debtor. In a corporate bankruptcy filing, the appointed Chapter 7 trustee has extensive powers and

---

[3] Mr. Siskind was a Chapter 11 debtor before this Court for nearly five years. *In re Siskind*, Case No. 13-13096-BKC-PG ("Siskind Bankruptcy Case").

4

responsibilities relating to the liquidation of the bankruptcy estate. 11 U.S.C. §§701 *et seq*. The Supreme Court confirmed the breadth of this authority in *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985)(holding, *inter alia*, that the debtor's directors could not "exercise the traditional management function of controlling the corporation's attorney-client privilege," and the trustee could waive the privilege over the directors' objections). *Id.* at 353, 358, 105 S.Ct. 1986.

In *Weintraub,* the Supreme Court found that once a corporation is in bankruptcy, "[t]he powers and duties of a bankruptcy trustee are extensive," with the Bankruptcy Code giving the trustee "wide-ranging management authority over the debtor." *Id*. at 352, 105 S.Ct. 1986. Further, the Supreme Court stated:

> "In contrast, the powers of the debtor's directors are severely limited. Their role is to turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors. Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are 'completely ousted.'"

*Id.* at 352–53, 105 S.Ct. 1986 (citations omitted); *see also Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787–88 (10th Cir. 2006)("[t]he Code makes no provision within the structure of Chapter 7 for "former management" to appear in the proceeding and attempt to control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code.").

Additionally, to the extent that Mr. Siskind purports to represent the interests of "equity" he also lacks standing. "Typically, a debtor has no standing to object to claims or orders relating to them because the debtor does not have a pecuniary interest in the distribution of the assets of the estate." *In re Walker*, Case No. 03-32158-BKC-PGH (Order Dated June 20, 2006 at p. 21); *quoting In re Kieffer-Mickes, Inc*., 226 B.R. 204, 208 (B.A.P. 8th Cir. 1998)(additional citations

omitted).

Here, the bankruptcy schedules executed and filed by Mr. Siskind reveal that the Debtor is hopelessly insolvent and there is no reasonable possibility at this time of a surplus. *See, e.g., , In re Air Safety Int'l, L.C*., 336 B.R. 843, 857 at FN 12 (S.D. Fla. 2005)(A debtor has standing to challenge a bankruptcy court's decision in a Chapter 7 case only when the estate will be left with a surplus); *citing In re Nangle*, 288 B.R. 213, 216 (8th Cir. BAP 2003) ("[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order"), *aff'd per curiam*, 83 Fed.Appx. 141 (8th Cir.2003). For the foregoing reasons, this Court should order Mr. Siskind to refrain from filing any further pleadings on behalf of "former management."

**B.  The Motion Fails To Assert Any Cause For The Disqualification and/or Removal of the Trustee.**

 **(i)  The Trustee was properly assigned to the case through the Blind Rotation Process.[4]**

The Motion argues that the chronological list of assigned Chapter 7 cases, filed in this case as Docket Entry No. 94, reveals that the assignment of this case is missing from the comprehensive list showing the panel trustee assignment of all Southern District of Florida Chapter 7 cases which constitutes cause for inquiry as to why an entry for this case is missing from a public record. In a convoluted way the Movant appears to suggest that the omission of this disclosure constitutes sufficient cause for inquiry by the Court to discern whether the Trustee was properly assigned to the case by random rotation. *See. Motion* ¶1 &2.

The United States Trustee Program is a component of the Department of Justice ("DOJ") responsible for overseeing the administration of bankruptcy cases and private trustees under 28

---

[4] General factual background regarding the United States Trustee program is drawn from the statutory and regulatory scheme governing the program, see 28 U.S.C. § 581 et seq.; 28 C.F.R. § 58.1 et seq.

U.S.C. § 586 and 11 U.S.C. § 101 et seq.   The Attorney General of the United States appoints a U.S. Trustee for each of 21 regions of federal judicial districts. 28 U.S.C. § 581(a). "Region 21" includes the judicial districts for Georgia, Florida, Puerto Rico and U.S. Virgin Islands.  The U.S. Trustees for each judicial district establish, maintain, and supervise panels of private trustees ("panel trustees") who administer cases commenced under chapter 7 of the Bankruptcy Code. 28 U.S.C. § 586(a)(1).  In this District the Assistant U.S. Trustee is Charles R. Sterbach ("Mr. Sterbach").

The United States Trustee Program seeks to appoint panel members to chapter 7 cases in a fair and equitable basis by using a single, blind rotation system that includes all asset and no-asset cases. *See, 2-1.6.1 Handbook Chapter 2.K.*  [5]  A blind rotation system is a system under which each trustee receives an approximately equal number of cases that are representative of the universe of cases filed, and a debtor cannot time the filing to avoid or select a specific trustee. As cases are filed, they should be assigned to panel members in a manner predetermined by the United States Trustee.

