

**ORDERED in the Southern District of Florida on October 12, 2018.**

**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | CASE NO.: 18-16248-BKC-MAM |
| **Chance & Anthem, LLC,**        Debtor(s). | CHAPTER 7 |
| _____/ | |

## ORDER ON STATUS CONFERENCE

**THIS MATTER** came before the Court on October 9, 2018, for a status conference on the form of orders emanating from a prior hearing in this case conducted on August 28, 2018, after the parties advised the Court they were unable to reach agreement on the form of such orders. At the status conference, the Court reviewed with the parties the statements sought by the Trustee from Mr. Siskind, solely in his representative capacity as former managing member and counsel to the Debtor (in such representative capacity, "Siskind"), in an affidavit regarding various

1

categories of the Debtor's documents, electronic documents, and personal property. Based upon the Court's review of such categories, as well as the agreement of the parties, the Court **ORDERS AND DIRECTS**:

1. **On or before October 19, 2018,** Siskind shall provide the Trustee with a signed, revised affidavit, modified from the form previously signed by Siskind and filed as ECF No. 142, with the following alterations:

    a. As to all membership interests and corporate records of Cannamed Pharmaceuticals, LLC, Siskind shall turn over to the Trustee evidence of the Debtor's 70% non-voting interest in Cannamed Pharmaceuticals, LLC, and shall confirm that Siskind is not in possession of any other membership interests and corporate records.

    b. As to the Debtor's computer, screen and printer, Siskind shall confirm that such equipment was last located at the Maryland warehouse rented by the Debtor, and he has no knowledge of the present location of such equipment.

    c. As to the cash in the Debtor's bank account as of the Petition Date, Siskind shall confirm that the funds in the Debtor's bank account as reflected in the Debtor's schedules amounting to $48 were actually the funds of Siskind, and were used after the petition date in this case to pay for the Debtor's post-petition rent.

    d. As to copies of promissory notes that were made by Christopher George, Siskind shall confirm that true and correct copies of all such notes were previously delivered to the Trustee.

    e. As to all communications (including emails and text messages) concerning the Debtor, litigation involving the Debtor, or its business and financial affairs, Siskind shall turnover to the Trustee all such emails, by performing an appropriate search of Siskind's email account (both inbox and sent items), without charging the Trustee any fees for such search. In addition, Siskind shall confirm that, to his knowledge, all other documents, other than emails, relating to the Debtor in this category that are presently in Siskind's possession have previously been turned over to the Trustee.

    f.  As to Siskind's litigation file concerning any lawsuit where the Debtor is a party and all attorney-client communications and agreements, no change to paragraph 2.f. of the affidavit is required.

    g.  As to an accounting of all legal fees paid by the Debtor to Siskind or any other attorney, including any fees paid in connection with litigation or the Debtor's bankruptcy filing, Siskind shall deliver to the Trustee by email a copy of the electronic register for the checks issued by the Debtor. Further, Siskind shall confirm that any funds he received from the Debtor in respect of legal fees are reflected on the Debtor in Possession Operating Reports filed by Siskind in Case No. 18-16248-BKC-MAM and that Siskind never issued any invoices to the Debtor in respect of the legal services he rendered to or for the benefit of the Debtor.

    h.  As to copies of Siskind's trust account ledgers and/or bank statements reflecting transactions involving the Debtor, Siskind shall confirm that he is not in possession of such records, as such records were removed from his possession on or about [*Siskind to insert approximate date*].

    i.  As to records of any expenditure made by any third party on behalf of the Debtor, Siskind shall confirm that no responsive property or records presently exist, and there are no websites or other applications for bank accounts, or other accounts for which online financial records may be maintained, in either case pertaining to the Debtor, that are presently active, and there are not any currently active user name(s) and/or password(s) pertaining to any such website or other application.

2. Siskind's turnover of any of the foregoing information or records shall be by email transmittal of PDF copies of such information and/or records, to counsel for the Trustee, at jsuarez@gjb-law.com.

3. Paragraph 2 of the draft of the proposed Agreed Order Granting Trustee's Motion to Compel Turnover of Documents from Debtor's Managing Member and Pre-Petition Counsel shall be modified to be consistent with the foregoing revisions.

4. The draft of the proposed *Order Granting in Part and Denying in Part Jeffrey Siskind's Emergency Motion for a Protective Order Prohibiting the Release of Confidential Client Financial Information* shall be modified to require that any

witnesses with whom confidential documents are shared, either in the course of the Trustee's investigation or in the course of a deposition or other testimony, shall be bound by the confidentiality provisions of such Order, and shall be subject to appropriate sanctions by the Court if such Order is violated by any such witness.

5. Upon entry of the final form of the orders described in paragraphs 3 and 4 above, the Court will enter the proposed *Order Denying with Prejudice Jeffrey Siskind's Motion to Determine Whether Cause Exists to Disqualify the Chapter 7 Trustee and for Sanctions*, in the form submitted by counsel to the Trustee.

###

Copies Furnished To:

Jeffrey M Siskind, Esq.

Robert C Furr, Trustee

Jesus M Suarez, Esq.

John H Genovese, Esq.

AUST