UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                             Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,            Chapter 7

      Debtor.
_____/

## AMENDED AFFIDAVIT OF DEBTOR'S FORMER MANAGING MEMBER AND PRE-PETITION COUNSEL IN RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION TO COMPEL TURNOVER OF DOCUMENTS

STATE OF FLORIDA                  )
                                                 ) ss:
COUNTY OF PALM BEACH        )

      I, Jeffrey M. Siskind, being duly sworn, deposes and says:

      1.     I am in receipt of a request for turnover of certain documents to the Chapter 7 Trustee, and respond as follows:

      2.     With respect to each of the following categories of requested records and records and property, I respond as follows, except as amended below:

        a. All membership interests and corporate records of Cannamed Pharmaceuticals, LLC, I certify that these are not the property of the Debtor.

        b. The Debtor's computer, screen and printer, I certify that these are not in my possession.

        c. The cash in the Debtor's bank account on the Petition Date, this was not the property of the Debtor.

        d. Copies of promissory notes that were made by Christopher George, I certify that I will provide these within five days of a written request from the Chapter 7 trustee which states that he does not already have these documents in his possession.

        e. All communications (including e-mails and text messages) concerning the Debtor, litigation involving the Debtor, or its business and financial affairs; I certify that I have already provided the Chapter 7 Trustee's counsel with all paper documents which I was able to locate and will search my computer for

emails which belong to the Debtor and provide same to the Chapter 7 Trustee if not subject to privilege, provided that the Trustee provides an assurance that I will be paid for the time spent identifying and providing said emails so at the rate of $450.00 per hour.

f. My litigation file concerning any lawsuit where the Debtor is a party and all attorney-client communications and agreements, I certify that I have already provided the Chapter 7 Trustee with records pertaining to the Maryland eviction lawsuit and that Florida litigation records are readily available online.

g. An accounting of all legal fees paid by the Debtor to me or any other attorney, including any fees paid in connection with litigation or the Debtor's bankruptcy filing, I certify that these records are available to the Chapter 7 Trustee on CM/ECF in Debtor's monthly operating reports in Case No. 13-13096-MAM. I reserve the right to amend this response if additional information becomes available to me.

h. Copies of my trust account ledgers and/or bank statements reflecting transactions involving the Debtor, I certify that responsive records are privileged and confidential because my trust account records contain confidential information belonging to numerous legal clients which is protected by their expectation and right to privacy.

i. Records of any expenditure made by any third party on behalf of the Debtor; I certify that the Chapter 7 Trustee may readily discern said expenditures from business account records which it received in response to subpoenas to various banks serving said third parties.

3. Except as otherwise described in this Affidavit, I do not believe that there are any other documents, property or records relating to the Debtor in my possession, custody or control.

4. The above attestations are amended as follows:

(a) Attached hereto is evidence of the Debtor's 70% non-voting interest in Cannamed Pharmaceuticals, LLC. I confirm that, except as provided herewith, I do not possess any other Chance & Anthem, LLC membership interests or corporate records related thereto which were not already provide to the Trustee.

(b) I confirm that the Debtor's computer equipment was last located at the Maryland warehouse rented by the Debtor, and I have no knowledge of the present location of such equipment.

(c) As to the cash in the Debtor's bank account as of the Petition Date, I confirm that the funds in the Debtor's bank account as reflected in the Debtor's schedules

amounting to approximately $48 were actually my funds, and were deemed by the Court to have been used after the petition date in this case to reimburse me post-petition for payments made for rent on behalf of the Debtor.

(d) As to copies of promissory notes that were made by Sovereign Gaming & Entertainment, LLC payable to Christopher George, I confirm that true and correct copies of all such notes were previously delivered to the Trustee.

(e) As to all non-privileged communications (including emails and text messages) concerning the Debtor, litigation involving the Debtor, or its business and financial have turned over to the Trustee all such emails which I located by performing an appropriate search of my personal email account (both inbox and sent items), and did not invoice the Trustee for the time it took to provide same. I confirm that, to the best of my knowledge, all other documents, other than emails, relating to the Debtor in this category which were in my possession have previously been turned over to the Trustee.

