UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:                                                                                       Case No. 18-16248-BKC-MAM

    CHANCE & ANTHEM, LLC                                          Chapter 7

        Debtor.
_____/

**JEFFREY SISKIND'S REPLY TO CHAPTER 7 TRUSTEE'S RESPONSE TO JEFFREY SISKIND'S MOTION FOR SANCTIONS [ECF NO. 163] AND REQUEST FOR SANCTIONS**

       COMES NOW Jeffrey Siskind, and files this Reply to the Chapter 7 Trustee's Response which was field late yesterday, and states:

       1.     So as not to unduly burden the Court, this Reply will be brief and sequenced to reflect the ordering of statements contained in the Trustee's Response.  The Chapter 7 Trustee and its counsel will be collectively referred to as the Trustee.

       2.     In Paragraph No.1, the Trustee wrongfully asserts that the Debtor was one of the undersigned's "many artifices" to deceive "investors."  This is yet another unfounded and baseless attempt to discredit the undersigned.  The Trustee has undertaken sufficient inquiry to know that this is simply not the case, and the accusation is therefore nothing more than yet another premeditated lie.

       3.     The undersigned truthfully cannot discern what future intentions he is alleged to be signaling to the Trustee.

       4.     The term "making argument" is used disingenuously by the Trustee to explain its two false statements related to the undersigned's 'admission,' which Trustee's statements are nothing other than outright premeditated lies.

       5.     As to Footnote No. 1, the Court is well aware that it has the inherent power to

sanction the Trustee under 11 U.S.C. 105(a) for the Trustee's abuse of process.

6. As to Footnote No. 2, each of the undersigned's filings in this case were meritorious, as was its effort to remove an inept prior panel trustee.

7. As to Paragraph No. 2, the Court should simply inquire 'where in the 341 Meeting transcript is the admission?' There is no admission, and the Trustee cannot bootstrap the basis for its statement onto the Trustee's inference that the undersigned is not being truthful about the location of his attorney trust account records.

8. As to the Trustee's allegation that the undersigned was evasive during the 341 Meeting, and although this was also stated in other papers filed by the Trustee, the lengthy 341 Meeting was voluntarily concluded, as opposed to being continued, by the Trustee, which shows that the Trustee did not believe that the undersigned was being evasive at the time.

9. The evasiveness claim was engineered by the Trustee only for the purpose of attempting to further discredit the undersigned.

10. The undersigned's inability to recall certain facts during the 341 Meeting, although it was obviously discomforting to the Trustee, was adequate. The undersigned at all times responded to the Trustee's questions truthfully, but correctly avoided guessing to preclude stating inaccurate responses.

11. As to Paragraph No. 4, the 'rogue paralegal' is a former legal services provider named Robert Allen Gibson, terminated for wrongdoing, who resides at 1709 22nd Avenue North, Lake Worth, Florida 33460, and who is usually in attendance at hearings in this matter.

12. As to Paragraph No. 5, the Trustee's assertion therein is wholly irrelevant to the inquiry as to whether the undersigned made an admission of commingling.

13. As to Paragraph No. 6, the Florida Bar denotes commingling as combining an

attorney's personal funds with those of a client, or combining funds of different clients, in an IOTA account. The undersigned's management of all or part of the Debtor's funds in its IOTA account does not constitute commingling.

14. As to Paragraph No. 7, the undersigned clearly stated, and it was plainly obvious to the Trustee, and to anyone else reading the 341 Meeting Transcript, that the mentioned 'transfer account' was not the undersigned's IOTA account and that the money paid by Zokaites went to the undersigned's law firm.

15. Footnote No. 3 is inapplicable to the transaction pertaining to the sale of the mortgage, inasmuch as the intent of all parties was to remit the funds to the undersigned's law firm.

16. Again, as to Paragraph Nos. 8, 9 and 10, there simply are no admissions of commingling.

17. And finally, as to Paragraph No. 11, an award of sanctions in favor of the Trustee is wholly inappropriate, inasmuch as the undersigned's sanctions motion was brought in good faith and is meritorious, as shown by the Trustee's failure to point to even one legitimate 'admission of commingling' by the undersigned.

18. Instead, the Trustee's claim that the undersigned admitted commingling was reckless and frivolous, and the Trustee's attempts to demonstrate inferences which might amount to admissions are without merit and unavailing, and the Trustee should be 'moved.'

19. The most troubling aspects of the Trustee's behavior with respect to its false statements are:

  (1) That it was done with a total disregard for the attendant facts.

  (2) That it was done to intimidate and discredit the undersigned.

  (3) That the Trustee behaved in a manner meant to falsely influence the Court.

    (4) That this Trustee has a reputation for engaging in this type of behavior.

    (5) That it was done to damage the undersigned, both reputationally and financially.

    (6) That most of the Trustee's adversaries succumb to this type of behavior on the part of this Trustee.

    (7) That the Trustee's behavior reflects poorly on both the legal profession and the judiciary.

  20. Relief requested by the undersigned for the Trustee falsely stating that the undersigned admitted to commingling is as follows:

    (a) Removal of the Trustee and its counsel from this matter.

    (b) Disgorgement of all fees earned by the Trustee in this matter.

    (c) A public admonishment of the Trustee for its intentional and premeditated lie made twice to this Court.

    (d) Monetary sanctions against the Trustee in the amount of $5,000 to compensate the undersigned for the time spent defending against and responding to the Trustee's baseless commingling admission claims.

    (e) Striking those parts of papers filed by the Trustee which refer to the undersigned's purported admission of commingling.

    (f) Requiring the Trustee to provide a letter of apology to the undersigned, with a copy to the Palm Beach Post newspaper.

    (g) The scheduling of an evidentiary hearing to determine the nature and extent of damages suffered by the undersigned as the direct and proximate result of the Trustee's twice

stated premeditated, intentional lie.

    Respectfully submitted this 20th day of October, 2018.

                                      **S I S K I N D   L E G A L**

                                      ___*/s/ Jeffrey M. Siskind*___
                                      Jeffrey M. Siskind, Esquire
                                      FBN 138746
                                      3465 Santa Barbara Drive
                                      Wellington, FL  33414
                                      TEL    (561) 791-9565
                                      FAX    (561) 791-9581
                                      Email: jeffsiskind@msn.com

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF, listed below, this 20th day of October, 2018.

                                      ___*/s/ Jeffrey M. Siskind*___
                                      Jeffrey M. Siskind, Esquire
                                      FBN 138746

### SERVICE LIST

Parties to receive electronic notice via CM/ECF

Robert C Furr  danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr  jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjblaw.com;gjbecf@ecf.courtdrive.com

Steven S. Newburgh: snewburgh@mclaughlinstern.com

Office of the US Trustee: USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind: jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr  jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjblaw.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq: syoung@ybplaw.co