UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:  CASE NO. 18-16248-MAM

CHANCE & ANTHEM, LLC,  CHAPTER 7

Debtor.
_____/

## EMERGENCY MOTION FOR PROTECTIVE ORDER

*Nature of Emergency:  Insufficient time to coordinate a hearing on the matter.*

  COMES NOW Jeffrey M. Siskind, individually and as Managing Member of CannaMED Pharmaeuticals, LLC, and moves for a protective order prohibiting the Chapter 7 Trustee from taking a Rule 2004 Examination Duces Tecum of Jeffrey M. Siskind, Individually and as Managing Member of CannaMED Pharmaceuticals, LLC ("Movants"), stating as the basis therefore attorney-client privilege, lack of relevance and undue burden, and in furtherance thereof states:

  1. Upon receipt of a copy of the Trustee's Notice of Rule 2004 Examination Duces Tecum [DE 165] which was filed on October 11, 2018 without any prior attempt to coordinate same, Movant sent an email to the Trustee's counsel which indicated the difficulty which Movant would encounter in providing any documents within the short twelve day period specified in the Trustee's Notice, and Movant's already demanding time limitations precluding a personal appearance.

  2. Movant also explained to the Trustee's counsel that Movant already had insufficient time to furnish an initial brief in CannaMED Pharmaceuticals, LLC's Maryland

appeal, which matter provides the only foreseeable means of recovery for Debtor's creditors. Notwithstanding Movant's objections, the Trustee did not agree to reschedule the production deadline, although the Notice plainly stated that the Trustee would agree to do so.

    3.    The Trustee clearly seeks to unnecessarily burden Movant by requesting production of documents and Movant's appearance at deposition, considering that Movant at all times relevant served and continues to serve as counsel for CannaMED Pharmaceuticals, LLC, and inasmuch as;

    (a)    The Chapter 7 Trustee stands in the shoes of a judgment lien creditor.

    (b)    No documents or testimony by Movant can reasonably be calculated to lead to the discovery of admissible evidence which would be beneficial to the Trustee.

    (c)    No matters are reasonably discoverable that bear upon, or could reasonably lead to, any matter that could bear upon any party's existing claim or defense in this litigation.

    4.    Neither Jeffrey Siskind or CannaMED Pharmaceuticals, LLC are parties to this litigation. Neither Jeffrey Siskind or CannaMED Pharmaceuticals, LLC have made a claim against the Debtor.

    5.    Pursuant to Rule 26(b), the Trustee bears the burden of establishing sufficient relevance of the information which it is requesting, in order that these discovery attempts not merely be a fishing expedition.

    6.    In terms of proportionality, the Trustee's requests are unnecessary and wasteful.

    7.    The burden of the proposed discovery outweighs its likely benefit, especially in light of the respondents' relative limited resources.

    WHEREFORE, Movant requests that this Court furnish an order protecting Movant from having to appear for examination prior to mid-November, and from having to provide documents

pursuant to the Trustee's Notice in such an abbreviated time in consideration that the Trustee's uncoordinated notice period for production was less than fourteen (14) days and not agreed upon, and bar any and all discovery on the basis of attorney-client privilege and work product protections.

**S I S K I N D   L E G A L**

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF, listed below, this 22nd day of October, 2018.

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746