

**ORDERED in the Southern District of Florida on October 24, 2018.**

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                     Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                                      Chapter 7

      Debtor.

_____/

**AGREED ORDER GRANTING TRUSTEE'S MOTION TO COMPEL TURNOVER
OF DEBTOR'S MANAGING MEMBER
AND PRE-PETITION COUNSEL [ECF No. 115]**

THIS MATTER came before the Court on August 28, 2018 at 10:00 a.m. and again for status conference on October 9, 2018 at 9:30 a.m. upon the *Trustee's Motion to Compel Turnover of Documents from Debtor's Managing Member and Pre-Petition Counsel* (the "Motion") [ECF No. 115] filed by Robert C. Furr (the "Trustee"), Chapter 7 Trustee for the Estate of Chance & Anthem, LLC (the "Debtor"). The Court, having reviewed and considered the Motion, having heard the representations and argument of Debtor's former Managing Member and Pre-Petition Counsel, Jeffrey Siskind, Esq., and Trustee's counsel, having noted the

lack of any objection filed on the record, it is,

ORDERED as follows:

1.    The Motion in GRANTED to the extent set forth herein.

2.    On or before October 19, 2018, Siskind shall provide the Trustee with a signed, revised affidavit, modified from the form previously signed by Siskind and filed as ECF No. 142, with the following alterations:

    a.  As to all membership interests and corporate records of Cannamed Pharmaceuticals, LLC, Siskind shall turn over to the Trustee evidence of the Debtor's 70% non-voting interest in Cannamed Pharmaceuticals, LLC, and shall confirm that Siskind is not in possession of any other membership interests and corporate records.

    b.  As to the Debtor's computer, screen and printer, Siskind shall confirm that such equipment was last located at the Maryland warehouse rented by the Debtor, and he has no knowledge of the present location of such equipment.

    c.  As to the cash in the Debtor's bank account as of the Petition Date, Siskind shall confirm that the funds in the Debtor's bank account as reflected in the Debtor's schedules amounting to $48 were actually the funds of Siskind, and were used after the petition date in this case to pay for the Debtor's post-petition rent.

    d.  As to copies of promissory notes that were made by Christopher George, Siskind shall confirm that true and correct copies of all such notes were previously delivered to the Trustee.

    e.  As to all communications (including emails and text messages) concerning the Debtor, litigation involving the Debtor, or its business and financial affairs, Siskind shall turnover to the Trustee all such emails, by performing an appropriate search of Siskind's email account (both inbox and sent items), without charging the Trustee any fees for such search. In addition, Siskind shall confirm that, to his knowledge, all other documents, other than emails, relating to the Debtor in this category that are presently in Siskind's possession have previously been turned over to the Trustee.

    f.  As to Siskind's litigation file concerning any lawsuit where the Debtor is a party and all attorney-client communications and agreements, no change to paragraph 2.f. of the affidavit is required.

    g.   As to an accounting of all legal fees paid by the Debtor to Siskind or any

other attorney, including any fees paid in connection with litigation or the Debtor's bankruptcy filing, Siskind shall deliver to the Trustee by email a copy of the electronic register for the checks issued by the Debtor. Further, Siskind shall confirm that any funds he received from the Debtor in respect of legal fees are reflected on the Debtor in Possession Operating Reports filed by Siskind in Case No. 18-16248-BKC-MAM and that Siskind never issued any invoices to the Debtor in respect of the legal services he rendered to or for the benefit of the Debtor.

h.  As to copies of Siskind's trust account ledgers and/or bank statements reflecting transactions involving the Debtor, Siskind shall confirm that he is not in possession of such records, as such records were removed from his possession on or about the approximate date to be provided by Siskind.

i.  As to records of any expenditure made by any third party on behalf of the Debtor, Siskind shall confirm that no responsive property or records presently exist, and there are no websites or other applications for bank accounts, or other accounts for which online financial records may be maintained, in either case pertaining to the Debtor, that are presently active, and there are not any currently active user name(s) and/or password(s) pertaining to any such website or other application.

3.  On or before October 19, 2018, Siskind shall provide the Trustee the records and property identified in paragraph 2, *supra*.

4.  Siskind's turnover of any of the foregoing information or records shall be by email transmittal of PDF copies of such information and/or records, to counsel for the Trustee, at jsuarez@gjb-law.com.

# # #

**Submitted by**:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
Attorneys for Chapter 7 Trustee
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Email: jsuarez@gjb-law.com

Jesus M. Suarez Esq., shall serve a copy of this Order on all interested parties and file a certificate of service reflecting same.