

**ORDERED in the Southern District of Florida on October 24, 2018.**

*[signature: Mindy A Mora]*

**Mindy A. Mora, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| CHANCE & ANTHEM, LLC, | Chapter 7 |
| Debtor. / | |

**ORDER GRANTING IN PART AND DENYING IN PART JEFFREY SISKIND'S EMERGENCY MOTION FOR A PROTECTIVE ORDER PROHIBITING THE RELEASE OF CONFIDENTIAL CLIENT FINANCIAL INFORMATION [ECF NO. 121]**

THIS MATTER came before the Court on August 28, 2018 at 10:00 a.m. and again for status conference on October 9, 2018 at 9:30 a.m. upon (1) *Jeffrey Siskind's Emergency Motion for a Protective Order Prohibiting the Release of Confidential Information* (the "Motion") [ECF No. 121] filed by Jeffrey Siskind, Esq. ("Mr. Siskind") and (2) *Chapter 7 Trustee's Response in Opposition to Jeffrey Siskind's Emergency Motion for a Protective Order Prohibiting the Release of Confidential Information* (the "Response") [ECF No. 139] filed by Robert C. Furr (the "Trustee"), Chapter 7 Trustee for the Estate of Chance & Anthem, LLC (the "Debtor"). The

Court, having reviewed and considered the Motion and Response, having heard the representations and agreement of Mr. Siskind and Trustee's counsel, and otherwise being duly advised on the premises, it is:

ORDERED as follows:

1. The Motion in GRANTED, in part, and, DENIED, in part, as set forth herein.

2. The Trustee served a subpoena *duces tecum* pursuant to Federal Rule of Bankruptcy Procedure 2004 on Wells Fargo Bank, N.A. on or about August 2, 2018 ("Subpoena"). Mr. Siskind is an attorney licensed to practice law in Florida and has represented to the Court that some of the documents and information produced by Wells Fargo with respect to an account ending 9721 constitute the banking records of his IOTA Trust Account ("Trust Account"). Further, Mr. Siskind represented that the Trust Account's banking records contain information that should not be publicly disseminated because they contain non-public information concerning his law firm clients (the "Trust Account Records").

3. Within five (5) days of the date of this Order (the "Confidentiality Order"), Mr. Siskind shall designate those Trust Account Records which he contends should not be publicly disseminated as "CONFIDENTIAL."

4. Notwithstanding anything to the contrary contained herein, this Order does not apply to information: (i) that is or becomes generally available to the public other than as a result of a disclosure by a person or entity in breach of this Order; or (ii) that is or becomes available to the receiving Party[1] on a non-confidential basis from a source other than the other Parties hereto, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other Party hereto with respect to such

---

[1] The term "Party" refers to the Trustee, Mr. Siskind or "Qualified Persons" as defined in this Order. The term Parties shall collectively refer to more than one Party.

information.

5. If a Party wishes to designate information derived from Trust Account Records marked as "CONFIDENTIAL," he shall make such designation:

    a. in the case of testimony, at the time the testimony is given by so stating on the record or, within 7 days after the transcript of such testimony is made available to Mr. Siskind by providing to all counsel written notice of those portions of the transcript so designated. The Court Reporter thereupon shall promptly conform the original transcript of such testimony by stamping the word CONFIDENTIAL on each page so designated; and all counsel shall conform their copies of the transcript in accordance with the designation. The portions so designated shall not be utilized or disclosed by any other party, its agents, or its employees except in accordance with the terms of this Confidentiality Agreement and Order. During the 7-day period after the transcript has been made available, all parties shall treat the transcript in its entirety as CONFIDENTIAL; or

    b. in the case of information presented in a pleading or memorandum, at the time when the same is filed;

2. Except as provided below in part (c) of this paragraph, inspection and receipt of all documents designated CONFIDENTIAL, and the disclosure of all Confidential Information contained therein, shall be limited to Qualified Persons. Any Qualified Person who receives or sees any document designated CONFIDENTIAL (or any copy or portion thereof) shall not show or provide that document (or any copy or portion thereof) to any person who is not a Qualified Person, and shall not disclose any Confidential Information in that document to any person who is not a Qualified Person. All documents designated CONFIDENTIAL, and all Confidential Information therein, shall be held in strict confidence by those Qualified Persons who receive or see them, shall be used solely in connection with this Bankruptcy Case, and shall not be used for any other purpose (including but not limited to commercial, business, competitive or other purposes), for any reason whatsoever, without the prior written consent of the designating Party, and shall be disclosed to no one except Qualified Persons.

