UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                                    Chapter 7

     Debtor.
_____/

**CHAPTER 7 TRUSTEE'S RESPONSE
TO EMERGENCY MOTION FOR PROTECTIVE
ORDER CONCERNING CANNAMED PHARMACEUTICALS, LLC [ECF No. 176]**

ROBERT C. FURR, the Chapter 7 Trustee for the above styled Debtor, Chance & Anthem, LLC (the "Debtor"), files his Response (the "Response") to the Motion for Protective Order filed by Jeffrey M. Siskind individually and as the alleged managing member of Cannamed Pharmaceuticals, LLC ("Movant" or "Siskind")[ECF No. 176]. In support of the Response, the Trustee states as follows:

**Introduction**

1. The Trustee's investigation to date reveals that the Debtor was little more than one of many artifices, including Cannmed Pharmaceuticals, LLC ("Cannamed"), that were by Jeffrey Siskind to part ''investors'' from their money. To date, Siskind has refused to provide any meaningful information concerning the Debtor's right, title and interest in Cannamed. Mr. Siskind has valued the Debtor's interest in Cannamed at $28 million [ECF No. 24].

2. The Motion requests the Court (i) reschedule Cannamed's Rule 2004 examination; and (ii) protect the production of documentation concerning the Debtor's interest in Cannamed on account of the attorney-client privilege and other inapplicable arguments.

3. The request to reschedule the examination is moot by the passage of time. There is no basis to grant protection from the Rule 2004 examination.

**The Relief Requested**

4. The Trustee respectfully requests the Court enter an order compelling Cannamed comply with the Rule 2004 Examination and order it to (i) produce responsive documents immediately; and (ii) appear for an oral examination on a date and time certain.

5. The discovery sought by the Rule 2004 examination is necessary and appropriate in this case. Rule 2004 authorizes this Court to Order the examination of any entity relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Local Rule 2004-1 allows the Trustee to issue a Rule 2004 subpoena without Order of the Court.

6. The scope of a Rule 2004 examination is unfettered and broad. "In general, a large latitude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealings, or otherwise, for the purpose of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor. . . . The examination . . . is of necessity to a considerable extent a fishing expedition." *In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899). It may be "exploratory and groping". *Sachs v. Hadden*, 173 F.2d 929, 931 (2d Cir.1949). "[T]he breadth of the language employed in the Rules so all-encompassing as semantically to include and encourage harassment on every human subject." *In re Georgetown of Kettering*, 17 B.R. 73, 75 (Bankr. S.D. Ohio 1981).

7. Cannamed is intimately related to the Debtor. In fact, Siskind claims that the Debtor's interest in Cannamed is its sole asset. There is simply no good reason why Cannamed should not comply with the Rule 2004 exam.

8. There is no legitimate claim of privilege. As a threshold matter this argument should be viewed in the light of the fundamental principle that "the party invoking the privilege has the burden of establishing the existence of the attorney-client relationship and the

confidential nature of the communication." *In re Grand Jury Proceedings* (*Freeman*), 708 F.2d 1571, 1575 (11th Cir.1983), citing United States v. Kelly, 569 F.2d 928, 938 (5th Cir.) cert. denied 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1978).  Mr. Siskind fails to make either showing.

9. Mr. Siskind has also failed to provide privilege log concerning any documents he claims should be protected by a privilege.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order granting the relief sought herein, and for such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted on November 8, 2018.

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Attorneys for Chapter 7 Trustee*
        Miami Tower- 44th Floor
        100 S.E. Second Street
        Miami, Floirda 33131
        Telephone: (305) 349-2300
        Facsimile: (305) 428-8831

        By: /s/ *Jesus M. Suarez*
            Jesus M. Suarez, Esq.
            Florida Bar No. 60086
            jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon all creditors and parties in interest registered to receive electronic notice via the Court's Case Management/Electronic Case Filing System as reflected on the attached Service List below on this 8th day of November, 2018.

        /s Jesus M. Suarez
        Jesus M. Suarez, Esq.

## SERVICE LIST

*Parties to receive electronic notice via CM/ECF*

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com

Steven S. Newburgh: snewburgh@mclaughlinstern.com

Office of the US Trustee: USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind: jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq: syoung@ybplaw.com