UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 18-16248-BKC-MAM
                                                    Chapter 7
CHANCE & ANTHEM, LLC,

     Debtor.

_____/

ROBERT C. FURR not individually but                 ADV. NO.
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

     Plaintiff,

v.


OCEAN REEF CLUB, INC.

     Defendant.

_____/

**ADVERSARY COMPLAINT TO AVOID AND TO
RECOVER AVOIDABLE TRANSFER AND FOR OTHER RELIEF**

     Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of

the bankruptcy estate of the Debtor, Chance & Anthem, LLC ("Chance" or the "Debtor"), files

this Adversary Complaint against Defendant Ocean Reef Club, Inc. ("Defendant") to avoid and

to recover an avoidable transfer from the Debtor to the Defendant pursuant to Sections 544, 548,

and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Chapter 726 of the

Florida Statutes, and for other relief under federal common law, and says:

## THE PARTIES, JURISDICTION AND VENUE

1.      On January 29, 2018, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code") [ECF No. 1] in the United States Bankruptcy Court for the District of Maryland.

2.      On January 29, 2018, George W. Liebman was appointed Chapter 7 Trustee in the District of Maryland.

3.      On March 17, 2018, a section 341 Meeting of Creditors was held in the District of Maryland.  The Debtor failed to appear.

4.      On May 24, 2018, A Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida.

5.      On May 25, 2018, Robert C. Furr was appointed as the Chapter 7 Trustee.  A section 341 Meeting of Creditors occurred on July 9, 2018 at 8:30 am in the Southern District of Florida, West Palm Beach Division.  The Debtor appeared through its sole managing member Jeffrey Siskind (Siskind).

6.      Defendant is incorporated and/or organized under Florida law is otherwise *sui juris*.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

8.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H) and (O).  The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>FACTS SUPPORTING THE CLAIMS</u>

**A.      The Debtor's Scheme.**

10.      Jeffrey Siskind is an attorney licensed in Florida since 1998.   Siskind was the sole member and control person of the Debtor.   Siskind contends that the Debtor's business affairs consisted of two primary ventures: (1) serving as a funding vehicle for a cannabis business in Maryland in exchange for 75% of the membership interests in that business; and (2) renovating a home in Wellington, Florida.

11.      In truth, Siskind used the Debtor in concert with its alter-egos to divert over $3 million of investor, creditor and client funds and real estate for his benefit and the benefit of others.  Siskind, acting in concert with others, later concealed the value of these diverted assets through a series of transactions involving corporate entities.  During the course of most of these transactions, Siskind was a Chapter 11 debtor before this Court.  *In re Siskind*, Case No. 13-13096-MAM.  Siskind failed to properly disclose his interest in these transactions during his five (5) years as a debtor.

12.      The Trustee's investigation, to date, reveals that Siskind transferred his clients' and investors' funds indiscriminately between entities that he controls and were not used for legitimate business purposes.  For example, Siskind used investor monies to (i) transfer over $800,000 to himself; (ii) make payments in excess of $175,000 in connection with airplanes not owned or operated by the Debtor; (iii) inexplicably transfer over $160,000 into his IOTA Trust account; (iv) fund a series of cash withdrawals in excess of $119,769; and (v) place millions of dollars of real estate in the hand of his associates and nominees.

B.      **Chance & Anthem and CannaMed Pharmaceuticals, LLC**

13.     The Debtor purports to have been in the medical cannabis business through its ownership of CannaMed Pharmaceuticals, LLC ("CannaMed").   The Debtor has valued its interest in CannaMed at over $28 million.  Yet, on the Petition Date, the Debtor only had $48 in its checking account and approximately $150 worth of office equipment.

14.     The Debtor paid many of CannaMed's expenses and appears to have made itself liable for a number of "loans" or "investments" acquired by Defendant Siskind purportedly for use in CannaMed.  In a recent court filing, Siskind identified litigation involving CannaMed as "the Debtor's only asset."  *See* Bankruptcy Petition No. 18-11168 (Bankr. D. Md.) at ECF No. 81, ¶7.

15.     The Debtor's bankruptcy schedules reflect that it received in excess of $1.3 million from third parties purportedly to assist it with its cannabis business[1]:  Among these creditors are (a) Frederick Volkwein ($500,000); (b) Richard Neff ($526,000); (c) ABK South Properties, LLC ($250,000); (d) Gen VC, LLC ($100,000); and (e) Richard Bell ($50,000).

16.     Like the Debtor, CannaMed never operated a bona fide business.  In truth, it was little more than a shell used by Defendant Siskind to defraud creditors, conceal assets, and facilitate his use of assets placed in his trust by clients and investors.

C.      **The Transfer from the Debtor to the Defendant.**

17.     In the four year period preceding the Petition Date, the Debtor made the transfer reflected on the Schedule attached hereto as Exhibit A (the "Transfer"), which is incorporated herein by this reference, to the Defendant.

---

[1] The Trustee's investigation into the extent, validity and priority of the Investments is ongoing and remain subject to further diligence and reconciliation.  The Trustee reserves all rights with respect to the foregoing claims, including but not limited to the right to seek to subordination or disallowance of any claim that is filed against the bankruptcy estate.

