UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CHANCE & ANTHEM, LLC,                                    CASE NO. 18-16248-BKC-MAM

               Debtor.                                            Chapter 7
_____/

ROBERT FURR,

               Plaintiff,
v.                                                                      ADV. NO. 19-01298-MAM

ROBERT GIBSON, et al.,

               Defendants.
_____/

**NOTICE OF DEPOSITION *DUCES TECUM* OF ROBERT ALLEN GIBSON
PURSUANT TO F. R. CIV. P. 30 AND F. R. BKR. P. 7030 AND LOCAL RULE 7030-2**

TO:    Robert Allen Gibson
       1709 22nd Avenue North
       Lake Worth, FL  33460

     **PLEASE TAKE NOTICE** that Jeffrey M. Siskind, a Defendant in the above styled Adversary matter, and as counsel for defendant Sovereign Gaming & Entertainment, LLC and pursuant to Federal Rule of Civil Procedure 30, as applicable to Federal Rule of Bankruptcy Procedure 7030 and Local Bankruptcy Rule 7030-2, will examine the following person under oath, at the following date, time and location (the "Examination"):

        **EXAMINEE**:       **Robert Allen Gibson**

        **DATE**:            **September 5, 2019**

        **TIME:**            **10:00 a.m. (E.T.)**

        **LOCATION**:      **Suite 304**
                             **4400 PGA Boulevard**
                             **Palm Beach Gardens, FL  33410**

The Examination is being conducted pursuant to Federal Rule of Civil Procedure 30, as applicable to Federal Rule of Bankruptcy Procedure 7030 and Local Bankruptcy Rule 7030-2, and will be taken before an officer authorized to record the testimony.  The scope of the Examination shall be in accordance with the Federal Rules of Bankruptcy Procedure. If the Examinee requires an interpreter, it is the Examinee's responsibility to engage the employment of such interpreter to be present at the Examination.

The Examination is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue day to day until completed.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The Examinee shall produce those documents, records and ESI (collectively, the "Documents") listed in the attached **Schedule "A"** to Jeffrey M. Siskind, Esq. at the date and time of the Examination.

Dated this 17th day of August, 2019

**S I S K I N D   L E G A L**

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL  (561) 791-9565
FAX  (561) 791-9581
Email:jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on August 17, 2019 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or U.S. Mail or Personal Service of Process as reflected on the Service List below.

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire

## SERVICE LIST

## SERVED ELECTRONICALLY VIA CM/ECF

Robert C Furr: danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com

Steven S. Newburgh: snewburgh@mclaughlinstern.com

Office of the US Trustee: USTPRegion21.MM.ECF@usdoj.gov

Jeffrey M Siskind: jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjblaw.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart Young, Esq.: syoung@ybplaw.com

## SERVED VIA PERSONAL SERVICE OF PROCESS

CannaMed Pharmaceuticals, LLC
c/o Jeffrey Marc Siskind 3465
Santa Barbara Drive
Wellington, Florida 33414

## *SERVED VIA U.S. REGULAR MAIL*

Alan Barbee
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

Robert Grossbart
One N. Charles Street, Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky
1615 Forum Pl #3-A
West Palm Beach, FL 33401

<u>**SCHEDULE "A"**</u>

I.    <u>**DEFINITIONS**</u>.

    **A.**    The term "**Debto**r" means the Chapter 7 Debtor, **Chance & Anthem, LLC**, and any person, agent, attorneys, and all other persons acting or purporting to act on behalf of Chance & Anthem, LLC or control of the Debtor.

    **B.**    The term "**Petition Date**" means the date of the filing of the above Chapter 7 bankruptcy case (the "Bankruptcy Case") filed by the Debtor on January 29, 2018.

    **C.**    The term "**You" and "Your**" means **ROBERT ALLEN GIBSON** and all of its authorized employees, agents, or others purporting to act on their behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

    **D.**    The term "**Schedules**" means the Schedules, including the Statement of Financial Affairs ("SOFA"), and any amendments or supplements thereto, filed by the Debtor in connection with the Bankruptcy Case.

    **E.**    The term "**Trustee**" means Robert C. Furr as Chapter 7 Trustee of the bankruptcy estate of Chance & Anthem, LLC  in the bankruptcy case *In re:  Chance & Anthem, LLC ; Case No.:* 18-16248-MAM and any agent, attorney, or employee, and all other persons acting or purporting to act on the Trustee's behalf, or under the Trustee's authority or control.

    **F.**    The term "**Business Entities**" collectively means any and all corporations, limited liability companies, partnerships, limited partnerships and/or any other business entities listed or identified in the Schedules and, including SOFA (collectively, the "Schedules") and any shareholder, principal, member, manager, agent, officer, director, employee, and all other persons acting or purporting to act on behalf of the Business Entities, or under the Business Entities' authority or control.

    **G.**    The term "**Leased Property**" means any real property leased by the Debtor or to which the Debtor has been a party, and/or guarantor as of the petition date.

    **H.**    The term "**Properties**" means any and all real properties, whether or not listed in the Schedules, in which the Debtor has or had a legal, beneficial and/or equitable interest, either directly or indirectly, as of the Petition Date.

    **I.**    The term "**Account**" means any and all bank accounts including but not limited to, savings, checking, money market, certificate of deposit, trust, escrow, investment and/or other such accounts in which the Debtor has an interest or signing authority either prior to and/or as of the Petition Date.

