UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 18-16248-BKC-MAM
                                                          Chapter 7

CHANCE & ANTHEM, LLC

     Debtor.

_____/

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND
COMPROMISE WITH ADVERSARY DEFENDANTS WELLINGTON 3445, LP;
ZOKAITES PROPERTIES, LP; OB REAL ESTATE 1732, LLC;
AND NON-PARTY FRANK ZOKAITES**

> **Any interested party who fails to file and serve a written response to
> this motion within 21 days after the date of service stated in this
> motion shall, pursuant to Local Rule 9013-1(D)(1), be deemed to have
> consented to the entry of an Order in the form attached to this
> motion.  Any scheduled hearing may then be cancelled.**

     **ROBERT C. FURR** (the "Trustee"), not individually but as Chapter 7 Trustee of the

Bankruptcy Estate of the Debtor, Chance & Anthem, LLC (the "Debtor") by and through

undersigned counsel, pursuant to Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-

1, hereby files this Motion to Approve Settlement and Compromise with Adversary Defendants

Wellington 3445, LP; Zokaites Properties, LP; and OB Real Estate 1732, LLC; and Non-Party

Frank Zokaites (collectively referred to as the "Settling Parties") (the Settling Parties are together

with the Trustee, the "Parties," or each individually, "Party") and in support of thereof states as

follows:

**BACKGROUND**

     1.     On January 29, 2018 (the "Petition Date") the Debtor, Chance and Anthem, LLC

("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the

"Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2.      On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3.      On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

4.      On August 6, 2019, the Trustee commenced an adversary proceeding to Avoid and Recover Avoidable Transfer and For Other Relief (Case No. 19-01298-MAM) (the "Adversary Proceeding") [ADV. ECF No. 1] against the Settling Parties (among others).

5.      On November 1, 2019, the Trustee filed his Amended Adversary Complaint [Adv. ECF No. 95] that, among other things, dismissed claims against Frank Zokaites and certain other claims against the Settling Parties.

6.      The Parties have engaged in good faith settlement discussions concerning the issues raised in the Adversary Proceeding.  The Settling Parties have advised the Trustee that they deny all liability, but have reached a settlement as a matter of convenience, and in order to avoid the high costs of litigation, have agreed to the following settlement annexed hereto as **Exhibit "A".**

7.      A brief explanation of the principal terms of the settlement is set forth below. Parties in interest are encouraged to read the settlement agreement carefully; in the event of an inconsistency between the terms of the settlement agreement and this Motion, the terms of the written settlement agreement shall control.

## THE SETTLEMENT

The Parties reached a settlement on January 17, 2020 at mediation with the Judge Herbert Stettin (Retired).  The principal terms of the Trustee's settlement with the Settling Parties are as follows:

a.   The Settling Parties have paid the Trustee $21,000 (the "Settlement Amount") to be held in trust pending approval of the Settlement Agreement.

b.   This Settling Parties agree to vacate Paragraph 2 of the Bankruptcy Court's September 11, 2019 [ECF No. 25] concerning the Talavera House.

c.        In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor and including any parties that may be substantively consolidated in the future, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or its estate may hold against the Settling Parties and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Parties, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement. For the avoidance of

doubt, any adversary defendant that is not a party to this settlement agreement shall not be a beneficiary of this release.

In consideration of the foregoing, the Settling Parties and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Parties, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.  For the avoidance of doubt, this release does not waive the claim filed by Frank Zokaites against the bankruptcy estate, docketed in the Claims Register as Proof of Claim Number 7.

d.    Within 5 days of the date of this Settlement Agreement, the Trustee shall file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. Upon an order of the Bankruptcy Court approving this Settlement Agreement and it becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Settling Parties from the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

## **LEGAL ARGUMENT AND CITATION TO AUTHORITY**

8.    Fed. R. Bankr. P. 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."  Fed. R. Bankr. P. 9019(a).

9.    Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).  The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement.  *See, e.g., Protective Comm. for Indep.  Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom., Cosoff v. Rodman*, 464 U.S. 822 (1983); *Fla. Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).  The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness.  *See W.T. Grant Co.*, 699 F.2d at 608.

10.    In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

11.    In evaluating the settlement, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a

pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

12.     In applying the foregoing factors, the Trustee respectfully submits that the settlement agreement falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.

13.     The litigation claims filed by the Trustee against the Settling Parties present novel issues of law and fact.  The Settling Parties have presented the Trustee with significant evidence of their legal and equitable defenses.  The Trustee asserts that the Settlement Agreement will cause payment of meaningful funds to the bankruptcy estate at a relatively early stage in the litigation, will eliminate the risk and high expense of protracted litigation, as well as the uncertainty attached to the outcome.

14.     The Settling Parties consist of an individual and his closely held businesses.  Any judgment obtained against the Settling Parties would ultimately be subject to significant collection risk.

15.     Furthermore, the Trustee's claims to recover certain transfers to the Settling Parties in the Adversary Proceeding are subject to competing claims made by creditors in State Court.  The Trustee's dismissal of claims against the Settling Parties will allow for the litigation between those parties to resume, as may be appropriate, in State Court.

