UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                             Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                              Chapter 7

    Debtor.
_____/

**OBJECTION TO CHJAPTER 7 TRUSTEE'S INTERIM REPORT**

    COMES NOW interested party Jeffrey M. Siskind ("Objector") and objects to the Chapter 7 Trustee's Individual Estate Property Record and Report (the "Interim Report"), and states:

    1.    On January 29, 2020, the Chapter 7 Trustee ("Trustee") filed its Interim Report for the period through December 31, 2019.

    2.    Said Interim Report indicated that settlements had been achieved with Air Center, Inc. in the amount of $5,001.00 and with New Country Automotive Group in the amount of $16,900.00 (two separate adversary matters).

    3.    The Air Center, Inc. settlement amount was less for than 30% of the originally claimed $17,000.00 and the New Country Automotive Group settlement amount was also for less than 30% of the originally claimed $59,500.00.

    4.    Objector is also aware that the Trustee settled a third adversary with the Zokaites entities for $21,000.00, which amount is less than 2.5% of the Trustee's original demand.[1]

    5.    In each of the adversary cases which settled, the Trustee never proved the basis for its fraudulent transfer claims.  It is instead likely that these settlements were achieved as a

---

[1] Upon information and belief, the Trustee initially demanded $250,000 and 50% of the gross proceeds from the sale of real property located at 3485 Lago De Talavera, Lake Worth, Florida  33467, the approximate value of which is shown to be $618,000 on www.zillow.com.

matter of practicality for the defendants; it was just perceived as less expensive to succumb to paying the Trustee to "go away" than engage in protracted litigation and let the equites attendant to the matter be damned.

6. These lackluster settlements, especially the Zokaites settlement, further indicate that the Trustee lacked an adequate basis to proceed against these adversary defendants on the basis of its fraudulent transfer claims, and instead was able to essentially bully these defendants who were wrongfully influenced by the Trustee's untruthful allegations against this Objector.

7. Objector submits that the Trustee knowingly made untruthful allegations and knew that these adversary matters were unwinnable if litigated fully, and therefore brought these adversary matters in bad faith.

8. Moreover, a dishonest tactic utilized by the Trustee, that of inferring that Objector is a bad actor, was again undertaken in the Trustee's Interim Report when the Trustee referred to persons as Objector's "victims."

9. The Trustee also disingenuously stated in the Interim Report that its ongoing investigation includes use of the Debtor as Objector's alter ego, although these claims were all but erased from the Trustee's amended adversary complaint against the Objector. When questioned by Objector, the Trustee's counsel stated that they just weren't needed, but were really extracted in order for the Trustee to argue for disqualification of Objector as counsel for the previously alleged alter egos.

10. Trustee failed to disclose in its Interim Report, however, that its investigation has revealed that the Debtor had no assets on the petition date. Still, the Trustee disingenuously maintains that this is an "asset case" for the sole purpose of trying to recover property and transfers in order to pay itself and its estate administrative claims (the Trustee's lawyers and

accountants) by victimizing transferees in the same manner in which the Trustee advanced claims against those adversary defendants which settled.  Upon information and belief, although we are at this juncture blind to the settlement, adversary defendant Ocean Reef Club, Inc. thwarted the Trustee's disingenuous efforts to bully a financial settlement because the Trustee had not first established a basis for reversing its claim as to a fraudulent transfer.

11. The Chapter 7 Trustee's behavior with respect to these adversary matters violates its duty to act with integrity and good moral character and to properly administer the bankruptcy estate as provided for in the Handbook for Chapter 7 Trustees published by the U.S. Department of Justice.  This Court ought to further the needs of justice by prohibiting the Trustee from further engaging in what essentially amount to dishonest collection efforts by insisting that the Trustee first prove the elements of fraudulent transfer before permitting the Trustee to obtain settlement proceeds through intimidation.

WHEREFORE, Objector files this objection and requests that the Chapter 7 Trustee be ordered to refrain from employing offensive and scandalous references to the undersigned, be prohibited from pursuing collection efforts without first proving the necessary elements necessary to establish a basis for its claims, and for such other relief as appropriate.

Dated this 31st day of January, 2020.

**S I S K I N D   L E G A L, P L L C**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on January 31, 2020 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or email as reflected on the Service List below.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

SERVICE LIST:

The following receive email notice/service for this case.

- Julie Feigeles    jf@womenatlawfl.com, way@womenatlawfl.com
- Robert C Furr    danderson@furrcohen.com, rcf@trustesolutions.net
- John H Genovese    jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com
- Barry P Gruher    bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com
- Samantha T Haimo    sth@womenatlawfl.com, way@swlawyers.law
- Philip B Harris    philip@philipbharris.com
- Steven S Newburgh    snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- David A Ray    dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com
- Jeffrey M Siskind    jeffsiskind@msn.com, jmsesq500@gmail.com
- Jesus M Suarez    jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com
- Stuart A Young    syoung@ybplaw.com
- Sofiye Williams    sofiye@comcast.net

The following are manually noticed by U. S. Mail.

    Alan Barbee
    GlassRatner Advisory & Capital Group
    1400 Centrepark Blvd #860
    West Palm Beach, FL 33401

    Robert Grossbart
    Grossbart, Portney & Rosenberg
    One N. Charles Street.
    Suite 1214
    Baltimore, MD 21201

    Richard P. Zaretsky
    1615 Forum Pl #3-A
    West Palm Beach, FL 33401

Frank R. Zokaites
375 Golfside Drive
Wexford, PA 15090

Dianna George
6126 Park Lane West
Lake Worth, FL 33449

Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241