**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                                       Case No. 18-16248-BKC-MAM
                                                                             Chapter 7
CHANCE & ANTHEM, LLC,
      Debtor.
_____/

**CHAPTER 7 TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S**
**MOTION TO ABANDON CLAIM TO PROPERTY [ECF NO. 264]**

Robert C. Furr (the "Trustee"), not individually, but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("Debtor" or "C&A"), files this Response in Opposition (the "Response") to the Motion to Abandon Property [ECF No. 264] (the "Motion") filed by Adversary Defendant Jeffrey Siskind behalf of the Debtor[1] and states:

1. On the Petition Date, the Debtor's Schedules reflect an interest in CannaMed Pharmaceuticals, LLC ("CannaMed") valued at $1,000 [ECF No. 11 at p. 2]. The Schedules were prepared and filed by Siskind both in his capacity as the Debtor's pre-petition counsel and managing member. Siskind later amended the Schedules to reflect that the Debtor's interest in CannaMed was allegedly worth $14,000,000 based upon his own valuation [ECF No. 54 at p. 2].

2. In the Motion, Siskind purports to seek an order compelling the Trustee to "abandon" the bankruptcy estate's interest in CannaMed because the Trustee's forensic advisor has placed the value of the Debtor's interest in CannaMed at $0. Motion at Ex. A. There is no basis in law or fact for the relief requested in the Motion and it should be denied.

3. The Debtor's interest in CannaMed is subject to litigation in the adversary proceeding captioned *Furr v. Siskind*, Case No. 12-01298-BKC-MAM-A (the "Siskind

---

[1] The Court has previously ordered Siskind to refrain from acting on behalf of the Debtor. *See* Order Granting Chapter 7 Trustee' Ex-Parte Application for Employment of Accountant at ECF No. 125, ¶3.

Adversary"). In the Siskind Adversary, the Trustee seeks substantive consolidation of CannaMed. *See* First Amended Complaint [Siskind Adv. at ECF No. 95, Count 1].

4. Additionally, Siskind claims to have "forfeited" the Debtor's interest in CannaMed in violation of the automatic stay imposed by section 362 of the Bankruptcy Code. *See Id*. at ¶41, Ex. B. The Trustee has sued to recover upon the post-petition forfeiture, which if effected, violated the bankruptcy automatic stay. 11 U.S.C. §362. A copy of the alleged Post-Petition forfeiture notice, manufactured by Siskind, is annexed hereto as Exhibit A.

5. A final pretrial conference is schedule to take place in the Siskind Adversary on July 14, 2020 [Siskind Adv., ECF No. 325]. Additionally, summary judgment motions concerning the Trustee's request to substantively consolidate Cannamed with the Debtor's bankruptcy estate are pending before the Court [Siskind Adv., ECF Nos. 319 and 343].

6. The Motion appears to request the Court sidestep the adversary litigation and without any legal support, require the Trustee to "abandon" the estate interests in CannaMed. The bald claim that the Trustee is somehow required to fund CannaMed is also unsupported by a single citation to authority because it is patently false. Motion at ¶4.

7. The Motion appears to be a clear "end-run" around the Siskind Adversary because upon abandonment, "property [is removed] from the bankruptcy estate and [property is returned] to the debtor as though no bankruptcy occurred" and "removes property from the jurisdiction of the bankruptcy court." *La Paz at Boca Pointe Phase II Condo. Ass'n, Inc. v. Bandy*, 523 B.R. 267, 269 (S.D. Fla. 2014); citing *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 638 (Bankr.E.D.Pa.1999); *Sherrell v. Fleet Bank of N.Y.*, 205 B.R. 20, 22 (Bankr. N.D.N.Y.1997).

8. In fact, a Trustee's only concern when considering whether to abandon property is whether such action would be in the best interest of the estate. *In re Wilson*, 94 B.R. 886, 889 (Bankr. E.D. Va. 1989). At the present time, the pendency of the Siskind Adversary places the

2

Debtor's interests in CannaMed at issue in that litigation.  Therefore, abandonment is not in the estate's best interest because although worthless, the Trustee may yet realize value for the Debtor's interest in CannaMed through the Siskind Adverary.

9. Finally, the Motion is procedurally improper as a Motion requesting abandonment of an interest in property of the estate must be served on the entire creditor matrix and a hearing scheduled on 14 days' notice.  Fed. R. Bankr. P. 6007(b).  The Motion was filed on May 21, 2020, only 12 days prior to the hearing currently scheduled to take place on June 2, 2020. [ECF No. 526].  Moreover, the certificate of service does not indicate that it was served on all creditors as required by Rule 6007(b).  [ECF No. 268].

**WHEREFORE**, the Plaintiff, Robert C. Furr, as Chapter 7 Trustee, respectfully requests the Court enter an Order (i) denying the Motion; and (ii) for such further relief as the Court deems just and proper.

**Respectfully submitted this 29th day of May, 2020.**

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        Counsel to the Chapter 7 Trustee
        100 S.E. 2nd Street, Suite 4400
        Miami, Florida  33131
        Tel.: (305) 349-2300
        Fax.: (305) 349-2310

        By:   /s/ Jesus M. Suarez
              John H. Genovese, Esq.
              Florida Bar No. 280852
              Jesus M. Suarez, Esq.
              Fla. Bar No. 60086
              Barry P. Gruher, Esq.
              Florida Bar No. 960993

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF notification upon all interested parties registered to receive electronic notification on this matter indicated on the Service List below on this 29th day of May, 2020.

By: /s/ *Jesus M. Suarez*
Jesus M. Suarez, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification*

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Philip B Harris on behalf of Defendant Advanced Avionics, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind
philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com

Jeffrey M Siskind on behalf of Counter-Claimant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind

5

jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC
syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias
syoung@ybplaw.com