UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 18-16248-BKC-MAM
                                                    Chapter 7

CHANCE & ANTHEM, LLC

　　　　Debtor.

_____/

## CHAPTER 7 TRUSTEE ROBERT C. FURR'S OMNIBUS MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH (I) SISKIND ADVERSARY DEFENDANTS (ADV. CASE NO. 19-01298); AND (II) ADVANCED AVIONICS, LLC (ADV. CASE NO. 19-0301)

**ROBERT C. FURR** (the "Trustee"), not individually but as Chapter 7 Trustee of the Bankruptcy Estate of the Debtor Chance & Anthem, LLC (the "Debtor") by and through undersigned counsel, pursuant to Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, hereby files this Omnibus Motion to Approve Settlement and Compromise with (I) Adversary Defendants (i) Jeffrey Siskind ("Siskind"); (ii) Tanya Siskind ("T. Siskind"); (iii) Siskind Legal Services, LLC ("Siskind Legal"); (iv) Second Siskind Family Trust ("Siskind Trust"); (v) CannaMed Pharmaceuticals; LLC ("CannaMed"); (vi) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (vii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (viii) Sympatico Equine Rescue, Inc., a Florida Corporation ("Sympatico," and collectively, the "Siskind Parties"); and (II) Advanced Avionics, LLC ( "Advanced") and in support of thereof states, as follows:

## BACKGROUND

1.　　On January 29, 2018 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re*

*Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2.        On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3.        On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

## THE SETTLEMENT AGREEMENTS

**A.        The Settlement with the Siskind Parties.**

4.        On August 6, 2019, the Trustee commenced an adversary proceeding to Avoid and Recover Avoidable Transfer and For Other Relief (Case No. 19-01298-MAM, ECF No. 1) against the Siskind Parties (among others)[1].   The parties have fully litigated the adversary proceeding.   The Court has considered and denied cross-motions for summary judgment, and there are over 400 docket entries addressing the disputed issues in this adversary case.   The adversary proceeding is scheduled for its first day of trial on October 28, 2020.

5.        Over the course of several weeks, the Siskind Parties and the Trustee have engaged in good faith settlement discussions and exchange of information relative to resolving the issues raised in the adversary proceeding.   As a result of these negotiations, the Siskind Parties and the Trustee have reached a global settlement agreement, which is annexed hereto as **Exhibit "A"** (the "Siskind Settlement").

6.        The Siskind Settlement is in the best interest of the Estate.   First, it will provide for a $25,000 cash recovery to the Estate.   Second, the Siskind Parties have consented to the substantive consolidation of non-debtors FLACC, Sovereign and Sympatico effective as of the

Debtor's petition date.  Third, the Trustee believes that this recovery meets and exceeds what is likely collectable from the Siskind Parties if he were required to litigate the claims to their conclusions.

7.        Furthermore, under the terms of the Siskind Settlement, Siskind and his spouse will provide confidential sworn financial disclosures by the Trustee. If the disclosures are not consistent with representations made by the Siskinds to the Trustee's counsel concerning the collectability of a judgment against him, the Trustee shall have the right to terminate the Siskind Settlement prior to its approval.  As provided in the Siskind Settlement, the Trustee may seek entry of a judgment against Siskind for the sum of $1 Million if there is a Material Misrepresentation in the financial disclosures.

8.        A brief explanation of the principal and material terms of the Siskind Settlement are set forth below. Parties in interest are encouraged to read the Siskind Settlement carefully; in the event of an inconsistency between the terms of the Siskind Settlement and this Motion, the terms of the written settlement agreement shall control:

a.    **Settlement Payment.** The Settling Parties shall pay the Trustee $25,000 upon execution of this agreement (the "Settlement Amount"). The Settlement Amount shall be held in trust by the Trustee or his counsel pending approval of the Settlement Agreement and shall be paid no later than the business day prior to the hearing on the motion to approve this settlement.  If this Settlement Agreement is not approved, the Settlement Amount shall be returned to the party that made the respective payment.

