UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                                                                    Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,                                                   Chapter 7

    Debtor.

_____/

**JEFFREY SISKIND'S OBJECTION TO THE CHAPTER 7 TRUSTEE ROBERT C. FURR'S MOTION TO SUBSTANTIVELY CONSOLIDATE NON-DEBTORS, (I) SOVEREIGN GAMING & ENTERTAINMENT, LLC , (II) FLORIDA'S ASSOCIATION OF COMMUNITY BANK & CREDIT UNIONS, INC.AND (III) SYMPATICO EQUINE RESCUE, INC.**

    Movant, Jeffrey M. Siskind, objects to the Chapter 7 Trustee Robert C. Furr's Motion to Substantively Consolidate Non-Debtors, (I) Sovereign Gaming & Entertainment, LLC ("Sovereign"), (II) Florida's Association of Community Bank & Credit Unions, Inc. ("FLACC") and (III) Sympatico Equine Rescue, Inc. ("Sympatico"), and states:

    1.    Although Movant first agreed to settle matters involving Movant and other Subcon Entities, Movant rescinded its consent to substantive consolidation upon reading the Chapter 7 Trustee ("Trustee") motion wherein amongst other mischaracterizations the pejorative term "orchestrated" was intentionally used to define Movant's business methods, thereby constituting a breach of the settlement agreement by the Trustee.

    2.    While numerous additional representations made by the Trustee in its Motion require Movant to object to same in its present form, the Trustee's motion should not be considered until such time as the Trustee's Motion to Approve Settlement is approved and any period within which a challenge to said approval may be made lapses.

    3.    The amended order submitted by the Trustee has not been reviewed or approved by Judith Siskind on behalf of Sovereign Gaming & Entertainment, LLC.

    The assertion made by the Trustee in paragraph no. 6 is untrue.  Affairs were not jointly

operated, and no creditors of Sympatico and FLACC asserted claims against the Debtor.  Also, claims by Christopher George and his related parties made against Debtor are false claims and were never refuted by the Trustee.

      4.      Statements made by the Trustee regarding the 'inextricable intertwining' of the Subcon Entities and the Debtor alleged in paragraph no. 8 are false, as is readily proved by the Trustee's own schedules which are merely taken from the checking account records of those entities.  Impermissible intermingling between entities needed to be proved to obtain substantive consolidation is another false assertion which cannot be proved.

      5.      The Trustee's assertions in paragraph no. 9 are also false.  The RIchard Neff and Stone claims are valid claims against only the Debtor and have no relation to the other entities. Sarenil's claims against the Debtor and eh undersigned are separable and independent, and the George claim is only against Sovereign.

      6.      Contrary to the assertions by the Trustee in paragraph no. 10, there are only minimal connections between the Debtor and the Subcon Entities, all of which were documented as demonstrated by the Trustee's professionals and were loans made pursuant to an intercompany loan agreement which the Trustee's counsel was made aware of months ago.

      7.      Contrary to the Trustee's assertions in paragraph no. 11, the fact that each Subcon entity was separate and had its own bank account does not support substantive consolidation. Control of the separate entities does not appear to be a factor supportive of substantive consolidation, countless of the nature of the transactions as cash or otherwise. Also, the Trustee is aware that documents including ledgers are unavailable because they were stolen.

      8.      Most important, however, is the fact that FLACC and Sympatico are not-for-profit entities which by definition cannot be substantively consolidated, while Sovereign was not

owned by anyone with authority over FLACC, Sympatico or the Debtor.

9. Also, no creditors relied upon the creditworthiness of an entity to lend money to another.

10. Movant disagrees that the Trustee's professional fees will be 'streamlined' by means of substantive consolidation. In fact, the only reason that the Trustee seeks to substantively consolidate FLACC, Sympatico and Sovereign is to go after payments to third parties which, if successful, will be used to pay the Trustee and its professionals.

11. Contrary to the Trustee's assertion in paragraph no. 13, there are no valid duplicative claims.

12. As to any benefit derived from avoiding intercompany claims by means of substantive consolidation asserted in paragraph no. 14, this is simply a false assertion, especially since the Trustee is aware that none of the entities possess assets.

13. AS to the value of avoidance claims being a positive result of substantive consolidation, this constitutes bootstrapping and is nothing other than an impermissible method of using the ends to justify the means. And again, only for the purpose of enriching the Trustee and its professionals.

14. The required relatedness of the entities which the Trustee seeks to substantively consolidate is absent and the tests under In re Vecco Construction Industries, Inc. cannot be met; there are no consolidated financial statements, there is no unity of interest as in parent and child organizations, there are no loan guarantees, the financial transactions by the separate entities were not difficult to segregate and ascertain, as proved by the Trustee's records, corporate formalities were observed, assets of the separate entities were separately owned, and consolidation does not offer increased profitability.

15. The Trustee cannot prove that any Subcon Entity was resulted in valid claims against the Debtor. Therefore, without substantially more, the general rule is that non-Debtor entities may not be substantively consolidated must be adhered to.

