## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                                  Case No. 18-16248-BKC-MAM
                                                        Chapter 7
CHANCE & ANTHEM, LLC,
        Debtor.
_____/

### CHAPTER 7 TRUSTEE ROBERT C. FURR'S AGREED MOTION
### TO SUBSTANTIVELY CONSOLIDATE NON-DEBTORS
### (I) SOVEREIGN GAMING & ENTERTAINMENT, LLC;
### (II) FLORIDA'S ASSOCIATION OF COMMUNITY BANKS
### AND CREDIT UNIONS, INC.; AND (III) SYMPATICO EQUINE RESCUE, INC.

Plaintiff, Robert C. Furr (the "Trustee" or "Plaintiff"), not individually, but as Chapter 7

Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("Debtor" or "C&A"), by

and through undersigned counsel, files this Agreed Motion to Substantively Consolidate Non-

Debtors (i) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of

Community Banks and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc.

("Sympatico") (the "Motion"), and says:

### INTRODUCTION

By this Motion, the Trustee seeks the entry of an Order substantively consolidating

Sovereign, FLACC and Sympatico into the Debtor's bankruptcy estate.  This Motion arises from

the Trustee's proposed Settlement with the Siskind Parties [ECF No. 277] (the "Siskind

Settlement").  The Siskind Settlement[1] provides for the consent of the Siskind Parties[2] to the

substantive consolidation of non-debtors Sovereign, FLACC and Sympatico with the Debtor's

---

[1] On December 15, 2020, the Court granted the Trustee's Motion to Approve the Siskind Settlement [ECF No. 292].
[2] The Siskind Parties are (i) Jeffrey Siskind ("Siskind"); (ii) Tanya Siskind ("T. Siskind"); (iii) Siskind Legal Services, LLC ("Siskind Legal"); (iv) Second Siskind Family Trust ("Siskind Trust"); (v) CannaMed Pharmaceuticals; LLC ("CannaMed"); (vi) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (vii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (viii) Sympatico Equine Rescue, Inc., a Florida Corporation ("Sympatico," and collectively, the "Siskind Parties").

bankruptcy Estate.  *See* Siskind Settlement at ¶2.

The Trustee will provide notice of the proposed substantive consolidation to all known creditors of the Debtor and Sovereign, FLACC and Sympatico.

FACTS SUPPORTING THE RELIEF REQUESTED

**A.     The Debtor and this Bankruptcy Case.**

1.     On January 29, 2018 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the"Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC (the "Bankruptcy Case").

2.     On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3.     On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

4.     On August 6, 2019, the Trustee commenced an adversary proceeding to Avoid and Recover Avoidable Transfer and For Other Relief (Case No. 19-01298-MAM, ECF No. 1) against the Siskind Parties (among others)[3].  The parties have fully litigated the adversary proceeding.  The Court has considered and denied cross-motions for summary judgment, and there are over 400 docket entries addressing the disputed issues in this adversary case.  The first day of trial was scheduled in the adversary proceeding on October 28, 2020.  The Siskind Parties and the Trustee reached a settlement, which remains subject to bankruptcy court approval.

---

[3] On March 18, 2020, the Court approved the Trustee's settlement with the remaining adversary defendants.[ECF No. 242]

5.     The Siskind Settlement, among other things, provides for the Siskind Parties' consent to the substantive consolidation of non-debtors Sovereign, FLACC and Sympatico:

> **<u>Substantive Consolidation</u>**. The Settling Parties shall agree and consent to the entry of an order of the Bankruptcy Court substantively consolidating non-Debtors FLACC, Sympatico and Sovereign into the Debtor's Estate effective as of the Petition Date, provided however that Sovereign's independent claims against the defendants in the matter of Judith Siskind and Sovereign Gaming & Entertainment, LLC v. Robert Gibson et al., Case No. 2019-CA-006159 (15th Judicial Circuit of Florida) shall be retained by Judith Siskind or her assignee and shall not become property of Sovereign's bankruptcy estate upon substantive consolidation.

