UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CHANCE & ANTHEM, LLC,
*et al.*

　　　　Debtors.
_____/

Case No. 18-16248-BKC-MAM
Chapter 7

### CHAPTER 7 TRUSTEE ROBERT C. FURR'S OMNIBUS MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH OCEAN REEF, INC.

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

**ROBERT C. FURR** (the "Trustee"), not individually but as Chapter 7 Trustee of the Bankruptcy Estate of Debtor Chance & Anthem, LLC (the "Chance") and Substantively Consolidate Debtors (i) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico," collectively, the "Debtors"), pursuant to Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, files this Motion to Approve Settlement and Compromise with Ocean Reef, Inc. the ("Ocean Reef" or the "Settling Party") at states:

### BACKGROUND

1.　　On January 29, 2018 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2. On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3. On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

4. On January 29, 2021, the Bankruptcy Court granted the Trustee's Motion to Substantively Consolidate Sovereign, FLACC and Sympatico (the "Substantively Consolidated Debtors") [ECF No. 300].

## THE SETTLEMENT AGREEMENTS

A. **The Settlement with the Ocean Reef**

5. On August 6, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01302-MAM-A) (the "Adversary Proceeding") to recover certain transfers from the Debtor to Ocean Reef. [Adv. ECF No. 1].

6. On December 18, 2019, the Trustee and Ocean Reef executed a Tolling Agreement, which has been amended from time to time, that tolls the expiration of statutes of limitation for claims arising from the Adversary Proceeding through at least November 15, 2021.

7. On January 3, 2020, the Trustee and Ocean Reef filed a joint notice of voluntary dismissal *without prejudice* in the Adversary Proceeding [Adv. ECF No. 32].

8. On January 29, 2021, the Trustee obtained substantive consolidation of Sovereign, FLACC and Sympatico [ECF No. 300], and thereafter made further demand upon Ocean Reef arising from transfers made by certain of the Substantively Consolidated Debtors to Ocean Reef.

9. The Trustee has alleged that in total, the Debtors transferred $109,359 to Ocean Reef which amount could be avoided for the benefit of the Bankruptcy Estate.

10. Over the course of several months, Ocean Reef and the Trustee have engaged in good faith settlement discussions and exchange of information relative to resolving the issues raised in the adversary proceeding and in subsequent demands. As a result of these negotiations, the Ocean Reef and the Trustee have reached a settlement agreement, which is annexed hereto as **Exhibit "A"** (the "Settlement").

11. The Settlement is in the best interest of the Bankruptcy Estate. First, it will provide for a $47,500 cash recovery to the Bankruptcy Estate. Second, Ocean Reef has agreed to exchange mutual releases with the Bankruptcy Estate and waive any claim available to it under §502(h) in connection with the Settlement[1].

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

12. Federal Rule of Bankruptcy Procedure 9019 provide the procedural framework for the Court to approve a settlement or compromise. Fed. R. Bankr. P. 9019. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). When considering a settlement for approval, a bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (Bankr. S.D. Fla. 2005). "Settlements are generally favored in bankruptcy proceedings, in that they provide for an often needed and efficient resolution in a bankruptcy case." *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997). Thus, "[a] starting point in analyzing any proposed settlement

---

[1] Parties in interest are encouraged to read the Settlement Agreement carefully. In the event of an inconsistency between the terms of the Settlement Agreement and this Motion, the terms of the written Settlement Agreement shall control.

3

agreement is the general policy of encouraging settlements and favoring compromises. *In re Harbour E. Dev., Ltd.*, No. 10-20733-BKC-AJC, 2012 WL 1851015, at *5 (Bankr. S.D. Fla. May 21, 2012).

13. The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard for approval. *Id.* These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises (together, the "*Justice Oaks Factors*"). *See Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990); *see also Romagosa v. Thomas*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (setting forth the *Justice Oaks Factors* and affirming bankruptcy court's approval of settlement agreement). Moreover, "[t]he bankruptcy court is not required to rule on the merits and must look only to the probabilities." *Id.* Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

14. On balance, the *Justice Oaks Factors* weigh heavily in favor of approving the Settlement with Ocean Reef. The Trustee respectfully submits that both the Settlement falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.

