**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | |
| **CHANCE & ANTHEM, LLC,** | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| Debtor. | |
| _____/ | |
| **ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Substantively Consolidated Debtors, Chance & Anthem, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc., and Sympatico Equine Rescue, Inc.** | ADV. PROC. NO. |
| Plaintiff, | |
| v. | |
| **RICHARD CLEVELAND, Individually,** | |
| Defendant. | |
| _____/ | |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER**
**FRAUDULENT TRANSFERS AND FOR OTHER RELIEF**

Plaintiff, Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of Debtor Chance & Anthem, LLC (the "Debtor") and substantively consolidated debtors (i) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico") (collectively, the "Consolidated Debtors"), by and through counsel, and pursuant to Rule 7001, Federal Rules of Bankruptcy Procedure, sues the Defendant, Richard Cleveland (the "Defendant") to avoid and recover fraudulent transfers

pursuant to Sections 544, 548, and 550 of Title 11 of the United States Code, Chapter 726 of the Florida Statutes, and for other relief under state common law and states, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is the duly appointed and acting Chapter 7 Trustee of the Debtor and the Consolidated Debtors.

2. Defendant, Richard Cleveland is an individual and a resident of Palm Beach County, Florida, and is otherwise *sui juris*.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H) and (O). The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

**A.    The Debtor's Bankruptcy Case.**

6. On January 29, 2018 (the "Petition Date"), the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

7. Subsequently, on May 24, 2018, the Maryland Bankruptcy Court entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

8. On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is the acting

Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

9. On the Petition Date, the Debtor purported to own valuable investments ("Investments") in a business known as CannaMed Pharmaceuticals, LLC ("CannaMed"). However, in reality, the Debtor only had $48.00 in its checking account and approximately $150.00 worth of office equipment.

10. The Debtor's bankruptcy Schedules reflect that it received in excess of $1.3 Million from third parties for, among other things, to use as capital in developing the CannaMed Business:[1] Among these third parties and creditors of the Estate are (a) Frederick Volkwein ($500,000); (b) Richard Neff ($526,000); (c) ABK South Properties, LLC ($250,000); (d) Gen VC, LLC ($100,000); and (e) Richard Bell ($50,000).

**B.    The Substantive Consolidation of FLACC, Sympatico and Sovereign.**

11. On January 4, 2021, the Trustee filed an Agreed Motion to Substantively Consolidated FLACC, Sympatico and Sovereign into the Debtor's bankruptcy Estate [Main Case, ECF No. 284] (the "SubCon Motion").

12. On January 29, 2021, the Court granted the Subcon Motion and appointed the Plaintiff as Trustee of the Consolidated Debtors [ECF No. 300].

13. In the SubCon Motion, the Trustee argued, among other things, that the requested substantive consolidation of the Consolidated Debtors was in the best interest of the Estate and further alleged that:

  a. The financial reconstruction of the books and records of the Debtor reveal that creditor funds were at times deployed in connection with the Consolidated Debtors and vice versa.

  b. Additionally, certain creditors have asserted claims against the Debtor arising from

---

[1] The Trustee's investigation into the extent, validity and priority of the Investments is ongoing and remain subject to further diligence and reconciliation. The Plaintiff reserves all rights with respect to the foregoing claims, including, but not limited to, the right to seek to subordination or disallowance of any claim that is filed against the Estate.

  the relationship between the Debtor and the Consolidated Debtors, including, Christopher George [Claim No. 4, $2,000,000] (the "George Claim," and collectively, the "Related Claims").

  c. The Trustee's forensic professionals have identified and analyzed connections between the Debtor and the Consolidated Debtors.

14. Additionally, the Trustee has made the following observations concerning the financial affairs of the Debtor and the Consolidated Debtors in support substantive consolidation:

  a. Each Consolidated Debtors was a separate legal entity and each had its own bank account;

  b. The banking activity of FLACC and Sympatico do not always reflect activity consistent with their stated corporate purposes;

  c. The Debtor and Consolidated Debtors had the same signatory to the bank accounts;

  d. A portion of the banking activity of the Debtor and Consolidated Debtors are transfers between the Consolidated Debtors and other entities controlled by the same parties;

  e. The banking activity of the Debtor and Consolidated Debtor reflect checks made payable to cash, deposits of cash and withdrawals and registers and ledgers other than those recreated by the Trustee's forensic accountant were not made available;

  f. Numerous banking transfers between the Debtor and Consolidated Debtors are not evidenced by notes, agreements or other documents which would evidence the business purpose or terms of the transactions;

  g. The Debtor and Consolidated Debtors appear to have conducted financial transactions on behalf of each other without corresponding agreements, ledgers or other documents evidencing the nature and terms of the transactions; and,

  h. The Debtor and Consolidated Debtors could not provide ledgers or registers of the amounts due to/due from each entity.

