**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**

**CHANCE & ANTHEM, LLC,**               Case No. 18-16248-BKC-MAM
                                         Chapter 7
    **Debtor.**
_____/

**ROBERT C. FURR not individually but**   ADV. PROC. NO.
**as Chapter 7 Trustee of the estate of the**
**Substantively Consolidated Debtors,**
**Chance & Anthem, LLC, Sovereign**
**Gaming & Entertainment, LLC,**
**Florida's Association of Community**
**Banks and Credit Unions, Inc., and**
**Sympatico Equine Rescue, Inc.**

    **Plaintiff,**
**v.**

**OPTIMUMBANK, a Florida**
**corporation,**

    **Defendant.**
_____/

## ADVERSARY COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND FOR OTHER RELIEF

Plaintiff, Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of Debtor, Chance & Anthem, LLC ("Chance" or "Debtor") and substantively consolidated debtors (i) Sovereign Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico")(collectively, the "Consolidated Debtors"), by and through counsel, and pursuant to Rule 7001, Federal Rules of Bankruptcy Procedure, sues the Defendant, OptimumBank (the "Defendant") to avoid and recover fraudulent transfers pursuant to

Sections 544, 548, and 550 of Title 11 of the United States Code, Chapter 726 of the Florida Statutes, and for other relief under state common law and states, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff is the duly appointed and acting Chapter 7 Trustee of the Debtor and the Consolidated Debtors.

2. Defendant, OptimumBank formerly known as OptimumBank.com, is a Florida state chartered commercial bank, and corporation organized and existing under the laws of the State of Florida, and is otherwise *sui juris*.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H) and (O). The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

**A. The Debtor's Bankruptcy Case.**

6. On January 29, 2018 (the "Petition Date"), the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

7. Subsequently, on May 24, 2018, the Maryland Bankruptcy Court entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

8.  On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

9.  On the Petition Date, the Debtor purported to own valuable investments ("Investments") in a business known as CannaMed Pharmaceuticals, LLC ("CannaMed"). However, in reality, the Debtor only had $48.00 in its checking account and approximately $150.00 worth of office equipment.

10. The Debtor's bankruptcy Schedules reflect that it received in excess of $1.3 Million from third parties for, among other things, to use as capital in developing the CannaMed Business:[1] Among these third parties and creditors of the Estate are (a) Frederick Volkwein ($500,000); (b) Richard Neff ($526,000); (c) ABK South Properties, LLC ($250,000); (d) Gen VC, LLC ($100,000); and (e) Richard Bell ($50,000).

**B.  The Substantive Consolidation of FLACC, Sympatico and Sovereign.**

11. On January 4, 2021, the Trustee filed an Agreed Motion to Substantively Consolidated FLACC, Sympatico and Sovereign into the Debtor's bankruptcy Estate [Main Case, ECF No. 284] (the "SubCon Motion").

12. On January 29, 2021, the Court granted the Subcon Motion and appointed the Plaintiff as Trustee of the Consolidated Debtors [ECF No. 300].

13. In the SubCon Motion, the Trustee argued, among other things, that the requested substantive consolidation of the Consolidated Debtors was in the best interest of the Estate and further alleged that:

> a. The financial reconstruction of the books and records of the Debtor reveal that creditor funds were at times deployed in connection with the Consolidated Debtors and vice versa.

---

[1] The Trustee's investigation into the extent, validity and priority of the Investments is ongoing and remain subject to further diligence and reconciliation. The Plaintiff reserves all rights with respect to the foregoing claims, including, but not limited to, the right to seek to subordination or disallowance of any claim that is filed against the Estate.

3

    b. Additionally, certain creditors have asserted claims against the Debtor arising from the relationship between the Debtor and the Consolidated Debtors, including, Christopher George [Claim No. 4, $2,000,000] (the "George Claim," and collectively, the "Related Claims").

    c. The Trustee's forensic professionals have identified and analyzed connections between the Debtor and the Consolidated Debtors.

