**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

CHANCE & ANTHEM, LLC,                              Case No. 18-16248-BKC-MAM
                                                                              Chapter 7

　　　　Debtor.
_____/

**MOTION BY ROBERT C. FURR, CHAPTER 7 TRUSTEE TO APPROVE**
**SETTLEMENT AND COMPROMISE CONTROVERSY WITH**
**ADVERSARY DEFENDANT, RICHARD CLEVELAND**

**Any interested party who fails to file and serve a written**
**response to this Motion within 21 days after the date of service**
**stated in this Motion shall, pursuant to Local Rule 9013-**
**1(D)(1), be deemed to have consented to the entry of an Order**
**in the form attached to this Motion. Any scheduled hearing**
**may then be cancelled.**

Robert C. Furr (the "Trustee"), as Chapter 7 Trustee for the Bankruptcy Estate of Debtor,

Chance & Anthem, LLC (the "Debtor") and substantively Consolidated Debtors (i) Sovereign

Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks

and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico")

(collectively, the "Consolidated Debtors"), by and through counsel, and pursuant to Fed. R.

Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, files this Motion by Robert C. Furr,

Chapter 7 Trustee, to Approve Settlement and Compromise Controversy (the "Motion")[1] with

Adversary Defendant, Richard Cleveland ("Cleveland" or "Defendant") (together, the "Parties")

and in support thereof states, as follows:

**BACKGROUND**

　　　1.　　　On January 29, 2018 (the "Petition Date"), the Debtor filed a voluntary petition

for bankruptcy relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Case") [ECF No. 1].

2.      On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida [ECF No. 73], which transferred the Bankruptcy Case to this Court.

3.      On May 25, 2018, Robert C. Furr was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

4.      On January 4, 2021, the Trustee filed Chapter 7 Trustee Robert C. Furr's Agreed Motion to Substantively Consolidate Non-Debtors (I) Sovereign Gaming & Entertainment, LLC; (II) Florida's Association of Community Banks and Credit Unions, Inc.; and (III) Sympatico Equine Rescue, Inc. (the "SubCon Motion") [ECF No. 284].

5.      On January 29, 2021, the Bankruptcy Court granted the SubCon Motion, and substantively consolidated Sovereign, FLACC and Sympatico with the Debtor's bankruptcy estate (the "SubCon Order") [ECF No. 300], effective as of the Petition Date.

6.      On January 28, 2022, the Plaintiff commenced an adversary proceeding in the matter styled *Furr v. Cleveland*, Adv. Pro. No. 22-01028- MAM (the "Adversary Case") seeking damages in the amount of $61,000.00 (the "Transfer") by filing an Adversary Complaint to Avoid and Recover Fraudulent Transfers and for Other Relief (the "Adversary Complaint")[2] [Adv. ECF No. 1] against the Defendant.

7.      In the Adversary Complaint, the Plaintiff asserted various causes of action and claims against the Defendant for (i) Count I – Avoidance and Recovery of Fraudulent Transfers Pursuant to §§ 544 and Chapter 726 of the Florida Statutes; (ii) Count II – Avoidance and

---

[1] Unless defined herein, all capitalized terms shall have the same use and meaning as set forth in the Settlement Agreement and Adversary Complaint, as referenced below.

Recovery of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes; (iii) Count III – Avoidance and Recovery of Property Pursuant to Section 550 of the Bankruptcy Code; and (iv) Count IV – Unjust Enrichment (collectively, the "Claims").

8.     On January 31, 2022, the Court entered its Order Setting Status Conference and Establishing Procedures and Deadlines (the "Order Setting Status Conference") [Adv. ECF No. 3] and on April 13, 2022, the Bankruptcy Court held a Status Conference in the Adversary Case.

9.     On March 14, 2022, the Defendant filed his Answer and Affirmative Defenses (the "Answer") [Adv. ECF No. 6], denying liability and raising various affirmative defenses to the Claims asserted in the Adversary Complaint (the "Defenses").

10.     Thereafter, on February 2, 2023, the Bankruptcy Court entered its Third Amended Order Setting Filing and Disclosure Requirements for Pretrial and Trial [Adv. ECF No. 23] which provided, among other things, for the continuance of the pretrial conference and corresponding pretrial disclosures and deadlines previously scheduled in this Adversary Case to May 17, 2023 (the "Pretrial Conference").

11.     During the past several months, the Parties have engaged in discovery and good faith settlement discussions regarding the Claims and Defenses raised in the Adversary Case. The Trustee has also analyzed and considered the anticipated difficulties and administrative costs to the Estate in continuing to litigate the Adversary Case and, if successful, collecting on any potential judgment against Cleveland.

12.     Significantly, on March 28, 2023, the Parties attended mediation (the "Mediation") before Leslie S. Osborne, Esq. of the law firm Rappaport Osborne & Rappaport, PLLC (the "Mediator"). In order to avoid the high costs and uncertainties associated with

---

[2] Unless defined herein, all capitalized terms shall have the same use and meaning as set forth in the Complaint.

litigation, and without admitting fault or liability whatsoever, the Parties reached a global settlement of the Adversary Case at the Mediation (the "Settlement").

