**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

**In re:**

**CHANCE & ANTHEM, LLC,**                                  **Case No. 18-16248-BKC-MAM**
                                                          **Chapter 7**

       **Debtor.**

_____/

**MOTION BY ROBERT C. FURR, CHAPTER 7 TRUSTEE TO APPROVE**
**SETTLEMENT AND COMPROMISE CONTROVERSY WITH**
**ADVERSARY DEFENDANT, DAVID FIORE**

> **Any interested party who fails to file and serve a written**
> **response to this Motion within 21 days after the date of service**
> **stated in this Motion shall, pursuant to Local Rule 9013-**
> **1(D)(1), be deemed to have consented to the entry of an Order**
> **in the form attached to this Motion. Any scheduled hearing**
> **may then be cancelled.**

Robert C. Furr (the "Trustee"), as Chapter 7 Trustee for the Bankruptcy Estate of Debtor,

Chance & Anthem, LLC (the "Debtor") and substantively Consolidated Debtors (i) Sovereign

Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks

and Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico")

(collectively, the "Consolidated Debtors"), by and through counsel, and pursuant to Fed. R.

Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, files this Motion by Robert C. Furr,

Chapter 7 Trustee to Approve Settlement and Compromise Controversy (the "Motion")[1] with

Adversary Defendant, David Fiore ("Fiore" or "Defendant") (together, the "Parties") and in

support thereof states, as follows:

**BACKGROUND**

    1.    On January 29, 2018 (the "Petition Date"), the Debtor filed a voluntary petition

for bankruptcy relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Case") [ECF No. 1].

2.      On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida [ECF No. 73], which transferred the Bankruptcy Case to this Court.

3.      On May 25, 2018, Robert C. Furr was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

4.      On January 4, 2021, the Trustee filed Chapter 7 Trustee Robert C. Furr's Agreed Motion to Substantively Consolidate Non-Debtors (I) Sovereign Gaming & Entertainment, LLC; (II) Florida's Association of Community Banks and Credit Unions, Inc.; and (III) Sympatico Equine Rescue, Inc. (the "SubCon Motion") [ECF No. 284].

5.      On January 29, 2021, the Bankruptcy Court granted the SubCon Motion, and substantively consolidated Sovereign, FLACC and Sympatico with the Debtor's bankruptcy estate (the "SubCon Order") [ECF No. 300], effective as of the Petition Date.

6.      On January 28, 2022, the Plaintiff commenced an adversary proceeding in the matter styled *Furr v. Fiore*, Adv. Pro. No. 22-01028- MAM (the "Adversary Case") seeking damages in the amount of $29,880.00 (the "Transfer") by filing an Adversary Complaint to Avoid and Recover Fraudulent Transfers and for Other Relief (the "Adversary Complaint")[2] [Adv. ECF No. 1] against the Defendant.

7.      In the Adversary Complaint, the Plaintiff asserted various causes of action and claims against the Defendant for (i) Count I – Avoidance and Recovery of Fraudulent Transfers Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code; (ii) Count II – Avoidance and

---

[1] Unless defined herein, all capitalized terms shall have the same use and meaning as set forth in the Settlement Agreement and Adversary Complaint, as referenced below.

Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and Chapter 726 of the Florida Statutes; (iii) Count III – Avoidance and Recovery of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes; (iv) Count IV – Avoidance and Recovery of Property Pursuant to Section 550 of the Bankruptcy Code; and (v) Unjust Enrichment (collectively, the "Claims").

8.      On July 27, 2022, the Defendant filed his Answer and Affirmative Defenses (the "Answer") [Adv. ECF No. 10], denying liability and raising various affirmative defenses to the Claims asserted in the Adversary Complaint (the "Defenses").

9.      On April 18, 2023, the Bankruptcy Court entered its Second Amended Order Setting Filing and Disclosure Requirements for Pretrial and Trial [Adv. ECF No. 29] which provided, among other things, for the continuance of the pretrial conference and corresponding pretrial disclosures and deadlines previously scheduled in this Adversary Case to June 14, 2023. Thereafter, on June 27, 2023, the Court entered its Order Continuing Pretrial Conference to August 16, 2023 (the "Pretrial Conference").

10.     During the past several months, the Parties have engaged in discovery and good faith settlement discussions regarding the Claims and Defenses raised in the Adversary Case. The Trustee has also analyzed and considered the anticipated difficulties and administrative costs to the Estate in continuing to litigate the Adversary Case and, if successful, collecting on any potential judgment against Fiore.

11.     In order to avoid the high costs and uncertainties associated with litigation, and without admitting fault or liability whatsoever, the Parties reached a global settlement of the Adversary Case (the "Settlement").

