

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                  Case Np. 18-16248-BKC-MAM
                                                        Chapter 7

CHANCE & ANTHEM, LLC

        Debtor.

_____/

## FRANK ZOKAITES' RESPONSE IN OPPOSITION
## TO TRUSTEE'S AMENDED OBJECTION TO CLAIM

        AND NOW, comes Frank Zokaites, a non-party, and files this Response in Opposition to

Trustee's Amended Objection to Claim, prepared with the assistance of counsel, averring as

follows:

        1.      Mr. Zokaites filed a claim against the Debtor's bankruptcy estate [Claim 7-1] on

November 12, 2019. See Exhibit A.

        2.      On behalf of the Trustee, Barry P. Gruher, Esq. filed his Amended Objection to Mr.

Zokaites' claim [hereinafter "Objection to Claim"] on June 27, 2024, at document 379. This

Response in Objection timely follows.

        3.      In the Objection to Claim, the Trustee raises five objections to Mr. Zokaites' claim.

This Response in Opposition will address each in turn.

### I.      MR. ZOKAITES PROVIDED SUFFICIENT DOCUMENTATION TO
###         SUPPORT HIS CLAIM

        4.      First, the Objection to Claim alleges that Mr. Zokaites' Claim "is not supported by

sufficient documentary evidence (nor attaches an itemized statement…..) as required by Rule 3001

of the Bankruptcy Rules."

\1

5.      Bankruptcy Rules 3001 states, in relevant part, that "Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim is based on a writing, a copy of the writing shall be filed with the proof of claim." If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."

6.      As required by Bankruptcy Rule 3001, Mr. Zokaites' Claim, as based upon a writing, included a copy of Statement of Claim and Loan to Debtor. See Exhibit A, page 4.

7.      Importantly, the Statement of Claim included the principal amount of the loan, the date of the loan, the interest per annum, and the current interest as of the date of the bankruptcy filing, and the total amount of the Claim as of the Petition Date. See Exhibit A, page 4.

8.      Mr. Zokaites provided additional documentation to the Trustee on July 2, 2024, to prove that the loan was assigned to him by way of Agreement on November 5, 2019. Please see attached Exhibit B, Agreement to Participate in Wellington House Remodel Project.

9.      Exhibit B clearly provides for the loan between Transamerican Trust, and Debtor. The bottom of the document shows that the loan proceeds were then assigned to Frank R. Zokaites on November 5, 2019. Exhibit B.

10.      Mr. Zokaites also provided documentation to the Trustee on July 2, 2024, to prove that the Debtor received consideration for the loan.    Please see attached Exhibit C that is an assignment of interest back to the Debtor.

11.      Lastly, Mr. Zokaites provided documentation to the Trustee on July 2, 2024, to prove that the loan was actually funded.  Please see attached Exhibit D, that is proof of payment of the loan amount

2

## II.    REGARDLESS OF WHETHER THE DEBTOR'S BOOKS AND RECORDS REFLECT THE LOAN, MR. ZOKAITES PROVIDED APPROPRIATE DOCUMENTATION OF THE LOAN

12.    The Trustee's second objection claims that the "Debtor's Schedules and its books and records do not reflect any obligation due to the Claimant or any other entity with respect to the Claim."

13.    Mr. Zokaites cannot control the Schedules and the books and records of the Debtor; as such, he should not be punished because the Debtor's records are incomplete or inaccurate. Mr. Zokaites has the proper documentation of the loan, and the loan assignment, as required by the Bankruptcy Rules. If the Debtor is asked, the Debtor would confirm the loan.

14.    Debtor's lack of appropriate documentation detailing its requirement to repay a loan should not forfeit the loan, especially when Mr. Zokaites has appropriately and timely asserted a Claim in this matter. Exhibit A.