A system of blind rotation avoids the appearance of favoritism and eliminates the need to make individual judgments about case assignments. Over a reasonable period of time, this system normally results in asset cases being fairly and equally distributed among the panel. Because the order of assignment is not available to the public, the blind rotation also reduces the likelihood that debtors can engage in "trustee shopping" – that is, timing the filing of a petition in order to have or avoid a specific trustee appointed in the case. The United States Trustee should review the processing of chapter 7 cases periodically to evaluate the efficiency and fairness of assignment procedures.  *See, 2-1.6.1 Handbook Chapter 2.K.*   A trustee is expected to accept all cases assigned, unless there is a conflict of interest or other extraordinary circumstance. *See, 2-*

---

[5] References to Handbook refer to the United States Department of Justice's Handbook for Chapter 7 Trustees.

7

*1.6.4 Handbook Chapter 2.K.*

The Motion fails to assert any facts or evidence to support any finding that there was anything improper in the blind rotation appointment of Mr. Furr as Trustee in this case. Instead, Mr. Siskind makes unsupported inferences that "questions have arisen about the manner in which this specific case was assigned, due partly to published statements made by counsel representing several creditors prior to transfer." *See, Composite Exhibit "A" to Motion*. Mr. Siskind fails to provide any specific facts as to the "questions" raised or "published statements" made by third parties. On July 31, 2018, Mr. Sterback, responded to Mr. Siskind's concerns and inquiry concerning the blind rotation system and confirmed that the Miami Office of the United States Trustee Program selected Mr. Furr randomly, pursuant to its normal procedure for such cases." *See, Exhibit Composite Exhibit "A" to Motion.* Thus, there is nothing in the record before this Court to support Movant's contentions that the assignment of Mr. Furr as Trustee was conducted improperly or in a manner outside the normal blind rotation protocol described above.

**(ii)    No "cause" exits for the removal of the Trustee.**

Next, the Movant posits that there are additional concerns regarding Mr. Furr's appointment that merit review. The Movant states that certain persons "witnessed Steven Newburgh[6] announce publicly prior to trustee assignment efforts of creditors which hired his firm to bring litigation against the Debtor would be bolstered by the services of Robert Furr who would act as Chapter 7 Trustee, as part of his effort to raise $50,000 in fees from prospective creditors." *See, Motion* ¶3. The Movant fails to attach and/or present any evidence to corroborate the statements made in the Motion. Further, the Movant woefully fails to place in context when this purported announcement was made and how it impacts, in any way, the

---

[6] On August 17, 2018, Steven S. Newburgh, Esq., as counsel for Creditors David Fiore, Frederick Volkwein, 3485 Lago De Talavera Trust, Carl Stone, Christopher George and Dianna George (collectively, the "Creditors") filed a *Motion to Withdraw as Counsel of Records for Creditors* [ECF No. 133].

8

appointment of the Trustee in this case. Mr. Newburgh's efforts to potentially seek the appointment of a trustee in the Siskind Bankruptcy Case are unrelated to the Trustee's appointment in this case by the U.S. Trustee's blind rotation system.

Additionally, Movant states that he witnessed the Trustee attend a hearing in the Siskind Bankruptcy Case and leave after said matter was heard, which hearing was held prior to the assignment of a Chapter 7 Trustee in this case. *See, Motion* ¶4. Again, these nebulous and unsupported inferences attempt to suggest some nefarious connection between Mr. Furr attending a hearing in Mr. Siskind's Chapter 11 case and his appointment in this case which doesn't exist. The Movant fails to assert how any of the allegations raised in the Motion constitute an adverse interest or merit the removal of the Trustee in this case.

Section 324 of the United States Bankruptcy Code governs the removal of trustees by the court. Under § 324(a), a court may remove a trustee "for cause." "Cause" is not specifically defined by the bankruptcy code. Each bankruptcy case involving removal of the trustee, therefore, requires determination on a case-by-case basis. *In re Haugen Construction Serv., Inc.*, 104 B.R. 233, 240 (Bankr.D.N.D. 1989). Case law under § 324 typically requires (i) a showing of fraud and actual injury to the debtor's interests (*Surabian v. Picard*, 2014 U.S. Dist. LEXIS 31356, at *5 (S.D.N.Y. Mar. 7, 2014); *see Dieffenbach v. Haworth* (*In re Haworth*), 356 F. App'x 529, 530 (2d Cir. 2009) or (ii) a conflict of interest exists which is "materially adverse to the interest of the estate or any class of creditors or security holders." *See Dye v. Brown (In re AFI Holding, Inc.),* 530 F.3d 832, 838 (9th Circ. 2008)*; In re Baker*, 38 B.R. 705, 707 (D. Md. 1983). Cause requires more than "unsupported inferences". *In re Carla Leather, Inc.*, 44 B.R. 457, 473 (Bankr. S.D.N.Y. 1984). Rather, in order to sustain the burden of proof, a Debtor must make a "strong showing because the effect of removal is deleterious to the continuity of the administration of the estate". *Id.* (internal quotations and citations omitted).