(f) As to all legal fees paid by the Debtor to Siskind or any other attorney, including any fees paid in connection with litigation or the Debtor's bankruptcy filing, I have delivered to the Trustee by email a copy of the electronic register of checks issued from the Debtor's bank account at JP Morgan Chase Bank. Further, I confirm that any funds which I received from the Debtor in respect of legal fees are reflected on my Debtor in Possession Operating Reports filed in Case No. 13-13096-BKC-MAM and that I never issued written invoices for same to the Debtor.

(g) As to copies of any relevant trust account ledgers and/or bank statements reflecting transactions involving the Debtor, I confirm that I am not in possession of such records, as such records were removed from my possession on the date on which I vacated my West Palm Beach, Florida office. Robert Gibson would be able to discern the date from his receipt for the rental of a U-Haul truck which he used to move files and his personal belongings.

(h) As to records of expenditures made by any third party on behalf of the Debtor, I confirm that none exist other than those reflected by bank account records which would already have been obtained by the Trustee in response to the several issued subpoenas duces tecum, and that there no longer exists any means known to me which permits access to said bank accounts at JP Morgan Chase Bank, or to any other bank accounts for which online financial records are maintained and accessed by password(s) which have not already been provided to the Trustee in response to its subpoena(s) duces tecum.

*FURTHER AFFIANT SAYETH NAUGHT*

_____
Jeffrey M. Siskind, Esq.

SWORN TO AND SUBSCRIBED before me this 19th day of October, 2018, by Jeffrey M. Siskind who (i) I personally know; or (ii) did produce the following identification ____FL DL_____, and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp
Commissioned Name of Notary Public)

OLGA PANINA
Notary Public - State of Florida
Commission # FF 973246
My Comm. Expires Mar 21, 2020

4

**CannaMED Pharmaceuticals, LLC**
27120 Ocean Gateway
Hebron, Maryland 21830

<u>LETTER TO THE FILE</u>

Chance & Anthem, LLC
525 South Flagler Drive, Ste 500
West Palm Beach, FL 33401

    RE: CannaMED Pharmaceuticals, LLC Funding Agreement

To: Jeffrey M. Siskind, Managing Member:

  This shall confirm that Chance & Anthem, LLC shall possess a SEVENTY PERCENT (70%) interest in CannaMED Pharmaceuticals, LLC, which interest shall be in consideration for payment by Chance & Anthem, LLC of all necessary start-up expenses, including but not limited to expenses related to the lease, purchase and renovation of a suitable building within which to manufacture medical marijuana in accordance with an application for a license from the State of Maryland, house a quality control facility, product packaging, labelling and administrative functions, and provide for independent laboratory and research space, and any and all necessary related improvements.

  Necessary start-up expenses shall be those which are determined in the sole discretion of the undersigned as Managing Member of CannaMED Pharmaceuticals, LLC, to be necessary and appropriate and shall include any and all expenses for oversight of the company, including but not limited to salaries and payments to independent contractors, if any, including those payable directly or for the benefit of the undersigned Managing Member and any and all persons as may be hired by the undersigned in the sole discretion of the undersigned, and any benefits payable thereto, including the ongoing operation of the undersigned Managing Member's law office and business practice, all of which are acknowledged to be primarily devoted to matters which pertain to the business of CannaMED Pharmaceuticals, LLC, and any and all overhead and other expenses related in any way whatsoever to same.

  Chance & Anthem, LLC's interest in CannaMED Pharmaceuticals, LLC shall be NON-VOTING, and may be extinguished 'for cause' at the sole discretion of the undersigned in the event that any person(s) purporting to act on its behalf undertake action(s) deemed by the undersigned to endanger the business interests of CannaMED Pharmaceuticals, LLC, including but not limited to failure to fund the expenses enumerated herein as needed, in which case there shall be no consideration paid therefore.

Dated November 15, 2015;

_____
Jeffrey M. Siskind, Managing Member