   a. As used herein, "Qualified Persons" means: (1) counsel representing the Trustee and Mr. Siskind; (2) outside expert witnesses or consultants retained by a party for purposes of this matter including the Trustee's forensic accountants at the offices of Glass Ratner and Alan Barbee, CPA (including necessary staff in the expert's or consultant's employ); (3) the parties themselves and key employees of the parties who have responsibility for directing or assisting the parties in the administration of this bankruptcy case and related litigation; (4) court reporters, the Court and the Court's personnel; (5) witnesses to whom documents designated CONFIDENTIAL (or Confidential Information contained therein) are disclosed in connection with preparation for deposition or other testimony, but only to the extent counsel making the disclosure believes in good faith that the disclosure is necessary in connection with such preparation; and (6) witnesses to whom documents designated CONFIDENTIAL are disclosed during deposition or other testimony, but only to the extent counsel making the disclosure believes in good faith that the disclosure is necessary in connection with such testimony;

   b. Any and all copies of documents designated CONFIDENTIAL, and of all transcripts or testimony designated CONFIDENTIAL, shall at all times only be kept in the possession of Qualified Persons, and no Qualified Person shall show or otherwise disclose any Confidential Information or document designated CONFIDENTIAL to any person who is not a Qualified Person;

  3. During the disclosure of any document designated CONFIDENTIAL at a deposition, attendance at that deposition shall be restricted to Qualified Persons to whom disclosure is permitted under this Confidentiality Agreement and Order. Any witnesses with whom CONFIDENTIAL DOCUMENTS are shared, either in the course of the Trustee's investigation or in the course of a deposition or other testimony, shall be bound by the confidentiality provisions of this Confidentiality Order, and shall be subject to appropriate sanctions by the Court if the Confidentiality Order is violated by any such witness.

  4. If any party wishes to file with the Court any document designated CONFIDENTIAL under this Confidentiality Order at the time of such filing, it must file the document under seal or pursuant to an application to seal the document pursuant to the rules and procedures of the Court.

  5. Nothing in this Confidentiality Order shall limit any of the parties from challenging designations of confidentiality under this Confidentiality Order, or from requesting

4

the Court to provide further or additional protections of confidentiality, or from agreeing between themselves to any modification of this Confidentiality Order subject to approval of the Court.

6. If any party objects to the designation of any material as "CONFIDENTIAL," the objecting Party will make a good faith effort to first meet and confer in an effort to resolve the dispute. If the parties are unable to resolve the dispute, then, the complaining Party shall apply to the Court for a determination in accordance with Florida law and the standards set forth in this Confidentiality Order.

7. A failure of a party to challenge a designation of confidentiality when made shall not be a waiver of that party's right to later assert that the information actually is not confidential or entitled to the protection of this Confidentiality Order. The contested information and documents shall retain their protected confidential status pending resolution of the dispute.

8. The restrictions set forth in any of the preceding paragraphs shall not apply to information in a document designated CONFIDENTIAL if it has been challenged and the non-challenging party does not timely and successfully establish the propriety of the CONFIDENTIAL information or the Court determines that the information in that document which had been designated as constituting CONFIDENTIAL information:

    a. is not entitled to the protection provided in this Confidentiality Order under the standards set forth in this Confidentiality Order; or
    b. was previously rightfully and fairly known to, or becomes rightfully and fairly known to the recipient from any source independent of and not originating with the disclosing parties; or
    c. was already in the public domain; or
    d. becomes published or in the public domain through actions not attributable to the receiving party or otherwise in breach of this Confidentiality Order.

9. In the event a party receives a subpoena or other request in another proceeding to produce a document designated CONFIDENTIAL, or to otherwise disclose any Confidential

Information contained in such a document, the party receiving the subpoena or request shall promptly provide to the party designating such document as CONFIDENTIAL written notice of the subpoena or request, and shall not produce the document or disclose the information until the designating party (i) has had a reasonable time to object or take other appropriate steps to protect the document or information, and any such objection or other challenge to the production or disclosure has been adjudicated, (ii) has expressly stated in writing to the party receiving the subpoena or request that it will not object to production of the document or disclosure of the information; or (iii) is compelled by a Court Order to produce the Confidential Information.

10. This Court shall have continuing jurisdiction to resolve any dispute among the parties with respect to this Confidentiality Order, and to determine and impose sanctions or other relief against the parties, their counsel, or any Qualified Persons for violating this Confidentiality Order. Any Party may seek relief from this Order from the Bankruptcy Court.

# # #

**Submitted by:**

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
Attorneys for Chapter 7 Trustee Robert C. Furr
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Email: jsuarez@gjb-law.com


Jesus M. Suarez Esq., shall serve a copy of this Order on all interested parties and file a certificate of service reflecting same

## **CERTIFICATION**

I, _____ on behalf of _____, have been provided a copy of the October \_\_, 2018 Confidentiality Agreement and Order regarding the use of <u>Trust Account Records</u> documents produced by Wells Fargo Bank, N.A. (as such terms are defined in the Confidentiality Order).

I hereby certify that I shall abide by all of the terms and conditions of the Confidentiality Order.

I further certify that I shall not disseminate, discuss, disclose or reveal any documents or other materials marked "Confidential" subject to the terms of the Confidentiality Order, except under the terms and conditions contained therein.

I acknowledge that any of the parties to the Confidentiality Agreement and Order have the right to seek enforcement of the Confidentiality Agreement and Order and this Certification in the United States Bankruptcy Court for the Southern District of Florida (the "<u>Bankruptcy Court</u>"), and I stipulate to the jurisdiction of the Bankruptcy Court solely with respect to the provisions of the Confidentiality Order. .

By:_____

Printed Name: _____

Title/Company:_____

Date:_____