18.     The Transfer constituted a transfer of an interest of the Debtor in property within the meaning of Chapter 5 of the Bankruptcy Code, Chapter 726 of the Florida Statutes, and other applicable law. For the reasons stated above and in the applicable counts set forth below, the Transfer is partially or entirely subject to avoidance and recovery by the Plaintiff for the benefit of the Debtor's creditors.

19.     The Transfer was made by the Debtor to satisfy a personal expenditure of Jeffrey Siskind or otherwise; and as a result the Debtor did not receive any value in exchange for the Transfer.  Specifically, the Transfer at issue was used to pay for Siskind's personal expenses in connection with Ocean Reef Club in the Florida Keys and the Debtor did not receive any reasonably equivalent value.

**D.**     **Conditions Precedent**

20.     All conditions precedent to the institution of this action have been performed, have occurred, have been waived or have otherwise been excused.

**E.**     **The Causes of Action**

**COUNT I**
**Action to Avoid and Recover Fraudulent Transfer Pursuant**
**to 11 U.S.C. §§ 544 and Chapter 726 of the Florida Statutes**

The Trustee sues the Defendant and alleges:

21.     The Trustee repeats and re-alleges paragraphs 1 through 20 of his Complaint as if fully set forth herein.

22.     This is an adversary proceeding to recover an avoidable transfer pursuant to 11 U.S.C. §544(b)(1) and 550 of the Bankruptcy Code and Chapter 726, et. seq., Florida Statutes.

23.     Pursuant to 11 U.S.C. §544, the Debtor may avoid any transfer made for less than reasonably equivalent value that were made when the Debtor was insolvent, or caused the

insolvency of the debtor under Florida law.

24.    Section 726.105(1)(b), Florida Statutes, provides:

(1)    A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made or the transfer or incurred the obligation:

* * *

(b) without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(2) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

25.    Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; (2) any immediate or mediate transferee of such initial transferee; or (3) any commercial conduit lacking good faith in receipt of such property.

26.    The Transfer reflected in the attached Exhibit "A" constitutes the transfer of an interest in property of Chance to the Defendant as set forth therein within four years (under Chapter 726 of the Florida Statutes) prior to the Petition Date.

27.    As a result of the Transfer, the Debtor has been damaged and pursuant to 11 U.S.C. §544(b) and §726.105(1)(b), Fla. Stat., the Trustee  may recover the total value of the Transfer.

28.     The Defendant was either the initial transferee, or immediate or mediate transferee of such initial transferee and was otherwise the beneficiary of the Transfer as described herein, for whose benefit the Transfer was made and, as a result, the Debtor is entitled to recover the Transfer as voidable pursuant to 11 U.S.C. §550(a)(1).

WHEREFORE, the Trustee respectfully requests this Court  enter a judgment against the Defendant, that: (i) avoids the Transfer to the Defendant and recovers same for the benefit of the estate; (ii) awards to the Trustee the amount or value of the Transfer, plus pre-judgment and post-judgment interest and costs; (iii) disallows any claim that the Defendant may have against the Debtor; and (iv) awards any other relief the Court deems appropriate.

## COUNT II
## UNJUST ENRICHMENT

The Trustee sues the Defendant and alleges:

29.     The Trustee re-alleges paragraphs 1 through 20 above as if fully set forth herein.

30.     The Trustee sues Defendant for unjust enrichment.

31.     The Debtor conferred a benefit on Defendant by making the Transfer to the Defendant.

32.     The Defendant knowingly and voluntarily accepted and retained the benefit conferred by the Debtor.

33.     The circumstances are such that it would be inequitable and unjust for Defendant to retain the benefit conferred by the Debtor without paying the Trustee the value thereof.

34.     The Defendant has been unjustly enriched at the expense of the Debtor.

35.     The Trustee is entitled to the return of those amounts in which Defendant was unjustly enriched through disgorgement or any other appropriate remedy.

WHEREFORE, the Trustee respectfully requests this Court enter a judgment against the Defendant, in the amount in which it was unjustly enriched, together with interest and costs, and for such further relief as the Court may deem just and proper.

**F.      Reservation of Rights**

36.      The Trustee reserves his right to amend this Complaint to assert any additional claims for relief against the Defendant as may be warranted under the circumstances allowed by law.

Respectfully submitted this 6th day of August, 2019.

GENOVESE JOBLOVE & BATTISTA, P.A.
Special Counsel to the Chapter 7 Trustee
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:/s/  Jesus M. Suarez
          John H. Genovese, Esq.
          Florida Bar No. 280852
          jgenovese@gjb-law.com
          Jesus M. Suarez, Esq.
          Fla. Bar No. 60086
          jsuarez@gjb-law.com

# EXHIBIT "A"

Ocean Reef Club

**Chance & Anthem, LLC ("Debtor"), Case No.: 18-16248-BKC-MAM**

**Detail of Disbursements - Ocean Reef Club**

| Bank | Type | Date | Check No. | Received From/ Payee | Disbursement/ Debit |
|------|------|------|-----------|----------------------|---------------------|
| SunTrust 6688 | Check | 12/1/2014 | 1003 | Ocean Reef Club | $  13,233.88 |
| | | | | **Ocean Reef Club Total** | **$  13,233.88** |