    **J.**    The term "**Source**" means the origination of any and all funds, monies, payments, dividends, cash and other consideration, which was derived, received and/or obtained from an investment; distribution as a member, officer and/or shareholder of a firm, corporation,

partnership, limited partnership and/or limited liability company; employee salary, benefit and/or bonus; inheritance or gift; liquidation of assets, real and personal property or accounts; and/or other form, disposition or acquisition of property.

**K.**    "**Transfer(s)**" shall mean any exchange, remittance, disposition, sale, purchase, acquisition, payment, debit, credit, deposit, gift, of cash, checks, securities, commodities, negotiable instruments, real property, physical items, extensions of credit (loans, credit cards, notes, etc.), or anything of value by any means, including, but limited to, transfer by wire, mail, e-mail, facsimile or physical delivery.

**L.**    The term "**Document**" or "**documents**" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including Electronically Stored Information ("ESI"). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions.

**M.**    The terms "**Communication**" or "**communications**" means any verbal, written and/or electronic means of conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

**N.**    The term "**ESI**" means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

**O.**    The terms "**support**," "**evidence**," "**evidencing**," "**relate to**," "**relating to**," "**related to**,""**referred to**," "**concerning**," "**pertaining to**," "**involving**" and "**regarding**" shall mean

anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

      **P.**    The conjunctions "**and**" and "**or**" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Interrogatory.

      **Q.**    The terms "**any**" and "**all**" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

      **R.**    The phrase "**possession**, **custody, or control**" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

      **S.**    The term "**Person**" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

      **T.**    Except as to the use of term "**affiliate**," all legal terms used herein shall be defined as they are defined in 11 U.S.C. §101.

      **U.**    Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

      **V.**    Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## II.    <u>INSTRUCTIONS</u>.

      1.    The relevant time period of these requests is for the past four (4) years (the "Discovery Period"), unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to that period.

      2.    In producing documents, you shall produce documents in full, without abridgement, abbreviation or editing of any sort.

      3.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the

document request shall be supplemented forthwith pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

4.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

5.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

1.    The names of the authors of the document;
2.    The names of the persons to whom the documents or copies were sent;
3.    The date of the document;
4.    The date on which the document was received by each addressee, copyee or its recipients;
5.    A description of the nature and subject matter of the document that is as complete as possible;
6.    The date on which the document was lost, discarded or destroyed; and
7.    The manner in which the document was lost, discarded or destroyed.

6.    If you object to furnishing any requested document on the ground of privilege, immunity, work product or otherwise, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.    The names of the senders of the document;
2.    The names of the authors of the document;
3.    The names of the persons to whom the document or copies were sent;
4.    The job title of every person named in subparagraphs 1, 2 and 3 above;
5.    The date of the document;
6.    The date on which the document was received by each addressee, copyee or its recipient;
7.    A brief description of the nature and subject matter of the document; and 8.
8.    The statute, rule or decision which is claimed to give rise to the privilege.

7.     The requirements set forth in Subsection F above, shall not constitute a waiver of your obligation, or the requesting party's right, to demand a timely and legally sufficient privilege log, or the remedies for your non-production of such privilege log.

8.     Notwithstanding your objection, you must disclose any objected to evidence containing non-objectionable matter which is relevant and material to these discovery requests, but you may withhold the portion for which you assert the objection, subject to further request or motion, provided that you furnish the above-requested identification.

9.     If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

10.     All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein above in Part I of this Request.

11.     Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

12.     The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

13.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

### III.     <u>DOCUMENTS TO BE PRODUCED.</u>

1.     Any and all communications between You and the Trustee.

2.     Any and all communications between You and Steven Newburgh.

3.     Any and all communications between You and any Person regarding the real property located at 3485 Lago De Talavera, Lake Worth, Florida  33467.

4.     Any and all communications between You and George Maler.

5.     Any and all communications between You and Christopher George.

6.     Any and all communications between You and John George.

7.     Any and all communications between You and Sofiye Williams.

8.     Copies of any and all lease agreements, leases, lease option agreements, guarantees, addendums, and/or security agreements between the that refer and/or relate to the real property located at 3485 Lago De Talavera, Lake Worth, Florida  33467.

9.     Any and all documents, including but not limited to, ledger, reconciliation statement, banking, checking, trading and savings account statements from any financial, investment and/or lending institution; Quickbooks (or other accounting program), canceled checks from any checking, operating, trust and/or escrow accounts, check books, drafts, cash receipts, deposit slips, wire transfers, statements of account, account value summaries from any banking, investment and financial institutions; investment and stock trading account statements, summaries and reports; and/or any other papers and instruments of any kind or nature that refer, relate to and evidence payments made by You to George Maler or by George Maler to You.

10.    Any and all documents, including but not limited to, ledger, reconciliation statement, banking, checking, trading and savings account statements from any financial, investment and/or lending institution; Quickbooks (or other accounting program), canceled checks from any checking, operating, trust and/or escrow accounts, check books, drafts, cash receipts, deposit slips, wire transfers, statements of account, account value summaries from any banking, investment and financial institutions; investment and stock trading account statements, summaries and reports; and/or any other papers and instruments of any kind or nature that refer, relate to and evidence payments made by You to Ronald B. Springer or by Ronald B. Springer to You.

11.    Any and all documents which evidence any litigation matters to which You are currently a party.