16.     Finally, the resolution of claims against the Settling Parties will narrow issues and claims remaining for trial against non-settling defendants in the Adversary Proceeding.

17.     In applying the foregoing factors, the Trustee respectfully submits that the settlement agreements falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.  While the professionals for the settling parties all feel

strongly about their respective litigation positions, it is in the best interests of the bankruptcy estate to seek approval of the Settlement Agreement under the facts and circumstances of this case.

18.     Based upon the foregoing, the Trustee respectfully requests that the Settlement Agreement be approved. A proposed order approving the settlement agreement is attached as **Exhibit "B".**

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) approving the terms of the settlement agreement described herein; (ii) authorizing the parties to take any and all action and execute any and all documents necessary to effectuate the terms of the settlement agreement; (iii) reserving jurisdiction to enforce and interpret the terms of the settlement agreement; and (iv) awarding for any additional relief as the Court deems just and appropriate.

Dated:  January 22, 2020

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel to the Chapter 7 Trustee*
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:/s/  Jesus M. Suarez
       John H. Genovese, Esq.
       Florida Bar No. 280852
       jgenovese@gjb-law.com
       Jesus M. Suarez, Esq.
       Fla. Bar No. 60086
       jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all parties in interest registered to receive electronic notification on this matter and/or via U.S. Mail as indicated on the Service List below on this 22nd day of January, 2020.

By:/s/  Jesus M. Suarez
Jesus M. Suarez, Esq.

## SERVICE LIST

***Served via CM/ECF Notification upon:***

Julie Feigeles on behalf of Defendant OB Real Estate Holdings 1732, LLC
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Wellington 3445, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Zokaites Properties, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Robert C Furr danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Samantha T Haimo on behalf of Defendant OB Real Estate Holdings 1732, LLC
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Zokaites Properties, LP
sth@womenatlawfl.com, way@swlawyers.law

Philip B Harris on behalf of Defendant Advanced Avionics, LLC philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions,
Incorporated philip@philipbharris.com

Philip B Harris on behalf of Defendant OB Real Estate Holdings 1732, LLC philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc. philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias syoung@ybplaw.com

***Notice will be served via U.S. Mail upon:***

Frank Zokaites
375 Golfside Drive
Wexford, PA 15090

Robert Gibson
1709 22 Ave N
Lake Worth, FL 33460

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street, Suite 1214
Baltimore, MD 21201

Robert Grossbart on behalf of Creditor Frederick Volkwein
Grossbart, Portney & Rosenberg
One N. Charles Street, Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky on behalf of Creditor Sarenil Associates
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Richard P. Zaretsky on behalf of Creditor Frederick Volkwein
1615 Forum Pl #3-A
West Palm Beach, FL 33401

**And all Parties on the Attached Creditor's Mailing Matrix**

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 18-16248-BKC-MAM
                                                Chapter 7
CHANCE & ANTHEM, LLC,

        Debtor.
_____/

ROBERT C. FURR, not individually but            ADV. NO. 19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

        Plaintiff,
v.

WELLINGTON 3445, LP,
ZOKAITES PROPERTIES, LP, AND
OB REAL ESTATE 1732, LLC.

        Defendants.
_____/

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and
between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7
Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("C&A" or the "Debtor")
and (ii) Wellington 3445, LP; (iii) Zokaites Properties, LP; (iv) OB Real Estate 1732, LLC; and
(v) Frank Zokaites (collectively, the "Settling Parties") (the Settling Parties are together with the
Trustee, the "Parties," or each individually, "Party").

**WHEREAS,** On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem,
LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the
"Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland
Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC
(the "Bankruptcy Case").

**WHEREAS,** On May 24, 2018, the Bankruptcy Court for the District of Maryland
entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the
Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy
Case to this Court.

**WHEREAS**, On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

**WHEREAS,** on August 6, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01298-MAM-A)(the "Adversary Proceeding") to recover certain transfers. [Adv. ECF No. 1].

**WHEREAS**, the Settling Parties have advised the Trustee that they deny all liability, intend to vigorously defend the claims asserted against them and have disputed the Trustee's entitlement to avoid and recover from them.

**WHEREAS**, the Settling Parties have advised the Trustee that this is a settlement of convenience and not an admission of liability.

**WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Parties have agreed to the terms set forth in this Settlement Agreement (the "Settlement");

**THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. The Settling Parties have paid the Trustee $21,000 (the "Settlement Amount") to be held in trust pending approval of the Settlement Agreement.

2. This Settling Parties agree to vacate Paragraph 2 of the Bankruptcy Court's September 11, 2019 [ECF No. 25] concerning the Talavera House.

3.      In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor and including any parties that may be substantively consolidated in the future, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or its estate may hold against the Settling Parties and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Parties, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.  For the avoidance of doubt, any adversary defendant that is not a party to this settlement agreement shall not be a beneficiary of this release.