b.    **Substantive Consolidation.** The Settling Parties shall agree and consent to the entry of an order of the Bankruptcy Court substantively consolidating non-Debtors FLACC, Sympatico and Sovereign into the Debtor's Estate effective as of the Petition Date, provided however that Sovereign's independent claims against the defendants in the matter of *Judith Siskind and Sovereign Gaming & Entertainment, LLC v. Robert* Gibson *et al.*, Case No. 2019-CA-006159 (15th Judicial Circuit of Florida) shall be retained by Judith Siskind or her assignee and

---

[1] On March 18, 2020, the Court approved the Trustee's settlement with the remaining adversary defendants.[ECF No. 242]

shall not become property of Sovereign's bankruptcy estate upon substantive consolidation.

c. **Abandonment.**  Upon payment of the Settlement Amount and approval of this Settlement, the Trustee shall file a notice of abandonment of (i) the Debtor's interest, to the extent it retains any, in CannaMed Pharmaceuticals, LLC; and (ii) the claims asserted by Sovereign in the case captioned *Judith Siskind and Sovereign Gaming & Entertainment, LLC v. Robert Gibson et al.*, Case No. 2019-CA-006159 (15th Judicial Circuit of Florida).

d. **Release.** In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor and including any parties that may be substantively consolidated in the future, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or its estate may hold against the Siskind, T. Siskind, Siskind Legal, Siskind Trust and CannaMed (collectively, the "Releasees") and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Parties, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding, except for the rights, duties and obligations as provided in this Settlement Agreement.  For the avoidance of doubt, any adversary defendant that is not a party to this settlement agreement shall not be a beneficiary of this release.

In consideration of the foregoing, the Settling Parties and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Parties, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.  The Settling Parties agree to waive any additional claims against the Debtor's estate, or any substantively consolidated estate, for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h)."For

the avoidance of doubt, this release does not waive the obligation of the Settling Parties to perform under the terms of this Settlement Agreement.

e.  **Claims Waiver.** As additional consideration for the Settlement Agreement and mutual releases contained herein, the Settling Parties agree to waive, withdraw and otherwise consent to the disallowance of the following Proofs of Claim filed against the Debtor's Estate: (i) Claim No. 8-1 filed by Siskind in the amount of $42,500 and any and all claims the Settling Parties have asserted or may in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. §502(h).

f.  **Financial Disclosures.** In connection with this Settlement Agreement, the Trustee and his professionals will evaluate confidential financial information provided to be provided by Siskind and T. Siskind within three days of the execution of this Settlement Agreement by completing the form of financial statement attached hereto as Exhibit "A" (collectively the "Financial Statements"). The parties further agree that any such Financial Statements provided pursuant to this Settlement Agreement concerning T. Siskind and Siskind shall be confidential and not subject to disclosure to any persons other than the Trustee, Siskind, T. Siskind and their respective professionals. The Trustee shall, in his discretion, take reasonable action that the Trustee deems necessary and appropriate to determine the accuracy of such Financial Statements. If the Financial Statements are not consistent with representations made by Siskind to the Trustee's counsel concerning the collectability of a judgment against him, the Trustee shall have the right to terminate this Settlement Agreement prior to its approval.

g.  **Material Misrepresentation; Remedies.** With respect to any Financial Statement provided by any of the Siskind or T. Siskind, in the event the Trustee subsequently determines within twenty four (24) months from and after the date of the Approval Order that any such party has failed to disclose an asset, transfer of assets or a group of assets belonging to or that was property of the Settling Party at the execution of the Settlement Agreement, individually or in the aggregate, that exceeds $100,000.00 (a "Material Misrepresentation"), then the release provided to such party shall be voidable by the Trustee as provided herein. In the event the Trustee notifies any party hereto that the Trustee has reasonably determined the release provided hereunder to such party is voidable then the Trustee shall file a notice with the Bankruptcy Court to that effect, and such party shall have the right to contest such determination upon the filing of an objection thereto within twenty (20) days, which objection shall be resolved by the Bankruptcy Court. In the event any such release shall be deemed null and void by the Bankruptcy Court pursuant hereto, then the Trustee shall be entitled to proceed to Final Judgment against Siskind in the amount of $1.0 million.