16. The Trustee sought to obtain consent to substantive consolidation by the Movant and on behalf of the Subcon Entities as part of a settlement agreement which the Trustee breached by making false claims and accusations in its Motion. As a result, Movant promptly informed the Trustee through its counsel that Movant withdrew its consent to the settlement agreement and does not consent to substantive consolidation.

17. It is apparent that the Trustee sought to obtain Movant's consent to substantive consolidation to avoid having to prove that Debtor was insolvent.

18. Prior to its review of the Trustee's Motion, Movant was content to permit third party payees who the Trustee sought to recover from to defend solvency and thereby avoid the need to pay the Trustee.

19. Movant assumed that the Trustee had learned through the course of its adversary proceedings that it would not be beneficial to comment so as to inflict reputational damage upon Movant. As part of its settlement, Movant was entitled to believe that the Trustee would refrain from further unnecessary damaging remarks.

20. However, the number of false characterizations contained within the Trustee's Motion make it clear that the Trustee does not intend to conduct itself thusly and will likely engage in making additional disparaging remarks as part of its attempts to obtain claw-backs from unsuspecting third party payees.

21. Because of the likelihood that Movant will not later be afforded an opportunity to refute such defamatory attacks, Movant must now address this behavior in the context of the

hearing on approval of the settlement agreement and the Motion by noting its withdraw from the former and objection to the latter.

WHEREFORE, Movant objects to the Trustee's substantive consolidation motion, and also objects on behalf of FLACC and Sympatico, and requests that the motion be denied.[1]

Respectfully submitted this 11th day of December, 2020.

**S I S K I N D  L E G A L, P L L C**

*/s/ Jeffrey M. Siskind*

Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW  Washington, DC  20006

113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301

3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE (561) 791-9565  FACSIMILE   (561) 791-9581

Emails:   jeffsiskind@msn.com & jeffsiskind@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was furnished on the 11th day of December, 2020, via CM/ECF to all persons authorized to receive notices, electronically, as set forth on the attached Service List and by U.S. Mail, postage prepaid, to all parties listed on the attached Service List who are not authorized to receive notices, electronically, through the Court's CM/ECF system.

**S I S K I N D  L E G A L, P L L C**

*/s/ Jeffrey M. Siskind*

Jeffrey M. Siskind, Esq.   FBN 138746

---

[1] The Court is reminded that Sovereign Gaming & Entertainment, LLC has not had sufficient time to consider the recently filed proposed order on the Trustee's Motion.

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Philip B Harris on behalf of Defendant Advanced Avionics, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind
philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone

snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com;drabrams620@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC
syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias

syoung@ybplaw.com

**18-16248-MAM Notice will not be electronically mailed to:**

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Robert Grossbart on behalf of Creditor Frederick Volkwein
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky on behalf of Creditor Sarenil Associates
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Richard P. Zaretsky on behalf of Creditor Frederick Volkwein
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 18-16248-MAM<br>Southern District of Florida<br>West Palm Beach<br>Mon Oct 22 13:47:43 EDT 2018 | 27120 Ocean Gateway, LLC<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 | 3485 Lago De Talavera Trust<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>Suite 1710<br>Fort Lauderdale, FL 33394-3012 |
| Chance & Anthem, LLC<br>3445 Santa Barbara Drive<br>Wellington, FL 33414-7269 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Sarenil Associates<br>c/o Zaretsky Law Group<br>1615 Forum Place. Suite 3-A<br>West Palm Beach, FL 33401-2316 |
| 3485 Lago De Talavera Trust<br>c/o Sofiye Williams, PA<br>500 E. Broward Blvd., Suite 1710<br>Fort Lauderdale, FL 33394-3012 | 3GEN VC, LLC<br>c/o Gerald Cantor<br>4000 Hollywood Boulevard #500-N<br>Hollywood, FL 33021-1224 | ABK South Properties, LLC<br>c/o George Booras, Esq.<br>1371 Hill Ave<br>Melbourne, FL 32940-6948 |
| All Pro Pool Service<br>13557 Barberry Drive<br>Wellington, FL 33414-8518 | Apostle Construction<br>716 Naylor Mill Road<br>Salisbury, MD 21801-1114 | Bay Area Disposal<br>POB 189<br>Owings, MD 20736-0189 |
| Beaver Tree Service<br>POB 2476<br>Salisbury, MD 21802-2476 | Christopher George and Dianna George<br>c/o Dianna George<br>6126 Park Lane W.<br>Lake Worth, FL 33449-6620 | Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 |
| David Fiore and Carl Stone<br>c/o Carl Stone<br>1714 Hunters Path Lane<br>Pittsburgh, PA 15241-3153 | David Fiore, et al.<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>#1710<br>Fort Lauderdale, FL 33394-3012 | Delmarva Power<br>5 Collins Drive #2133<br>Mail Stop 84CP42<br>Carneys Point, NJ 08069-3600 |
| Delmarva Power & Light Co.<br>500 N Wakefield Dr Fl 2<br>Newark, DE 19702-5440 | Edgar A. Baker, Jr., Esq.<br>Wicomico County Department of Law<br>125 North Division Street, Room 101<br>Salisbury, MD 21801-5030 | Frederick R. Volkwein<br>2727 Rosemary Avenue #3<br>West Palm Beach, FL 33407-5310 |
| Haynes Scaffolding & Supply, Inc.<br>1210 Ortega Road<br>West Palm Beach, FL 33405-1077 | PTM Electric, Inc.<br>16971 W. Hialeah Drive<br>Loxahatchee, FL 33470-3729 | Richard Barclay Neff Jr<br>2760 Meadowlark Lane<br>West Palm Beach, Florida 33409-2019 |
| Richard Bell<br>16192 Coastal Highway<br>Lewes, DE 19958-3608 | Richard Bell<br>16192 Coastal Highway<br>Lewes, Delaware 19958-3608 | Richard Neff<br>2760 Meadowlark Lane<br>West Palm Beach, Florida 33409-2019 |
| Richard P. Zaretsky, Esq.<br>1615 Forum Place<br>Suite 3A<br>West Palm Beach, FL 33401-2267 | Sarenil Associates, LLC c/o Frederick Volkwe<br>1615 Forum Place<br>Suite 3A<br>West Palm Beach, FL 33401-2316 | Sovereign Gaming & Entertainment, LLC<br>3485 Lago De Talavera<br>Wellington, FL 33467-1071 |