*See* Siskind Settlement at ¶2.

**B.     The Entities Proposed to be Substantively Consolidated.**

6.     The Trustee proposes to substantively consolidate Sovereign, Sympatico and FLACC (the "Subcon Entities") with the Debtor's bankruptcy estate.  ,  The Chapter 7 Trustee alleges that the requested substantive consolidation of the Subcon Entities will streamline and enhance recoveries for the benefit of creditors and eliminate unnecessary duplication.

7.     Furthermore, the requested relief is amply supported by governing case law and frequently deployed by Courts in this district under similar circumstances.

8.     The financial reconstruction of the books and records of the Debtor reveal that creditor funds were at times deployed in connection with the Subcon Entities and vice versa.

9.     Additionally, certain creditors have asserted claims against the Debtor arising from the relationship between the Debtor and the Subcon Entities, including,  Christopher George [Claim No. 4, $2,000,000] (the "George Claim," and collectively, the "Related Claims").

10.     The Trustee's forensic professionals have identified and analyzed connections between the Debtor and the Subcon Entities.

11.     Additionally, the Trustee has made the following observations concerning the financial affairs of the Debtor and the Subcon Entities, some of which support substantive

consolidation:

a. Each Subcon Entity was a separate legal entity and each had its own bank account;

b. The banking activity of FLACC and Sympatico do not always reflect activity consistent with their stated corporate purposes;

c. The Debtor and Subcon Entity had the same signatory to the bank accounts;

d. A portion of the banking activity of the Debtor and the Subcon Entity are transfers between the Subcon Entities and other entities controlled by the same parties;

e. The banking activity of the Debtor and the Subcon Entities reflect checks made payable to cash, deposits of cash and withdrawals and registers and ledgers other than those recreated by the Trustee's forensic accountant were not made available.

f. Numerous banking transfers between the Debtor and the Subcon Entities are not evidenced by notes, agreements or other documents which would evidence the business purpose or terms of the transactions;

g. The Debtor and the Subcon Entities appear to have conducted financial transactions on behalf of each other without corresponding agreements, ledgers or other documents evidencing the nature and terms of the transactions; and,

h. The Debtor and the Subcon Entities could not provide ledgers or registers of the amounts due to/due from each entity.

C. **Substantive Consolidation Provides Benefits and Avoids Harm**

12. Procedural efficiency will be realized in bringing the Subcon Entities into this bankruptcy and all creditors will directly benefit from this efficiency in that the process.

13. Substantive consolidation will likewise streamline litigation claims.

14. Moreover, substantive consolidation avoids the need for the determination, filing and prosecution of inter-company claims, which would be expensive and time consuming.

15. Substantive consolidation will also ensure that the costs associated with prosecuting avoidance claims, such as forensic accounting fees for avoidance actions, will be paid from the consolidated estate.

16. The Trustee believes that the substantive consolidation of the Debtor's estate with the Subcon Entities will result in a greater likelihood of recoveries for the benefit of creditors.

## MEMORANDUM OF LAW

**A.**  **The Standard for Substantive Consolidation**

Substantive consolidation is appropriate when "the economic prejudice of continued debtor separateness" outweighs "the minimal prejudice that substantive consolidation might cause." *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d 245, 249 (11th Cir. 1991); *In re Murray Industries*, 119 B.R. 820, 829 (Bankr. M.D. Fla. 1990).