15. The litigation claims filed by the Trustee against the Ocean Reef present certain novel issues of law and fact. As such, the Trustee asserts that the Settlements will cause payment of meaningful funds to the Bankruptcy Estate and will eliminate the risk and high expense of protracted litigation.

16. Furthermore, the Trustee has achieved a fair and reasonable recovery for the Bankruptcy Estate given the defenses available to Ocean Reef while avoiding the time and expense associated with litigating this case through trial.

17. Based upon the foregoing, the Trustee respectfully requests that the Court approve the Settlement. Attached as **Exhibit "B"** is a proposed Order approving the Settlement.

**WHEREFORE**, the Trustee, Robert C. Furr, respectfully requests this Court to enter an Order (i) approving the terms of the Settlement as described herein; (ii) authorizing the parties to take any and all action and execute any and all documents necessary to effectuate the terms of the Settlement; (iii) reserving jurisdiction to enforce and interpret the terms of the Settlement; and (iv) awarding for any additional relief as the Court deems just and appropriate.

**Dated: October 14, 2021.**

        GENOVESE JOBLOVE & BATTISTA, P.A.
        *Counsel to the Chapter 7 Trustee*
        100 S.E. 2nd Street, Suite 4400
        Miami, FL 33131
        Tel.: (305) 349-2300
        Fax.: (305) 349-2310

        By: /s/ Jesus M. Suarez
            John H. Genovese, Esq.
            Florida Bar No. 280852
            jgenovese@gjb-law.com
            Jesus M. Suarez, Esq.
            Fla. Bar No. 60086
            jsuarez@gjb-law.com
            Barry P. Gruher, Esq.
            Fla. Bar No. 960993
            bgruher@gjb-law.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all parties in interest registered to receive electronic notification on this matter and/or via U.S. Mail as indicated on the Service List below on this 14th day of October, 2021.

By:/s/  Jesus M. Suarez
Jesus M. Suarez, Esq.

## **SERVICE LIST**
*Served Via U.S. Mail to All Parties on the attached mailing matrix.*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 18-16248-MAM<br>Southern District of Florida<br>West Palm Beach<br>Thu Oct 14 13:43:23 EDT 2021 | 27120 Ocean Gateway, LLC<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 | 3485 Lago De Talavera Trust<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>Suite 1710<br>Fort Lauderdale, FL 33394-3005 |
| Chance & Anthem, LLC<br>3445 Santa Barbara Drive<br>Wellington, FL 33414-7269 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Sarenil Associates<br>c/o Zaretsky Law Group<br>1615 Forum Place. Suite 3-A<br>West Palm Beach, FL 33401-2316 |
| 3485 Lago De Talavera Trust<br>c/o Sofiye Williams, PA<br>500 E. Broward Blvd., Suite 1710<br>Fort Lauderdale, FL 33394-3005 | 3GEN VC, LLC<br>c/o Gerald Cantor<br>4000 Hollywood Boulevard #500-N<br>Hollywood, FL 33021-1224 | ABK South Properties, LLC<br>c/o George Booras, Esq.<br>1371 Hill Ave<br>Melbourne, FL 32940-6948 |
| All Pro Pool Service<br>13557 Barberry Drive<br>Wellington, FL 33414-8518 | Apostle Construction<br>716 Naylor Mill Road<br>Salisbury, MD 21801-1114 | Bay Area Disposal<br>POB 189<br>Owings, MD 20736-0189 |
| Beaver Tree Service<br>POB 2476<br>Salisbury, MD 21802-2476 | Christopher George and Dianna George<br>c/o Dianna George<br>6126 Park Lane W.<br>Lake Worth, FL 33449-6620 | (p)COMPTROLLER OF MAYLAND<br>BANKRUPTCY UNIT<br>301 W PRESTON ST ROOM 409<br>BALTIMORE MD 21201-2396 |
| David Fiore and Carl Stone<br>c/o Carl Stone<br>1714 Hunters Path Lane<br>Pittsburgh, PA 15241-3153 | David Fiore, et al.<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>#1710<br>Fort Lauderdale, FL 33394-3005 | Delmarva Power<br>5 Collins Drive #2133<br>Mail Stop 84CP42<br>Carneys Point, NJ 08069-3600 |
| Delmarva Power & Light Co.<br>500 N Wakefield Dr Fl 2<br>Newark, DE 19702-5440 | Edgar A. Baker, Jr., Esq.<br>Wicomico County Department of Law<br>125 North Division Street, Room 101<br>Salisbury, MD 21801-5030 | Frank R Zokaites<br>375 Golfside Dr<br>Wexford PA 15090-9419 |
| Frederick R. Volkwein<br>2727 Rosemary Avenue #3<br>West Palm Beach, FL 33407-5310 | Haynes Scaffolding & Supply, Inc.<br>1210 Ortega Road<br>West Palm Beach, FL 33405-1077 | Jeffrey M. Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 |
| PTM Electric, Inc.<br>16971 W. Hialeah Drive<br>Loxahatchee, FL 33470-3729 | Richard Barclay Neff Jr<br>2760 Meadowlark Lane<br>West Palm Beach, Florida 33409-2019 | Richard Bell<br>16192 Coastal Highway<br>Lewes, DE 19958-3608 |
| Richard Bell<br>16192 Coastal Highway<br>Lewes, Delaware 19958-3608 | Richard Neff<br>2760 Meadowlark Lane<br>West Palm Beach, Florida 33409-2019 | Richard P. Zaretsky, Esq.<br>1615 Forum Place<br>Suite 3A<br>West Palm Beach, FL 33401-2267 |