**C. The Avoidable Transfers.**

15. Four years prior to the Petition Date, the Consolidate Debtors made the avoidable Transfers identified in **Exhibit "A"** attached hereto to Defendant (the "Transfer" or "Transfers"). Significantly, the subject Transfers were made using monies of the Consolidated Debtors, but were made on account of obligations of third-parties and, further, that the Consolidated Debtors were (i) not obligated to make; and (ii) received no consideration or reasonably equivalent value in

exchange for the Transfers.

16. At all times material, the Consolidated Debtors were insolvent at the time of the Transfers since (i) the total liabilities of the Consolidated Debtors exceeded their assets; and (ii) the Consolidated Debtors could not pay their debts as such debts became due.

**D.    Conditions Precedent.**

17. All conditions precedent to the institution of this action have been performed, have occurred, have been waived or have otherwise been excused.

### COUNT I – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND CHAPTER 726 OF THE FLORIDA STATUTES

18. Plaintiff re-states and re-alleges paragraphs 1 through 17, as if fully set forth herein.

19. This is an adversary proceeding to recover an avoidable transfer pursuant to 11 U.S.C. §544(b)(1) and 550 of the Bankruptcy Code and Chapter 726, et. seq., Florida Statutes.

20. Pursuant to 11 U.S.C. §544, the debtor may avoid any transfer made for less than reasonably equivalent value that were made when the debtor was insolvent, or caused the insolvency of the debtor under Florida law.

21. Section 726.105(1)(b), Florida Statutes, provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made or the transfer or incurred the obligation:
>
> * * *
>
> (b) without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:
>
>> (1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> (2) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

5

22. Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; (2) any immediate or mediate transferee of such initial transferee; or (3) any commercial conduit lacking good faith in receipt of such property.

23. The Transfer reflected in the attached Exhibit "A" constitutes the transfer of an interest in property of the Consolidated Debtors to the Defendant as set forth therein within four years (under Chapter 726 of the Florida Statutes) prior to the Petition Date.

24. As a result of the Transfer, the Consolidated Debtors have been damaged and pursuant to 11 U.S.C. §544(b) and §726.105(1)(b), Fla. Stat., such that the Plaintiff may recover the total value of the Transfer.

25. The Defendant was either the initial transferee, or immediate or mediate transferee of such initial transferee and was otherwise the beneficiary of the Transfer as described herein, for whose benefit the Transfer was made and, as a result, the Plaintiff is entitled to recover the Transfer as voidable pursuant to 11 U.S.C. §550(a)(1).

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, Richard Cleveland and (a) determining that the Transfer is fraudulent and avoidable under § 726.105(1)(b), Fla. Stats.; (b) avoiding the Transfers and entering judgment in favor of Plaintiff against Defendant in the aggregate amount of at least $61,000.00, or in such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfer and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C. § 550; (c) disallowing any claim that Defendant may have

against the Estate, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (d) for such other and further relief as the Court deems just and proper.

### COUNT II – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES

26. Plaintiff re-states and re-alleges paragraphs 1 through 17, as if fully set forth herein.

27. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of Title 11 or that is not allowable only under § 502(e) of this title.

28. § 726.106(1), Florida Statutes, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

29. The Transfer, totaling at least $61,000.00, to Defendant were made without the Consolidated Debtors receiving reasonably equivalent value in exchange for such transfers pursuant to § 726.106(1), Florida Statutes.

30. As set forth above, at the time of the Transfer to Defendant, the Consolidated Debtors were insolvent or became insolvent as a result of these Transfer.

31. At the time(s) of the Transfer, the Consolidated Debtors were indebted to creditors in an amount in excess of the Transfer.

32. As a result of the Transfer, the Trustee has been damaged pursuant to 11 U.S.C. § 544(b) for the total value of these Transfer.

33. Defendant was the initial transferee or the entity for whose benefit the Transfer in

the amount of at least $61,000.00 was made, and as a result, the Plaintiff is entitled to recover the Transfer pursuant to 11 U.S.C. § 550(a)(1). Alternatively, Defendant was the immediate or subsequent transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover these Transfers as referenced above from Defendant pursuant to § 726.106(1), Florida Statutes and 11 U.S.C. § 550(a)(2).