14. Additionally, the Trustee has made the following observations concerning the financial affairs of the Debtor and the Consolidated Debtors in support substantive consolidation:

    a. Each Consolidated Debtors was a separate legal entity and each had its own bank account;

    b. The banking activity of FLACC and Sympatico do not always reflect activity consistent with their stated corporate purposes;

    c. The Debtor and Consolidated Debtors had the same signatory to the bank accounts;

    d. A portion of the banking activity of the Debtor and Consolidated Debtors are transfers between the Consolidated Debtors and other entities controlled by the same parties;

    e. The banking activity of the Debtor and Consolidated Debtor reflect checks made payable to cash, deposits of cash and withdrawals and registers and ledgers other than those recreated by the Trustee's forensic accountant were not made available;

    f. Numerous banking transfers between the Debtor and Consolidated Debtors are not evidenced by notes, agreements or other documents which would evidence the business purpose or terms of the transactions;

    g. The Debtor and Consolidated Debtors appear to have conducted financial transactions on behalf of each other without corresponding agreements, ledgers or other documents evidencing the nature and terms of the transactions; and,

    h. The Debtor and Consolidated Debtors could not provide ledgers or registers of the amounts due to/due from each entity.

**C.  The Avoidable Transfers.**

15. At all times material, OB Real Estate Holdings 1732, LLC ("OB SPV") was a special purpose vehicle incorporated and controlled by the Defendant. OB SPV was the fee simple owner of the suite of offices where Sovereign and other related entities operated. The subject office suite consisted of the entire fifth (5th) floor of the Trump Office Center located on 525 S.

4

Flagler Drive, West Palm Beach Florida (the "Office Suite").

16. The Legal Description of the Office Suite is:

> **Condominium Units CCU3A2, CCU3B2 and CCU3C2, Trump Plaza of the Palm Beaches, a condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 4800, Page 457, with all exhibits and amendments thereof, Public Records of Palm Beach County, Florida, and any and all amendments thereto, together with an undivided interest in the common elements appurtenant thereto a set forth in said declaration, together with an undivided 16.93% interest in Unit No. CCU3 as set forth in the Declaration of Agreement for Commercial Unit.**
>
> **Parking Facilities as recorded in Official Records Book 19010, Page 70, Public Records of Palm Beach County, Florida**
>
> **Parcel Control Number: 74-43-43-22-25-003-0012**

17. On February 27, 2014, OB SPV acquired the Office Suite through a foreclosure proceeding in the matter styled *Optimum Bank, Plaintiff v. TP5, LLC, et al, Defendants*, Case No. 50-2010-CA-026014, pending in the 15th Judicial Circuit in and for Palm County, Florida. In this proceeding, Defendant foreclosed on a first position mortgage recorded against the Office Suite, which at the time was owned by TP5, LLC, a limited liability company. Ultimately, through the foreclosure case, Defendant took title to the Office Suite through OB SPV.

18. On April 30, 2014, Defendant sold its shares in OB SPV to William Siskind in exchange for payment of One-Million ($1,000,000.00) Dollars. The purchase price was paid for by a transfer of $1 Million to Defendant made by Consolidated Debtor, FLACC (the "Transfer") which, in turn, used cash that it obtained from Consolidated Debtor, Sovereign.

19. Although Consolidated Debtors, Sovereign and FLACC, paid the Transfer to the Defendant ($1 Million), the Consolidated Debtors received no consideration or reasonably equivalent value in connection with the transaction.

20. Four years prior to the Petition Date, the Consolidate Debtors made the avoidable

5

Transfer identified in **Exhibit "A"** attached hereto to Defendant. The subject Transfer was made using monies of the Consolidated Debtors, but were made on account of obligations of third-parties and, further, that the Consolidated Debtors were (i) not obligated to make; and (ii) received no consideration or reasonably equivalent value in exchange for the Transfer.

21. Further, at all times material, the Consolidated Debtors were insolvent at the time of the Transfer since (i) the total liabilities of the Consolidated Debtors exceeded their assets; and (ii) the Consolidated Debtors could not pay their debts as such debts became due.

**D.    Conditions Precedent.**

22. All conditions precedent to the institution of this action have been performed, have occurred, have been waived or have otherwise been excused.