13.     Accordingly, on March 28, 2023, the Parties executed that certain Settlement Agreement and Releases (the "Settlement Agreement" or "Agreement"), attached hereto and incorporated by referenced herein as **Exhibit "A"**.

14.     A brief explanation of the principal terms of the Settlement is set forth below. However, creditors and parties-in-interest are encouraged to read the Settlement Agreement carefully; and in the event of an inconsistency between the terms of the Settlement Agreement and this Motion, the terms of the written Settlement Agreement shall control.

15.     The principal terms of the Settlement Agreement with the Defendant are, as follows:

i.     **Settlement Payment.** In full and final satisfaction of any and all Claims asserted in the Complaint against Cleveland, and subject to the terms and conditions of this Settlement Agreement, the Defendant shall pay to the Trustee the total sum of Twenty-Five Thousand ($25,000.00) Dollars to be paid in installments as provided herein (the "Settlement Amount" or "Settlement Payments") and upon the entry of an Approval Order (as defined below) approving this Agreement. The Settlement Payments shall be due and payable to the Trustee, as follows:

a.     Within five (5) calendar days after the Bankruptcy Court enters the Approval Order approving this Settlement Agreement as set forth in ¶3 below, the Defendant shall pay to the Trustee the sum of $1,000.00, representing the initial settlement payment due hereunder (the "Initial Payment"); and

b.     The remaining balance of the Settlement Amount shall be paid in twelve (12) equal monthly payments of $2,000.00, commencing on or before the first (1st) day of each month thereafter (the "Installment Payments").[3]

ii.     **Bankruptcy Court Approval Required.** This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval of the Trustee's motion seeking to compromise controversy as between the Parties and approving this Settlement Agreement pursuant to Rule 9019, Federal Rules of Bankruptcy Procedure (the "9019 Motion") and entry of a final, non-appealable order granting the 9019 Motion (the "Approval Order"). For purposes of this

---

[3] Defendant may prepay any portion of the Settlement Payments at any time hereunder without penalty.

Settlement Agreement, the term "Approval Order" means an order entered by the Bankruptcy Court, the implementation, operation, or effect of which has not been stayed and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing or writ of certiorari has expired and as to which no appeal or petition for review or rehearing or certiorari has been taken and is pending. Following the Effective Date, the Trustee shall prepare and file the 9019 Motion with the Bankruptcy Court. If the Bankruptcy Court does not approve and enter the Approval Order, this Settlement Agreement shall be null, void and of no further force and effect, and (if applicable) the Trustee shall return any portion, if any, of the Settlement Amount previously received from the Defendant.

iii.     Furthermore, this Settlement Agreement is contingent upon and subject to the Trustee's verification and acceptance as to the financial condition of Cleveland as represented by the Defendant during the Mediation. Within seven (7) days of the Effective Date hereof, the Defendant shall provide the Trustee with (i) 2 years of the Defendant's individual and corporate federal income tax returns for the years 2020 and 2021; and (ii) 1 year of the Defendant's individual and corporate banking statements for the calendar year 2022 through March, 2023.[4]

ii.     **Mutual Release.** Effective upon confirmation of receipt and bank clearance of the Initial Payment and Installment Payments comprising the Settlement Amount, and except for the obligations set forth in this Settlement Agreement, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including (as applicable) their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time up through the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case  or any associated adversary proceeding, including, but not limited to, the Adversary Case, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action owned or controlled by the Trustee or that the Plaintiff has standing to pursue on behalf of the Estate. The Defendant agrees to waive any additional claims against the Estate for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h).

---

[4] For purposes of this paragraph, the Defendant shall provide the corporate tax returns for the entities known as RYO Cigarettes of Boca, LLC and RYO Cigarettes of Boynton Beach, LLC (the "Companies").

This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any releases to any third-parties not a party to this Agreement and/or third-party beneficiaries.

iii.   **Claims Waiver.** As additional consideration for the releases contained herein, Defendant agrees to waive and withdraw any and all claims the Defendant asserted or may in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. § 502(h); provided, however, that nothing in this paragraph shall release any provisions of this Settlement Agreement.