12.     Accordingly, on June 13, 2023, the Parties executed that certain Settlement

---

[2] Unless defined herein, all capitalized terms shall have the same use and meaning as set forth in the Complaint.

Agreement and Release (the "Settlement Agreement" or "Agreement"), attached hereto and incorporated by referenced herein as **Exhibit "A"**.

13.     A brief explanation of the principal terms of the Settlement is set forth below. However, creditors and parties-in-interest are encouraged to read the Settlement Agreement carefully; and in the event of an inconsistency between the terms of the Settlement Agreement and this Motion, the terms of the written Settlement Agreement shall control.

14.     The principal terms of the Settlement Agreement with the Defendant are, as follows:

i.      **Settlement Payment.** In full and final satisfaction of any and all Claims asserted in the Complaint against Fiore, and subject to the terms and conditions of this Settlement Agreement, the Defendant shall pay to the Trustee the total sum of Eleven Thousand ($11,000.00) Dollars (the "Settlement Amount") to be paid in installments as provided herein upon the entry of an Approval Order (as defined below) approving this Agreement (the "Settlement Payments"). The Settlement Payments shall be due and payable to the Trustee, as follows:

a.      Within five (5) business days after the Bankruptcy Court enters the Approval Order approving this Settlement Agreement as set forth in ¶3 below, the Defendant shall pay to the Trustee the sum of $1,000.00, representing the initial settlement payment due hereunder (the "Initial Payment");

b.      The Defendant shall pay to the Trustee in six (6) equal monthly payments the sum of $500.00, commencing on or before the first (1st) day of each month thereafter (the "Installment Payments");[3] and

c.      The remaining balance of the Settlement Amount in the sum of $8,000.00 shall be paid to the Trustee no later than February 1, 2024 (the "Final Payment").

ii.     **Bankruptcy Court Approval Required.** This Settlement Agreement shall be subject in all respects to Bankruptcy Court's approval of the Trustee's motion seeking to compromise controversy as between the Parties and approving this Settlement Agreement pursuant to Rule 9019, Federal Rules of Bankruptcy Procedure (the "9019 Motion") and entry of a final, non-appealable order granting the 9019 Motion (the "Approval Order"). For purposes of this Settlement Agreement, the term "Approval Order" means an order entered by the Bankruptcy Court, the implementation, operation, or effect of which has not been

---

[3] Defendant may prepay any portion of the Settlement Payments at any time hereunder without penalty.

stayed and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing or writ of certiorari has expired and as to which no appeal or petition for review or rehearing or certiorari has been taken and is pending. Following the Effective Date, the Trustee shall prepare and file the 9019 Motion with the Bankruptcy Court. If the Bankruptcy Court does not approve and enter the Approval Order, this Settlement Agreement shall be null, void and of no further force and effect, and (if applicable) the Trustee shall return any portion, if any, of the Settlement Amount previously received from the Defendant.

iii.   **Mutual Release.** Effective upon confirmation of receipt and bank clearance of the Initial Payment, Installment Payments and Final Payment comprising the Settlement Payments and Settlement Amount, and except for the obligations of Defendant set forth in this Settlement Agreement, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including (as applicable) their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time up through the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case or any associated adversary proceeding, including, but not limited to, the Adversary Case, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action owned or controlled by the Trustee or that the Plaintiff has standing to pursue on behalf of the Estate. The Defendant agrees to waive any additional claims against the Estate for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any releases to any third-parties not a party to this Agreement and/or third-party beneficiaries.

iv.    **Claims Waiver.** As additional consideration for the releases contained herein, Defendant agrees to waive and withdraw any and all proof of claims and/or claims the Defendant has filed in the Bankruptcy Case, or may file or assert in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. § 502(h); provided, however, that nothing in this paragraph shall release, discharge or otherwise waive any other provisions

of and obligations due under this Settlement Agreement.