## III.    THE LOAN MADE TO DEBTOR IS A DEBT AND SHOULD NOT BE RECLASSIFIED AS EQUITY.

15.    The Trustee's third objection is that the loan to the Debtor "should be recharacterized from debt to equity."

16.    Case law is clear that "[r]recharacterization cases turn on whether a debt actually exists, not on whether the claim should be equitably subordinated. In a recharacterization analysis, 'if the court determines that the advance of money is equity and not debt, the claim is recharacterized and the effect is subordination of the claim as a proprietary interest because the corporation repays capital contributions only after satisfying all other obligations of the corporation." *In re Sub Micron Systems Corp.,* 291 B.R. 314, 322 (2003) *quoting In re Autostyle Plastics, Inc.,* 269 F.3d 726, 748 (6th Cir. 2001).

17.    In this instance, it is clear that the loan made originally by Transamerican Trust to

3

Debtor was structured and intended to be a loan with a stated interest rate of 10%. See Exhibit B.

18.     "Whether a security constitutes equity or debt depends on the interpretation of the contract between the corporation and the security holders." *In re Color Title, Inc.,* 2000 U.S. Dist. LEXIS 1303 (D. Del. February 9, 2000).

19.     Specifically, the agreement includes all the necessary elements of a loan and was understood by all parties to be a loan with interest to assist the Debtor in its remodel project *See Id.* ("In interpreting the contract, this court has considered numerous factors, including: (1) the name given to the instrument; (2) the intent of the parties; (3) the presence or absence of a fixed maturity date; (4) the right to enforce payment of principal and interest; (5) the presence or absence of voting rights; (6) the status of the contribution in relation to regular corporate contributions; and (7) certainty of payment in the event of the corporation's insolvency or liquidation."

20.     Importantly, the Trustee has provided <u>no evidence or documentation</u> to prove that the loan is anything other than a loan. Mere accusations should not be enough to write off a significant loan, the benefit of which Debtor received.

## IV.    THE DEBTOR RECEIVED THE BENEFIT OF THE LOAN THROUGH DAVID FIORE.

21.     Trustee's fourth objection claims that the "Debtor never received any of the funds allegedly advanced under the Agreement . . . . "

22.     This objection can also be easily dismissed because David W. Fiore, Jr., received the entire $65,000.00 loan amount paid to Debtor, in consideration for his entire interest in the remodeling property that was owned by the Debtor. See Exhibit C, a signed Exit Agreement and assignment of interest back to the Debtor, as referenced in Exhibit B.

23. The loan was funded by Zokaites Properties at the direction of and for the

*4*

account of Transamerican Trust, a related entity. The payment was made to David Fiore at the direction of and for the benefit of the Debtor.

## V.   THE SETTLEMENT AGREEMENT EXPLICITLY EXCLUDES MR. ZOKAITES' CLAIM AGAINST THE DEBTOR ESTATE.

24.     The Trustee's fifth objection is his most egregious, as he refuses to accept a document that he negotiated, drafted and presented to this Court. Trustee's firth objection alleges that the Claimant has already entered into a Settlement Agreement.

25.     Review of the Settlement Agreement, attached as Exhibit E for convenience, clearly states that "[f]or the avoidance of doubt, this release does not waive the claim filed by Frank Zokaites against the bankruptcy estate, docketed in the Claims Register as Proof of Claim Number 7. [docket no. 219 p.4] " The Settlement Agreement was approved by this Court at docket no. 242 and granted the terms of the Settlement Agreement attached as Exhibit "A" to the Motion and incorporated by reference its terms as if fully set forth.

26.     On May 28, 2024, Mr. Zokaites sent the Trustee an email reminding the Trustee of the caveat of his Claim, as clearly articulated and carved out in the Settlement Agreement.

27.     Despite notice and the reminder of the language of the Settlement Agreement, the Trustee filed his Amened Objection to Mr. Zokaites' Claim and listed the Settlement Agreement as one reason why the Debtor should not be liable to Mr. Zokaites.

WHEREFORE, for the reasons identified above, Mr. Zokaites respectfully requests this Honorable Court deny the Trustee's Amended Objection to his claim and allow his Claim 7 to proceed through this bankruptcy litigation.