9

A motion to remove a trustee is a serious matter. *See In re Walker*, 2004 WL 3152787 (S.D.Fla. Dec. 1, 2004), *aff'd, Walden v. Walker*, 515 F.3d 1204 (11th Cir.2008). If a trustee is removed from any case, he or she must be removed from all cases in which he or she serves. *Id.* It is, thus, a powerful device, to be deployed only in the most severe of cases. In this case, the Motion lacks any credible evidence that could remotely give rise to the removal of the Trustee. Instead, the Motion only makes innuendos and unsupported inferences of third party statements without providing any factual details (*i.e.*, dates and times of the purported statements) or context of when those statements were made. The Motion does not assert sufficient cause for the removal of the Trustee and is simply another example of Mr. Siskind's practice of filing frivolous objections raising often unsubstantiated and irrelevant arguments that accomplish little else than to delay, hamper and/or frustrate the administration of the bankruptcy estate and needlessly cause the parties to incur litigation costs.

As cited above, most of the case law concerning the removal of a trustee under §324(a) involves intentional misconduct or negligence on the part of the trustee in the administration of the estate. *In re Baker*, 38 B.R. at 707 or an alleged conflict of interest on the part of the Trustee. *Id*. There have been no facts asserted in the Motion of intentional misconduct or negligence during the time that the Trustee has been administering the Debtor's estate, nor has there been any claim that a conflict of interest exits. As such, no cause exists to disqualify and/or remove the Trustee.

### (iii) Mr. Siskind should be sanctioned.

In the end, the Movant requests that the parties responsible for failing to comply with the random rotation procedure should be sanctioned. Based upon the fact that there has been no evidence to remotely show any violation of the blind rotation system no sanctions are warranted. However, the same cannot be said of Mr. Siskind's conduct in this case. The Trustee notes that,

as outlined in detail herein, Mr. Siskind has objected to and/or sought to prevent the administration of this case by filing several Objections and Motions without merit. Likewise, the Former Trustee also spent, over his five (5) month tenure, time responding to Mr. Siskind's frivolous filings, including a Motion to Disqualify the Former Trustee for failing to return Mr. Siskind's phone calls [ECF No. 38] and a Motion to Disqualify Steven Newburgh, Esq., as counsel retained by scheduled creditors [ECF No. 30,33]. Both motions were denied by the Bankruptcy Court in Maryland [ECF No. 46]. Notably, Mr. Siskind never appeared for the meeting of creditors scheduled in the District of Maryland [ECF No. 43]. In fact, a significant amount of the legal fees incurred by the Former Trustee and now by the current Trustee arose from meritless filings made by Mr. Siskind.

In short, the Motion plainly violates Bankruptcy Rule 9011(b)(1), (2), and (3) insofar as it was: (i) filed for the illegitimate purpose of harassing the Trustee and increasing the costs of administering an estate that presently contains no assets and is administratively insolvent; (ii) makes demonstrably false statements of fact about the Trustee's efforts to investigate potential assets of the estate; and (iii) asserts frivolous arguments to determine whether "cause exists" to disqualify the Trustee while patently misrepresenting or misunderstanding the nature of the "blind rotation system."

The Trustee respectfully requests an award of sanctions against Mr. Siskind for the fees and costs incurred in responding to the Motion. A finding of bad faith supporting imposition of sanctions under court's inherent powers is warranted where an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for purposes of harassing an opponent. *In re Creative Desperation Inc.*, 415 B.R. 882, 895 (Bankr. S.D. Fla. 2009). An award of sanctions is appropriate here because the Motion raises only frivolous arguments made in bad faith and with complete and reckless disregard as to any legal or factual basis for the relief

requested.

**WHEREFORE**, the Trustee respectfully requests entry of an order, (i) denying Debtor's Motion to Disqualify the Chapter 7 Trustee and for Sanctions; (ii) awarding attorney's fees and costs incurred by the Trustee and his counsel in opposing the Motion; and (iii) granting such other relief as this Court deems just and proper.

Respectfully submitted on August 24, 2018.

                                    **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                    *Attorneys for Chapter 7 Trustee*
                                    100 S.E. Second Street, 44th Floor
                                    Miami, Floirda 33131
                                    Telephone: (305) 349-2300
                                    Telecopier: (305) 349-2310

                                By: /s/ *Mariaelena Gayo-Guitian*
                                      Jesus M. Suarez, Esq.
                                      Florida Bar No. 60086
                                      jsuarez@gjb-law.com
                                      Mariaelena Gayo-Guitian, Esq.
                                      Florida Bar No. 0813818

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF Notification to all parties registered to receive electronic notice and/or U.S. Mail as indicated on the attached Service List on August 24, 2018.

                                         /s Jesus M. Suarez
                                         Jesus M. Suarez, Esq.

**SERVICE LIST**

*Parties to receive electronic notice via CM/ECF*

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;bgonzalez@mclaughlinstern.com;nsolomon@mclaughlinstern.com;vrhaburn@mclaughlinstern.com

Steven S. Newburgh: snewburgh@mclaughlinstern.com

Office of the US Trustee: USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

**Parties to receive notice via U.S. Mail**

Alan Barbee
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201