2

In consideration of the foregoing, the Settling Parties and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Parties, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement. For the avoidance of doubt, this release does not waive the claim filed by Frank Zokaites against the bankruptcy estate.

4.    Within 5 days of the date of this Settlement Agreement the Trustee shall file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. Upon an order of the Bankruptcy Court approving this Settlement Agreement and it becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Settling Parties from the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

5.    Miscellaneous.

(a)    Entire Agreement. The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Parties and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b)    Amendment. The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c)    Waivers. The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision. No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d)    Counterparts. This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

3



(e)     Interpretation.  None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

(f)     Assignment.  This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

(g)     Severability.  If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

(h)     Applicable Law.  This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

(i)     Jurisdiction and Venue.  The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

(j)     Prevailing Party Fees.  The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

(k)     Debtor's Estate.  The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

6.     All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

4



If to the Settling Parties:

Samantha Tesser Haimo
Feigeles & Haimo LLP
7900 Peters Road - Suite B-200
Fort Lauderdale, FL 33324
T.954.376.5956
F.954.206.0188
STH@womenatlawfl.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl  33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

7.    Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

5

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated:  January 17, 2020

**ROBERT C. FURR, CHAPTER 7 TRUSTEE OF
CHANCE & ANTHEM, LLC**

**WELLINGTON 3445, DP**

BY:
ITS: PRES

**ZOKAITES PROPERTIES, LP**

BY:
ITS: PRES

**OB REAL ESTATE 1732, LLC**

BY:
ITS: Manage Member

**FRANK ZOKAITES, individually**

1/17/02020

6

# EXHIBIT B

[Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 18-16248-BKC-MAM
                                                Chapter 7

CHANCE & ANTHEM, LLC

          Debtor.
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S OMNIBUS MOTION TO
APPROVE SETTLEMENT AND COMPROMISE WITH DVERSARY
DEFENDANTS, WELLINGTON 3445, LP; ZOKAITES PROPERTIES, LP;
OB REAL ESTATE 1732, LLC; AND FRANK ZOKAITES**

THIS MATTER came before the Court without a hearing upon the Motion to Approve

Settlement and Compromise with Adversary Defendants Wellington 3445, LP; Zokaites

Properties, LP; and OB Real Estate 1732, LLC; and non-party Frank Zokaites [ECF No. ___]

[1](the "Motion") filed by Robert C. Furr (the "Trustee"), not individually but as Chapter 7 Trustee

of the bankruptcy estate of the Debtor Chance & Anthem, LLC (the "Debtor"). The Court,

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

having noted that the Motion was served on all creditors and parties in interest pursuant to Local Rule 9013-1(D) and that no objection was filed, and having found pursuant to Fed. R. Bankr. P. 9019 that the settlement reflected in the Motion is reasonable and in the best interests of all creditors and the estate, and being otherwise fully advised in the premises, it is

    **ORDERED** as follows:

    1.    The Motion is **GRANTED**.

    2.    The terms of the Settlement Agreement attached as Exhibits "A" to the Motion is approved and incorporated by reference as fully set forth herein.

    3.    Paragraph 2 of the Bankruptcy Court's September 11, 2019 [Adv. No. 19-01298-BKC-MAM-A, ECF No. 25] concerning the Talavera House is **VACATED**.

    4.    The Trustee and the Settling Parties are authorized and directed to take any and all actions and execute any and all documents necessary to effectuate the terms of the settlement agreement.

    5.    The Court retains jurisdiction to enforce the terms of the settlement agreement.

                                                            # # #

Submitted by:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax: (305) 349-2310
Email:  jsuarez@gjb-law.com

Copy to:
Jesus M. Suarez, Esq. [Attorney Suarez is hereby directed to furnished a conformed copy hereof to all parties in interest immediately upon receipt and file a certificate of service with the court.]

## CREDITOR'S MATRIX

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Wed Jan 22 17:23:15 EST 2020

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place. Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

Sarenil Associates, LLC c/o Frederick Volkwe
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2316

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
CityPlace Office Tower - Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349

T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421

Alan Bias
7745 Dawson Court
Lake Worth, FL 33467-7719

Carl Stone
c/o Sofiye Williams PA
500 E Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Dianna George
c/o Sofiye Williams PA
500 E. Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Frederick Volkwein
c/o Richard P. Zaretsky, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316

George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 301E
Boca Raton, FL 33431-7383

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3005

(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

```
(d)PTM Electric, Inc.                 (u)Sovereign Gaming & Entertainment, LLC    (d)T.E. Smith & Son, Inc.
16971 W. Hialeah Drive                INVALID ADDRESS PROVIDED                    2043 Northwood Drive
Loxahatchee, FL 33470-3729                                                       Salisbury, MD 21801-7800


(d)Frank R. Zokaites                  (d)Jeffrey M Siskind                       End of Label Matrix
375 Golfside Dr                       3465 Santa Barbara Drive                   Mailable recipients    44
Wexford, PA 15090-9419                Wellington, FL 33414-7269                  Bypassed recipients     17
                                                                                 Total                   61
```