**B.    The Settlement with Advanced.**

9.     On August 6, 2019, the Trustee commenced an adversary proceeding to Avoid and Recover Avoidable Transfer and For Other Relief (Case No. 19-01301-MAM, ECF No. 1) against Advanced.  The parties have fully litigated the adversary proceeding.  The Court has considered and the Trustee's motions for summary judgment.  The adversary proceeding is scheduled for its first day of trial on October 28, 2020.

10.     Over the course of several weeks, Advanced and the Trustee have engaged in good faith settlement discussions.  Based upon these negotiations, Advanced and the Trustee have reached a settlement which is annexed hereto as **Exhibit "B"** (the "Advanced Settlement").

11.     A brief explanation of the principal and material terms of the Advanced Settlement are set forth below. Parties in interest are encouraged to read the Advanced Settlement carefully; in the event of an inconsistency between the terms of the Advanced Settlement and this Motion, the terms of the written settlement agreement shall control:

a.     Advanced shall pay the Trustee $10,000.00 (the "Settlement Amount") which shall be paid on or before January 18, 2021.  The Settlement Amount shall be made by payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 301E, Boca Raton, FL 33431.

b.     If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $20,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

c.     In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or their estates may hold against the Settling Party and any of its successors and assigns in

law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, the Settling Party and any of its successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

12.    Fed. R. Bankr. P. 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

13.    Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988). The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom., Cosoff v. Rodman*, 464 U.S. 822 (1983); *Fla. Trailer and Equip. Co. v. Deal*,

7

284 F.2d 567, 571 (5th Cir. 1960).  The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness.  *See W.T. Grant Co.*, 699 F.2d at 608.

14.     In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

15.     In evaluating the settlement, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

16.     In applying the foregoing factors, the Trustee respectfully submits that both the Siskind Settlement and Advanced Settlement (collectively, the "Settlements") fall well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.

17.     The litigation claims filed by the Trustee against the Settling Parties present certain novel issues of law and fact.  As such, the Trustee asserts that the Settlements will cause payment of meaningful funds to the Estate and will eliminate the risk and high expense of protracted litigation.

18.     With respect to the Siskind Settlement, the Trustee has obtained the consent of the Siskind Parties to the substantive consolidation of non-debtors FLACC, Sympatico and

Sovereign.  Additionally, the Trustee believes that Siskind Settlement will permit a recovery that exceeds what is likely to be collectible even if the Trustee were to prevail at trial.

19.     As for the Advanced Settlement, the Trustee has achieved a fair and reasonable recovery for the Estate given the affirmative defenses raised by Advanced while avoiding the time and expense associated with litigating this case through trial. Moreover, the Trustee believes that the Advanced Settlement will permit a recovery that exceeds what is likely to be collectible even if the Trustee were to prevail at trial.

20.     Furthermore, the Settling Parties consist of individuals and closely held businesses, which are inactive businesses or have limited resources to satisfy a judgment. Accordingly, any judgment obtained against the Settling Parties would ultimately be subject to significant collection risk.

21.     In applying the foregoing factors, the Trustee respectfully submits that the Settlement falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.  While the professionals for the settling parties all feel strongly about their respective litigation positions, it is in the best interests of the bankruptcy Estate to seek approval of the Siskind Settlement and Advanced Settlement under the facts and circumstances of these adversary cases.

22.     Based upon the foregoing, the Trustee respectfully requests that the Court approve the Siskind Settlement and Advance Settlement. Attached as **Exhibit "C"** is a proposed Order approving the Settlements.

**WHEREFORE**, the Trustee, Robert C. Furr, respectfully requests this Court to enter an Order (i) approving the terms of the Siskind Settlement and Advanced Settlement as described herein; (ii) authorizing the parties to take any and all action and execute any and all documents

necessary to effectuate the terms of the Settlements; (iii) reserving jurisdiction to enforce and interpret the terms of the Settlements; and (iv) awarding for any additional relief as the Court deems just and appropriate.