| | | |
|---|---|---|
| State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 | Steven S. Newburgh, Esq.<br>McLaughlin & Stern PLLC<br>CityPlace Office Tower - Suite 1700<br>525 Okeechobee Boulevard<br>West Palm Beach, FL 33401-6349 | T.E. Smith & Son, Inc.<br>2043 Northwood Drive<br>Salisbury, MD 21801-7800 |
| Wellington 3445, LP<br>375 Golfside Road<br>Wexford, PA 15090-9419 | Alan Barbee<br>GlassRatner Advisory & Capital Group<br>1400 Centrepark Blvd #860<br>West Palm Beach, FL 33401-7421 | Alan Bias<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 |
| Carl Stone<br>c/o Sofiye Williams PA<br>500 E Broward Blvd., #1710<br>Ft Lauderdale, FL 33394-3012 | Christopher George<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>Suite 1710<br>Fort Lauderdale, FL 33394-3012 | David Fiore<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>Suite 1710<br>Fort Lauderdale, FL 33394-3012 |
| Dianna George<br>c/o Sofiye Williams PA<br>500 E. Broward Blvd., #1710<br>Ft Lauderdale, FL 33394-3012 | Frederick Volkwein<br>c/o Richard P. Zaretsky, Esq.<br>1615 Forum Place, Suite 3A<br>West Palm Beach, FL 33401-2316 | George W. Liebmann<br>Law Offices of George W. Liebmann, P.A.<br>8 West Hamilton Street<br>Baltimore, MD 21201-5008 |
| Jeffrey M Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 | Robert C Furr<br>www.furrtrustee.com<br>2255 Glades Road Ste 301E<br>Boca Raton, FL 33431-7383 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | (d)27120 Ocean Gateway, LLC<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 | (d)27120 Ocean Gateway, LLC<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 |
| (d)3GEN VC, LLC<br>c/o Gerald Cantor<br>4000 Hollywood Boulevard #500-N<br>Hollywood, FL 33021-1224 | (d)ABK South Properties, LLC<br>c/o George Booras, Esq.<br>1371 Hill Avenue<br>Melbourne, FL 32940-6948 | (d)All Pro Pool Service<br>13557 Barberry Drive<br>Wellington, FL 33414-8518 |
| (d)Apostle Construction<br>716 Naylor Mill Road<br>Salisbury, MD 21801-1114 | (d)Bay Area Disposal<br>POB 189<br>Owings, MD 20736-0189 | (d)Beaver Tree Service<br>POB 2476<br>Salisbury, MD 21802-2476 |
| (d)David Fiore, et al.<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd. #1710<br>Fort Lauderdale, FL 33394-3012 | (d)Frederick R. Volkwein<br>2727 Rosemary Avenue #3<br>West Palm Beach, FL 33407-5310 | (d)Haynes Scaffolding & Supply, Inc.<br>1210 Ortega Road<br>West Palm Beach, FL 33405-1077 |

```
 (d)PTM Electric, Inc.           (u)Sovereign Gaming & Entertainment, LLC    (d)T.E. Smith & Son, Inc.
 16971 W. Hialeah Drive          INVALID ADDRESS PROVIDED                    2043 Northwood Drive
 Loxahatchee, FL 33470-3729                                                  Salisbury, MD 21801-7800



 (d)Jeffrey M Siskind            End of Label Matrix
 3465 Santa Barbara Drive        Mailable recipients    43
 Wellington, FL 33414-7269       Bypassed recipients    16
                                 Total                  59
```