As established by the Eleventh Circuit Court of Appeals in *Eastgroup Properties*, bankruptcy courts, by virtue of their general equitable powers, have the power to order substantive consolidation of multiple debtors. *Eastgroup Properties*, 935 F.2d at 248. "Consolidation involves the pooling of the assets and liabilities of two or more related entities; the liabilities of the entities involved are then satisfied from the common pool of assets created by consolidation." *Id.*

The test for substantive consolidation requires a showing that "(1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit." *Eastgroup Properties*, 935 F.2d at 249. "Once the proponent has made this prima facie case for consolidation, the burden shifts to an objecting creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by substantive consolidation." *Id.*

**B.**  **The *Vecco Construction* Factors Support Substantive Consolidation.**

The Eleventh Circuit suggested a number of factors that a proponent for consolidation could utilize to frame its argument, including the following factors outlined in *In re Vecco Construction Industries, Inc.*:

a.  The presence or absence of consolidated financial statements,
b.  The unity of interests and ownership between various corporate entities,
c.  The existence of parent and intercorporate guarantees on loans,
d.  The degree of difficulty in segregating and ascertaining individual assets and liabilities,

e.      The existence of transfers of assets without formal observance of corporate formalities,

f.      The commingling of assets and business functions, and

g.      The profitability of consolidation at a single physical location.

4 B.R. 407, 410 (Bankr. E.D. Va. 1980).  In discussing the *Vecco Construction* factors and others that might be presented in support of substantive consolidation, the Eleventh Circuit stressed that they were only examples and that "[n]o single factor is likely to be determinative in the court's inquiry." *Eastgroup Properties*, 935 F.2d at 250.

Utilizing these factors, the Eleventh Circuit in *Eastgroup Properties* determined that the Chapter 7 trustee had presented sufficient evidence to establish a prima facie case for consolidation of the two debtor entities in that case, GPH and SMA. In evaluating whether consolidation was necessary to avoid some harm or to realize some benefit, the court noted certain factors that are also present here: that GPH had probably paid some of the unsecured obligations of SMA without being contractually obligated to do so, that consolidation would help see to it that GPH's creditors would not be harmed by that action, and that GPH's creditors would benefit "because a larger portion of each of their claims will be paid than if consolidation did not occur - both because their claims would be paid from the larger pool of assets resulting from consolidation and because substantive consolidation eliminates claims that either debtor has against the other." *Id.* at 251.

Substantive consolidation will permit the Trustee to seek recoveries that may issue from the Subcon Entities if consolidated.

## C.      **The Substantive Consolidation of Non-Debtor Entities**

While the Trustee recognizes that there is a split of authority as to whether a bankruptcy court has the authority to substantively consolidate non-debtors' assets and liabilities into a bankruptcy debtor's estate, it was approved in *In re S & G Financial Services of South Florida, Inc.*, 451 B.R. 573 (Bankr. S.D. Fla. 2011), which analysis is particularly helpful.

In *S & G Financial*, the Chapter 7 trustee filed an adversary proceeding seeking to substantively consolidate the debtor with two non-debtor entities. The considerations in support of the trustee's arguments are similar to the factors present here, including the transfer of assets between the debtor and the non-debtors, and the debtor and non-debtors having a sole common principal, owner and manager.  In similar circumstances, the S & G Financial trustee argued that equity dictated their consolidation.

In rendering its decision, the *S & G Financial* court addressed the split among courts regarding substantive consolidation of debtor and non-debtor entities. It noted that, while the Ninth Circuit in *Bonham v. Compton (In re Bonham),* 229 F.3d 750 (9th Cir. 2000) was the only federal circuit to hold that a court could order substantive consolidation of such entities, there was full support for that holding to be found in the Supreme Court's decision in *Sampsell v. Imperial Paper and Color, Corp.*, 313 U.S. 215 (1941), "[t]he seminal case on substantive consolidation." *Id.* at 580. In *Sampsell*, the Supreme Court held that a bankruptcy referee properly ruled that the property of a non-debtor corporation was property of the bankruptcy estate of its debtor principal shareholder, noting that "mere legal paraphernalia will not suffice to transform into a substantial adverse claimant a corporation whose affairs are so closely assimilated to the affairs of the dominant stockholder that in substance it is little more than his corporate pocket." *Id.* (*quoting Sampsell*, 313 U.S. at 218).