| | | |
|---|---|---|
| Sarenil Associates, LLC c/o Frederick Volkwe<br>1615 Forum Place<br>Suite 3A<br>West Palm Beach, FL 33401-2316 | Sovereign Gaming & Entertainment, LLC<br>3485 Lago De Talavera<br>Wellington, FL 33467-1071 | State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 |
| Steven S. Newburgh, Esq.<br>McLaughlin & Stern PLLC<br>CityPlace Office Tower - Suite 1700<br>525 Okeechobee Boulevard<br>West Palm Beach, FL 33401-6349 | T.E. Smith & Son, Inc.<br>2043 Northwood Drive<br>Salisbury, MD 21801-7800 | Wellington 3445, LP<br>375 Golfside Road<br>Wexford, PA 15090-9419 |
| Alan Barbee<br>GlassRatner Advisory & Capital Group<br>1400 Centrepark Blvd #860<br>West Palm Beach, FL 33401-7421 | Alan Bias<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 | Carl Stone<br>c/o Sofiye Williams PA<br>500 E Broward Blvd., #1710<br>Ft Lauderdale, FL 33394-3005 |
| Christopher George<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>Suite 1710<br>Fort Lauderdale, FL 33394-3005 | David Fiore<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd.<br>Suite 1710<br>Fort Lauderdale, FL 33394-3005 | Dianna George<br>c/o Sofiye Williams PA<br>500 E. Broward Blvd., #1710<br>Ft Lauderdale, FL 33394-3005 |
| Frederick Volkwein<br>c/o Richard P. Zaretsky, Esq.<br>1615 Forum Place, Suite 3A<br>West Palm Beach, FL 33401-2316 | George W. Liebmann<br>Law Offices of George W. Liebmann, P.A.<br>8 West Hamilton Street<br>Baltimore, MD 21201-5008 | Robert C Furr<br>www.furrtrustee.com<br>2255 Glades Road Ste 419A<br>Boca Raton, FL 33431-7379 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | (d)27120 Ocean Gateway, LLC<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 | (d)27120 Ocean Gateway, LLC<br>7745 Dawson Court<br>Lake Worth, FL 33467-7719 |
| (d)3GEN VC, LLC<br>c/o Gerald Cantor<br>4000 Hollywood Boulevard #500-N<br>Hollywood, FL 33021-1224 | (d)ABK South Properties, LLC<br>c/o George Booras, Esq.<br>1371 Hill Avenue<br>Melbourne, FL 32940-6948 | (d)All Pro Pool Service<br>13557 Barberry Drive<br>Wellington, FL 33414-8518 |