34. As a result of the above, the Trustee can avoid the Transfer from Defendant, pursuant to §§ 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statues, and recover the value thereof for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant Richard Cleveland and (a) determining that each of the Transfer are fraudulent and avoidable under § 726.106(1), Fla. Stats.; (b) avoiding the Transfer and entering judgment in favor of Plaintiff against Defendant, in the aggregate amount of at least $61,000.00, or in such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfer and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C. § 550; (c) disallowing any claim that Defendant may have against the Estate, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (d) for such other and further relief as the Court deems just and proper.

### COUNT III – AVOIDANCE AND RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

35. Plaintiff re-states and re-alleges paragraphs 1 through 17, as if fully set forth herein.

36. The Transfers are avoidable pursuant to §§ 544 and 548 of the Bankruptcy Code, including § 726.105(1)(a) and (b), § 726.106(1), Florida Statutes and, as a result, such Transfers are recoverable by Plaintiff pursuant to Section 550 of the Bankruptcy Code.

37. Defendant was the initial transferee of the Transfer and, therefore, the Transfer is

recoverable by the Trustee under § 550 of the Bankruptcy Code.

38. Alternatively, Defendant was the immediate or subsequent transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Trustee is entitled to recover the Transfer as referenced above from Defendant pursuant to 11 U.S.C. § 550(a)(2).

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, Richard Cleveland and (a) determining that the Transfer is fraudulent and avoidable under §§ 544, 548 and 550 of the Bankruptcy Code, including § 726.105(1) (b), Florida Statutes; (b) avoiding the Transfer and entering judgment in favor of Plaintiff against Defendant in the aggregate amount of at least $61,000.00, or in such amounts as are determined at trial, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfer and post- judgment interest, and costs of suit, all pursuant to 11 U.S.C. § 550; (c) disallowing any claim that Defendant may have against the Estate, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (d) for such relief as the Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

39. Plaintiff re-alleges and re-states paragraphs 1 through 17, as if fully set forth herein.

40. The Plaintiff sues Defendant for unjust enrichment.

41. The Consolidated Debtors conferred a benefit upon the Defendant by making the Transfer to Defendant as set forth herein.

42. At all times material, the Defendant knowingly and voluntarily accepted and retained the benefit of the Transfers conferred by the Consolidated Debtors.

43. The circumstances are such that it would be inequitable and unjust for the Defendant to retain the benefits conferred by the Consolidated Debtor without paying Plaintiff the

value thereof.

44. Based upon the Transfer, the Defendant has been unjustly enriched at the expense of the Consolidated Debtors.

45. Accordingly, the Plaintiff is entitled to the return of those amounts in which the Defendant was unjustly enriched through disgorgement or any other appropriate remedy.

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, Richard Cleveland, in the amount in which it was unjustly enriched, together with interest and costs, and for such further relief as the Court may deem just and proper.

### Reservation of Rights

46. Plaintiff reserves his right to amend this Complaint to assert any additional claims for relief against the Defendant as may be warranted under the circumstances as allowed by law.

**Respectfully submitted this 28th day of January, 2022.**

>    GENOVESE JOBLOVE & BATTISTA, P.A.
>    Counsel to the Chapter 7 Trustee
>    100 S.E. 2nd Street, Suite 4400
>    Miami, FL  33131
>    Tel.: (305) 349-2300
>    Fax.: (305) 349-2310
>
>    By:/s/  Barry P. Gruher
>    Barry P. Gruher, Esq.
>    Florida Bar No. 960993
>    bgruher@gjb-law.com
>    Maxine K. Streeter, Esq.
>    Florida Bar No.: 880477
>    mstreeter@gjb-law.com

## Chance & Anthem, LLC (Case No.: 18-16248-MAM)

Florida Association of Community Banks

Avoidable Transfer - Detail - Richard Cleveland

Four Year Period - January 29, 2014 to January 29, 2018 (Petition Date)

| Bank | Entity | Type | Date | Check No. | Payee | Memo | Disbursement Amount |
|---|---|---|---|---|---|---|---|
| Chase 6890 | Florida Association of Community Banks | Check | 02/19/14 | 1014 | Richard Cleveland | 960 44th Street per David Fiore | $ 61,000.00 |
| | | | | | | **Total** | **$ 61,000.00** |