**COUNT I – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT  TO 11 U.S.C. §§ 544 AND CHAPTER 726 OF THE FLORIDA STATUTES**

23. Plaintiff re-states and re-alleges paragraphs 1 through 22, as if fully set forth herein.

24. This is an adversary proceeding to recover an avoidable transfer pursuant to 11 U.S.C. §544(b)(1) and 550 of the Bankruptcy Code and Chapter 726, et. seq., Florida Statutes.

25. Pursuant to 11 U.S.C. §544, the debtor may avoid any transfer made for less than reasonably equivalent value that were made when the debtor was insolvent, or caused the insolvency of the debtor under Florida law.

26. Section 726.105(1)(b), Florida Statutes, provides:

(1)    A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made or the transfer or incurred the obligation:

* * *

(b) without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(1) was engaged or was about to engage in a

6

>business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
>(2) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

27. Pursuant to 11 U.S.C. § 550, in a fraudulent transfer action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; (2) any immediate or mediate transferee of such initial transferee; or (3) any commercial conduit lacking good faith in receipt of such property.

28. The Transfer reflected in the attached Exhibit "A" constitutes the transfer of an interest in property of the Consolidated Debtors to the Defendant as set forth therein within four (4) years (under Chapter 726 of the Florida Statutes) prior to the Petition Date.

29. As a result of the Transfer, the Consolidated Debtors have been damaged and pursuant to 11 U.S.C. §544(b) and §726.105(1)(b), Fla. Stat., such that the Plaintiff may recover the total value of the Transfer.

30. The Defendant was either the initial transferee, or immediate or mediate transferee of such initial transferee and was otherwise the beneficiary of the Transfer as described herein, for whose benefit the Transfer was made and, as a result, the Plaintiff is entitled to recover the Transfer as voidable pursuant to 11 U.S.C. §550(a)(1).

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, OptimumBank and (a) determining that each of the Transfer are fraudulent and avoidable under § 726.105(1)(b), Fla. Stats.; (b) avoiding the Transfer and entering judgment in favor of Plaintiff against Defendant in the aggregate amount of at least $1,000,000.00, or in such

7

amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C. § 550; (c) disallowing any claim that Defendant may have against the Estate, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (d) for such other and further relief as the Court deems just and proper.

### COUNT II – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES

31. Plaintiff re-states and re-alleges paragraphs 1 through 22, as if fully set forth herein.

32. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of Title 11 or that is not allowable only under § 502(e) of this title.

33. § 726.106(1), Florida Statutes, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

34. The Transfer, totaling at least $1,000,000.00, to the Defendant was made without the Consolidated Debtors receiving reasonably equivalent value in exchange for such transfers pursuant to § 726.106(1), Florida Statutes.

35. As set forth above, at the time of the Transfer to Defendant, the Consolidated Debtors were insolvent or became insolvent as a result of these Transfer.

36. Further, at the time of the Transfer, the Consolidated Debtors were indebted to creditors in an amount in excess of the Transfer.

37. As a result of the Transfer, the Trustee has been damaged pursuant to 11 U.S.C. § 544(b) for the total value of these Transfer.

38. Defendant was the initial transferee or the entity for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover the Transfer pursuant to 11 U.S.C. § 550(a)(1). Alternatively, Defendant was the immediate or subsequent transferee of the initial transferee for whose benefit the Transfer was made, and as a result, the Plaintiff is entitled to recover the Transfer as referenced above from Defendant pursuant to § 726.106(1), Florida Statutes and 11 U.S.C. § 550(a)(2).

39. As a result of the above, the Trustee can avoid the Transfer from Defendant, pursuant to §§ 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statues, and recover the value thereof for the benefit of the estate pursuant to § 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, OptimumBank and (a) determining that the Transfer is fraudulent and avoidable under § 726.106(1), Fla. Stats.; (b) avoiding the Transfer and entering judgment in favor of Plaintiff against Defendant, in the aggregate amount of at least $1,000,000.00, or in such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfers and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C. § 550; (c) disallowing any claim that Defendant may have against the Estate, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (d) for such other and further relief as the Court deems just and proper.