iv.   **Default.** In the event that the Defendant materially breach and otherwise fail to comply with the terms and conditions of this Settlement Agreement, then such occurrence shall constitute an event of default under the Agreement (the "Event of Default"). Upon an Event of Default, the Plaintiff, as Chapter 7 Trustee, and/or through counsel for Plaintiff, shall provide the Defendant, and/or its counsel, with written notice (the "Written Notice") thereof as the alleged defaulting Party, as provided in the Notice provisions set forth below. The Written Notice shall provide the Defendant with five (5) calendar days from the date of such notice to cure the Event of Default (the "Grace Period"). Should the Defendant fail to cure the Event of Default within the Grace Period, then, the Plaintiff may upon the filing of a motion with the Bankruptcy Court seek to enforce this Agreement against the Defendant (the "Enforcement Motion") for which the prevailing party shall after notice and hearing be entitled to an award of reasonable attorney's fees and costs relative to the Enforcement Motion. Further, if Defendant fails to comply with the provisions of Paragraph (2) above regarding the Settlement Amount, which Event of Default is not cured within the Grace Period, the Plaintiff may file a motion for entry of default final judgment against the Defendant  (the "Motion for Default"), which after notice and hearing, shall entitle Plaintiff to the entry of final judgment(s) against Defendant in the amount of $61,000.00, less any amounts paid to Plaintiff under this Settlement Agreement, plus accrued interest due thereon to the Estate (the "Final Judgment"), which judgments shall accrue at the federal statutory rate, together with an award of reasonable attorneys' fees and costs, for which execution shall issue forthwith. The only defenses to the entry of the Final Judgment shall be related to the timeliness of the Settlement Amount and compliance with the Settlement Agreement. All other defenses relating to the merits of the Claims shall be deemed waived.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

16.     Fed. R. Bankr. P. 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to

creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

17.     The standards for approval of a settlement in a bankruptcy proceeding requires the Court to inquire into the reasonableness of the proposed settlement and to determine whether the settlement falls below the lowest point of the range of reasonableness. *In re Jackson Brewing Company*, 624 F.2d 599, 602–03 (5th Cir.1980); *In re Arrow Air,* 85 BR 886, 891 (Bankr. S.D. Fla. 1988). Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Jackson Brewing Company*, 624 F.2d 599, 602–03 (5th Cir.1980); *In re Arrow Air,* 85 BR 886, 891 (Bankr. S.D. Fla. 1988). The standards for approval are well settled and require the Bankruptcy Court to inquire into the reasonableness of the proposed settlement and to determine whether the settlement falls below the lowest point of the range of reasonableness. *Id.*

18.     In evaluating settlements, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

19.     In this regard, the Eleventh Circuit has set forth several factors to be considered by the Bankruptcy Court in determining whether to approve the Stipulation in this case. *See In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990). Accordingly, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the

creditors and proper deference to their reasonable views in the premises. *Id*.

20. In applying the foregoing factors, the Trustee respectfully submits that the Settlement falls well within the "range of reasonableness," and satisfies the legal standard set forth in *Justice Oaks*. Specifically, the Trustee submits that the Settlement satisfies the *Justice Oaks* standards for the following reasons:

a. **the probability of success in the litigation** – With regard to weighing the Settlement Agreement against the probability of success in the litigation, the Agreement will avoid the difficulty and expenses that would be incurred (in a currently administratively insolvent estate) if the Claims had to be litigated by the Trustee against the Defendant. Although the Claims alleged against Cleveland are primarily for the avoidance and recovery of the Transfer under the Bankruptcy Code and Florida state law, that were made to or for the benefit of the Defendant, the Plaintiff will likely encounter difficulties in prosecuting these Claims under the Adversary Complaint given some of the defenses raised in the Answer. Consequently, while the Trustee believes the Claims against the Defendant is meritorious, the Trustee also recognizes that there are inherent and unforeseen risks associated with such litigation. Further, in evaluating the anticipated time and associated expense to the Estate in continuing to litigate these issues, even if successful, may potentially outweigh the cost-benefit provided to the Estate under the Settlement Agreement.

b. **the difficulties, if any, to be encountered in the matter of collection** – The Trustee has evaluated the risks of collection that would potentially be encountered by the Estate in pursuing litigation with the Defendant regarding the matter being resolved by the Agreement, especially, without the benefit of any insurance policies in effect or other tangible assets to collect upon with respect to the Claims. The Trustee has taken into account the ability of the

Estate to monetize the Claims, and in determining the difficulties in collecting upon any judgment that may be obtained by the Estate against the Defendant since, among other countervailing factors, the Defendant is likely to appeal any judgment entered against him by the Bankruptcy Court. In this regard, any award to the Plaintiff in connection with the Claims that is subject to an appeal by the Defendant would likely be pursued (perhaps with the posting of a supersedeas appellate bond by Cleveland), which would serve to significantly delay collection upon a judgment.

Furthermore, the Trustee has also taken into consideration the difficulties with executing upon a judgment, if any, which would require additional bankruptcy and/or state court proceedings that may deplete the Estate's assets. As noted above, the Settlement was contingent upon and subject to Plaintiff's verification and acceptance of the financial condition of Cleveland as represented during the Mediation. This provision of the Settlement Agreement required the Defendant to provide the Plaintiff with (i) 2 years federal income tax returns for the years 2020 and 2021, and (ii) 1 year of banking statements for the calendar year 2022 through March, 2023, with respect to Cleveland and the Companies. The Defendant timely complied with these financial disclosures to the satisfaction of the Plaintiff. As such, the Trustee has determined that the Settlement Agreement will avoid the difficulties and uncertainties of collecting and enforcing any judgment, order or decree that may be entered by the Court against the Defendant.

  **c.** **the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it** – The nature of the Claims are such that continued litigation would involve significant expense, delay, and inconvenience to the Parties. The underlying issues would be expensive to pursue in that they would require, among other things, expert witness discovery and trial testimony. Further, as noted above, and as set forth in the Agreement,

the Defendant has agreed to the entry of Final Judgments for the full amount of the Claims in the Event of Default.