v.  **Default**. In the event that the Defendant materially breaches and otherwise fails to comply with the terms and conditions of this Settlement Agreement, then such occurrence shall constitute an event of default under the Agreement (the "Event of Default"). Upon an Event of Default, the Plaintiff, as Chapter 7 Trustee, and/or through counsel for Plaintiff, shall provide the Defendant, and/or its counsel, with written notice (the "Written Notice") thereof as the alleged defaulting Party, as provided in the Notices provision set forth below. The Written Notice shall provide the Defendant with five (5) calendar days from the date of such notice to cure the Event of Default (the "Grace Period"). Should the Defendant fail to cure the Event of Default within the Grace Period, then, the Plaintiff may upon the filing of a motion with the Bankruptcy Court seek to enforce this Agreement against the Defendant (the "Enforcement Motion") for which the prevailing party shall after notice and hearing be entitled to an award of reasonable attorney's fees and costs relative to the Enforcement Motion. Further, if Defendant fails to comply with the provisions of Paragraph (2) above regarding the Settlement Amount, which Event of Default is not cured within the Grace Period, the Plaintiff may file a motion for entry of default final judgment against the Defendant (the "Motion for Default"), which after notice and hearing, shall entitle Plaintiff to the entry of final judgment(s) against Defendant in the amount of $29,880.00, less any amounts paid to Plaintiff under this Settlement Agreement, plus accrued interest due thereon to the Estate (the "Final Judgment"), which judgment shall accrue at the federal statutory rate, together with an award of reasonable attorneys' fees and costs, for which execution shall issue forthwith. The only defenses to the entry of the Final Judgment shall be related to the timeliness of the Settlement Payments and satisfaction of the Settlement Amount in compliance with the Settlement Agreement. All other defenses relating to the merits of the Claims asserted in the Complaint shall be deemed waived by the Defendant.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

15.  Fed. R. Bankr. P. 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

16.  The standards for approval of a settlement in a bankruptcy proceeding requires the Court to inquire into the reasonableness of the proposed settlement and to determine whether the settlement falls below the lowest point of the range of reasonableness. *In re Jackson Brewing*

*Company*, 624 F.2d 599, 602–03 (5th Cir.1980); *In re Arrow Air,* 85 BR 886, 891 (Bankr. S.D. Fla. 1988). Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Jackson Brewing Company*, 624 F.2d 599, 602–03 (5th Cir.1980); *In re Arrow Air,* 85 BR 886, 891 (Bankr. S.D. Fla. 1988). The standards for approval are well settled and require the Bankruptcy Court to inquire into the reasonableness of the proposed settlement and to determine whether the settlement falls below the lowest point of the range of reasonableness. *Id.*

17.    In evaluating settlements, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

18.    In this regard, the Eleventh Circuit has set forth several factors to be considered by the Bankruptcy Court in determining whether to approve the Stipulation in this case. *See In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990). Accordingly, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *Id*.

19.    In applying the foregoing factors, the Trustee respectfully submits that the Settlement falls well within the "range of reasonableness," and satisfies the legal standard set forth in *Justice Oaks*. Specifically, the Trustee submits that the Settlement satisfies the *Justice Oaks* standards for the following reasons:

a.      **the probability of success in the litigation** – With regard to weighing the Settlement Agreement against the probability of success in the litigation, the Agreement will avoid the difficulty and expenses that would be incurred (in a currently administratively insolvent estate) if the Claims had to be litigated by the Trustee against the Defendant. Although the Claims alleged against Fiore are primarily for the avoidance and recovery of the Transfer under the Bankruptcy Code and Florida state law, that were made to or for the benefit of the Defendant, the Plaintiff may encounter difficulties in prosecuting these Claims under the Adversary Complaint given certain factually based defenses raised in the Answer. Consequently, while the Trustee believes the Claims against the Defendant are meritorious, the Trustee also recognizes that there are inherent and unforeseen risks associated with such litigation. Further, in evaluating the anticipated time and associated expense to the Estate in continuing to litigate these issues, even if successful, may potentially outweigh the cost-benefit provided to the Estate under the Settlement Agreement.

b.      **the difficulties, if any, to be encountered in the matter of collection** – The Trustee has evaluated the risks of collection that would potentially be encountered by the Estate in pursuing litigation with the Defendant regarding the matter being resolved by the Agreement, especially, without the benefit of any insurance policies in effect or other tangible assets to collect upon with respect to the Claims. The Trustee has taken into account the ability of the Estate to monetize the Claims, and in determining the difficulties in collecting upon any judgment that may be obtained by the Estate against the Defendant since, among other countervailing factors, the Defendant is likely to appeal any judgment entered against him by the Bankruptcy Court. In this regard, any award to the Plaintiff in connection with the Claims that is subject to an appeal by the Defendant would likely be pursued (perhaps with the posting of a

supersedeas appellate bond by Fiore), which would serve to significantly delay collection upon a judgment. Furthermore, the Trustee has also taken into consideration the difficulties with executing upon a judgment, if any, which would require additional bankruptcy and/or state court proceedings that may deplete the Estate's assets.

      **c.**    <u>**the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it**</u> – The nature of the Claims are such that continued litigation would involve significant expense, delay, and inconvenience to the Parties. The underlying issues would be expensive to pursue in that they would require, among other things, expert witness discovery and trial testimony. Further, as noted above, and as set forth in the Agreement, the Defendant has agreed to the entry of a Final Judgment for the full amount of the Claims in the Event of Default.