Date: July 25, 2024

By: _____
Frank R. Zokaites

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing will be furnished via CM/ECF

notification to all parties entitled to receive notice via CM/ECF and/or via U.S. Mail/email to all

parties on the attached Service List on this July 25, 2024

## SERVICE LIST

***Served via CM/ECF upon:***

Stephen P. Drobny, Esq. on behalf of Defendant OptimumBank
sdrobny@joneswalker.com, stephen-drobny-
0132@ecf.pacerpro.com;mhocutt@joneswalker.com;aminor@joneswalker.com

Robert C Furr
trustee@furrtrustee.com, rcf@trustesolutions.net

Robert C Furr on behalf of Trustee Robert C Furr
trustee@furrtrustee.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jhgenovese@venable.com,
hebruke@venable.com;jnunez@venable.com;cascavone@venable.com;imalcolm@ecf.courtdriv
e.com

6

Barry R Gruher on behalf of Plaintiff Robert C. Furr, Chapter 7 Trustee
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;bsilva@venable.c
om;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr, Chapter 7 Trustee
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;bsilva@venable.c
om;imalcolm@ecf.courtdrive.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bpgruher@venable.com,
ipmalcolm@venable.com;jbisenberg@venable.com;cascavone@venable.com;bsilva@venable.c
om;imalcolm@ecf.courtdrive.com

Philip B Harris on behalf of Defendant Advanced Avionics, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit
Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind
philip@philipbharris.com

Brian K. McMahon, Esq. on behalf of Defendant George Maler
briankmcmahon@gmail.com, irizarryelise1@gmail.com

Brian K. McMahon, Esq. on behalf of Defendant Jeri Maler
briankmcmahon@gmail.com, irizarryelise1@gmail.com

7

Nicole Testa Mehdipour on behalf of Defendant Mar-A-Lago Club, L.L.C. a/k/a Mar-A-Lago Club, LLC
nicolem@ntmlawfirm.com,
cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com;cmecfservice@gmail.com; mehdipournr85783@notify.bestcase.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Steven S Newburgh on behalf of Creditor Carl Stone
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Steven S Newburgh on behalf of Creditor Christopher George
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Steven S Newburgh on behalf of Creditor David Fiore
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Steven S Newburgh on behalf of Creditor Dianna George
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Steven S Newburgh on behalf of Creditor Frederick Volkwein
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Steven S Newburgh on behalf of Other Professional George W. Liebmann
ssn@newburghlaw.net, cmecf@newburghlaw.net;tina@newburghlaw.net

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;simone.draypa@gmail.com

Michael P Reitzell on behalf of Defendant Richard Cleveland
mreitzell@reitzellpa.com

Michael Anthony Shaw on behalf of Defendant OptimumBank
miamiservice@joneswalker.com, tshaw@joneswalker.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind

jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@continentalpllc.com, ggutstein@continentalpllc.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@continentalpllc.com, ggutstein@continentalpllc.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC
syoung@ybplaw.com, lalmeida@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias
syoung@ybplaw.com, lalmeida@ybplaw.com

Michael E Zapin on behalf of Creditor David Fiore
michaelEzapin@gmail.com, zapinecf@gmail.com;r57947@notify.bestcase.com

Michael E Zapin on behalf of Defendant David Fiore
michaelEzapin@gmail.com, zapinecf@gmail.com;r57947@notify.bestcase.com

## *Served via E-Mail upon:*

Barry P. Gruher, Esq.

bpgruher@venable.com

9



Fill in this information to identify the case.

| | |
|---|---|
| Debtor 1 | Chance & Anthem, LLC |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the: Southern District of Florida

Case number 18-16248-BKC-MAM

**U.S. BANKRUPTCY COURT**
**SO. DISTRICT OF FLORIDA-WPB**

**NOV 1 2 2019**

FILED ____ RECEIVED____

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

**Part 1:    Identify the Claim**

**1. Who is the current creditor?**

Frank R. Zokaites

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom? Transamerican Trust

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Frank R. Zokaites
Name

375 Golfside Drive
Number    Street

Wexford        PA        15090
City        State        ZIP Code

Contact phone 724-935-5257

Contact email frank@zokaites.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**EXHIBIT**
**A**