**Dated:  October 26, 2020.**

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel to the Chapter 7 Trustee*
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:/s/  Jesus M. Suarez
     John H. Genovese, Esq.
     Florida Bar No. 280852
     jgenovese@gjb-law.com
     Jesus M. Suarez, Esq.
     Fla. Bar No. 60086
     jsuarez@gjb-law.com
     Barry P. Gruher, Esq.
     Fla. Bar No. 960993
     bgruher@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all parties in interest registered to receive electronic notification on this matter and/or via U.S. Mail as indicated on the Service List below on this  26th  day of October, 2020.

By:/s/  Jesus M. Suarez
     Jesus M. Suarez, Esq.

## SERVICE LIST

***Served Via CM/ECF Notification***

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Philip B Harris on behalf of Defendant Advanced Avionics, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind

philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com;drabrams620@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC
syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias
syoung@ybplaw.com

**_Served Via U.S. Mail_**
_To all parties on the attached mailing matrix_

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Fri Oct 23 16:35:53 EDT 2020

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place. Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

(p)COMPTROLLER OF MAYLAND
BANKRUPTCY UNIT
301 W PRESTON ST ROOM 409
BALTIMORE MD 21201-2396

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

Jeffrey M. Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

Sarenil Associates, LLC c/o Frederick Volkwe
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2316

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225


Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
CityPlace Office Tower - Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349

T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419


Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421

Alan Bias
7745 Dawson Court
Lake Worth, FL 33467-7719

Carl Stone
c/o Sofiye Williams PA
500 E Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005


Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Dianna George
c/o Sofiye Williams PA
500 E. Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005


Frederick Volkwein
c/o Richard P. Zaretsky, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316

George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 301E
Boca Raton, FL 33431-7383


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719


(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3005

(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

(d)PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

(u)Sovereign Gaming & Entertainment, LLC
INVALID ADDRESS PROVIDED

(d)T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

(d)Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090-9419

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

End of Label Matrix
Mailable recipients    44
Bypassed recipients    18
Total                  62

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                                    Case No. 18-16248-BKC-MAM
                                                                                 Chapter 7

CHANCE & ANTHEM, LLC,
        Debtor.
_____/

ROBERT C. FURR not individually but                            ADV. NO. 19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

        Plaintiff,

v.

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
*et al.*,

        Defendants.
_____/

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("C&A" or the "Debtor") and (ii) Jeffrey Siskind ("Siskind"); (ii) Tanya Siskind ("T. Siskind"); (iii) Siskind Legal Services, LLC ("Siskind Legal"); (iv) Second Siskind Family Trust ("Siskind Trust"); (v) CannaMed Pharmaceuticals; LLC ("CannaMed"); (vi) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (vii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (viii) Sympatico Equine Rescue, Inc., a Florida Corporation ("Sympatico," and collectively, the "Settling Parties") (the Settling Parties are together with the Trustee, the "Parties," or each individually, "Party").

**WHEREAS,** On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC (the "Bankruptcy Case");

**WHEREAS,** On May 24, 2018, the Bankruptcy Court for the District of Maryland

entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court;

**WHEREAS,** On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76];

**WHEREAS,** on August 6, 2019, the Trustee commenced the above-referenced adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01298-MAM-A)(the "Adversary Proceeding") to avoid and recover certain transfers. [Adv. ECF No. 1];

**WHEREAS,** the Settling Parties have advised the Trustee that they deny all liability, intend to vigorously defend the claims asserted against them and have disputed the Trustee's entitlement to avoid and recover from them;

**WHEREAS,** the Settling Parties have advised the Trustee that this is a settlement of convenience and not an admission of liability; and

**WHEREAS,** in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Parties have agreed to the terms set forth in this Settlement Agreement (the "Settlement").

**THEREFORE,** in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.     **Settlement Payment.** The Settling Parties shall pay the Trustee $25,000 upon execution of this agreement (the "Settlement Amount"). The Settlement Amount shall be held in trust by the Trustee or his counsel pending approval of the Settlement Agreement and shall be paid no later than the business day prior to the hearing on the motion to approve this settlement. If this Settlement Agreement is not approved, the Settlement Amount shall be returned to the party that made the respective payment.