The *S & G Financial* court, referencing cases cited by the non-debtor defendants who argued against substantive consolidation in the underlying adversary proceeding, explained that the courts in those cited cases viewed "the application of the substantive consolidation remedy over non-debtors as an impermissible use of the court's equitable power to take jurisdiction over a non-debtor without express statutory authority to do so."

In its opinion, the *S & G Financial* court emphasized the numerous other courts, including bankruptcy courts in Florida and Georgia, that had expressly recognized a bankruptcy court's ability to substantively consolidate a debtor with a non-debtor entity, including *In re Alico Mining, Inc.*, 278 B.R. 586 (Bankr. M.D. Fla. 2002); *Munford, Inc. v. TOC Retail, Inc.,* (In re Munford, Inc.), 115 B.R. 390 (Bankr. N.D. Ga. 1990), *Simon v. New Center Hospital (In re New Center Hospital)*, 187 B.R. 560 (E.D. Mich. 1995), *White v. Creditors Service Corp. (In re Creditors Service Corp.)*, 195 B.R. 680 (Bankr. S.D. Ohio 1996), *and Bracaglia v. Manzo (In re United Stairs Corp.)*, 176 B.R. 359 (Bankr. D.N.J. 1995).

In *Munford*, the debtor sought to substantively consolidate the estate's assets with those of two other non-debtor corporations. The bankruptcy court looked to *Sampsell* for a foundation, through the Supreme Court's affirmance of the bankruptcy referee's decision to bring the property of a non-debtor 'alter ego' corporation into the debtor's bankruptcy estate. In denying the non-debtor entities' motion to dismiss the debtor's complaint for substantive consolidation, the *Munford* court recognized that,

> substantive consolidation may be based on a finding that it would be more equitable to all of the parties to allow consolidation under the circumstances of the case by showing that the affairs of the entities are inextricably intertwined or that creditors dealt with them as a single economic unit, and does not require a finding of fraud or intent to hinder, or delay creditors.

*Id.* at 394 (internal citations omitted). The *Munford* court further reasoned that substantive consolidation

> "must be predicated upon the estate's right to property in the hands of someone else. That right is created by Bankruptcy Code § 541, however, which provides that property of the estate includes all legal and equitable interests of the estate and § 542, which requires that all estate property must be turned over to the trustee. Substantive consolidation is essentially a complex turnover proceeding because the debtor is asking the nondebtor affiliated entity to bring into the estate assets in which the debtor asserts an unseparable interest. As long as the debtor can satisfy the pleading requirements of substantive consolidation . . . then the debtor has correctly invoked its legal rights under these Code sections.

*Id.* at 398.

In *Alico Mining*, the bankruptcy court, agreeing with *Munford*, recognized substantive consolidation as an alternative means to bring a non-debtor's assets into a debtor's estate. 278 B.R. at 588-589. In support, it was argued by the creditor who filed the motion that both the debtor and non-debtor were controlled and dominated by the same individual and that individual determined what to do with the funds generated under an agreement for purchase of mining rights between the debtor and non-debtor. The bankruptcy court determined that it had the power to grant the requested relief under its general equitable powers.

Here, as with *S & G Financial* and the other cases cited above, the Chapter 7 trustee takes the position that equity demands substantive consolidation of the non-Debtor Subcon Entities with the Debtor.

**F.      No creditor can show (1) that it relied on the separate credit of any one Subcon Entity and also (2) that it will be prejudiced by substantive consolidation**

Having made a *prima facie* case for substantive consolidation, any objecting creditor has the burden to show that "(1) it has relied on the separate credit of one of the entities to be consolidated: and (2) it will be prejudiced by substantive consolidation." *Eastgroup*, 935 F. 2d at 249.  In this case, it is unlikely that any creditor would object to substantive consolidation.