| | | |
|---|---|---|
| (d)Apostle Construction<br>716 Naylor Mill Road<br>Salisbury, MD 21801-1114 | (d)Bay Area Disposal<br>POB 189<br>Owings, MD 20736-0189 | (d)Beaver Tree Service<br>POB 2476<br>Salisbury, MD 21802-2476 |
| (d)David Fiore, et al.<br>c/o Sofiye Williams, Esq.<br>500 E. Broward Blvd. #1710<br>Fort Lauderdale, FL 33394-3005 | (d)Frederick R. Volkwein<br>2727 Rosemary Avenue #3<br>West Palm Beach, FL 33407-5310 | (d)Haynes Scaffolding & Supply, Inc.<br>1210 Ortega Road<br>West Palm Beach, FL 33405-1077 |
| (d)PTM Electric, Inc.<br>16971 W. Hialeah Drive<br>Loxahatchee, FL 33470-3729 | (u)Sovereign Gaming & Entertainment, LLC<br>INVALID ADDRESS PROVIDED | (d)T.E. Smith & Son, Inc.<br>2043 Northwood Drive<br>Salisbury, MD 21801-7800 |
| (d)Frank R. Zokaites<br>375 Golfside Dr<br>Wexford, PA 15090-9419 | (d)Jeffrey M Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 | (d)Jeffrey M Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 |

End of Label Matrix
Mailable recipients    44
Bypassed recipients    18
Total                  62

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                                    Case No. 18-16248-BKC-MAM
                                                                                          Chapter 7
CHANCE & ANTHEM, LLC,

    Debtor.
_____/

ROBERT C. FURR, not individually but                          ADV. NO. 19-01302-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

    Plaintiff,
v.
OCEAN REEF, INC.,

    Defendant.
_____/

## SETTLEMENT AGREEMENT

    **THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC, as substantively consolidated with the Substantively Consolidated Debtors (defined below) ("C&A" or the "Debtor") and (ii) Ocean Reef Club, Inc. ("Ocean Reef" or "the "Settling Party" and together with the Trustee, the "Parties," or each individually, "Party").

    **WHEREAS,** on January 29, 2018 (the "Petition Date") Chance and Anthem, LLC filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC (the "Bankruptcy Case").

    **WHEREAS**, On May 24, 2018, the Maryland Bankruptcy Court entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order") [ECF No. 73], transferring the Bankruptcy Case to this Court in the Southern District of Florida, which case was assigned Case No. 18-16248-MAM.

    **WHEREAS**, On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed, and is acting, as Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

**WHEREAS,** on August 6, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01302-MAM-A) (the "Adversary Proceeding") to recover certain transfers from Chance and Anthem, LLC to Ocean Reef. [Adv. ECF No. 1].

**WHEREAS,** on December 18, 2019, the Trustee and Ocean Reef executed a Tolling Agreement, which has been amended from time to time, that tolls the expiration of statutes of limitation for claims arising from the Adversary Proceeding through at least November 12, 2021.

**WHEREAS**, on January 3, 2020, the Trustee and Ocean Reef filed a joint notice of voluntary dismissal *without prejudice* in the Adversary Proceeding [Adv. ECF No. 32].

**WHEREAS,** on January 29, 2021, the Trustee obtained substantive consolidation of the following non-debtors with the Estate effective as of the January 29, 2018: (i) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico") (collectively, the "Substantively Consolidated Debtors") [ECF No. 300], and thereafter the Trustee made further demand upon Ocean Reef arising from transfers made by certain of the Substantively Consolidated Debtors to the Settling Party.

**WHEREAS**, the Settling Party has advised the Trustee of its intention to vigorously defend the claims asserted against it and has disputed the Trustee's entitlement to avoid and recover such amounts.

**WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Party have agreed to the terms set forth in this Settlement Agreement (the "Settlement").

**THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. **Conditions Precedent.** The effectiveness of the Settlement is subject only to the entry of a final, non-appealable order of this Court approving the Settlement (the "Final Order").

2. **Settlement Payment.** Ocean Reef shall pay the Trustee $47,500.00 (the "Settlement Amount") which shall be paid within thirty (30) calendar days of the entry of the Final Order approving this Settlement. The Settlement Amount shall be made payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 301E, Boca Raton, FL 33431.