### COUNT III – AVOIDANCE AND RECOVERY OF PROPERTY PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

40. Plaintiff re-states and re-alleges paragraphs 1 through 22, as if fully set forth herein.

41. The Transfer is avoidable pursuant to §§ 544 and 548 of the Bankruptcy Code,

9

including § 726.105(1)(a) and (b), § 726.106(1), Florida Statutes and, as a result, such Transfer is recoverable by Plaintiff pursuant to Section 550 of the Bankruptcy Code.

42. Defendant was the initial transferee of the Transfer and, therefore, the Transfer is recoverable by the Trustee under § 550 of the Bankruptcy Code.

43. Alternatively, Defendant was the immediate or subsequent transferees of the initial transferee for whose benefit the Transfers were made, and as a result, the Trustee is entitled to recover these Transfers as referenced above from Defendant pursuant to 11 U.S.C. § 550(a)(2).

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, OptimumBank and (a) determining that the Transfer is fraudulent and avoidable under §§ 544, 548 and 550 of the Bankruptcy Code, including § 726.105(1)(b), Florida Statutes; (b) avoiding the Transfer and entering judgment in favor of Plaintiff against Defendant in the aggregate amount of at least $1,000,000.00, or in such amounts as are determined at trial, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfers and post- judgment interest, and costs of suit, all pursuant to 11 U.S.C. § 550; (c) disallowing any claim that Defendant may have against the Estate, including without limitation, pursuant to and as provided in 11 U.S.C. § 502(d); and (d) for such relief as the Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

44. Plaintiff re-alleges and re-states paragraphs 1 through 22, as if fully set forth herein.

45. The Plaintiff sues Defendant for unjust enrichment.

46. The Consolidated Debtors conferred a benefit upon the Defendant by making each of the Transfer to Defendant as set forth herein.

47. At all times material, the Defendant knowingly and voluntarily accepted and

retained the benefit of the Transfer conferred by the Consolidated Debtors.

48. The circumstances are such that it would be inequitable and unjust for the Defendant to retain the benefits conferred by the Consolidated Debtor without paying Plaintiff the value thereof.

49. Based upon the Transfer, the Defendant has been unjustly enriched at the expense of the Consolidated Debtors.

50. Accordingly, the Plaintiff is entitled to the return of those amounts in which the Defendant was unjustly enriched through disgorgement or any other appropriate remedy.

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, demands judgment against Defendant, OptimumBank, in the amount in which it was unjustly enriched, together with interest and costs, and for such further relief as the Court may deem just and proper.

### Reservation of Rights

51. Plaintiff reserves his right to amend this Complaint to assert any additional claims for relief against the Defendant as may be warranted under the circumstances as allowed by law.

**Respectfully submitted this 28th day of January, 2022.**

                                           GENOVESE JOBLOVE & BATTISTA, P.A.
                                           Counsel to the Chapter 7 Trustee
                                           100 S.E. 2nd Street, Suite 4400
                                           Miami, FL 33131
                                           Tel.: (305) 349-2300
                                           Fax.: (305) 349-2310

                                           By: /s/ Barry P. Gruher
                                                 Barry P. Gruher, Esq.
                                                 Florida Bar No. 960993
                                                 bgruher@gjb-law.com
                                                 Maxine K. Streeter, Esq.
                                                 Florida Bar No. 880477
                                                 mstreeter@gjb-law.com

**EXHIBIT A**

## Chance & Anthem, LLC (Case No.: 18-16248-MAM)

Florida Association of Community Banks

Avoidable Transfer - Detail - Optimum Bank

Four Year Period - January 29, 2014 to January 29, 2018 (Petition Date)

| Bank | Entity | Type | Date | Check No. | Payee | Memo | Disbursement Amount |
|---|---|---|---|---|---|---|---|
| Chase 6890 | Florida Association of Community Banks | Withdrawal | 02/03/14 | | Optimum Bank | Trump Office Suite | $ 1,000,000.00 |
| | | | | | | **Total** | **$ 1,000,000.00** |