      **d.**    **the paramount interest of the creditors and proper deference to their reasonable views in the premises** – Finally, the Settlement Agreement is in the best interests of the Estate and its creditors. Given the foregoing factors, the total consideration of $25,000.00 to be paid by the Defendant, are material considerations for resolving the dispute. Therefore, it is the Trustee and his counsel's position that, based upon careful evaluation, the Agreement is in the best interests of the Estate and its creditors. The Trustee asserts that the Agreement will cause funds to be infused into the Estate without further legal fees and costs at an early stage in the proceeding, and will eliminate the risk and high expense of protracted litigation, as well as the uncertainty attached to the outcome. While the professionals for the Parties feel strongly about their respective litigation positions, the Trustee believes it is in the best interests of the Estate to avoid an expensive and protracted litigation.

      21.    In addition to the foregoing, the Plaintiff requests that the Court grant the Trustee authorization to remit payment to the Mediator in the amount of $1,250.00 (the "Mediation Fee") to prepare for and conduct the successful Mediation. The invoice representing the Mediator Fee is attached hereto as **Exhibit "B"**.

      22.    Therefore, the Trustee respectfully requests the Court grant this Motion and enter the proposed order attached hereto as **Exhibit "C"** approving the Settlement Agreement. including  the approval of the Mediation Fee and remittance of payment to the Mediator.

      **WHEREFORE**, the Chapter 7 Trustee, Robert C. Furr, respectfully requests the Court enter the proposed Order attached hereto as Exhibit "C" providing for the following relief:  (i) granting the Motion; (ii) approving the Settlement Agreement attached hereto as Exhibit "A"

pursuant to Bankruptcy Rule 9019; (iii) approving the Mediation Fee and remittance of payment to the Mediator; (iv) retaining jurisdiction over this matter to enforce the terms and conditions, and otherwise resolve any disputes under or pertaining to the Settlement Agreement as may be necessary or required; and (v) such other relief that the Court deems just and proper.

**Dated: April 24, 2023.**                    Respectfully Submitted,

**VENABLE LLP**
*Proposed Counsel for Trustee*
200 East Broward Blvd., Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954) 453-8000
Facsimile:  (954) 453-8010

By:   */s/ Barry P. Gruher*
     Barry P. Gruher, Esq.
     Florida Bar No. 960993
     bpgruher@venable.com
     Maxine K. Streeter, Esq.
     Florida Bar No.: 880477
     mkstreeter@venable.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing was served via CM/ECF Notification to all users registered to receive electronic notification and/or via U.S. Mail to all parties on the attached service list on this  24th day of April, 2023.

By:   */s/* Barry P. Gruher
     Barry P. Gruher, Esq.

11

**SERVICE LIST**

***Served via CM/ECF***

Stephen P. Drobny    sdrobny@joneswalker.com, stephen-drobny-
0132@ecf.pacerpro.com;mhocutt@joneswalker.com;aminor@joneswalker.com

Robert C Furr    trustee@furrtrustee.com, rcf@trustesolutions.net

John H Genovese    jhgenovese@venable.com,
hebruke@venable.com;jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdriv
e.com

Barry P Gruher    bpgruher@venable.com,
ipmalcolm@venable.com;JBIsenberg@Venable.com;cascavone@venable.com;imalcolm@ecf.c
ourtdrive.com

Philip B Harris    philip@philipbharris.com

Brian K. McMahon    briankmcmahon@gmail.com, irizarryelise1@gmail.com

Nicole Testa Mehdipour    nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;
mehdipournr85783@notify.bestcase.com

Steven S Newburgh    ssn@newburghlaw.net,
office@rorlawfirm.com;paula@rorlawfirm.com;ssn@newburghlaw.net

Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

David A Ray    dray@draypa.com, draycmecf@gmail.com;simone.draypa@gmail.com

Michael P Reitzell    mreitzell@reitzellpa.com

Michael Anthony Shaw    miamiservice@joneswalker.com, tshaw@joneswalker.com

Jeffrey M Siskind    jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez    jsuarez@continentalpllc.com, dsanchez@continentalpllc.com

Stuart A Young    syoung@ybplaw.com, lalmeida@ybplaw.com

Michael E Zapin    michaelEzapin@gmail.com,
zapinecf@gmail.com;r57947@notify.bestcase.com

**_Served via U.S. Mail:_**

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

John H Genovese
200 E. Broward Blvd., Suite 1110
Fort Lauderdale, FL 33131

Robert Grossbart
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090

**All parties on the attached mailing matrix.**

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Fri Apr 21 14:09:35 EDT 2023

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place. Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