      **d.**    <u>**the paramount interest of the creditors and proper deference to their reasonable views in the premises**</u> – Finally, the Settlement Agreement is in the best interests of the Estate and its creditors. Given the foregoing factors, the total consideration of $11,000.00 to be paid by the Defendant, are material considerations for resolving the dispute. Therefore, it is the Trustee and his counsel's position that, based upon careful evaluation, the Agreement is in the best interests of the Estate and its creditors. The Trustee asserts that the Agreement will cause funds to be infused into the Estate without further legal fees and costs at an early stage in the proceeding, and will eliminate the risk and high expense of protracted litigation, as well as the uncertainty attached to the outcome. While the professionals for the Parties feel strongly about their respective litigation positions, the Trustee believes it is in the best interests of the Estate to avoid an expensive and protracted litigation.

      20.    Therefore, the Trustee respectfully requests the Court grant this Motion and enter

the proposed order attached hereto as **Exhibit "B"** approving the Settlement Agreement.

**WHEREFORE**, the Chapter 7 Trustee, Robert C. Furr, respectfully requests the Court enter the proposed order attached hereto as Exhibit "B" providing for the following relief: (i) granting the Motion; (ii) approving the Settlement Agreement attached hereto as Exhibit "A" pursuant to Bankruptcy Rule 9019; (iii) retaining jurisdiction over this matter to enforce the terms and conditions, and otherwise resolve any disputes under or pertaining to the Settlement Agreement as may be necessary or required; and (iv) such other relief that the Court deems just and proper.

**Dated: June 30, 2023.**

Respectfully Submitted,

**VENABLE LLP**
*Counsel for Trustee*
200 East Broward Blvd., Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954) 453-8000
Facsimile:  (954) 453-8010

By:____/s/ *Barry P. Gruher*_____
    Barry P. Gruher, Esq.
    Florida Bar No. 960993
    bpgruher@venable.com
    Maxine K. Streeter, Esq.
    Florida Bar No.: 880477
    mkstreeter@venable.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing was served via CM/ECF Notification to all users registered to receive electronic notification and/or via U.S. Mail to all parties on the attached service list on this _30th_ day of June, 2023.

By:___/s/ Barry P. Gruher_____
    Barry P. Gruher, Esq.

10

## SERVICE LIST

### *Served via CM/ECF*

Stephen P. Drobny, Esq. on behalf of Defendant OptimumBank
sdrobny@joneswalker.com, stephen-drobny-
0132@ecf.pacerpro.com;mhocutt@joneswalker.com;aminor@joneswalker.com

Robert C Furr
trustee@furrtrustee.com, rcf@trustesolutions.net

Robert C Furr on behalf of Trustee Robert C Furr
trustee@furrtrustee.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jhgenovese@venable.com,
hebruke@venable.com;jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr, Chapter 7 Trustee
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;mbnascimento@venable.com;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr, Chapter 7 Trustee
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;mbnascimento@venable.com;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;mbnascimento@venable.com;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;mbnascimento@venable.com;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr, Chapter 7 Trustee
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;mbnascimento@venable.com;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Trustee Robert C Furr
bpgruher@venable.com,

ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;mbnascimento@venable.com;imalcolm@ecf.courtdrive.com

Philip B Harris on behalf of Defendant Advanced Avionics, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind
philip@philipbharris.com

Brian K. McMahon, Esq. on behalf of Defendant George Maler
briankmcmahon@gmail.com, irizarryelise1@gmail.com

Brian K. McMahon, Esq. on behalf of Defendant Jeri Maler
briankmcmahon@gmail.com, irizarryelise1@gmail.com

Nicole Testa Mehdipour on behalf of Defendant Mar-A-Lago Club, L.L.C. a/k/a Mar-A-Lago Club, LLC
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com;mehdipournr85783@notify.bestcase.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
ssn@newburghlaw.net, cmecf@newburghlaw.net

Steven S Newburgh on behalf of Creditor Carl Stone
ssn@newburghlaw.net, cmecf@newburghlaw.net

Steven S Newburgh on behalf of Creditor Christopher George
ssn@newburghlaw.net, cmecf@newburghlaw.net

Steven S Newburgh on behalf of Creditor David Fiore
ssn@newburghlaw.net, cmecf@newburghlaw.net

Steven S Newburgh on behalf of Creditor Dianna George
ssn@newburghlaw.net, cmecf@newburghlaw.net

Steven S Newburgh on behalf of Creditor Frederick Volkwein
ssn@newburghlaw.net, cmecf@newburghlaw.net

Steven S Newburgh on behalf of Other Professional George W. Liebmann
ssn@newburghlaw.net, cmecf@newburghlaw.net