Official Form 410                Proof of Claim                page 1

**Part 2:**    Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes  Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| **7. How much is the claim?** | $ _____77,430.14_____ . Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other<br>    charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Loan |
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:             $_____<br>Amount of the claim that is secured:    $_____<br><br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed) 10.00 %<br>☑ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/05/2019
MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Frank R. Zokaites | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 375 Golfside Drive | | |
| | Number        Street | | |
| | Wexford | PA | 15090 |
| | City | State | ZIP Code |
| Contact phone | 724-935-5257 | Email | frank@zokaites.com |

Statement of Claim
Loan to Chance & Anthem:

Principal Amount of Loan Dated March 2, 2016          $65,000.00

Interest at 10% per annum from 3/2/16 through
    1/29/18 (date of bankruptcy petition) 698 days          $12,430.14

Total of Claim as of Petition Date          $77,430.14

## AGREEMENT TO PARTICIPATE IN WELLINGTON HOUSE REMODEL PROJECT

TRANSAMERICAN, ~~LLC~~ *TRUST*, a Pennsylvania ~~limited liability company~~ ("Transamerican") and CHANCE & ANTHEM, LLC, a Florida limited liability company ("C&A"), hereby agree as follows:

WHEREAS, C&A owns a parcel of real property located at 3445 Santa Barbara Drive in Wellington, Florida, and

WHEREAS, Transamerican desires to participate in the remodeling of same in order to sell same at a profit,

NOW, THEREFORE, the parties agree that TRANSAMERICAN shall, in consideration for one third of the profits obtained from the remodeling and eventual resale of the property, advance and loan the sum of $65,000 to C&A. Said funds shall be paid to a withdrawing participant pursuant to wire information contained in the attached 'exit agreement' entered into by David Fiore. The profits shall be based upon actual revenue and costs, and shall not be reduced by any "developers fees".

FURTHERMORE, in addition to its one third participation in profits, TRANSAMERICAN shall receive interest at the rate of ten percent (10%) on any funds advanced, and

AS FURTHER CONSIDERATION, Siskind Legal Services agrees to permit a lien on its 1993 Robinson R-22 helicopter and shall guarantee repayment of any funds advanced by Transamerican.

Date: March 2, 2016

TRANSAMERICAN, ~~LLC~~ *TRUST*                    CHANCE & ANTHEM, LLC

By: _____               By: _____
     Frank Zokaites, Manager                      Jeffrey Siskind, Manager

*Loan proceeds are assigned to Frank R Zokaites as of Nov 5, 2019*

*Transamerican Trust*

*by _____*

*Frank Zokaites Trustee*

*11/5/2019*

**EXHIBIT**
**B**

RE:    Wellington Development

DA:    March 2, 2016


TO WHOM IT MAY CONCERN:

In consideration of the sum of $65,000, which Chance & Anthem, LLC agrees to cause to be wired to David W. Fiore, Jr., Account No. 005495123924, at Bank of America, ABA no. 026009593, the undersigned hereby assigns his entire interest in the remodeling project located at 3445 Santa Barbara Drive, Wellington, FL 33414 to Chance & Anthem, LLC, a Florida limited liability company.


_____
Witness

_____
David Fiore


**EXHIBIT**

C

# Full Detail Wire Activity Report

⊕ PNC

**Initiation Date: 03/02/2016**

03/02/2016 03:54:32 PM

| Account Summary | 1020696505 | | | | ZOKAITES PROPERTIES LP | | | Amount | Count |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Total Debits : | 65,000.00  USD | 1 |

| Account | Trace ID | Template ID | Template Name | Type | Value / Send Date | Beneficiary | Amount | Status | Fed Ref No. |
|---|---|---|---|---|---|---|---|---|---|
| 1020696505 | 201603051165 | | | Domestic | 3/2/2016 | David W. Fiore, Jr | 65,000.00  USD | Approved | |

**Beneficiary Bank**
ID: 026009593
Name: BANK OF AMERICA, N.A., NY
Address: NEW YORK,NY

**Beneficiary Information**
Account: 005495123924

RFB: wellington
OBI : 3445 Santa Barbara Drive

**Audit History**
Initiated by: Debbie Bushik 03/02/2016 03:21 PM ET
Approved by: Frank Zokaites 03/02/2016 03:53 PM ET

| Grand Totals | | | | | | | | Amount | Count |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Total Debits : | 65,000.00  USD | 1 |



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CHANCE & ANTHEM, LLC

　　　Debtor.