2.     **Substantive Consolidation.** The Settling Parties shall agree and consent to the entry of an order of the Bankruptcy Court substantively consolidating non-Debtors FLACC, Sympatico and Sovereign into the Debtor's Estate effective as of the Petition Date, provided however that Sovereign's independent claims against the defendants in the matter of *Judith Siskind and Sovereign Gaming & Entertainment, LLC v. Robert Gibson et al.*, Case No. 2019-CA-006159 (15th Judicial Circuit of Florida) shall be retained by Judith Siskind or her assignee and shall not become property of Sovereign's bankruptcy estate upon substantive consolidation.

3.     **Abandonment.** Upon payment of the Settlement Amount and approval of this Settlement, the Trustee shall file a notice of abandonment of (i) the Debtor's interest, to the extent it retains any, in CannaMed Pharmaceuticals, LLC; and (ii) the claims asserted by Sovereign in the case captioned *Judith Siskind and Sovereign Gaming & Entertainment, LLC v. Robert Gibson et al.*, Case No. 2019-CA-006159 (15th Judicial Circuit of Florida).



4.    **Release.** In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor and including any parties that may be substantively consolidated in the future, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or its estate may hold against the Siskind, T. Siskind, Siskind Legal, Siskind Trust and CannaMed (collectively, the "Releasees") and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Parties, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding, except for the rights, duties and obligations as provided in this Settlement Agreement.  For the avoidance of doubt, any adversary defendant that is not a party to this settlement agreement shall not be a beneficiary of this release.

In consideration of the foregoing, the Settling Parties and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Parties, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.  The Settling Parties agree to waive any additional claims against the Debtor's estate, or any substantively consolidated estate, for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h)."For the avoidance of doubt, this release does not waive the obligation of the Settling Parties to perform under the terms of this Settlement Agreement.

5.    **Claims Waiver.** As additional consideration for the Settlement Agreement and mutual releases contained herein, the Settling Parties agree to waive, withdraw and otherwise consent to the disallowance of the following Proofs of Claim filed against the Debtor's Estate: (i) Claim No. 8-1 filed by Siskind in the amount of $42,500 and any and all claims the Settling Parties have asserted or may in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. §502(h).

6.    **Dismissal of Adversary Proceeding.** Within five (5) days of the date of this Settlement Agreement the Trustee shall file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement.  Upon an order of the Bankruptcy Court approving this Settlement Agreement and it becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Settling Parties from the Adversary Proceeding, with each party to bear its



own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

7.    **Financial Disclosures.** In connection with this Settlement Agreement, the Trustee and his professionals will evaluate confidential financial information provided to be provided by Siskind and T. Siskind within three days of the execution of this Settlement Agreement by completing the form of financial statement attached hereto as Exhibit "A" (collectively the "Financial Statements"). The parties further agree that any such Financial Statements provided pursuant to this Settlement Agreement concerning T. Siskind and Siskind shall be confidential and not subject to disclosure to any persons other than the Trustee, Siskind, T. Siskind and their respective professionals. The Trustee shall, in his discretion, take reasonable action that the Trustee deems necessary and appropriate to determine the accuracy of such Financial Statements. If the Financial Statements are not consistent with representations made by Siskind to the Trustee's counsel concerning the collectability of a judgment against him, the Trustee shall have the right to terminate this Settlement Agreement prior to its approval.

8.    **Material Misrepresentation; Remedies.** With respect to any Financial Statement provided by any of the Siskind or T. Siskind, in the event the Trustee subsequently determines within twenty four (24) months from and after the date of the Approval Order that any such party has failed to disclose an asset, transfer of assets or a group of assets belonging to or that was property of the Settling Party at the execution of the Settlement Agreement, individually or in the aggregate, that exceeds $100,000.00 (a "Material Misrepresentation"), then the release provided to such party shall be voidable by the Trustee as provided herein. In the event the Trustee notifies any party hereto that the Trustee has reasonably determined the release provided hereunder to such party is voidable then the Trustee shall file a notice with the Bankruptcy Court to that effect, and such party shall have the right to contest such determination upon the filing of an objection thereto within twenty (20) days, which objection shall be resolved by the Bankruptcy Court. In the event any such release shall be deemed null and void by the Bankruptcy Court pursuant hereto, then the Trustee shall be entitled to proceed to Final Judgment against Siskind in the amount of $1.0 million.