Even assuming that a creditor could meet the first prong of the *Eastgroup* test, the creditor would not likely be able to demonstrate that it will be prejudiced or harmed by substantive consolidation.  Instead, the only means to fairly, efficiently and, in a cost-effective manner, address issues respecting creditors of the Debtor's bankruptcy estate is to substantively consolidate the Subcon Entities with the Debtor's bankruptcy estate whereas denying substantive consolidation would serve to prejudice said creditors.

## NOTICE TO CREDITORS OF THE SUBCON ENTITIES

The Trustee is providing notice of this Motion to all known creditors of the Subcon Entities. The Trustee is also serving this Motion on the Debtor's entire creditor matrix.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order (i) substantively consolidating the Subcon Entities effective as of the Debtor's Petition Date[4]; and (ii) limiting any security interest claims of any creditor of each Subcon Entities strictly to specific collateral held or claimed by such creditor prior to substantive consolidation. The relief requested in this Motion, if approved, will result in a substantial benefit to the Debtor's bankruptcy estate.

WHEREFORE, the Trustee respectfully requests the entry of an Order granting the relief requested herein, and awarding any such further relief as the Court deems just and appropriate.

**Respectfully submitted this 4th day of January, 2021.**

> **GENOVESE JOBLOVE & BATTISTA, P.A.**
> Counsel to the Chapter 7 Trustee
> 100 S.E. 2nd Street, Suite 4400
> Miami, Florida  33131
> Tel.: (305) 349-2300
> Fax: (305) 349-2310
>
> By:  /s/ Jesus M. Suarez
> John H. Genovese, Esq.
> Florida Bar No. 280852
> Jesus M. Suarez, Esq.
> Fla. Bar No. 60086
> Barry P. Gruher, Esq.
> Florida Bar No. 960993

---

[4] The Trustee respectfully requests that the Court enter an order substantively consolidating the Subcon Entities with the Debtor effective as of the Debtor's Petition Date. This relief has been approved by numerous Courts. *See In re CLSF III IV, Inc. et al.,* Case No. Case 12-30081-EPK [ECF Nos. 561, 643, 673]; *see also In re Baker & Getty Fin. Servs.,* 974 F. 2d 712 (6th Cir. 1992); *In re Auto-Train Corp.,* 810 F.2d 270 (D.C. Cir. 1987); *In re Bonham,* 229 F.3d 750 (9th Cir. 2000); *In re S&G Fin. Servs.,* 451 B.R. 573 (Bankr. S.D. Fla. 2011).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF notification upon all interested parties registered to receive electronic notification on this matter on the 4<u>th</u> day of January, 2021 and/or via U.S. Mail as indicated on the Service List below on the 5<u>th</u> day of January, 2021.

By: <u>/s/ *Jesus M. Suarez*</u>
Jesus M. Suarez, Esq.

## SERVICE LIST

### _Served Via CM/ECF Notification_

Robert C Furr
danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Philip B Harris on behalf of Defendant Advanced Avionics, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind
philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com;drabrams620@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC
syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias
syoung@ybplaw.com

### ***Served Via U.S. Mail***

*To all parties on the attached mailing matrix.*

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Mon Jan  4 17:15:08 EST 2021

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place. Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

(p)COMPTROLLER OF MAYLAND
BANKRUPTCY UNIT
301 W PRESTON ST ROOM 409
BALTIMORE MD 21201-2396

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

Jeffrey M. Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

Sarenil Associates, LLC c/o Frederick Volkwe
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2316

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
CityPlace Office Tower - Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349

T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421

Alan Bias
7745 Dawson Court
Lake Worth, FL 33467-7719

Carl Stone
c/o Sofiye Williams PA
500 E Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Dianna George
c/o Sofiye Williams PA
500 E. Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Frederick Volkwein
c/o Richard P. Zaretsky, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316

George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 301E
Boca Raton, FL 33431-7383