3. **Payment Default.** If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 2 above, and after written notice via email to counsel for Ocean Reef and a cure period of five (5) business days, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the

Adversary Proceeding in the amount of the Settlement Amount, less any amount of the Settlement Amount paid, upon the filing of an affidavit of nonpayment in the Bankruptcy Case, with notice to the Settling Party and the opportunity to be heard by this Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

4.      **Mutual Releases.** In consideration of, and upon receipt and clearance of the Settlement Amount, and upon the entry of the Final Order approving the Settlement, the Trustee, on behalf of the Debtor, the Estate, the Substantively Consolidate Debtors and any of their successors and assigns, their estates, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, the Estate, the Substantively Consolidated Debtors, their estates or their successors and assigns may hold against the Settling Party and any of its successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time through the date of this Settlement Agreement, possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including, but not limited to, all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, and upon the entry of the Final Order approving the Settlement, the Settling Party and any of its successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, the Estate, the Substantively Consolidate Debtors, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time through the date of this Settlement Agreement, possessed or may possess against the Trustee, the Debtor, the Estate, the Substantively Consolidate Debtors, their estates, or Estate representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

5.      **Claims Waiver**. As additional consideration for the Settlement and mutual releases contained herein, the Settling Party agrees to waive, withdraw and otherwise consent to the disallowance of any proof of claim it has filed or could have filed against the Debtor, the Substantively Consolidated Debtors and their bankruptcy Estates including (without limitation) any claim which may arise pursuant to 11 U.S.C. §502(h).

6.      **Dismissal of Adversary Proceeding**. If applicable, within 10 days of the latter of (i) receipt and clearance of the Settlement Amount as set in paragraph 2 above, or (ii) entry of the Final Order of this Court order approving the Settlement, the Trustee will dismiss, with

prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

      7.      Miscellaneous.

          (a)      Entire Agreement.  The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Party and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

          (b)      Amendment.  The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

          (c)      Waivers.  The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

          (d)      Counterparts.  This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

          (e)      Interpretation.  None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

          (f)      Assignment.  This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of this Court.

          (g)      Severability.  If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

          (h)      Applicable Law.  This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

          (i)      Jurisdiction and Venue.  The Parties agree that this Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to

this Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

(j) *Prevailing Party Fees*. The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

(k) *Debtors' Estate*. The term "Debtors' Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

8. All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

If to the Settling Party:

Corali Lopez-Castro, Esq.
Bernice Lee, Esq.
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Tel: 305-372-1800
E-mail: clc@kttlaw.com
E-mail: blee@kttlaw.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Florida 33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

9.   Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

10.  No Admission.  It is understood that the Settlement set forth herein is a compromise of disputed claims and is not to be construed as an admission of any liability.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first below written.

Dated: _10/8_, 2021

**Robert C. Furr, Chapter 7 Trustee of**
**Chance & Anthem, LLC and the Substantively Consolidated Debtors**

_____

Dated: September 30, 2021

**OCEAN REEF CLUB, INC.**

_Tony Bogdan_
_____
BY: Tony Bogdan
ITS: General Counsel

6

# EXHIBIT B

[Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                                                  Case No. 18-16248-BKC-MAM
                                                                                        Chapter 7
CHANCE & ANTHEM, LLC

    Debtor.
_____/

**ORDER GRANTING
CHAPTER 7 TRUSTEE ROBERT C. FURR'S OMNIBUS MOTION TO APPROVE
SETTLEMENT AND COMPROMISE WITH OCEAN REEF, INC.**

THIS MATTER came before the Court on _____ the Omnibus Motion to Approve Settlement and Compromise with Ocean Reef, Inc. filed by Robert C. Furr (the "Trustee"), not individually but as Chapter 7 Trustee of the Bankruptcy Estate of Debtor Chance & Anthem, LLC (the "Chance") and Substantively Consolidate Debtors (i) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico," collectively, the "Debtors"). The Court, having noted that the Motion was served on all creditors and parties in interest pursuant to Local Rule 9013-1(D) and that no objection was filed, and having found pursuant to Fed. R. Bankr. P. 9019 that the settlement reflected in the Motion is reasonable and

in the best interests of all creditors and the estate, and being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The terms of the Settlement Agreement attached as Exhibit "A" to the Motion are approved and incorporated by reference as fully set forth herein.

3. The Trustee and Ocean Reef, Inc. are authorized and directed to take any and all actions and execute any and all documents necessary to effectuate the terms of the settlement agreement.

4. The Court retains jurisdiction to enforce the terms of the settlement agreement.

# # #

Submitted by:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax: (305) 349-2310
Email:  jsuarez@gjb-law.com

Copy to:
Jesus M. Suarez, Esq. [Attorney Suarez is hereby directed to furnished a conformed copy hereof to all parties in interest immediately upon receipt and file a certificate of service with the court.]