(p)COMPTROLLER OF MARYLAND
BANKRUPTCY UNIT
301 W PRESTON ST ROOM 409
BALTIMORE MD 21201-2383

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

Jeffrey M. Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

```
Sarenil Associates, LLC c/o Frederick Volkwe      Sovereign Gaming & Entertainment, LLC      State of Maryland DLLR
1615 Forum Place                                  3485 Lago De Talavera                      Division of Unemployment Insurance
Suite 3A                                          Wellington, FL 33467-1071                  1100 N. Eutaw Street, Room 401
West Palm Beach, FL 33401-2316                                                               Baltimore, MD 21201-2226


Steven S. Newburgh, Esq.                          T.E. Smith & Son, Inc.                     Wellington 3445, LP
McLaughlin & Stern PLLC                           2043 Northwood Drive                       375 Golfside Road
CityPlace Office Tower - Suite 1700               Salisbury, MD 21801-7800                   Wexford, PA 15090-9419
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349


Alan Barbee                                       Alan Bias                                  Carl Stone
GlassRatner Advisory & Capital Group              7745 Dawson Court                          c/o Sofiye Williams PA
1400 Centrepark Blvd #860                         Lake Worth, FL 33467-7719                  500 E Broward Blvd., #1710
West Palm Beach, FL 33401-7421                                                               Ft Lauderdale, FL 33394-3005


Christopher George                                David Fiore                                Dianna George
c/o Sofiye Williams, Esq.                         c/o Sofiye Williams, Esq.                  c/o Sofiye Williams PA
500 E. Broward Blvd.                              500 E. Broward Blvd.                       500 E. Broward Blvd., #1710
Suite 1710                                        Suite 1710                                 Ft Lauderdale, FL 33394-3005
Fort Lauderdale, FL 33394-3005                    Fort Lauderdale, FL 33394-3005


Frederick Volkwein                                George W. Liebmann                         Robert C Furr
c/o Richard P. Zaretsky, Esq.                     Law Offices of George W. Liebmann, P.A.    www.furrtrustee.com
1615 Forum Place, Suite 3A                        8 West Hamilton Street                     2255 Glades Road Ste 419A
West Palm Beach, FL 33401-2316                    Baltimore, MD 21201-5008                   Boca Raton, FL 33431-7379
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201
```


          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


```
(u)West Palm Beach                                (d)27120 Ocean Gateway, LLC                (d)27120 Ocean Gateway, LLC
                                                  7745 Dawson Court                          7745 Dawson Court
                                                  Lake Worth, FL 33467-7719                  Lake Worth, FL 33467-7719


(d)3GEN VC, LLC                                   (d)ABK South Properties, LLC               (d)All Pro Pool Service
c/o Gerald Cantor                                 c/o George Booras, Esq.                    13557 Barberry Drive
4000 Hollywood Boulevard #500-N                   1371 Hill Avenue                           Wellington, FL 33414-8518
Hollywood, FL 33021-1224                          Melbourne, FL 32940-6948
```

(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3005

(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

(d)PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

(u)Sovereign Gaming & Entertainment, LLC
INVALID ADDRESS PROVIDED

(d)T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

(d)Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090-9419

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

End of Label Matrix
Mailable recipients   44
Bypassed recipients   18
Total                 62

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

**CHANCE & ANTHEM, LLC,**                          **Case No. 18-16248-BKC-MAM**
                                                    **Chapter 7**
      **Debtor.**

_____/

**ROBERT C. FURR not individually but**            **ADV. PROC. NO. 22-01028-MAM**
**as Chapter 7 Trustee of the estate of the**
**Substantively Consolidated Debtors,**
**Chance & Anthem, LLC, Sovereign**
**Gaming & Entertainment, LLC,**
**Florida's Association of Community**
**Banks and Credit Unions, Inc., and**
**Sympatico Equine Rescue, Inc.,**

      **Plaintiff,**
**v.**

**RICHARD CLEVELAND,**

      **Defendant.**

_____/

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is

entered into and made this **28th** day of March, 2023 (the "Effective Date"), by and between the

Plaintiff, Robert C. Furr, as Chapter 7 Trustee for the Debtor, Chance & Anthem, LLC (the

"Plaintiff" or "Trustee") and substantively consolidated debtors (i) Sovereign Gaming &

Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and Credit

Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico") (collectively, the

"Consolidated Debtors") and Defendant, Richard Cleveland ("Cleveland" or the "Defendant")

(hereinafter, the Trustee and Cleveland shall be referred to collectively as the "Parties" and each

individually a "Party").

**RECITALS**

**WHEREAS**, on January 29, 2018 (the "Petition Date"), the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case"); and

**WHEREAS**, on May 24, 2018, the Maryland Bankruptcy Court entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court; and

**WHEREAS**, the Plaintiff, Robert C. Furr, was duly appointed and is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate"); and

**WHEREAS**, on January 4, 2021, the Trustee filed an Agreed Motion to Substantively Consolidated FLACC, Sympatico and Sovereign into the Debtor's bankruptcy Estate [Main Case, ECF No. 284] (the "SubCon Motion"); and

**WHEREAS**, on January 29, 2021, the Court granted the Subcon Motion and appointed the Plaintiff as Trustee of the Consolidated Debtors [ECF No. 300]; and

**WHEREAS**, on January 28, 2022, the Plaintiff commenced the above-referenced adversary proceeding (the "Adversary Case") against the Defendant seeking damages in the amount of $61,000.00 by filing an Adversary Complaint to Avoid and Recover Fraudulent Transfers and for Other Relief (the "Complaint")[1] [Adv. ECF No. 1] asserting various claims against the Defendant for (i) Count I – Avoidance and Recovery of Fraudulent Transfers Pursuant

---

[1] Unless defined herein, all capitalized terms shall have the same use and meaning as set forth in the Complaint.