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;simone.draypa@gmail.com

Michael P Reitzell on behalf of Defendant Richard Cleveland
mreitzell@reitzellpa.com

Michael Anthony Shaw on behalf of Defendant OptimumBank
miamiservice@joneswalker.com, tshaw@joneswalker.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@continentalpllc.com, dsanchez@continentalpllc.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@continentalpllc.com, dsanchez@continentalpllc.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC
syoung@ybplaw.com, lalmeida@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias

13

syoung@ybplaw.com, lalmeida@ybplaw.com

Michael E Zapin on behalf of Creditor David Fiore
michaelEzapin@gmail.com, zapinecf@gmail.com;r57947@notify.bestcase.com

Michael E Zapin on behalf of Defendant David Fiore
michaelEzapin@gmail.com, zapinecf@gmail.com;r57947@notify.bestcase.com

***Served via U.S. Mail:***

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

John H Genovese on behalf of Trustee Robert C Furr
200 E. Broward Blvd., Suite 1110
Fort Lauderdale, FL 33131

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Robert Grossbart on behalf of Creditor Frederick Volkwein
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky on behalf of Creditor Sarenil Associates
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Richard P. Zaretsky on behalf of Creditor Frederick Volkwein
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090

**All parties on the attached mailing matrix.**

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Fri Jun 30 13:07:08 EDT 2023

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place. Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

(p)COMPTROLLER OF MARYLAND
BANKRUPTCY UNIT
301 W PRESTON ST ROOM 409
BALTIMORE MD 21201-2383

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

Jeffrey M. Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

Sarenil Associates, LLC c/o Frederick Volkwe
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2316

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2226

Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
CityPlace Office Tower - Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349

T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421

Alan Bias
7745 Dawson Court
Lake Worth, FL 33467-7719

Carl Stone
c/o Sofiye Williams PA
500 E Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Dianna George
c/o Sofiye Williams PA
500 E. Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Frederick Volkwein
c/o Richard P. Zaretsky, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316

George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 419A
Boca Raton, FL 33431-7379

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3005

(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

(d)PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

(u)Sovereign Gaming & Entertainment, LLC
INVALID ADDRESS PROVIDED

(d)T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

(d)Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090-9419

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

End of Label Matrix
Mailable recipients    44
Bypassed recipients    18
Total                  62

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

**CHANCE & ANTHEM, LLC,**                               **Case No. 18-16248-BKC-MAM**

          **Debtor.**                                           **Chapter 7**
_____/

**ROBERT C. FURR, not individually but**                **Adv. No. 22-01027-MAM**
**as Chapter 7 Trustee of the estate of the**
**Substantively Consolidated Debtors,**
**Chance & Anthem, LLC, Sovereign**
**Gaming & Entertainment, LLC,**
**Florida's Association of Community**
**Banks and Credit Unions, Inc., and**
**Sympatico Equine Rescue, Inc.,**

          **Plaintiff,**
**v.**

**DAVID FIORE,**

          **Defendant.**
_____/

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is

entered into and made this 13ᵗʰ day of June, 2023 (the "Effective Date"), by and between the

Plaintiff, Robert C. Furr, as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the Debtor, Chance

& Anthem, LLC ("Chance" or "Debtor") and substantively Consolidated Debtors (i) Sovereign

Gaming & Entertainment, LLC ("Sovereign"); (ii) Florida's Association of Community Banks and

Credit Unions, Inc. ("FLACC"); and (iii) Sympatico Equine Rescue, Inc. ("Sympatico")

(collectively, the "Consolidated Debtors" and together with Chance, the "Debtors") and

Defendant, David Fiore ("Fiore" or "Defendant") (hereinafter, the Trustee and Fiore shall be

referred to collectively as the "Parties" and each individually a "Party").

<h3 style="text-align:center">RECITALS</h3>

**WHEREAS**, on January 29, 2018 (the "Petition Date"), the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case"); and

**WHEREAS**, on May 24, 2018, the Maryland Bankruptcy Court entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order") [ECF No. 73], transferring the Bankruptcy Case to this Court; and

**WHEREAS**, the Plaintiff, Robert C. Furr, was duly appointed and is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate"); and

**WHEREAS**, on January 4, 2021, the Trustee filed Chapter 7 Trustee Robert C. Furr's Agreed Motion to Substantively Consolidated Non-Debtors (I) Sovereign Gaming & Entertainment, LLC; (II) Florida's Association of Community Banks and Credit Unions, Inc.; and (III) Sympatico Equine Rescue, Inc. (the "SubCon Motion") [ECF No. 294], which after notice and hearing, was granted by the Court; and