_____/

Case No. 18-16248-BKC-MAM
Chapter 7

## CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH ADVERSARY DEFENDANTS WELLINGTON 3445, LP; ZOKAITES PROPERTIES, LP; OB REAL ESTATE 1732, LLC; AND NON-PARTY FRANK ZOKAITES

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D)(1), be deemed to have consented to the entry of an Order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

**ROBERT C. FURR** (the "Trustee"), not individually but as Chapter 7 Trustee of the Bankruptcy Estate of the Debtor, Chance & Anthem, LLC (the "Debtor") by and through undersigned counsel, pursuant to Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, hereby files this Motion to Approve Settlement and Compromise with Adversary Defendants Wellington 3445, LP; Zokaites Properties, LP; and OB Real Estate 1732, LLC; and Non-Party Frank Zokaites (collectively referred to as the "Settling Parties") (the Settling Parties are together with the Trustee, the "Parties," or each individually, "Party") and in support of thereof states as follows:

### BACKGROUND

1.　　On January 29, 2018 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the



"Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2.      On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3.      On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

4.      On August 6, 2019, the Trustee commenced an adversary proceeding to Avoid and Recover Avoidable Transfer and For Other Relief (Case No. 19-01298-MAM) (the "Adversary Proceeding") [ADV. ECF No. 1] against the Settling Parties (among others).

5.      On November 1, 2019, the Trustee filed his Amended Adversary Complaint [Adv. ECF No. 95] that, among other things, dismissed claims against Frank Zokaites and certain other claims against the Settling Parties.

6.      The Parties have engaged in good faith settlement discussions concerning the issues raised in the Adversary Proceeding.  The Settling Parties have advised the Trustee that they deny all liability, but have reached a settlement as a matter of convenience, and in order to avoid the high costs of litigation, have agreed to the following settlement annexed hereto as **Exhibit "A".**

7.      A brief explanation of the principal terms of the settlement is set forth below. Parties in interest are encouraged to read the settlement agreement carefully; in the event of an inconsistency between the terms of the settlement agreement and this Motion, the terms of the written settlement agreement shall control.

2

## THE SETTLEMENT

The Parties reached a settlement on January 17, 2020 at mediation with the Judge Herbert Stettin (Retired). The principal terms of the Trustee's settlement with the Settling Parties are as follows:

a. The Settling Parties have paid the Trustee $21,000 (the "Settlement Amount") to be held in trust pending approval of the Settlement Agreement.

b. This Settling Parties agree to vacate Paragraph 2 of the Bankruptcy Court's September 11, 2019 [ECF No. 25] concerning the Talavera House.

c. In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor and including any parties that may be substantively consolidated in the future, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or its estate may hold against the Settling Parties and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Parties, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement. For the avoidance of

3

doubt, any adversary defendant that is not a party to this settlement agreement shall not be a beneficiary of this release.

In consideration of the foregoing, the Settling Parties and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Parties, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement. For the avoidance of doubt, this release does not waive the claim filed by Frank Zokaites against the bankruptcy estate, docketed in the Claims Register as Proof of Claim Number 7.

d.        Within 5 days of the date of this Settlement Agreement, the Trustee shall file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. Upon an order of the Bankruptcy Court approving this Settlement Agreement and it becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Settling Parties from the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

4

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

8.      Fed. R. Bankr. P. 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

9.      Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988). The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom., Cosoff v. Rodman*, 464 U.S. 822 (1983); *Fla. Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608.