9.    **Miscellaneous.**

(a)    Entire Agreement. The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Parties and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b)    Amendment. The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c)    Waivers. The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision. No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition

[12094-001/3258896/1]                    4



or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d)    Counterparts.    This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

(e)    Interpretation.    None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

(f)    Assignment.    This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

(g)    Severability.    If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

(h)    Applicable Law.    This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

(i)    Jurisdiction and Venue.    The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

(j)    Prevailing Party Fees.    The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

(k)    Debtor's Estate.    The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

10.    All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

If to Siskind:

Jeffrey Siskind
Siskind Legal, PLLC



3465 Santa Barbara Drive
Wellington, Florida 33414
E-Mail: jeffsiskind@msn.com

If to the other Settling Parties:

Philip B. Harris
Philip B. Harris, P.A.
685 Royal Palm Beach Blvd., Ste .205
Royal Palm Beach, FL 33411
E-Mail: Philip@philipbharris.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl 33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

11.    **Authority.** Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

**Dated:  October 21, 2020**.

**ROBERT C. FURR, CHAPTER 7 TRUSTEE OF
DEBTOR, CHANCE & ANTHEM, LLC**

_____, Trustee

**SISKIND LEGAL SERVICES, LLC**

BY: _JEFFREY SISKIND_

ITS: _MANAGER_

**SECOND SISKIND FAMILY TRUST**

BY: _JEFFREY SISKIND_

ITS: _Trustee_

**CANNAMED PHARMACEUTICALS, LLC**

BY: _JEFFREY SISKIND_

ITS: _MANAGER_

**SOVEREIGN GAMING & ENTERTAINMENT, LLC**

BY: _JUDITH SISKIND_

ITS: _MANAGER_

**FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INC.**

BY:

ITS: _PRESIDENT_

**SYMPATICO EQUINE RESCUE, INC.**

BY:

ITS: _PRESIDENT_

**JEFFREY SISKIND, individually**                    **TANYA SISKIND, individually**

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 18-16248-BKC-MAM
                                                          Chapter 7
CHANCE & ANTHEM, LLC,

        Debtor.

_____/

ROBERT C. FURR, not individually but                      ADV. NO. 19-01301-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

        Plaintiff,
v.
ADVANCED AVIONICS, LLC,

        Defendant.

_____/

## SETTLEMENT AGREEMENT

        **THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and
between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7
Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("C&A" or the "Debtor")
and (ii) Advanced Avionics, LLC. ("Advanced" or "the Settling Party" and together with the
Trustee, the "Parties," or each individually, "Party").

        **WHEREAS,** On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem,
LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the
"Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland
Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC
(the "Bankruptcy Case").

        **WHEREAS**, On May 24, 2018, the Bankruptcy Court for the District of Maryland
entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the
Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy
Case to this Court.

        **WHEREAS**, On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is
acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate")[ECF
No. 76].

**WHEREAS,** on August 6, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01301-MAM-A)(the "Adversary Proceeding") to recover certain transfers from the Debtor to Air Center.  [Adv. ECF No. 1].

**WHEREAS**, the Settling Party has advised the Trustee of its intention to vigorously defend the claims asserted against him and has disputed the Trustee's entitlement to avoid and recover such amounts.

**WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Party have agreed to the terms set forth in this Settlement Agreement (the "Settlement");

**THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.  Advanced shall pay the Trustee $10,000.00 (the "Settlement Amount") which shall be paid on or before January 18, 2021.  The Settlement Amount shall be made by payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 301E, Boca Raton, FL  33431.