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

```
(d)Apostle Construction          (d)Bay Area Disposal              (d)Beaver Tree Service
716 Naylor Mill Road             POB 189                           POB 2476
Salisbury, MD 21801-1114         Owings, MD 20736-0189             Salisbury, MD 21802-2476


(d)David Fiore, et al.           (d)Frederick R. Volkwein          (d)Haynes Scaffolding & Supply, Inc.
c/o Sofiye Williams, Esq.        2727 Rosemary Avenue #3           1210 Ortega Road
500 E. Broward Blvd. #1710       West Palm Beach, FL 33407-5310    West Palm Beach, FL 33405-1077
Fort Lauderdale, FL 33394-3005


(d)PTM Electric, Inc.            (u)Sovereign Gaming & Entertainment, LLC   (d)T.E. Smith & Son, Inc.
16971 W. Hialeah Drive           INVALID ADDRESS PROVIDED                   2043 Northwood Drive
Loxahatchee, FL 33470-3729                                                  Salisbury, MD 21801-7800


(d)Frank R. Zokaites             (d)Jeffrey M Siskind              (d)Jeffrey M Siskind
375 Golfside Dr                  3465 Santa Barbara Drive          3465 Santa Barbara Drive
Wexford, PA 15090-9419           Wellington, FL 33414-7269         Wellington, FL 33414-7269



End of Label Matrix
Mailable recipients    44
Bypassed recipients    18
Total                  62
```

EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                              Case No. 18-16248-BKC-MAM
                                                    Chapter 7

CHANCE & ANTHEM, LLC,
        Debtor.
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE ROBERT C. FURR'S MOTION**
**TO SUBSTANTIVELY CONSOLIDATE NON-DEBTORS (I) SOVEREIGN GAMING &**
**ENTERTAINMENT, LLC; (II) FLORIDA'S ASSOCIATION OF COMMUNITY BANKS**
**AND CREDIT UNIONS, INC.; AND (III) SYMPATICO EQUINE RESCUE, INC.**

THIS MATTER came before the Court on December 15, 2020 at __:__ a.m. upon the

Motion to Substantively Consolidate Non-Debtors (i) Sovereign Gaming & Entertainment, LLC

("Sovereign"); (ii) Florida's Association of Community Banks and Credit Unions, Inc.

("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico") (the "Motion") filed by

Robert C. Furr in his capacity of Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance

& Anthem, LLC (the "Debtor" or "C&A").  The Court, having reviewed the file and the Motion,

and finding good cause for the relief requested therein, having heard argument of counsel, and being otherwise duly advised in the premises,

ORDERS as follows:

1.      The Motion is GRANTED.

2.      Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc. and (iii) Sympatico Equine Rescue, Inc. are substantively consolidated with the Debtor's bankruptcy estate effective as of the Debtor's Petition Date of January 29, 2018.

3.      Further, the entry of this Order is without prejudice to any security interest held by any creditor of each of the above entities, which interest shall be limited to the specific collateral held by any such creditor as of the date of the entry of this Order.

4.      Nothing in this order shall act or operate as an automatic stay or impact plaintiff's ability to prosecute the litigation captioned Zokaites Properties LP v. Sovereign Gaming & Entertainment LLC, Case No. 50-2016-CA-012892-XXXX-MB pending in the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida (the "Zokaites Properties LP Action"). Further, the Zokaites Properties LP Action is not subject to the automatic stay that may arise as to Sovereign Gaming & Entertainment, LLC by entry of this Order. To the extent necessary, Zokaites Properties LP is granted relief from stay by the entry of this Order in connection with the Zokaites Properties LP Action.

###

Submitted by:
Jesus M. Suarez
GENOVESE JOBLOVE & BATTISTA, P.A.
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

2

Email: jsuarez@gjb-law.com

Copy furnished to:
Jesus M. Suarez, Esq., who shall serve a copy of this Order upon all parties in interest.