2

to §§ 544 and Chapter 726 of the Florida Statutes; (ii) Count II – Avoidance and Recovery of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes; (iii) Count III – Avoidance and Recovery of Property Pursuant to Section 550 of the Bankruptcy Code; and (iv) Count IV – Unjust Enrichment (collectively, the "Claims"); and

**WHEREAS**, on April 14, 2022, the Defendant filed his Answer and Affirmative Defenses [Adv. ECF No. 6], denying liability and raising various affirmative defenses to the Claims asserted in the Complaint; and

**WHEREAS**, on February 2, 2023, the Bankruptcy Court entered its Third Amended Order Setting Filing and Disclosure Requirements for Pretrial and Trial [Adv. ECF No. 23] which provided, among other things, for the continued Pretrial Conference in this Adversary Case on May 17, 2023 (the "Pretrial Conference"); and

**WHEREAS**, the Defendant asserts that he has valid defenses to the Claims; and

**WHEREAS**, on March 23, 2023, the Trustee filed a Re-Notice of Mediation [Adv. ECF No. 26] pursuant to which the Parties attended mediation conducted by Leslie S. Osborne, Esq., as mediator (the "Mediation"); and

**WHEREAS**, in order to avoid the costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which are now have set forth in this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree, as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth

3

above are true, accurate and correct, and are incorporated in full and made a part of this Settlement

Agreement.

2.        **Settlement Payments.**  In full and final satisfaction of any and all Claims asserted

in the Complaint against Cleveland, and subject to the terms and conditions of this Settlement

Agreement, the Defendant shall pay to the Trustee the total sum of Twenty-Five Thousand

($25,000.00) Dollars to be paid in installments as provided herein (the "Settlement Amount" or

"Settlement Payments") and upon the entry of an Approval Order (as defined below) approving

this Agreement. The Settlement Payments shall be due and payable to the Trustee, as follows:

> **a.**      Within five (5) calendar days after the Bankruptcy Court enters the
> Approval Order approving this Settlement Agreement as set forth in ¶3 below, the
> Defendant shall pay to the Trustee the sum of $1,000.00, representing the initial settlement
> payment due hereunder (the "Initial Payment"); and
>
> **b.**      The remaining balance of the Settlement Amount shall be paid in twelve
> (12) equal monthly payments of $2,000.00, commencing on or before the first (1st) day of
> each month thereafter (the "Installment Payments").[2]

Nothing in this Agreement, or the making of the Settlement Payments by the Defendant, shall be

construed or mean to imply that any of the Defendant or the Trustee, on behalf of the Debtors, is

liable to the other for any reason whatsoever. Rather, the Parties are entering into this Agreement,

and the Defendant are paying the Settlement Amount, pursuant to the Initial Payment and

Installment Payments, to avoid the time, expense and uncertainty associated with litigation.

3.        **Bankruptcy Court Approval Required.** This Settlement Agreement shall be

subject in all respects to Bankruptcy Court approval of the Trustee's motion seeking to

compromise controversy as between the Parties and approving this Settlement Agreement

pursuant to Rule 9019, Federal Rules of Bankruptcy Procedure (the "9019 Motion") and entry of

a final, non-appealable order granting the 9019 Motion (the "Approval Order"). For purposes of

---

[2] Defendant may prepay any portion of the Settlement Payments at any time hereunder without penalty.

this Settlement Agreement, the term "Approval Order" means an order entered by the Bankruptcy Court, the implementation, operation, or effect of which has not been stayed and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing or writ of certiorari has expired and as to which no appeal or petition for review or rehearing or certiorari has been taken and is pending. Following the Effective Date, the Trustee shall prepare and file the 9019 Motion with the Bankruptcy Court. If the Bankruptcy Court does not approve and enter the Approval Order, this Settlement Agreement shall be null, void and of no further force and effect, and (if applicable) the Trustee shall return any portion, if any, of the Settlement Amount previously received from the Defendant.

Furthermore, this Settlement Agreement is contingent upon and subject to the Trustee's verification and acceptance as to the financial condition of Cleveland as represented by the Defendant during the Mediation. Within seven (7) days of the Effective Date hereof, the Defendant shall provide the Trustee with (i) 2 years of the Defendant's individual and corporate federal income tax returns for the years 2020 and 2021; and (ii) 1 year of the Defendant's individual and corporate banking statements for the calendar year 2022 through March, 2023.[3]

4.      **Mutual Release.** Effective upon confirmation of receipt and bank clearance of the Initial Payment and Installment Payments comprising the Settlement Amount, and except for the obligations set forth in this Settlement Agreement, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including (as applicable) their respective

---

[3] For purposes of this paragraph, the Defendant shall provide the corporate tax returns for the entities known as RYO Cigarettes of Boca, LLC and RYO Cigarettes of Boynton Beach, LLC (the "Companies").

successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time up through the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case  or any associated adversary proceeding, including, but not limited to, the Adversary Case, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action owned or controlled by the Trustee or that the Plaintiff has standing to pursue on behalf of the Estate. The Defendant agrees to waive any additional claims against the Estate for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any releases to any third-parties not a party to this Agreement and/or third-party beneficiaries.