**WHEREAS**, on January 29, 2021, the Court entered its Order Granting Chapter 7 Trustee Robert C. Furr's Motion to Substantively Consolidate Non-Debtors (i) Sovereign Gaming & Entertainment, LLC; (ii) Florida's Association of Community Banks and Credit Unions, Inc.; and (iii) Sympatico Equine Rescue, Inc. (the "SubCon Order") [ECF No. 300]; and

**WHEREAS**, on January 28, 2022, the Plaintiff commenced the above-referenced adversary proceeding (the "Adversary Case") against the Defendant seeking damages in the

2

amount of $29,880.00 by filing an Adversary Complaint to Avoid and Recover Fraudulent Transfers and for Other Relief (the "Complaint") [Adv. ECF No. 1] asserting various claims against the Defendant for (i) Count I – Avoidance and Recovery of Fraudulent Transfers Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code; (ii) Count II – Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and Chapter 726 of the Florida Statutes; (iii) Count III – Avoidance and Recovery of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes; (iv) Count IV – Avoidance and Recovery of Property Pursuant to Section 550 of the Bankruptcy Code; and (v) Unjust Enrichment (collectively, the "Claims")[1]; and

**WHEREAS**, on July 27, 2022, the Defendant filed Defendant David Fior's [sic] Answer With Affirmative Defenses (the "Answer") [Adv. ECF No. 10], denying liability and raising various affirmative defenses to the Claims asserted in the Complaint; and

**WHEREAS**, on April 18, 2023, the Bankruptcy Court entered its Second Amended Order Setting Filing and Disclosure Requirements for Pretrial and Trial [Adv. ECF No. 29] which provided, among other things, for the continued Pretrial Conference in this Adversary Case on June 14, 2023 (the "Pretrial Conference"); and

**WHEREAS**, the Defendant asserts that he has valid defenses to the Claims; and

**WHEREAS**, in order to avoid the costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which are now have set forth in this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual

---

[1] Unless defined herein, all capitalized terms shall have the same use and meaning as set forth in the Complaint.

covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree, as follows:

1.    **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2.    **Settlement Payments.**  In full and final satisfaction of any and all Claims asserted in the Complaint against Fiore, and subject to the terms and conditions of this Settlement Agreement, the Defendant shall pay to the Trustee the total sum of Eleven Thousand ($11,000.00) Dollars (the "Settlement Amount") to be paid in installments as provided herein upon the entry of an Approval Order (as defined below) approving this Agreement (the "Settlement Payments"). The Settlement Payments shall be due and payable to the Trustee, as follows:

　　　a.    Within five (5) business days after the Bankruptcy Court enters the Approval Order approving this Settlement Agreement as set forth in ¶3 below, the Defendant shall pay to the Trustee the sum of $1,000.00, representing the initial settlement payment due hereunder (the "Initial Payment");

　　　b.    The Defendant shall pay to the Trustee in six (6) equal monthly payments the sum of $500.00, commencing on or before the first (1st) day of each month thereafter (the "Installment Payments");[2] and

　　　c.    The remaining balance of the Settlement Amount in the sum of $8,000.00 shall be paid to the Trustee no later than February 1, 2024 (the "Final Payment").

Nothing in this Agreement, or the making of the Settlement Payments by the Defendant, shall be construed or mean to imply that the Trustee, on behalf of the Debtors, and the Defendant is liable to the other for any reason whatsoever. Rather, the Parties are entering into this Agreement, and the Defendant is paying the Settlement Amount, pursuant to the Initial Payment, Installment Payments and Final Payment (*i.e.*, the Settlement Payments), to avoid the time, expense and

---

[2] Defendant may prepay any portion of the Settlement Payments at any time hereunder without penalty.

uncertainty associated with litigation.

3. **Bankruptcy Court Approval Required.** This Settlement Agreement shall be subject in all respects to Bankruptcy Court's approval of the Trustee's motion seeking to compromise controversy as between the Parties and approving this Settlement Agreement pursuant to Rule 9019, Federal Rules of Bankruptcy Procedure (the "9019 Motion") and entry of a final, non-appealable order granting the 9019 Motion (the "Approval Order"). For purposes of this Settlement Agreement, the term "Approval Order" means an order entered by the Bankruptcy Court, the implementation, operation, or effect of which has not been stayed and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing or writ of certiorari has expired and as to which no appeal or petition for review or rehearing or certiorari has been taken and is pending. Following the Effective Date, the Trustee shall prepare and file the 9019 Motion with the Bankruptcy Court. If the Bankruptcy Court does not approve and enter the Approval Order, this Settlement Agreement shall be null, void and of no further force and effect, and (if applicable) the Trustee shall return any portion, if any, of the Settlement Amount previously received from the Defendant.