10.     In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

11.     In evaluating the settlement, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a

pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

12.    In applying the foregoing factors, the Trustee respectfully submits that the settlement agreement falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.

13.    The litigation claims filed by the Trustee against the Settling Parties present novel issues of law and fact.  The Settling Parties have presented the Trustee with significant evidence of their legal and equitable defenses.  The Trustee asserts that the Settlement Agreement will cause payment of meaningful funds to the bankruptcy estate at a relatively early stage in the litigation, will eliminate the risk and high expense of protracted litigation, as well as the uncertainty attached to the outcome.

14.    The Settling Parties consist of an individual and his closely held businesses.  Any judgment obtained against the Settling Parties would ultimately be subject to significant collection risk.

15.    Furthermore, the Trustee's claims to recover certain transfers to the Settling Parties in the Adversary Proceeding are subject to competing claims made by creditors in State Court.  The Trustee's dismissal of claims against the Settling Parties will allow for the litigation between those parties to resume, as may be appropriate, in State Court.

16.    Finally, the resolution of claims against the Settling Parties will narrow issues and claims remaining for trial against non-settling defendants in the Adversary Proceeding.

17.    In applying the foregoing factors, the Trustee respectfully submits that the settlement agreements falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*.  While the professionals for the settling parties all feel

6

strongly about their respective litigation positions, it is in the best interests of the bankruptcy estate to seek approval of the Settlement Agreement under the facts and circumstances of this case.

18.    Based upon the foregoing, the Trustee respectfully requests that the Settlement Agreement be approved. A proposed order approving the settlement agreement is attached as **Exhibit "B".**

**WHEREFORE,** the Trustee respectfully requests this Court to enter an Order (i) approving the terms of the settlement agreement described herein; (ii) authorizing the parties to take any and all action and execute any and all documents necessary to effectuate the terms of the settlement agreement; (iii) reserving jurisdiction to enforce and interpret the terms of the settlement agreement; and (iv) awarding for any additional relief as the Court deems just and appropriate.

Dated:  January 22, 2020

> GENOVESE JOBLOVE & BATTISTA, P.A.
> *Counsel to the Chapter 7 Trustee*
> 100 S.E. 2nd Street, Suite 4400
> Miami, FL  33131
> Tel.: (305) 349-2300
> Fax.: (305) 349-2310
>
> By:/s/  Jesus M. Suarez
>        John H. Genovese, Esq.
>        Florida Bar No. 280852
>        jgenovese@gjb-law.com
>        Jesus M. Suarez, Esq.
>        Fla. Bar No. 60086
>        jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all parties in interest registered to receive electronic notification on this matter and/or via U.S. Mail as indicated on the Service List below on this 22nd day of January, 2020.

By:/s/ Jesus M. Suarez
Jesus M. Suarez, Esq.

## SERVICE LIST

***Served via CM/ECF Notification upon:***

Julie Feigeles on behalf of Defendant OB Real Estate Holdings 1732, LLC
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Wellington 3445, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Zokaites Properties, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Robert C Furr danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C. Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Samantha T Haimo on behalf of Defendant OB Real Estate Holdings 1732, LLC
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Zokaites Properties, LP
sth@womenatlawfl.com, way@swlawyers.law

Philip B Harris on behalf of Defendant Advanced Avionics, LLC philip@philipbharris.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions,
Incorporated philip@philipbharris.com

Philip B Harris on behalf of Defendant OB Real Estate Holdings 1732, LLC philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc. philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Trustee Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias syoung@ybplaw.com

***Notice will be served via U.S. Mail upon:***

Frank Zokaites
375 Golfside Drive
Wexford, PA 15090

Robert Gibson
1709 22 Ave N
Lake Worth, FL 33460

Robert Grossbart on behalf of Creditor David Fiore
Grossbart, Portney & Rosenberg
One N. Charles Street, Suite 1214
Baltimore, MD 21201

Robert Grossbart on behalf of Creditor Frederick Volkwein
Grossbart, Portney & Rosenberg
One N. Charles Street, Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky on behalf of Creditor Sarenil Associates
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Richard P. Zaretsky on behalf of Creditor Frederick Volkwein
1615 Forum Pl #3-A
West Palm Beach, FL 33401

**And all Parties on the Attached Creditor's Mailing Matrix**

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 18-16248-BKC-MAM
                                                Chapter 7
CHANCE & ANTHEM, LLC,

        Debtor.