2.  If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $20,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

3.     In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or their estates may hold against the Settling Party and any of its successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, the Settling Party and any of its  successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release,

2

waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

4.      Within 10 days of the latter of (i) receipt and clearance of the Settlement Funds as set in paragraph 1 above, or (ii) an order of the Bankruptcy Court order approving the Settlement becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

5.      Miscellaneous.

(a)      Entire Agreement.  The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Party and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b)      Amendment.  The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c)      Waivers.  The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d)      Counterparts.  This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

(e)      Interpretation.  None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

(f)      Assignment.  This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and

3

assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

        (g)    <u>Severability</u>.  If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

        (h)    <u>Applicable Law</u>.  This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

        (i)    <u>Jurisdiction and Venue</u>.  The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

        (j)    <u>Prevailing Party Fees</u>.   The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

        (k)    <u>Debtor's Estate</u>.  The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

    6.    All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

4

If to the Settling Party:

Philip B. Harris
PHILIP B. HARRIS, P.A.
685 Royal Palm Beach Blvd., Ste .205
Royal Palm Beach, FL 33411
561-543-7963 - direct
E-Mail:

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl  33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

      7.      Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated:  October 20, 2020

**Robert C. Furr, Chapter 7 Trustee of
Chance & Anthem, LLC**

_____

Dated:  October 20, 2020

**ADVANCED AVIONICS, LLC**

_____

BY: Stephen Jackowski
ITS:

6

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated:  October 20, 2020

**Robert C. Furr, Chapter 7 Trustee of
Chance & Anthem, LLC**

_____

Dated:  October 20, 2020

**ADVANCED AVIONICS, LLC**

BY: Stephen Jackowski
ITS:

6

# EXHIBIT "C"

## [Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 18-16248-BKC-MAM
                                                Chapter 7
CHANCE & ANTHEM, LLC

    Debtor.

_____/

**ORDER GRANTING**
**CHAPTER 7 TRUSTEE ROBERT C. FURR'S OMNIBUS MOTION TO APPROVE**
**SETTLEMENT AND COMPROMISE WITH (I) SISKIND ADVERSARY**
**DEFENDANTS (ADV. CASE NO. 19-01298); AND (II) ADVANCED**
**AVIONICS, LLC (ADV. CASE NO. 19-0301)**

THIS MATTER came before the Court on _____ the Omnibus Motion to Approve Settlement and Compromise with (I) Adversary Defendants (i) Jeffrey Siskind ("Siskind"); (ii) Tanya Siskind ("T. Siskind"); (iii) Siskind Legal Services, LLC ("Siskind Legal"); (iv) Second Siskind Family Trust ("Siskind Trust"); (v) CannaMed Pharmaceuticals;

LLC ("CannaMed"); (vi) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (vii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (viii) Sympatico Equine Rescue, Inc., a Florida Corporation ("Sympatico," and collectively, the "Siskind Parties"); and (II) Advanced Avionics, LLC ("Advanced") [ECF No. __][1](the "Motion") filed by Robert C. Furr (the "Trustee"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC (the "Debtor"). The Court, having noted that the Motion was served on all creditors and parties in interest pursuant to Local Rule 9013-1(D) and that no objection was filed, and having found pursuant to Fed. R. Bankr. P. 9019 that the settlement reflected in the Motion is reasonable and in the best interests of all creditors and the estate, and being otherwise fully advised in the premises, it is

ORDERED as follows:

1. The Motion is GRANTED.

2. The terms of the Settlement Agreements attached as Exhibits "A" and "B" to the Motion are approved and incorporated by reference as fully set forth herein.

3. The Bankruptcy Court's September 11, 2019 Order Granting Motion for Preliminary Injunction [Adv. No. 19-01298-BKC-MAM-A, ECF No. 25] is VACATED.

4. The Trustee and the Settling Parties are authorized and directed to take any and all actions and execute any and all documents necessary to effectuate the terms of the settlement agreement.

5. The Court retains jurisdiction to enforce the terms of the settlement agreement.

# # #

Submitted by:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax: (305) 349-2310
Email:  jsuarez@gjb-law.com

Copy to:
Jesus M. Suarez, Esq. [Attorney Suarez is hereby directed to furnished a conformed copy hereof to all
parties in interest immediately upon receipt and file a certificate of service with the court.]