5.      **Claims Waiver.** As additional consideration for the releases contained herein, Defendant agrees to waive and withdraw any and all claims the Defendant asserted or may in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. § 502(h); provided, however, that nothing in this paragraph shall release any provisions of this Settlement Agreement.

6.      **Default.**  In the event that the Defendant materially breach and otherwise fail to comply with the terms and conditions of this Settlement Agreement, then such occurrence shall

constitute an event of default under the Agreement (the "Event of Default"). Upon an Event of Default, the Plaintiff, as Chapter 7 Trustee, and/or through counsel for Plaintiff, shall provide the Defendant, and/or its counsel, with written notice (the "Written Notice") thereof as the alleged defaulting Party, as provided in the Notice provisions set forth below. The Written Notice shall provide the Defendant with five (5) calendar days from the date of such notice to cure the Event of Default (the "Grace Period"). Should the Defendant fail to cure the Event of Default within the Grace Period, then, the Plaintiff may upon the filing of a motion with the Bankruptcy Court seek to enforce this Agreement against the Defendant (the "Enforcement Motion") for which the prevailing party shall after notice and hearing be entitled to an award of reasonable attorney's fees and costs relative to the Enforcement Motion. Further, if Defendant fails to comply with the provisions of Paragraph (2) above regarding the Settlement Amount, which Event of Default is not cured within the Grace Period, the Plaintiff may file a motion for entry of default final judgment against the Defendant (the "Motion for Default"), which after notice and hearing, shall entitle Plaintiff to the entry of final judgment(s) against Defendant in the amount of $61,000.00, less any amounts paid to Plaintiff under this Settlement Agreement, plus accrued interest due thereon to the Estate (the "Final Judgment"), which judgments shall accrue at the federal statutory rate, together with an award of reasonable attorneys' fees and costs, for which execution shall issue forthwith. The only defenses to the entry of the Final Judgment shall be related to the timeliness of the Settlement Amount and compliance with the Settlement Agreement. All other defenses relating to the merits of the Claims shall be deemed waived.

7.    **Notices.**    All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following, including via electronic mail:

a.    Trustee:            Barry P. Gruher, Esq.
                    Venable LLP

200 East Broward Blvd., Suite 1110
Fort Lauderdale, FL 33301
Telephone: (954) 453-8000
*Counsel for the Trustee*
bpgruher@venable.com

b.    Defendant:    Michael P. Reitzell, Esq.
Michael P. Reitzell, P.A.
319 Clematis Street, Suite 218
West Palm Beach, FL 33401
Telephone: (561) 478-4001
*Counsel for the Defendant*
mreitzell@reitzellpa.com

8.    **Binding Effect.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Estate (or any successor trustee appointed by the Bankruptcy Court) or the Estate.

9.    **No Admission of Liability.** Nothing in this Settlement Agreement, or the making of the Settlement Payments, shall be construed or mean to imply that either of the Defendant or the Trustee, on behalf of the Debtor and Consolidated Debtors, is liable to the other for any reason whatsoever. Instead, the Parties are entering into this Settlement Agreement and the Defendant is making the Settlement Payments, all in an effort to avoid the time, expense and uncertainty associated with litigation.

10.    **Attorneys' Fees and Costs.** Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, except as otherwise provided herein.

11.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this

Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

12.    **Amendments.** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

13.    **Counter-Parts.** The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

14.    **Enforcement and Choice of Law.** This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles. Each of the Parties may enforce this Agreement as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Agreement. Further, each of the Parties irrevocably agree that the Bankruptcy Court has sole and exclusive jurisdiction over the enforcement, and interpretation of the Settlement Agreement, and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Agreement and resolve any and all disputes between the Parties arising from or relating to the Settlement Agreement.

15.    **Neutral Interpretation.** In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16.    **Authority.** Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Agreement.

17.    **Illegality.** If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to this Agreement, including the Settlement Payments, shall be returned to the Defendant's counsel forthwith.