4. **Mutual Release.** Effective upon confirmation of receipt and bank clearance of the Initial Payment, Installment Payments and Final Payment comprising the Settlement Amount and Settlement Payments, and except for the obligations set forth in this Settlement Agreement, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including (as applicable) their respective successors, subsidiaries, predecessors, affiliates,

owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time up through the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case or any associated adversary proceeding, including, but not limited to, the Adversary Case, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action owned or controlled by the Trustee or that the Plaintiff has standing to pursue on behalf of the Estate. The Defendant agrees to waive any additional claims against the Estate for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any releases to any third-parties not a party to this Agreement and/or third-party beneficiaries.

5.    **Claims Waiver.** As additional consideration for the releases contained herein, Defendant agrees to waive and withdraw any and all proof of claims and/or claims the Defendant has filed in the Bankruptcy Case, or may file or assert in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. § 502(h); provided, however, that nothing in this paragraph shall release, discharge or otherwise waive any other provisions of and obligations due under this Settlement Agreement.

6.    **Default.** In the event that the Defendant materially breaches and otherwise fails

to comply with the terms and conditions of this Settlement Agreement, then such occurrence shall constitute an event of default under the Agreement (the "Event of Default"). Upon an Event of Default, the Plaintiff, as Chapter 7 Trustee, and/or through counsel for Plaintiff, shall provide the Defendant, and/or its counsel, with written notice (the "Written Notice") thereof as the alleged defaulting Party, as provided in the Notices provision set forth below. The Written Notice shall provide the Defendant with five (5) calendar days from the date of such notice to cure the Event of  Default (the "Grace Period"). Should the Defendant fail to cure the Event of Default within the Grace Period, then, the Plaintiff may upon the filing of a motion with the Bankruptcy Court seek to enforce this Agreement against the Defendant (the "Enforcement Motion") for which the prevailing party shall after notice and hearing be entitled to an award of reasonable attorney's fees and costs relative to the Enforcement Motion. Further, if Defendant fails to comply with the provisions of Paragraph (2) above regarding the Settlement Amount, which Event of Default is not cured within the Grace Period, the Plaintiff may file a motion for entry of default final judgment against the Defendant (the "Motion for Default"), which after notice and hearing, shall entitle Plaintiff to the entry of final judgment(s) against Defendant in the amount of $29,880.00, less any amounts paid to Plaintiff under this Settlement Agreement, plus accrued interest due thereon to the Estate (the "Final Judgment"), which judgment shall accrue at the federal statutory rate, together with an award of reasonable attorneys' fees and costs, for which execution shall issue forthwith. The only defenses to the entry of the Final Judgment shall be related to the timeliness of the Settlement Payments and satisfaction of the Settlement Amount in compliance with the Settlement Agreement. All other defenses relating to the merits of the Claims asserted in the Complaint shall be deemed waived by the Defendant.

       7.    **Notices.**  All notices to be sent or information to be provided under this Settlement

Agreement shall be sent to the following, including via electronic mail:

    a.    <u>Trustee</u>:    Barry P. Gruher, Esq.
Venable LLP
200 East Broward Blvd., Suite 1110
Fort Lauderdale, FL 33301
Telephone: (954) 453-8000
*Counsel for the Trustee*
bpgruher@venable.com

    b.    <u>Defendant</u>:    Michael E. Zapin, Esq.
The Law Offices of Michael E. Zapin
20283 State Road 7, Suite 400
Boca Raton, FL 33498
Telephone: (561) 367-1444
michaelezapin@gmail.com
*Counsel for the Defendant*

8.    **Binding Effect.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Estate (or any successor trustee appointed by the Bankruptcy Court) or the Estate.

9.    **No Admission of Liability.** Nothing in this Settlement Agreement, or the making of the Settlement Payments, shall be construed or mean to imply that the Defendant or the Trustee, on behalf of the Debtors, is liable to the other for any reason whatsoever. Instead, the Parties are entering into this Settlement Agreement and the Defendant is making the Settlement Payments, all in an effort to avoid the time, expense and uncertainty associated with litigation.

10.    **Attorneys' Fees and Costs.** Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, except as otherwise provided herein.

11.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are

no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

12.     **Amendments**. No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless made in writing, signed by the Party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

13.     **Counterparts**. The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

14.     **Enforcement and Choice of Law**. This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles. Each of the Parties may enforce this Agreement as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Agreement. Further, each of the Parties irrevocably agree that the Bankruptcy Court has sole and exclusive jurisdiction over the enforcement, and interpretation of the Settlement Agreement, and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Agreement and resolve any and all disputes between the Parties arising from or relating to the Settlement Agreement.