_____/

ROBERT C. FURR, not individually but           ADV. NO. 19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

        Plaintiff,

v.

WELLINGTON 3445, LP,
ZOKAITES PROPERTIES, LP, AND
OB REAL ESTATE 1732, LLC.

        Defendants.

_____/

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("C&A" or the "Debtor") and (ii) Wellington 3445, LP; (iii) Zokaites Properties, LP; (iv) OB Real Estate 1732, LLC; and (v) Frank Zokaites (collectively, the "Settling Parties") (the Settling Parties are together with the Trustee, the "Parties," or each individually, "Party").

**WHEREAS,** On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC (the "Bankruptcy Case").

**WHEREAS,** On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

**WHEREAS,** On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

**WHEREAS,** on August 6, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01298-MAM-A)(the "Adversary Proceeding") to recover certain transfers. [Adv. ECF No. 1].

**WHEREAS,** the Settling Parties have advised the Trustee that they deny all liability, intend to vigorously defend the claims asserted against them and have disputed the Trustee's entitlement to avoid and recover from them.

**WHEREAS,** the Settling Parties have advised the Trustee that this is a settlement of convenience and not an admission of liability.

**WHEREAS,** in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Parties have agreed to the terms set forth in this Settlement Agreement (the "Settlement");

**THEREFORE,** in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. The Settling Parties have paid the Trustee $21,000 (the "Settlement Amount") to be held in trust pending approval of the Settlement Agreement.

2. This Settling Parties agree to vacate Paragraph 2 of the Bankruptcy Court's September 11, 2019 [ECF No. 25] concerning the Talavera House.

3.      In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor and including any parties that may be substantively consolidated in the future, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or its estate may hold against the Settling Parties and any of their successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Parties, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.   For the avoidance of doubt, any adversary defendant that is not a party to this settlement agreement shall not be a beneficiary of this release.

2

In consideration of the foregoing, the Settling Parties and any of their successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Parties, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement. For the avoidance of doubt, this release does not waive the claim filed by Frank Zokaites against the bankruptcy estate.

4.    Within 5 days of the date of this Settlement Agreement the Trustee shall file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. Upon an order of the Bankruptcy Court approving this Settlement Agreement and it becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Settling Parties from the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

5.    Miscellaneous.

(a)    Entire Agreement. The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Parties and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b)    Amendment. The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c)    Waivers. The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision. No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d)    Counterparts. This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

3



(e) <u>Interpretation</u>. None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

(f) <u>Assignment</u>. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

(g) <u>Severability</u>. If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

(h) <u>Applicable Law</u>. This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

(i) <u>Jurisdiction and Venue</u>. The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

(j) <u>Prevailing Party Fees</u>. The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

(k) <u>Debtor's Estate</u>. The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

6. All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

4



If to the Settling Parties:

Samantha Tesser Haimo
Feigeles & Haimo LLP
7900 Peters Road - Suite B-200
Fort Lauderdale, FL 33324
T.954.376.5956
F.954.206.0188
STH@womenatlawfl.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl 33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

    7.    Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.