18.    **Advice of Counsel.** The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

19.     **Acknowledgement.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

20.     **Divisions and Headings.** The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

21.     **No Third Party Beneficiaries.** Nothing in this Settlement Agreement, express or implied, is intended or shall be construed to confer upon, or give to, any entity other than the Parties hereto and their respective successors and assigns, any right, remedy or claim under or by reason of this Agreement or any covenant, condition or stipulation hereof, and the covenants, stipulations and agreements contained in this Agreement are and shall be for the sole and exclusive benefit of the Parties hereto. It is expressly understood between the Parties that nothing in this Agreement is intended to in any way prejudice or limit the Trustee's ability to pursue any claims available to him against any other persons or entities, and that no release or waiver provided in this Agreement shall be construed to release or waive any such claims. Except as provided in this Agreement, the Trustee reserves all rights to pursue claims against any parties other than the Defendant, including claims for fraudulent transfer, preferential transfer, or any other claims available to the Trustee under bankruptcy law or state law. However, nothing in this Settlement Agreement constitutes tolling of any applicable statute of limitations or any waiver of defenses. Nothing in this Settlement Agreement shall be construed to release or waive any claims or defenses that the Defendant may have against any non-party to this Settlement Agreement under applicable bankruptcy or non-bankruptcy law.

**IN WITNESS HEREOF**, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed as of the date shown above.

**ROBERT C. FURR, not individually, but as Chapter 7
Trustee of the Debtor, Chance & Anthem, LLC, and the
Consolidated Debtors**

Print: _____Robert Furr_____

Signature: _____

Dated: ____3/28/23____

**RICHARD CLEVELAND**

Print: ___Richard Cleveland___

Signature: _____

Dated: ____3-28-23____

**<u>EXHIBIT "B"</u>**

# RAPPAPORT OSBORNE & RAPPAPORT, PLLC

1300 N. Federal Highway
Squires Building, Suite 203
Boca Raton, FL 33432
Tax I.D. No. 20-0544098

Furr v. Cleveland Adv. Chance & Anthem Mediation
c/o Robert Furr
Furr and Cohen P.A.
2255 Glades Road, Ste. 419A
Boca Raton, FL 33431

| | |
|---|---|
| Statement Date: | March 28, 2023 |
| Statement No. | 10259 |
| Account No. | 927.2302 |
| Page: | 1 |

RE: Mediation/Furr v. Cleveland Adv. Chance & Anthem

### Fees

| | | | | Hours | |
|---|---|---|---|---|---|
| 03/27/2023 | LSO | Litigation - prepare for mediation | | 1.00 | 500.00 |
| 03/28/2023 | LSO | Attendance at Mediation | | 1.50 | 750.00 |
| | | For Current Services Rendered | | 2.50 | 1,250.00 |
| | | Total Current Work | | | 1,250.00 |
| | | Balance Due | | | $1,250.00 |

**\*\*\*THERE MAY BE A BENEFIT TO PAYING YOUR BALANCE BEFORE THE END OF THE YEAR. PLEASE CONSULT WITH YOUR TAX ADVISOR\*\*\***

## **EXHIBIT "C"**

**[PROPOSED]**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov**

In re:

**CHANCE & ANTHEM, LLC,**                          **Case No. 18-16248-BKC-MAM**
                                                                              **Chapter 7**

      **Debtor.**

_____/

**ORDER GRANTING MOTION BY ROBERT C. FURR, CHAPTER 7 TRUSTEE
TO APPROVE SETTLEMENT AND COMPROMISE CONTROVERSY WITH
ADVERSARY DEFENDANT, RICHARD CLEVELAND**

      **THIS CAUSE** came before the Court without a hearing on the Motion by Robert C. Furr,

Chapter 7 Trustee to Approve Settlement and Compromise Controversy with Adversary

Defendant, Richard Cleveland [ECF No. _____] (the "Motion") filed by Robert C. Furr

("Plaintiff" or "Trustee"), as Chapter 7 Trustee for the Debtor, Chance & Anthem, LLC

("Debtor"). The Trustee by submitting this form of order having represented that the Motion was

served on all parties required by Bankruptcy Rule 2002 and Local Rule 2002-1(H), (I) or (J), that

the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or

served on the Trustee, a response to the Motion, and that the form of order was attached as an

exhibit to the Motion. The Court, having reviewed the Motion and Settlement Agreement, and

other court filings finds that settlement would be in the best interests of the Estate and its

creditors, it is,

      **ORDERED**, as follows:

      1.     The Motion is **GRANTED**.

2.      The terms of the Settlement Agreement attached to the Motion as Exhibit "A" (the "Settlement") are hereby approved and incorporated by reference as if fully set forth herein.

3.      The Parties to the Settlement Agreement are authorized and directed to take any and all actions to execute any and all documents necessary to effectuate the terms and conditions of the Settlement and in accordance with this Order.

4.      The Trustee is authorized to remit payment of the approved Mediation Fee in the amount of $1,250.00 to the Mediator c/o Leslie S. Osborne, Esq. of Rappaport Osborne & Rappaport, PLLC forthwith.

5.      The Court retains jurisdiction to enforce the terms of the Settlement.

# # #

**Submitted by and Copy to:**

Barry P. Gruher, Esq.
**VENABLE LLP**
*Proposed Counsel for the Chapter 7 Trustee*
200 E. Broward Boulevard, Suite 1110
Fort Lauderdale, Florida 33301
Tel:    (954) 453-8000
Fax:    (954) 453-8010
Email: bpgruher@venable.com

[Attorney Gruher shall serve a copy of this Order to all interested parties and file a certificate of service]