15.     **Neutral Interpretation**. In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that

ambiguities are to be resolved against the drafting party shall be inapplicable.

16.     **Authority.** Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Agreement.

17.     **Illegality.** If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to this Agreement, including the Settlement Payments, shall be returned to the Defendant's counsel forthwith.

18.     **Advice of Counsel.** The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon

the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

19. **Acknowledgement.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

20. **Divisions and Headings.** The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

21. **No Third-Party Beneficiaries.** Nothing in this Settlement Agreement, express or implied, is intended or shall be construed to confer upon, or give to, any entity other than the Parties hereto and their respective successors and assigns, any right, remedy or claim under or by reason of this Settlement Agreement or any covenant, condition or stipulation hereof, and the covenants, stipulations and agreements contained in this Settlement Agreement are and shall be for the sole and exclusive benefit of the Parties hereto. It is expressly understood between the Parties that nothing in this Settlement Agreement is intended to in any way prejudice or limit the Trustee's ability to pursue any claims available to him against any other persons or entities, and that no release or waiver provided in this Settlement Agreement shall be construed to release or waive any such claims. Except as provided in this Settlement Agreement, the Trustee reserves all rights to pursue claims against any parties other than the Defendant, including claims for fraudulent transfer, preferential transfer, or any other claims available to the Trustee under bankruptcy law or state law. Nothing in this Settlement Agreement shall be construed to release or waive any claims or defenses that the Defendant may have against any non-party to this

Settlement Agreement under applicable bankruptcy or non-bankruptcy law.

**IN WITNESS HEREOF**, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed as of the date shown above.

**ROBERT C. FURR, not individually, but as Chapter 7**
**Trustee of the Debtor, Chance & Anthem, LLC, and the**
**Consolidated Debtors**

Print: _Robert C. Furr_

Signature: _____

Dated: _5/31/23_

**DAVID FIORE**

Print: _____

Signature: _____

Dated: _____

12

Settlement Agreement under applicable bankruptcy or non-bankruptcy law.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed as of the date shown above.

**ROBERT C. FURR, not individually, but as Chapter 7**
**Trustee of the Debtor, Chance & Anthem, LLC, and the**
**Consolidated Debtors**

Print: _____

Signature: _____

Dated: _____

**DAVID FIORE**

Print: David Fiore

Signature: _____

Dated: 6-13-23

12

**<u>EXHIBIT "B"</u>**

**[PROPOSED]**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov**

In re:

**CHANCE & ANTHEM, LLC,**                                    **Case No. 18-16248-BKC-MAM**
                                                            **Chapter 7**

          **Debtor.**
_____/

**ORDER GRANTING MOTION BY ROBERT C. FURR, CHAPTER 7 TRUSTEE
TO APPROVE SETTLEMENT AND COMPROMISE CONTROVERSY WITH
ADVERSARY DEFENDANT, DAVID FIORE**

**THIS CAUSE** came before the Court without a hearing on the Motion by Robert C. Furr,

Chapter 7 Trustee to Approve Settlement and Compromise Controversy with Adversary

Defendant, David Fiore [ECF No. _____] (the "Motion") filed by Robert C. Furr ("Plaintiff" or

"Trustee"), as Chapter 7 Trustee for the Debtor, Chance & Anthem, LLC ("Debtor"). The Trustee

by submitting this form of order having represented that the Motion was served on all parties

required by Bankruptcy Rule 2002 and Local Rule 2002-1(H), (I) or (J), that the 21-day response

time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the

Trustee, a response to the Motion, and that the form of order was attached as an exhibit to the

Motion. The Court, having reviewed the Motion and Settlement Agreement, and other court

filings finds that settlement would be in the best interests of the Estate and its creditors, it is,

          **ORDERED**, as follows:

          1.          The Motion is **GRANTED**.

2.      The terms of the Settlement Agreement attached to the Motion as Exhibit "A" (the "Settlement") are hereby approved and incorporated by reference as if fully set forth herein.

3.      The Parties to the Settlement Agreement are authorized and directed to take any and all actions to execute any and all documents necessary to effectuate the terms and conditions of the Settlement and in accordance with this Order.

4.      The Court retains jurisdiction to enforce the terms of the Settlement.

### #

**Submitted by and Copy to:**

Barry P. Gruher, Esq.
**VENABLE LLP**
*Proposed Counsel for the Chapter 7 Trustee*
200 E. Broward Boulevard, Suite 1110
Fort Lauderdale, Florida 33301
Tel:     (954) 453-8000
Fax:     (954) 453-8010
Email: bpgruher@venable.com

[Attorney Gruher shall serve a copy of this Order to all interested parties and file a certificate of service]