5

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated:  January 17, 2020

**ROBERT C. FURR, CHAPTER 7 TRUSTEE OF CHANCE & ANTHEM, LLC**

**WELLINGTON 3445, DP**

BY:

ITS: PRES

**ZOKAITES PROPERTIES, LP**

BY:

ITS: PRES

**OB REAL ESTATE 1732, LLC**

BY:

ITS: PROF MEMBER

**FRANK ZOKAITES, individually**

1/17/2020

6

# EXHIBIT B

## [Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 18-16248-BKC-MAM
                                                    Chapter 7

CHANCE & ANTHEM, LLC

       Debtor.
_____/

## ORDER GRANTING CHAPTER 7 TRUSTEE'S OMNIBUS MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH DVERSARY DEFENDANTS, WELLINGTON 3445, LP; ZOKAITES PROPERTIES, LP; OB REAL ESTATE 1732, LLC; AND FRANK ZOKAITES

THIS MATTER came before the Court without a hearing upon the Motion to Approve

Settlement and Compromise with Adversary Defendants Wellington 3445, LP; Zokaites

Properties, LP; and OB Real Estate 1732, LLC; and non-party Frank Zokaites [ECF No. ____]

[1](the "Motion") filed by Robert C. Furr (the "Trustee"), not individually but as Chapter 7 Trustee

of the bankruptcy estate of the Debtor Chance & Anthem, LLC (the "Debtor"). The Court,

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

having noted that the Motion was served on all creditors and parties in interest pursuant to Local Rule 9013-1(D) and that no objection was filed, and having found pursuant to Fed. R. Bankr. P. 9019 that the settlement reflected in the Motion is reasonable and in the best interests of all creditors and the estate, and being otherwise fully advised in the premises, it is

     **ORDERED** as follows:

     1.    The Motion is **GRANTED**.

     2.    The terms of the Settlement Agreement attached as Exhibits "A" to the Motion is approved and incorporated by reference as fully set forth herein.

     3.    Paragraph 2 of the Bankruptcy Court's September 11, 2019 [Adv. No. 19-01298-BKC-MAM-A, ECF No. 25] concerning the Talavera House is **VACATED**.

     4.    The Trustee and the Settling Parties are authorized and directed to take any and all actions and execute any and all documents necessary to effectuate the terms of the settlement agreement.

     5.    The Court retains jurisdiction to enforce the terms of the settlement agreement.

# # #

Submitted by:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax: (305) 349-2310
Email: jsuarez@gjb-law.com

Copy to:
Jesus M. Suarez, Esq. [Attorney Suarez is hereby directed to furnished a conformed copy hereof to all parties in interest immediately upon receipt and file a certificate of service with the court.]

## CREDITOR'S MATRIX

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Wed Jan 22 17:23:15 EST 2020

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place, Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

Sarenil Associates, LLC c/o Frederick Volkwe
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2316

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
CityPlace Office Tower - Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349


T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421


Alan Bias
7745 Dawson Court
Lake Worth, FL 33467-7719

Carl Stone
c/o Sofiye Williams PA
500 E Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005


David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Dianna George
c/o Sofiye Williams PA
500 E. Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Frederick Volkwein
c/o Richard P. Zaretsky, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316


George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 301E
Boca Raton, FL 33431-7383


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719


(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518


(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476


(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3005

(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

(d)PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

(u)Sovereign Gaming & Entertainment, LLC
INVALID ADDRESS PROVIDED

(d)T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800


(d)Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090-9419

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

End of Label Matrix
Mailable recipients    44
Bypassed recipients    17
Total                  61

**FedEx Express — US Airbill**

Tracking Number: 8181 3254 7405
Form ID No. 0215
Recipient's Copy

Date: 7/25/24
Sender: Frank Zokaites
Phone: 724-935-5257
Company: ZOKAITES CONTRACTING INC
Address: 375 GOLFSIDE DR
WEXFORD State PA ZIP 15090-9418

Recipient: Clerks Office
Phone: 561 514 4100
Company: US Bankruptcy Court S. Dist FL
Address: 1515 N Flagler Dr #201
West Palm Beach State FL ZIP 33401

**4 Express Package Service**
FedEx Priority Overnight

**5 Packaging**
FedEx Envelope

**6 Special Handling and Delivery Signature Options**
No Signature Required

**7 Payment** Bill to: Sender

8181 3254 7405

FRI - 26 JUL AA
PRIORITY OVERNIGHT
TRK# 8181 3254 7405
0215
**XS PBIA**
33401
FL-US
PBI